Paul B. George, SBN 55147
georgep@lanepowell.com
SreeVamshi Reddy, SBN 298067
reddyv@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100

Attorneys for Creditors
Kamana O'Kala, LLC and
Patrick Schellerup

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 2:16-bk-19896-BB |
| | ) | |
| LITE SOLAR CORP., | ) | Chapter 11 |
| | ) | |
| Debtor and Debtor-in-Possession | ) | DECLARATION OF PATRICK SCHELLERUP IN SUPPORT OF RESPONDENTS KAMANA O'KALA AND PATRICK SCHELLERUP'S RESPONSE TO DEBTOR'S MOTION FOR ORDER REGARDING SEGREGATED FUNDS AND RELATED RELIEF |
| | ) | |
| | ) | Date:        September 7, 2017 |
| | ) | Time:        10:00 a.m. |
| | ) | Courtroom: 1539 |

I, Patrick Schellerup, declare and state as follows:

1.      I am a licensed contractor by training, and am the sole owner of respondent Kamana O'Kala, LLC ("Kamana"), an Oregon limited liability company.

2.      I am knowledgeable about the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

3.      None of the Solar Projects (as defined in the debtor's motion (ECF No. 147)) generate any revenue to be placed into a segregated account.

PAGE 1 – DECLARATION OF PATRICK SCHELLERUP IN SUPPORT OF RESPONSE TO MOTION TO SEGREGATE FUNDS

710437.0001/7055660.1

4.    In my experience and under the terms of the hosts' contracts, for hosts to pay on solar energy projects such as the Solar Projects, the owner of the solar project must provide for maintenance of the project and periodic meter reading.

5.    Typically, the hosts of solar projects are the parties that own the structure or land on which the solar project is constructed, but the hosts do not own the solar project for the first 30 years of the project's life.

6.    In this case, prior to the commencement of the dispute between the parties, Kamana was performing the maintenance and meter readings for some of the Solar Projects (not all were constructed or generating electricity).

7.    However, after the hosts learned of the dispute of the ownership of the Solar Projects in the spring of 2014, the hosts stopped making payments to Kamana.

8.    Because Kamana was no longer receiving revenue for its efforts, it stopped performing the maintenance or meter readings.

9.    Kamana has performed some maintenance without being paid when the maintenance was requested by hosts of energy projects, but it has been limited to two energy projects, only one of which is a Solar Project.

10.    At the time of this declaration, I estimate it would require an initial investment of $30,000 to $40,000 in order to perform the required maintenance on the Solar Projects, to resume meter readings, and process payments.

11.    Kamana and I are unable to make an investment of that sort.

12.    My understanding is that the debtor and its affiliated entities lack the expertise to perform the maintenance and meter readings.

13.    Kamana does receive payment on two projects (the "Kamana Projects").  One of the Kamana Projects did not originate with the debtor and was not part of the assigned contracts to Kamana.  The other is located on a house in which I live, but in which the debtor in the Motion does not claim ownership.

PAGE 2 – DECLARATION OF PATRICK SCHELLERUP IN SUPPORT OF RESPONSE TO
        MOTION TO SEGREGATE FUNDS

1      15.    I am concerned that if the Court were to grant the Motion, the debtor and its affiliates

2  would use the ruling to harass me and Kamana about payments on the Kamana Projects that are not

3  subject to the Court's ruling.

4      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

5  correct.

6      Dated this 24th day of August 2017, in Portland, Oregon.

7

8                                                                 Patrick Schellerup

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAGE 3 – RESPONSE TO MOTION TO SEGREGATE FUNDS

710437.0001/7055660.1

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 601 SW Second Avenue, Suite 2100, Portland, OR 97204

A true and correct copy of the foregoing document entitled: DECLARATION OF PATRICK SCHELLERUP IN SUPPORT OF RESPONDENTS KAMANA O'KALA AND PATRICK SCHELLERUP'S RESPONSE TO DEBTOR'S MOTION FOR ORDER REGARDING SEGREGATED FUNDS AND RELATED RELIEF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 24, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leslie A Cohen -- leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; brian@lesliecohenlaw.com

United States Trustee (LA) -- ustpregion16.la.ecf@usdoj.gov; ron.maroko@usdoj.gov; hatty.yip@usdoj.gov;

Clifford S. Davidson – cdavidson@sussmanshank.com

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On August 24, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017

Leslie Cohen, Esq.
Leslie Cohen Law PC
506 Santa Monica Boulevard, Suite 200
Santa Monica, CA 90401

Stephen A. Weaver, Esq.
3605 Long Beach Blvd., Suite 236
Long Beach, California 90807

Clifford S. Davidson, Esq.
Sussman Shank LLP
1000 SW Broadway Avenue, Suite 1400
Portland, OR 97205

☐ Service information continued on attached page

4

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to Fed. R. Civ. P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/24/17 | Karen S. Pettinger | |
|---------|--------------------|--|
| *Date* | *Printed Name* | *Signature* |