Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

*In re*

LITE SOLAR CORP.

Debtor and
Debtor in Possession

Case No. 2:16-bk-19896-BB

Chapter 11

**NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RANBIR SAHNI; DECLARATION OF STEPHEN A. WEAVER**

Hearing Information:
Date:    October 18, 2017
Time:    10:00 a.m.
Courtroom: 1539

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE;**

**THE OFFICE OF THE UNITED STATES TRUSTEE; PARTIES IN INTEREST AND**

**PERSONS REQUESTING SPECIAL NOTICE:**

### *NOTICE*

**PLEASE TAKE NOTICE** that Lite Solar Corp. ("**Debtor**"), Debtor and Debtor-in-Possession in the above-captioned case, will and hereby does respectfully move (the "**Motion**") the Court for an order extending the automatic stay to third-party litigation currently pending in Oregon, brought by disputed creditor Slinde Nelson against the Debtor's principals.  Such Oregon litigation recently was set for trial in April 2018.

The Motion is made pursuant to Bankruptcy Code[1] Sections 105 and  362, and this Court's Local Rules of Bankruptcy Procedure (LBR) 9013, and on grounds that such relief is appropriate under the circumstances of this case: 1) Slinde Nelson Stanford ("**SNS**") is pursuing the third-parties in Oregon litigation on the same grounds as the proof of claim filed by SNS against the Debtor, which is the subject of a pending objection,  2) the third-parties to the Oregon litigation have rights of indemnity against the Debtor which will be affected if the litigation is not stayed, and 3) the Debtor will suffer irreparable harm if the proceedings against the non-debtors go forward, including but not limited to the public disclosure at trial of information that Kamana would use against Debtor in the adversary actions pending in this Court.

The Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities and Declarations attached to the Motion, all records and files of the Court in this case or of which the Court may take judicial notice, and such other evidence and argument as may be presented at the hearing.

**PLEASE TAKE FURTHER NOTICE** that the hearing to approve this Motion will be held on October 18, 2017 at 10:00 a.m. before the Honorable Sheri Bluebond, U.S. Bankruptcy Court Judge, in Courtroom "1539" of the U.S. Bankruptcy Court located at 255 E. Temple St., Los Angeles, CA 90012.

---

[1] Title 11 of the U.S. Code §§ 101 *et seq.*, referred to herein as "Code" or "Bankruptcy Code."  All statutory references are to the Code unless otherwise noted.

1    **PLEASE TAKE FURTHER NOTICE** that per Local Bankruptcy Rule (LBR) 9013-

2  1(f), any party objecting to the relief sought in the Motion must file written objections with

3  the Bankruptcy Court and must serve such objections upon counsel listed above and the

4  Office of the United States Trustee, at the Office of the U.S. Trustee, 915 Wilshire Blvd.,

5  Suite 1850, Los Angeles, CA 90017, not later than 14 days before the date set for

6  hearing.  Failure to file and serve a timely written opposition may be deemed to constitute

7  consent to the relief requested in the Motion, per LBR 9013-1(h).

8

9  Dated: September 26, 2017                    LESLIE COHEN LAW, PC

10

11                                   By:      */s/ Leslie A. Cohen*_____

12                                            Leslie A. Cohen
                                             Attorneys for Debtor and Debtor

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-
PARTY LITIGATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Lite Solar Corp. ("**Debtor**"), the chapter 11 debtor and debtor-in-possession in the above-captioned bankruptcy case, hereby respectfully seeks an order extending the automatic stay to litigation currently pending in the Circuit Court of the State of Oregon in the County of Multnomah between Slinde Nelson Stanford ("**SNS**") and Ranbir Sahni ("**Sahni**") and David K. Luneke ("**Luneke**"), Case No. 16CV27593 ("**SNS Litigation**"). Extension of the stay to the SNS Litigation is applicable here because 1) SNS is suing Sahni and Luneke for the exact same relief and dollar amount as they assert in their proof claim filed against the Debtor, and which is subject to the Debtor's pending objection[2], so a stay will prevent any preclusive effect of the litigation in Oregon, 2) both Sahni and Luneke have indemnification rights against the Debtor and have filed proofs of claim against the Debtor on that basis; these indemnity rights will be triggered if a judgment against them is entered in Oregon, 3) SNS's alleged claims arise from its prior representation of the Debtor in litigation with Kamana O'Kala and Patrick Schellerup and, as such, SNS's claim should be determined after the outcome of the Kamana litigation, 4) the Debtor and its reorganization will suffer irreparable harm from the public disclosure at trial of otherwise privileged information relating to litigation strategy concerning its disputes with Kamana if the SNS Litigation is permitted to go forward.  For all these reasons, as more fully detailed below, the Debtor respectfully submits that it is appropriate for the Court to extend the automatic stay to the SNS Litigation.

### II.    FACTUAL BACKGROUND

On July 27, 2016 (the "**Petition Date**"), the Debtor filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Case**").  Debtor continues to manage its affairs and operate as a debtor-in-

---

[2] See Docket No. 149.

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION

1  possession.  To date, no trustee, examiner or committee has been appointed in this
2  Bankruptcy Case.

3        The Debtor is a California corporation formed in 2009. Debtor is in the business of
4  designing, constructing and installing photovoltaic and thermal solar systems on private
5  properties.

6        Sahni is the owner of the Debtor. Until July 18, 2016, he had also been the owner
7  of Lite Solar, LLC. On that date, Lite Solar, LLC merged into Lite Solar Corp.

8        Luneke is affiliated with Lite Solar Corp.

9        From January 21, 2015 to June 28, 2016, SNS served as counsel of record for the
10  Lite Solar, LLC, Sahni and Luneke in Multnomah Circuit Court Case No. 14CV14976
11  ("**Kamana Litigation**"). SNS required Lite Solar, LLC, Luneke and Sahni each to sign
12  SNS's engagement letter.

13        On August 12, 2016, SNS filed proof of claim #1 in the Debtor's bankruptcy case,
14  asserting $79,096.64 in unpaid legal fees related to the Kamana Litigation ("**SNS Claim**").

15        Shortly thereafter, on August 24, 2016, SNS filed its complaint against Sahni and
16  Luneke in the Circuit Court of the State of Oregon in the County of Multnomah, Case No.
17  16CV27593 ("**SNS Litigation**"), claiming $79,096.64 in unpaid legal fees related to the
18  Kamana Litigation and alleging that Sahni, Luneke and Lite Solar LLC are liable for SNS's
19  fees.   See SNS Complaint attached hereto as *Exhibit A*.

20        On August 21, 2017, the Debtor filed its objection to the SNS Claim ("Claim
21  Objections") [Docket No. 149].

22        On August 24, 2017, the Oregon Circuit Court set the SNS Litigation for trial
23  beginning April 9, 2018.  See Oregon Circuit order attached hereto as *Exhibit B*.

24        On September 22, 2017, the Court entered its order [Adversary Docket No. 91],
25  granting the Debtor's Anti-SLAPP Motion in the Kamana Litigation[3]. SNS failed to bring an

26

27  [3] The Kamana Litigation was consolidated with pending adversary proceedings into adversary
   case no. 2:16−ap−01349−BB. See order at 2:16−ap−01349−BB Docket No. 29.

28

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-
PARTY LITIGATION

anti-SLAPP motion during its representation of the Debtor and such failure is part of the

Debtor's arguments in the Claim Objection.

### III.    DISCUSSION

Courts recognize circumstances where the extraordinary powers granted to the

bankruptcy court, including those under 11 U.S.C. § 105(a), warrant the extension of the

automatic stay to a nondebtor.  "Indeed, it is a 'well established principle' that courts have

the inherent power to issue stays at their discretion." United States v. W.R. Grace, 526

F.3d 499, 509 (9th Cir. 2008) (quoting Atchison, Topeka & Santa Fe Ry. Co. v. Hercules

Inc., 146 F.3d 1071, 1074 (9th Cir. 1998)); see also Landis v. N. Am. Co., 299 U.S. 248,

254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).

Ninth Circuit courts have held that the automatic stay can be extended to non-

debtors "where: (1) there is such identity between the debtor and the third-party defendant

that the debtor may be said to be the real party defendant and that a judgment against the

third-party defendant will in effect be a judgment or finding against the debtor, or (2)

*extending the stay against codefendants contributes to the debtor's efforts of*

*rehabilitation.*" PNC Bank, N.A. v. Smith, 2014 U.S. Dist. LEXIS 46163, 3-5 (E.D. Cal.

Mar. 31, 2014) (internal citations omitted) citing United States v. Dos Cabezas Corp., 995

F.2d 1486, 1491 n. 3 (9th Cir. 1993); see also Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282,

287 (2d Cir. 2003) (staying the proceedings because the "claim against the non-debtor will

have an immediate adverse economic consequence for the debtor's estate").

The circumstances of this case warrant the extension of the stay to the SNS

Litigation for several reasons:

First, SNS's claims in the SNS Litigation are the same as the claim asserted in this

Court by way of the SNS Claim, and the Debtor has objected to the SNS Claim.

Permitting SNS to litigate its claim in two separate forums could result in conflicting

results, and may raise issue and/or claim preclusion issues, all of which will have an

adverse effect on the Debtor's reorganization.  Therefore, the SNS Litigation should be

stayed.

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-
PARTY LITIGATION

Second, both Sahni and Luneke have indemnification rights against the Debtor and have filed proofs of claim against the Debtor on that basis.  Therefore, a judgment against Sahni and/or Luneke would necessarily equate to a judgment against the Debtor, which means that the SNS Litigation is essentially litigation against the Debtor.  This directly contradicts the language and purpose of 11 U.S.C. §362, which stays any such litigation against the Debtor.

Third, the SNS Litigation should be stayed because SNS's alleged claims arise from its representation of the Debtor in the Kamana Litigation which is still pending.  The outcome of the Kamana Litigation will have a dramatic impact on the Debtor's reorganization, as well as, potentially, the SNS Claim.  For example, the Debtor's successful Anti-SLAPP Motion, which SNS failed to file is indicative of SNS's errors during its representation of the Debtor.  If the resolution of the Kamana Litigation brings to light any further omissions or errors made by SNS when they represented the Debtor, then the Debtor may have additional claims of offset against the SNS Claim.  Accordingly, it is appropriate to stay the SNS Litigation based on the interrelated nature of the Kamana Litigation, the SNS Litigation and the SNS Claim.

Furthermore, SNS, Debtor's former counsel of record in the Kamana litigation, has served formal Requests for Production of Documents ("RFPs") that seek highly confidential and privileged information, communications and strategy regarding the Kamana litigation.  For example, the RFPs ask defendants in the SNS Litigation to produce:

**_REQUEST NO. 1:_**  *All documents relating to the Lite Solar Litigation. This request includes, but is not limited to, all communications with Plaintiff, between Defendants, or with any other person, relating to the Lite Solar Litigation.*

**_REQUEST NO. 4:_**  *The litigation file of Your attorney Stephen Weaver for the Lite Solar Litigation.*

**_REQUEST NO. 5:_**  *All communications between You and Stephen Weaver relating to the Lite Solar Litigation.  Please see general instruction No. 11.*

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-
PARTY LITIGATION

**_REQUEST NO. 6:_** *All communications between You and any other attorney who advised you in connection with the Lite Solar Litigation. Please see general instruction No. 11. See accompanying Declaration of Stephen A. Weaver to which the RFPs are attached as **Exhibit C**.*

Although this Court has dismissed the Kamana counterclaim that SNS previously had handled while pending in the Circuit Court of Oregon, Debtor's litigation with Kamana and its principal Patrick Schellerup is continuing in the Adversary Action filed by Debtor in this Court and the Complaint filed by Debtor in the Los Angeles Superior Court which has now been consolidated with the Adversary Action.

In addition to the not producing documents responsive to the RFPs, Debtor needs to prevent SNS from disclosing documents and information in pleadings and in discovery in the SNS Action that Kamana could access. Debtor also recently filed a stipulation to continue the hearing on the Motion to Disallow the SNS claim. One reason to continue the hearing on Debtor's objection to the SNS claim is to prevent SNS from disclosing confidential information and litigation strategy in the SNS response to the objection to its claim.

Finally, the facts of this case demonstrate that the Debtor will suffer irreparable harm if the SNS Litigation is permitted to go forward. Ron Sahni is 80 years old and it is difficult for him to travel to Oregon for the SNS litigation. Moreover, his necessary involvement in the Oregon litigation would divert his attention from the reorganization and the pending Kamana litigation, which is the main issue in this chapter 11. Also, the April 2018 trial date in the SNS Action is highly likely to occur prior to final resolution of the Adversary Action. Were the jury trial that SNS has demanded to occur prior to final resolution of the Adversary Action, then highly-sensitive and otherwise privileged information would be publicly disclosed to the jury—to Debtor's great prejudice.

All of the foregoing reasons illustrate how the SNS Litigation can and will have an immediate adverse economic consequence for the Debtor's estate and reorganization if

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-
PARTY LITIGATION

1  allowed to proceed in Oregon.  Accordingly, the Debtor respectfully submits that the facts

2  of this case warrant the extension of the automatic stay to encompass the SNS Litigation.

3                              **IV.      CONCLUSION**

4         For the reasons stated herein, the Debtor respectfully requests that the Court enter

5  an order extending the automatic stay to the SNS Litigation and for any other relief the

6  Court shall deem just and proper under the circumstances.

7  RESPECTFULLY SUBMITTED,

8  Dated: September 26, 2017                    LESLIE COHEN LAW, PC

9

10                                        _____*/s/ Leslie A. Cohen*_____
                                          Leslie A. Cohen
11                                        Attorneys for Debtor and Debtor in
                                          Possession
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-
PARTY LITIGATION

## DECLARATION OF RANBIR SAHNI

I, Ranbir Sahni, hereby declare as follows:

1. I am over 18 years of age. I am the principal and owner of Lite Solar Corp., the Debtor and Debtor-in-Possession ("Debtor") in the above-captioned bankruptcy case. Unless otherwise stated, I have personal knowledge or information of the facts set forth herein and, if called as a witness, could and would testify competently thereto. Where statements are made upon information and belief, I believe them to be true and correct.

2. I make this declaration in support of the above *Motion For Order Extending The Automatic Stay To Third-Party Litigation* ("**Motion**"). Where capitalized terms herein are undefined, they shall have the same meaning as in the Motion.

3. On July 27, 2016 ("**Petition Date**"), the Debtor filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Case**"). Debtor continues to manage its affairs and operate as a debtor-in-possession. To date, no trustee, examiner or committee has been appointed in this Bankruptcy Case.

4. The Debtor is a California corporation formed in 2009. Debtor is in the business of designing, constructing and installing photovoltaic and thermal solar systems on private properties.

5. I am the owner of the Debtor. Until July 18, 2016, I had also been the owner of Lite Solar, LLC. On that date, Lite Solar, LLC merged into Lite Solar Corp

6. Luneke is affiliated with Lite Solar Corp.

7. From January 21, 2015 to June 28, 2016, SNS served as counsel of record for Lite Solar, LLC, me and Luneke in Multnomah Circuit Court Case No. 14CV14976 ("**Kamana Litigation**"). SNS required Lite Solar, LLC, Luneke and me each to sign SNS's engagement letter.

8. On August 12, 2016, SNS filed proof of claim #1 in the Debtor's bankruptcy case, asserting $79,096.64 in unpaid legal fees related to the Kamana Litigation ("**SNS Claim**").

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION

9.    Shortly thereafter, on August 24, 2016, SNS filed its complaint against me and Luneke in the Circuit Court of the State of Oregon in the County of Multnomah, Case No. 16CV27593 ("**SNS Litigation**"), claiming $79,096.64 in unpaid legal fees related to the Kamana Litigation and alleging that I, Luneke and Lite Solar LLC are liable for SNS's fees. A true and correct copy of SNS's Complaint is attached hereto as ***Exhibit A***.

10.    August 21, 2017, the Debtor filed its objection to the SNS Claim ("Claim Objections") [Docket No. 149].

11.    On September 22, 2017, the Court entered its order [Adversary Docket No. 91], granting the Debtor's Anti-SLAPP Motion in the Kamana Litigation[4]. The fact that, despite the Debtor's requests, SNS failed to bring an anti-SLAPP motion during its representation of the Debtor is part of the Debtor's arguments in the Claim Objection.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 26th day of September, 2017 at Long Beach, California.

_____
Ranbir Sahni

---

[4] The Kamana Litigation was consolidated with pending adversary proceedings into adversary case no. 2:16−ap−01349−BB. See order at 2:16−ap−01349−BB Docket No. 29.

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION

## DECLARATION OF STEPHEN A. WEAVER

I, Stephen A. Weaver, hereby declare as follows:

1.    I am over 18 years of age. I am a resident of the County of Los Angeles, a member in good standing with the State Bar of California and co-counsel for the Debtor and Debtor-in-Possession (the "Debtor") in the Debtor's Consolidated Litigation against Kamana pending in the California Superior Court for the County of Los Angeles.  Unless otherwise stated, I have personal knowledge or information of the facts set forth herein and, if called as a witness, could and would testify competently thereto.  Where statements are made upon information and belief, I believe them to be true and correct.

2.    Prior to the commencement of this bankruptcy proceeding, I provided legal services to Debtor and its affiliate Totalis Energy LLC, including advising said parties regarding *Totalis Energy, LLC vs. Kamana O'Kala, LLC, et al.*, Case Number BC534273, originally filed in January 2014 (the "**Totalis Action**") and *Lite Solar Corp., et al. vs. Patrick Schellerup, et al.*, Case No. BC603916, originally filed on December 10, 2015 (the "**LS Action**"). I was associated as co-counsel of record in the Totalis Action on or about March 4, 2016.  I was also co-counsel in the LS Action.  Those two actions were consolidated by the Los Angeles Superior Court and then removed and consolidated with the Adversary Action.  In addition, I worked closely with Slinde Nelson Stanford ("SNS"), counsel for defendants in the litigation filed by Kamana in Oregon ("Oregon Action") and was admitted *pro hac vice* on or about May 19, 2016 as co-counsel for defendants in the Oregon Action. That action was abated and the claims refiled as a counterclaim in the Adversary Action.

3.    Since SNS filed its proof of claim ("SNS POC") against Debtor and filed its Complaint in the Oregon Circuit Court against Ranbir Sahni and David Luneke ("SNS Litigation"), I have worked with Debtor's insolvency counsel Leslie Cohen and counsel for Mr. Sahni and Luneke, Clifford Davidson regarding the objections to the SNS POC and defense of the SNS Litigation, respectively.

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION

4.      On August 30, 2017 I was approved to represent Debtor in the litigation with Kamana pending in this Court.

5.      I recently received the Trial Readiness Conference Order, a true and correct copy of which is attached hereto as ***Exhibit B***, setting the SNS Litigation for trial on April 9, 2018.

6.      On August 14, 2017 I received from Mr. Davidson SNS's First Request for Production of Documents ("RFPs") in the SNS Litigation.  A true and correct copy of the RFPs is attached hereto as ***Exhibit C***. The RFPs seek highly confidential and privileged information, communications and strategy regarding the Kamana litigation.  For example, the RFPs ask defendants in the SNS Litigation to produce:

> **REQUEST NO. 2:**  *All documents relating to the Lite Solar Litigation. This request includes, but is not limited to, all communications with Plaintiff, between Defendants, or with any other person, relating to the Lite Solar Litigation.*
>
> **REQUEST NO. 4:**  *The litigation file of Your attorney Stephen Weaver for the Lite Solar Litigation.*
>
> **REQUEST NO. 5:**  *All communications between You and Stephen Weaver relating to the Lite Solar Litigation.  Please see general instruction No. 11.*
>
> **REQUEST NO. 6:**  *All communications between You and any other attorney who advised you in connection with the Lite Solar Litigation.  Please see general instruction No. 11.*

7.      During the Kamana Litigation, the defendants in the Kamana Litigation and the separate lawsuits commenced by Totalis and Debtor signed a Joint Defense Agreement and those parties and their counsel sent and received well over a thousand emails on detailed strategy and planning regarding the Kamana Litigation and the separate lawsuits filed by Debtor and Totalis.  Although the Court has entered its order dismissing the Kamana counterclaim, in my opinion disclosing the communications that occurred during the Kamana litigation would be prejudicial to Debtor and the individual defendants in the SNS Litigation.  It is also my opinion that the SNS Litigation should be

1  stayed and SNS should be directed not to disclose privileged and confidential information

2  regarding its representation until after the conclusion of the Kamana litigation or further

3  order of this Court.

4      I declare under penalty of perjury under the laws of the State of California and the

5  United States of America that the foregoing is true and correct.  I hereby declare that the

6  above statement is true to the best of my knowledge and belief, and that I understand it is

7  made for use as evidence in court and is subject to penalty for perjury.

8      Executed on this 26th day of September 2017 at Long Beach, CA.

9

10

11  _____

Stephen A. Weaver

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION

# **EXHIBIT A**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| SLINDE & NELSON, LLC, dba SLINDE NELSON STANFORD, an Oregon limited liability company,<br><br>                 Plaintiff,<br><br>v.<br><br>DAVID K. LUNEKE, an individual, RANBIR SANHI, an individual<br><br>                 Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(Breach of Contract; Account; Services Rendered; Account Stated; Quantum Meruit)**<br><br>PRAYER: $79,096.64<br><br>FEE AUTHORITY: ORS 21.160(1)(b) |

Plaintiff Slinde & Nelson, LLC dba Slinde Nelson Stanford alleges:

1.

Plaintiff is a law firm with its principal place of business located in Multnomah County, Oregon and is in the business of providing legal services.

2.

Defendant David K. Luneke, is an individual who, on information and belief, resides in the State of Oregon and is a principal of Lite Solar, LLC.

3.

Defendant Ranbir Sanhi, is an individual who, on information and belief, resides in the State of California and is a principal of Lite Solar, LLC.

4.

Lite Solar was a defendant in a substantial piece of litigation in Multnomah County, Oregon, Case No. 14CV14976 ("Lite Solar Litigation"). Each individual principal was a named

Page 1 – COMPLAINT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

1  defendant in the Lite Solar Litigation.  Lite Solar is currently in Chapter 11 bankruptcy in the
2  United States Bankruptcy Court for the Central District of California.

3                                                      5.

4           Defendant Ranbir Sanhi, is an individual who, on information and belief, resides in the
5  State of California and is a principal of Lite Solar, LLC.

6                                                      6.

7           Plaintiff rendered legal services to Defendants from January 21, 2015 to June 28, 2016.

8                                                      7.

9           During the time period set forth in paragraph 4 and thereafter, Plaintiff has regularly sent
10  invoices to Defendants.  Defendants have paid some invoices, and also agreed to Plaintiff their
11  remaining invoices in the amount of $79,096.64.  However, Defendants have failed to pay the
12  remaining invoices, leaving an unpaid balance of $79,096.64.

13                              **FIRST CLAIM OF RELIEF**

14                                 **(Breach of Contract)**

15                                                     8.

16          Plaintiff realleges all preceding paragraphs.

17                                                     9.

18          On or about January 21, 2015 Plaintiff and Defendants entered into an agreement
19  whereby Plaintiff agreed to perform legal services for Defendants ("Agreement") attached as
20  Exhibit A. Under this Agreement, Defendants, agreed to pay Plaintiff for fees incurred.  Each of
21  the Lite Solar principal Defendants were signatories to the Agreement.

22                                                    10.

23          Although Plaintiff provided substantial legal services to Defendants, Defendants have not
24  paid the full amount due under the Agreement.  Defendants have breached the Agreement with
25  Plaintiff by failing and refusing to pay for services rendered and costs incurred in representing
26  Defendants.

Page 2 – COMPLAINT

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

1  Defendants.

2                                   19.

3        Plaintiff's charges to Defendants for services provided to Defendants were necessary and

4  reasonable.

5                                   20.

6        Despite demand, the balance remains unpaid, and there is now due and owing from

7  Defendants to Plaintiff the sum of $79,096.64, together with attorney's fees, costs and

8  prejudgment interest, pursuant to the Agreement.

9                        **FOURTH CLAIM FOR RELIEF**

10                            **(Account Stated)**

11                                  21.

12       Plaintiff realleges all preceding paragraphs.

13                                  22.

14       An account was stated between Plaintiff and Defendants by Plaintiff sending statements

15  of Defendants' account to Defendants.

16                                  23.

17       On several occasions Defendants promised and agreed to pay the balance owing.

18                                  24.

19       The balance remains unpaid, and there is now due and owing from Defendants to

20  Plaintiff the sum of $79,096.64, together with attorney's fees, costs and prejudgment interest,

21  pursuant to the Agreement.

22                         **FIFTH CLAIM FOR RELIEF**

23                            **(Quantum Meruit)**

24                                  25.

25       Plaintiff realleges all preceding paragraphs.

26  ///

Page 4 – COMPLAINT

1

26.

2       At all times alleged herein, Defendants were aware that Plaintiff was providing legal

3

4   services to Defendants and Defendants benefited thereby.  It would be unjust to allow the

5   retention of the benefits without requiring Defendants to pay for the legal services provided by

6   Plaintiff.

7       **WHEREFORE,** Plaintiff requests judgment in its favor against Defendants for damages

8   in the sum of $79,096.64, together with prejudgment, interest, reasonable attorney's fees, costs

9   and disbursements, and other such relief as the Court deems just and proper.

10

11  DATED this 24th day of August, 2016.

12                                          SLINDE NELSON STANFORD

13                                          By:   /s/ Phil Nelson
                                                 Phil Nelson, OSB No. 013650
14                                               Nicholas J. Slinde, OSB No. 003900
                                                 *Of Attorney for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

Page 5 – COMPLAINT

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

# **EXHIBIT B**

_Verified Correct Copy of Original 8/25/2017_

IN THE CIRCUIT COURT OF THE STATE OF OREGON    5TH JUDICIAL DIS

FOR THE COUNTY OF MULTNOMAH    17 AUG 24 AM 8: 22

FILED

Slinde & Nelson, LLC,    )
    )    Plaintiff(s),
    )
    )    Case No. **16CV27593**
v.    )
    )    TRIAL READINESS CONFERENCE
David K. Luneke, et al.,    )    ORDER
    )    Defendant(s).
    )
    )
    )

Pursuant to the discretion given by UTCR 7.020(5), IT IS HEREBY ORDERED:

1.    **This case is set for trial on** 4/9/18 .    ( answer to counterclaim just filed

*Any request for a change in the trial date selected at the trial readiness conference must be presented to Presiding Court and will not be granted without a showing of good cause based upon extraordinary circumstances.*

**The case will be called for assignment to a judge and courtroom on** 4/6/18 **, in Room 208 at 9:00 a.m.**

*The parties or their representatives are required to appear personally when the case is called for assignment to a trial judge by the Presiding Judge, unless the Presiding Judge has granted the parties' request for leave to appear by telephone or at another date/time or the party has reported unconditionally ready for trial. SLR 7.055(8).*

2.    The matter will be tried to (a jury/the court).

3.    The number of days estimated for trial is 5 days.

*Trial will take place Monday through Thursday, between 9:00 a.m. – 12:00 p.m. and 1:30 p.m. – 4:30 p.m., unless this schedule is modified by the assigned trial judge.*

4.    **Judge Judith H. Matarazzo is the motion judge, although s/he has/has not heard any substantive motions.**

5.    There will be motions *in limine* presented to the assigned trial judge before a jury is selected. There (will or will not) be other pretrial matters that will be presented to the assigned trial judge before a jury is called to the courtroom.

DATED:  August 22, 2017

_____
Presiding Judge Nan G. Waller

Appearances By:

**TRIAL READINESS ORDER** (rev 10/1/12)



16CV27593
OR
Order
7841246

# **EXHIBIT C**

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                        FOR THE COUNTY OF MULTNOMAH

6  SLINDE & NELSON, LLC, dba SLINDE          )
   NELSON STANFORD, an Oregon limited        )   Case No.  16CV27593
7  liability company,                        )
                                             )
8              Plaintiff,                     )   **PLAINTIFF'S FIRST REQUEST FOR**
                                             )   **PRODUCTION OF DOCUMENTS TO**
9          v.                                 )   **DEFENDANTS**
                                             )
10 DAVID K. LUNEKE, an individual, RANBIR    )
   SAHNI, an individual,                      )
11                                            )
               Defendants.                    )
12

13        Pursuant to ORCP 36 and 43, Plaintiff requests Defendants produce the following

14 documents at the office of Hart Wagner, 1000 S.W. Broadway, Suite 2000, Portland, Oregon 97205,

15 no later than thirty (30) days from the date of service of this request or at such other time or place as

16 may be mutually agreed.

17                    <u>**DEFINITIONS AND INSTRUCTIONS**</u>

18        1. "Document" includes, but is not limited to, every item specified in ORCP 43A(1), and

19 means all documents and tangible things in the broadest sense permitted under the Oregon rules.

20 "Document" shall not be limited in any way with respect to medium, embodiment, or process of

21 creation, generation, or reproduction.  "Document" includes, without limitation, all preliminary,

22 intermediate, and final versions thereof, as well as any notations, comments, and marginalia

23 (handwritten or otherwise) appearing thereon or therein.  "Document" include originals (or high

24 quality duplicates), all non-identical copies or drafts, and all attachments, exhibits, or similar items.

25 ///

26 ///

Page 1 –  **PLAINTIFF'S FIRST REQUEST FOR**
          **PRODUCTION OF DOCUMENTS TO**
          **DEFENDANTS**

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

1    Any Document bearing on any sheet or side thereof, any marks, including, without limitation,

2    initials, notations, comments, or marginalia of any character which are not part of the original text or

3    reproduction thereof, shall be considered a separate Document.

4        2. "Communications" means any conversation, discussion, letter, facsimile, text message,

5    instant message, note, e-mail, memorandum, meeting, diary entry, or other transfer of information,

6    whether written or oral, or by any other means, whether direct or indirect, formal or informal.

7        3. "Relating to" or "related to" means consisting of, identifying, concerning, referring to,

8    alluding to, responding to, in connection with, commenting on, in response to, about, regarding,

9    explaining, discussing, showing, describing, studying, reflecting, analyzing, or constituting.

10       4. The "Lite Solar Litigation" refers to *Kamana O'Kala, LLC v. Lite Solar LLC, Ranbir*

11   *Sahni and David Luneke*, Multnomah County Circuit Court Case No. 14CV14976.

12       5. "Plaintiff" refers to all attorneys, employees, and representatives of Plaintiff Slinde &

13   Nelson, LLC dba Slinde Nelson Stanford.

14       6. "You" or "Your" refers to Defendants Ranbir Sahni and David Luneke, as well as any

15   individual or entity acting on Defendants' behalf or at Defendants' direction.

16       7. The "Present Lawsuit" means the above-captioned lawsuit in which you filed your

17   counterclaim against Plaintiff.

18       8. Oregon law requires You to produce all documents within Your "possession," and also

19   all documents within Your "custody" or "control." Documents in the possession of any of your

20   attorneys or other agents who acted on your behalf in the Lite Solar litigation, including Stephen

21   Weaver, qualifies as documents within Your custody or control.

22       9. Defendants have a continuing duty to comply with these requests, and if Defendants

23   obtain or learn of a responsive document within their possession, custody, or control after

24   responding to a request, Defendants must obtain and produce that document.

25       10. If Defendants object to any request, the reason(s) for the objection should be stated with

26   particularity. If an objection is made on the grounds of privilege, the document withheld must be

Page 2 –  **PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO
DEFENDANTS**

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

1  identified by date, author, recipient, and subject matter, and the basis for the assertion of privilege

2  must be stated in detail.

3        11.      Unless otherwise stated in any individual request, if any request seeks

4  communications with an attorney, or documents created by an attorney, that request only seeks

5  documents from the date You received notice of the Lite Solar Litigation through June 28, 2016.

6        12.  Pursuant to ORCP 43E, these requests require You to produce all ESI in its original

7  format, with all metadata preserved.

8                                    **REQUESTS**

9        **REQUEST NO. 1:**  All documents relating to the Lite Solar Litigation.  This request

10  includes, but is not limited to, all communications with Plaintiff, between Defendants, or with

11  any other person, relating to the Lite Solar Litigation.

12        **RESPONSE:**

13

14        **REQUEST NO. 2:**  All documents relating to the damages identified in Your

15  counterclaim.

16        **RESPONSE:**

17

18        **REQUEST NO. 3:**  All documents relating to Plaintiff.

19        **RESPONSE:**

20

21        **REQUEST NO. 4:**  The litigation file of Your attorney Stephen Weaver for the Lite

22  Solar Litigation.  Please see general instruction No. 11.

23        **RESPONSE:**

24

25        **REQUEST NO. 5:**  All communications between You and Stephen Weaver relating to

26  the Lite Solar Litigation.  Please see general instruction No. 11.

Page 3 –  **PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO
DEFENDANTS**

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

1    **RESPONSE:**

2

3    **REQUEST NO. 6:**  All communications between You and any other attorney who

4    advised you in connection with the Lite Solar Litigation.  Please see general instruction No. 11.

5    **RESPONSE:**

6

7    **REQUEST NO. 7:**  All billing statements from all attorneys that advised you about any

8    litigation between You and Kamana O'Kala, from the inception of such litigation to the present.

9    Other than billing statements for the Lite Solar Litigation through June 26, 2016, please redact

10   any communications you contend are privileged.

11   **RESPONSE:**

12

13   **REQUEST NO. 8:**  Documents sufficient to identify all attorney fees and expenses paid

14   or incurred related to the Lite Solar Litigation, from its inception to the present.

15   **RESPONSE:**

16

17   **REQUEST NO. 9:**  Documents sufficient to identify all attorney fees and expenses paid

18   or incurred related to any litigation between You and Kamana O'Kala, from the inception of

19   such litigation to the present.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

Page 4 –   **PLAINTIFF'S FIRST REQUEST FOR**
           **PRODUCTION OF DOCUMENTS TO**
           **DEFENDANTS**

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

1    **RESPONSE:**

2

3    DATED this __11__ day of August, 2017.

4                                                HART WAGNER LLP

5                                      By:    _____

6                                            Matthew J. Kalmanson, OSB No. 041280
                                             mjk@hartwagner.com
7                                            Jason R. Poss, OSB No. 104831
                                             jrp@hartwagner.com
8                                            Of Attorneys for Plaintiff

9                                            Trial Attorney:  Matthew J. Kalmanson, OSB
                                             No. 041280
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 5 –  **PLAINTIFF'S FIRST REQUEST FOR
          PRODUCTION OF DOCUMENTS TO
          DEFENDANTS**

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

<u>CERTIFICATE OF SERVICE</u>

1

2      I hereby certify that on the ___ day of August, 2017, I served the foregoing

3  **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO**

4  **DEFENDANTS**, on the following party at the following address:

5      Clifford S. Davidson
       Robert E. Kim
6      Sussman Shank LLP
       1000 SW Broadway, Suite 1400
7      Portland, OR 97205

8  by *e-mailing and mailing* to them a true and correct copy thereof, certified by me as such,

9  placed in a sealed envelope addressed to them at the address set forth above, and deposited in the

10  U.S. Post Office at Portland, Oregon on said day with postage prepaid.

11

12

13                          Matthew J. Kalmanson, OSB No. 041280
                            Of Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 1 – CERTIFICATE OF SERVICE

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RANBIR SAHNI; DECLARATION OF STEPHEN A. WEAVER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___9/26/17___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Paul J Carter    rotorbear@earthlink.net
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Clifford S Davidson    cdavidson@sussmanshank.com, kbacon@sussmanshank.com
Paul B George    docketing-pdx@lanepowell.com, beldingt@lanepowell.com
Ron Maroko    ron.maroko@usdoj.gov
SreeVamshi C Reddy    reddyv@lanepowell.com, pettingerk@lanepowell.com
Scott J Scofield    brnotice@sgpgl.com, nwall@sgpgl.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___9/26/17___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached pages

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/26/17 | J'aime Williams | /s/ J'aime Williams |
|---------|-----------------|---------------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple St.
Los Angeles, CA 90012

Office of United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Lite Solar Corp.
Attn: Ranbir Sahni
3553 Atlantic Avenue #1183
Long Beach, CA 90807

Clifford S. Davidson, Esq.
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, Oregon 97205

Paul George, Esq.
Laura Richardson, Esq.
Lane Powell PC
601 SW Second Ave., Suite 2100
Portland, OR 97204

Patrick Schellerup
10117 SE Sunnyside Rd # F1112
Clackamas, OR 97015

~~Kamana O'Kala LLC~~
~~14025 NE Airport Way~~
~~Portland, OR 97230~~

Stephen A. Weaver, Esq.
3605 Long Beach Blvd., Suite 236
Long Beach, California 90807

Matthew Kalmanson
Jason Poss
Hart Wagner LLP
1000 S.W. Broadway, 20th Fl.
Portland, OR 97205

Secured:

Ranbir S. Sahni
3605 Long Beach Blvd., Suite 201
Long Beach, CA 90807

20 Largest Unsecured:

LDK Solar Int'l. Co. Ltd.
1 Front St Ste 2600
San Francisco, CA 94111-5353

~~Christopher R. Miller, Esq.~~
~~QIAN AND COMPANY~~
~~135 Main Street, Ninth Floor~~
~~San Francisco, California 94105~~

Quality Bending & Fabrication
10005 SW Herman Road
Tualatin, OR 97062

Michael W. King
Law Offices of Michael W. King
20042 Beach Blvd., Suite 203
Huntington Beach, CA 92648

Marco Gomez
3553 Atlantic Avenue, #250
Long Beach, CA 90807

~~Canadian Solar (USA) Inc.~~
~~Building A6~~
~~Suzhou New& Hi-tech District~~
~~Exporting Processing Zone~~
~~Jiang, P.R. China 215215~~

Department of the Treasury
Internal Revenue Service
PO Box 510000
San Francisco, CA 94151-5100

Starn, O'Toole, Marcus & Fisher
Pacific Guardian Center, Makai Tower
733 Bishop St, 19th Floor
Honolulu, HI 96813

Slinde Nelson Stanford
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204

Chartis
22427 Network Place
Chicago, IL 60673-1224

Gary Babick
317 Jasmine Ave,
Corona Del Mar, CA 92625

Aerotek Energy Services
P.O. Box 198531
Atlanta, GA 30384

Century Quality Management
4221 Wilshire Blvd Suite 480
Los Angeles, CA 90010

~~Weather Proof Roofing LLC~~
~~8406 NE Broadway Street~~
~~Portland, OR 97220~~

Montgomery Electric &
Maintenance, Inc.
2205 Hodges Street
Lake Charles, LA 70601

~~ECOtality~~
~~430 South 2nd Ave~~
~~Phoenix, AZ 85003~~

Paul Carter
Bergkvist, Bergkvist & Carter, LLP
400 Oceangate, Suite 800
Long Beach, CA 90802

DET Logistics (USA) Corporation
4405 Cushing Parkway
Fremont, CA 94538

Westside Building Material Corp.
1111 E. Howell Avenue
Anaheim, CA 92805

Konica Minolta
PO Box 100706
Pasadena, CA 91189-0706

Platt
10605 SW Allen Blvd
Beaverton, OR 97005

Hertz Equipment Rental
PO BOX 650280
Dallas, TX 75265-0280

Totalis Energy, LLC
3605 Long Beach Blvd., Suite 201
Long Beach, CA 90807

Phillip DeVilbiss
Scofield, Gerard, Pohorelsky,
Gallaugher & Landry
P. O. Box 3028
Lake Charles, LA 70602