1  Leslie A. Cohen, Esq. (SBN: 93698)
         leslie@lesliecohenlaw.com
2  J'aime K. Williams, Esq. (SBN 261148)
         jaime@lesliecohenlaw.com
3  LESLIE COHEN LAW, PC
   506 Santa Monica Blvd., Suite 200
4  Santa Monica, CA 90401
   Telephone:  (310) 394-5900
5  Facsimile:  (310) 394-9280

6
   Attorneys for Debtor in Possession
7

8
                    UNITED STATES BANKRUPTCY COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
                        LOS ANGELES DIVISION
11

12  *In re*                              )   Case No. 2:16-bk-19896-BB
                                         )
13  LITE SOLAR CORP.                     )   Chapter 11
                                         )
14                                       )   **MOTION OBJECTING TO CLAIM OF**
                       Debtor and        )   **KAMANA O'KALA, LLC [CLAIM NO.**
15                     Debtor in Possession )  **12]; DECLARATION OF LESLIE**
                                         )   **COHEN**
16                                       )
                                         )   Hearing Information:
17                                       )   Date: January 10, 2018
                                         )   Time: 11:00 a.m.
18  _____  )   Ctrm: 1539

19

20

21

22

23

24

25

26

27

28

                                      1

**TO THE HONORABLE SHARI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE U.S. TRUSTEE; CLAIMANT; AND PARTIES IN INTEREST:**

Lite Solar Corp. ("**Debtor**"), debtor and debtor–in-possession in the above-captioned chapter 11 bankruptcy case, hereby files this *Motion Objecting* ("**Objection**") *To Claim No. 12* (the "**Claim**") as filed by Kamana O'Kala, LLC ("**Kamana**" or "**Claimant**"). **Claimants receiving this Objection should locate their names and claims in the Objection**, **and read the entire Objection, as claimants' rights may be altered or affected by this Objection**.  Please note that the Claim may be subject to other/multiple objections, and Debtor reserves all rights to file further future objections.  *This Objection to claims seeks to alter Claimant's rights by modifying the claim based upon the grounds set forth in this Objection, and which appears below.*

**I.    INTRODUCTION**

The Debtor is objecting to the Claim listed herein on the grounds that: 1) the Claim is based exclusively on claims which have been dismissed pursuant to this Court's order in Adversary Case No. 2:16-ap-01349-BB; 2) the Claim lacks any proof of damages to support the claimed amount; and 3) to the extent any damages could be proven, the allegations included in the Claim are made against third-parties, and without any designation of the Debtor's portion of alleged liability.

This Objection is made per the U.S. Bankruptcy Code ("**Code**"), 11 U.S.C. § 101 *et seq.*, including § 105 and § 502;[1] Federal Rules of Bankruptcy Procedure (FRBP) 3007; and Local Bankruptcy Rule (LBR) 3007-1.

**II.    ALPHABETICAL INDEX OF CLAIMANTS, GROUNDS OF OBJECTION AND CROSS-REFERENCES**

Below is a list of creditor(s) subject to this Objection.  E.g. FRBP 3007(e)(2). Additionally, the below table provides the brief grounds for objections, and cross-reference

---

[1] Unless otherwise noted, all statutory and section references refer to the U.S. Bankruptcy Code.

to pages, *infra*, of this Objection describing the objecting grounds in greater detail.  <u>E.g.</u>

FRBP 3007(e)(3).  Claimants should note that a claim may be subject to more than one

basis for an objection to a claim.

| Claimant | Claimant Address | Claim No.(s) and Date Filed | Amount and Classification | Basis(es); reference to page numbers in this objection |
|---|---|---|---|---|
| Kamana O'Kala, LLC | Kamana O'Kala, LLC c/o Paul George Lane Powell PC 601 SW Second Avenue, Ste 2100 Portland, OR 97204[2] | Claim No. 12; November 16, 2016 | $12,000,000 (Unsecured) | Claims were dismissed in the Adversary; no evidence of damages; no evidence of Debtor's portion of alleged liability |

## III.    STATEMENT OF FACTS

### A.    Background

On July 27, 2017 (the "**Petition Date**"), Debtor commenced this case by filing a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Debtor manages

and operates its estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of

the Bankruptcy Code, and timely filed its schedules.

The Claims Bar Date in this case was November 18, 2016.  Docket No. 66.

### B.    The Claim

On November 16, 2016, Kamana filed Claim #12, a copy of which is attached to

this Objection as ***Exhibit A*** to the Cohen Declaration and identified by the Court's Docket

number pursuant to Local Bankruptcy Rule 3007-1.  The Claim asserts an alleged

$12,000,000 unsecured claim, based on "lawsuit for intentional interference and

racketeering." Attached to the Claim is a copy of Oregon Circuit Court complaint dated

October 10, 2014, bearing case number 14CV14976 and titled "*Kamana O'Kala, LLC v.*

*Lite Solar, LLC, Ranbir Sahni, and David K. Luneke*" (the "**Complaint**").

---

[2] Lane Powell PC has withdrawn at counsel for Claimant.

### C.    Ongoing Litigation

Pre-Petition, the Debtor was involved in the litigation with the Claimant pending before the State Court of California, County of Los Angeles, Central District.  The lead case, *Totalis Energy, LLC vs. Kamana O'Kala, LLC, et al.*, Case Number BC534273, was filed on January 27, 2014. The second action, *Lite Solar Corp., et al. vs. Patrick Schellerup, et al.*, Case No. BC603916, was filed on December 10, 2015.  The two actions were consolidated per the Minute Order entered on or about February 16, 2016 (the "**State Court Action**").  The allegations in the State Court Action include, among other things, fraud, rescission, conversion, breach, declaratory/injunctive relief, unjust enrichment and related relief.  The State Court Action was removed to this Bankruptcy Court as Case No. 2:16-ap-01352-BB.

On October 10, 2014, Kamana filed the Complaint in the Circuit Court for the State of Oregon in Multnomah County, case number 14CV14976(the "**Oregon Action**").  The Oregon Action alleged three claims for relief: intentional interference with economic relationships, intentional interference with employment, and a claim under the Oregon RICO statute, Oregon Revised Statutes ("**ORS**") 166.720-166.725. This Complaint is the only supporting documentation attached to the Claim.

On August 3, 2016, Debtor filed an adversary action ("**Adversary Action**") in the U.S. Bankruptcy Court, Central District of California, Los Angeles Division (the "**Bankruptcy Court**") against Patrick Schellerup and Kamana, the same defendants named in the State Court Action.  In the Adversary Action, Debtor alleges causes of action (1) to avoid fraudulent transfers; (2) for actual fraud; and (3) for embezzlement.  The allegations in the Claim arise out of the same nucleus of operative facts which are the subject of the State Court Action and the Adversary Action.

Per a Stipulation and Order, the Adversary Action was consolidated with the removed State Court Action (2:16−ap−01352−BB), and the Oregon Action is stayed. (*See* Stipulation at Adversary Action, Docket No. 26 and Order at Adversary Action, Docket No.

29.)  The parties agreed that the claims asserted in the Oregon Action would be asserted as counterclaims in the adversary proceeding.

On June 20, 2017, pursuant to the Stipulation, Kamana filed its counterclaims (the "**Counterclaims**") against the Debtor, Ranbir Sahni, and David Luneke (collectively, the "**Counterclaim-Defendants**") for intentional interference with economic relationships, intentional interference with employment, and a claim under the Oregon RICO statute [Adversary Action, Docket no. 32]. Kamana's Counterclaims are the same as their claims asserted in the Oregon action.

On July 20, 2017, the Counterclaim-Defendants filed *Counterclaim-Defendant's Special Motion to Strike Counterclaim Pursuant to Oregon's Anti-SLAPP Statute* [Adversary Action, Docket No. 39] (the "**Anti-SLAPP Motion**").   After the Court considered the oral arguments, pleadings, supporting and opposing declarations, on September 22, 2017, the Court granted the Anti-SLAPP Motion and entered its *Order Granting Counterclaim Defendants' Motion for Attorney Fees and Costs Pursuant to Oregon's Anti-SLAPP Statute*, which dismissed Kamana's Counterclaims for 1) "Intentional Interference with Economic Relations", 2) "Interference with Employment Relations", and 3) "Oregon Racketeering" [Adversary Action, Docket No. 91]. In addition, the Court entered an *Order Dismissing Counterclaim Pursuant to Oregon's Anti-SLAPP Statute* on December 4, 2017 [Adversary Action, Docket No. 115].

The Counterclaim-Defendants also filed *Counterclaim-Defendants' Motion for Attorney Fees and Costs Pursuant to Oregon's Anti-SLAPP Statute* ("**Fee Motion**") [Adversary Action, Docket No. 96] which matter was heard on October 31, 2017 at 10:00 a.m. before the Honorable Sheri Bluebond, United States Bankruptcy Judge, in the above-referenced Court. The Fee Motion was granted on November 9, 2011 [Adversary Action, Docket No. 111], the Counterclaim-Defendants were awarded

5

1  $81,315.78 in attorney's fees against Kamana ("**Fee Award**")[3].  To date, the Fee

2  Award has not been paid.

3  **IV.    DISCUSSION**

4          Except in certain instances where claims listed on the debtor's schedules are

5  "deemed filed," a creditor must file a proof of claim in order to receive distributions in a

6  bankruptcy case. Fed.R.Bankr.P. 3002(a).  A claim, if filed, may be allowed unless a party

7  in interest objects, in which event the court, after notice and a hearing, is required to

8  determine the amount of the claim as of the date of the filing of the petition. Bankruptcy

9  Code § 502(a)-(b).

10          "If the objector produces evidence sufficient to negate the validity of the claim, the

11  ultimate burden of persuasion remains on the claimant to demonstrate by a

12  preponderance of the evidence that the claim deserves to share in the distribution of the

13  debtor's assets."  *In re* Pugh, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993).  The burden of

14  persuasion is always on the claimant to establish his entitlement to the claim.  *In re* Holm,

15  931 F.2d 620, 623 (9th Cir. 1991).  The result is the same if a claimant does not respond

16  to an objection:

17          "[If] [a]n objection to a [] Claim is filed and properly served, but the
           claimant fails to answer in writing or to appear at the hearing. In this
18          situation, we believe that the proper result is to strike the [] Claim. The
           filing of the objection calls the prima facie validity of the claim into
19          question, and the claimant, to preserve the claim, just express some
           interest in doing so. Thus, the objection cancels out the mere filing of a []
20          Claim and the failure of the claimant to defend it requires us to sustain the
           objection without question, just as we are not inclined to question the
21          validity of the [] Claim as filed if there is not objection to it."  *In re* Lewis, 80
           B.R. 39, 40-41 (Bankr. E.D. Pa. 1987).
22

23

24

25

26  ────────────────────

27  [3] The order and fee award was without prejudice to Counterclaim-Defendant's rights to file
    a proof of claim, or seek relief from the automatic stay to proceed with the Fee Motion, in
    Patrick Schellerup's bankruptcy case.
28

1    Further, a lack of supporting documentation at a minimum means that the proof of

2  claim no longer constitutes *prima facie* evidence for the validity of a claim. See Heath v.

3  Am. Express Travel Related Servs. Co. (*In re* Heath), 331 B.R. 424 (B.A.P. 9th Cir. 2005).

4    Here, the Claim should be disallowed because the dismissal of the Counterclaims

5  fully disposes of all matters asserted in the Claim and as such the claim should be

6  disallowed for that reason alone.  Additionally  the Claim fails to provide any evidence of

7  the alleged $4 million in lost payments (which are trebled for the $12 million Claim); and

8  also fails to provide any evidence of the Debtor's portion of alleged liability for the

9  allegations made in the Complaint attached to the Claim.

10    **A.    The Causes of Action Which Are The Basis of the Claim Have Been**

11    **Dismissed**

12    The only documentation attached as support for the Claim is the Complaint from

13  the Oregon Action.  As described above, the causes of action in the Oregon Action are the

14  same as the Counterclaims filed in the Adversary Action.  Those Counterclaims have

15  been dismissed, and a Fee Award has been entered against Kamana which remains

16  unpaid.)  Kamana cannot obtain relief on claims which have been dismissed, dismissal of

17  the Counterclaims is res judicata as to the issues asserted in the Claim, and, therefore,

18  the Claim should be disallowed

19    **B.    The Claim Should Be Disallowed Because It Fails to Provide Any**

20    **Evidence of the Damages Alleged**

21    Even if the causes of action asserted the Claim had not already been dismissed,

22  the Claim should still be disallowed because it fails to provide any evidence of the

23  damages alleged.  The Complaint asserts that the Kamana has been injured by the non-

24  payment of up to $4,000,000 in payments due by the hosts over the life of the host

25  contracts (Complaint ¶ 19).  However, the Claim fails to provide any evidence of the host

26  contracts, the life span of the host contracts, or the amounts due under the host contracts.

27  Accordingly, there is no basis whatsoever for the arbitrary $4,000,000 in alleged payments

28

1  due to Kamana, much less the trebled amount of $12,000,000, and the Claim should be

2  disallowed.

3  **C.    The Claim Should Be Disallowed Because It Fails To Provide Any**

4  **Evidence Of The Debtor's Portion Of Alleged Liability**

5      Again, even assuming the Claim could proceed despite the dismissal of the

6  Counterclaims and the Claimant's failure to evidence the damages alleged, the Claim

7  should be disallowed because it is impossible to allocate the Debtor's alleged portion of

8  liability from the Complaint.  All of the allegations in the Complaint are made jointly against

9  the named defendants.  Claimant fails to apportion fault and therefore liability cannot be

10  determined as to the Debtor, and the Claim should be disallowed.

11  **V.    NOTE TO CLAIMANTS REGARDING EXHIBITS**

12  **The claim listed herein (Claim No. 12) was filed by the Claimant, and is the**

13  **subject of this Objection.**

14      Per LBR 3007-1, the supplemental evidence supporting this Objection includes the

15  attached Declaration, any exhibits thereto, including the exhibits providing a true and

16  correct copy of the filed Claim subject to this Objection.  Additionally, the Debtor is

17  concurrently filing and serving herewith a Notice of Objection to Claim setting forth the

18  required notice/disclosures, and hearing information.

19  **VI.    CONCLUSION**

20      Based on the foregoing, the Debtor respectfully requests that the Court enter an

21  order disallowing Claim #12, and providing for any other relief the Court deems just and

22  proper under the circumstances.

23  Respectfully submitted,

24  DATED:  December 8, 2017                          LESLIE COHEN LAW, PC

25

26                                      _/s/ Leslie A. Cohen_____
                                        Leslie A. Cohen
27                                      Attorneys for Debtor and Debtor in Possession

28

8

**DECLARATION OF LESLIE COHEN**

I, LESLIE COHEN, declare as follows:

1.      I am a member, in good standing, of the Bar of the State of California, and I am admitted to practice before, among other courts, the United States District Court for the Central District of California.  I am the president and sole shareholder of Leslie Cohen Law, PC (the "Firm"), counsel for the Debtor in this case.  I have personal knowledge of the matters set forth below and, if called to testify, I would and could competently testify thereto.

2.      I make this Declaration in support of Debtor's above *Motion Objecting To Claim Of Kamana O'Kala, LLC [Claim No. 12]* ("**Objection**").  Where terms herein are undefined, they have the same meaning as in the Objection.

3.      On July 27, 2017 (the "**Petition Date**"), Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Debtor manages and operates its estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code, and timely filed its schedules.

4.      The Claims Bar Date in this case was November 18, 2016.  Docket No. 66.

5.      On November 16, 2016, Kamana filed Claim #12, a true and correct copy of which is attached hereto as ***Exhibit A***, and identified by the Court's Docket number pursuant to Local Bankruptcy Rule 3007-1.  The Claim asserts an alleged $12,000,000 unsecured claim, based on "lawsuit for intentional interference and racketeering." Attached to the Claim is a copy of Oregon Circuit Court complaint dated October 10, 2014, bearing case number 14CV14976 and titled "*Kamana O'Kala, LLC v. Lite Solar, LLC, Ranbir Sahni, and David K. Luneke*" (the "**Complaint**").

6.      Pre-Petition, the Debtor was involved in the litigation with the Claimant pending before the State Court of California, County of Los Angeles, Central District.  The lead case, *Totalis Energy, LLC vs. Kamana O'Kala, LLC, et al.*, Case Number BC534273, was filed on January 27, 2014. The second action, *Lite Solar Corp., et al. vs. Patrick Schellerup, et al.*, Case No. BC603916, was filed on December 10, 2015.  The two actions

1   were consolidated per the Minute Order entered on or about February 16, 2016 (the

2   "**State Court Action**").  The allegations in the State Court Action include, among other

3   things, fraud, rescission, conversion, breach, declaratory/injunctive relief, unjust

4   enrichment and related relief.  The State Court Action was removed to this Bankruptcy

5   Court as Case No. 2:16-ap-01352-BB.

6        7.    On October 10, 2014, Kamana filed the Complaint in the Circuit Court for the

7   State of Oregon in Multnomah County, case number 14CV14976(the "**Oregon Action**").

8   The Oregon Action alleged three claims for relief: intentional interference with economic

9   relationships, intentional interference with employment, and a claim under the Oregon

10   RICO statute, Oregon Revised Statutes ("**ORS**") 166.720-166.725. This Complaint is the

11   only supporting documentation attached to the Claim.

12        8.    On August 3, 2016, Debtor filed an adversary action ("**Adversary Action**") in

13   the U.S. Bankruptcy Court, Central District of California, Los Angeles Division (the

14   "**Bankruptcy Court**") against Patrick Schellerup and Kamana, the same defendants

15   named in the State Court Action.  In the Adversary Action, Debtor alleges causes of action

16   (1) to avoid fraudulent transfers; (2) for actual fraud; and (3) for embezzlement.  The

17   allegations in the Claim arise out of the same nucleus of operative facts which are the

18   subject of the State Court Action and the Adversary Action.

19        9.    Per a Stipulation and Order, the Adversary Action was consolidated with the

20   removed State Court Action (2:16−ap−01352−BB), and the Oregon Action is stayed. (*See*

21   Stipulation at Adversary Action, Docket No. 26 and Order at Adversary Action, Docket No.

22   29.)  The parties agreed that the claims asserted in the Oregon Action would be asserted

23   as counterclaims in the adversary proceeding.

24       10.   On June 20, 2017, pursuant to the Stipulation, Kamana filed its counterclaims

25   (the "**Counterclaims**") against the Debtor, Ranbir Sahni, and David Luneke (collectively,

26   the "**Counterclaim-Defendants**") for intentional interference with economic relationships,

27   intentional interference with employment, and a claim under the Oregon RICO statute

28

1  [Adversary Action, Docket no. 32]. Kamana's Counterclaims are the same as their claims

2  asserted in the Oregon action.

3       11.    On July 20, 2017, the Counterclaim-Defendants filed *Counterclaim-Defendant's*

4  *Special Motion to Strike Counterclaim Pursuant to Oregon's Anti-SLAPP Statute*

5  [Adversary Action, Docket No. 39] (the "**Anti-SLAPP Motion**").   After the Court

6  considered the oral arguments, pleadings, supporting and opposing declarations, on

7  September 22, 2017, the Court granted the Anti-SLAPP Motion and entered its *Order*

8  *Granting Counterclaim Defendants' Motion for Attorney Fees and Costs Pursuant to*

9  *Oregon's Anti-SLAPP Statute*, which dismissed Kamana's Counterclaims for 1)

10  "Intentional Interference with Economic Relations", 2) "Interference with Employment

11  Relations", and 3) "Oregon Racketeering" [Adversary Action, Docket No. 91]. In addition,

12  the Court entered an *Order Dismissing Counterclaim Pursuant to Oregon's Anti-SLAPP*

13  *Statute* on December 4, 2017 [Adversary Action, Docket No. 115].

14       12.    The Counterclaim-Defendants also filed *Counterclaim-Defendants' Motion for*

15  *Attorney Fees and Costs Pursuant to Oregon's Anti-SLAPP Statute* ("**Fee Motion**")

16  [Adversary Action, Docket No. 96] which matter was heard on October 31, 2017 at 10:00

17  a.m. before the Honorable Sheri Bluebond, United States Bankruptcy Judge, in the above-

18  referenced Court. The Fee Motion was granted on November 9, 2011 [Adversary Action,

19  Docket No. 111], the Counterclaim-Defendants were awarded $81,315.78 in attorney's

20  fees against Kamana ("**Fee Award**")[4].  To date, the Fee Award has not been paid.

21       I declare under penalty of perjury under the laws of the United States of

22  America that the foregoing is true and correct.

23       Executed this 8th day of December 2017, at Santa Monica, California.

24                            ____*/s/ Leslie Cohen*_____

25                              Leslie Cohen

26  _____

27  [4] The order and fee award was without prejudice to Counterclaim-Defendant's rights to file
a proof of claim, or seek relief from the automatic stay to proceed with the Fee Motion, in

28  Patrick Schellerup's bankruptcy case.

# EXHIBIT A

| Fill in this information to identify the case: |
| --- |

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Name _____ | Name _____ |
| Number      Street | Number      Street |
| City            State         ZIP Code | City            State         ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____
                                                                                                MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

❑ No

❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

---

**7. How much is the claim?**  $_____. Does this amount include interest or other charges?

❑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

*Plus punitive damages, interest, and attorney fees as proven at trial.

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

❑ No

❑ Yes.  The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

❑ Motor vehicle

❑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____

**Amount of the claim that is secured:**      $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**      $_____

**Annual Interest Rate** (when case was filed)_____%

❑ Fixed

❑ Variable

---

**10. Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____

---

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

---

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
First name    Middle name    Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
Number    Street

_____
City    State    ZIP Code

Contact phone  _____    Email  _____

1

2

3

4  IN THE CIRCUIT COURT OF THE STATE OF OREGON

5  FOR THE COUNTY OF MULTNOMAH

6  KAMANA O'KALA, LLC, an Oregon limited  )  **14CV14976**
   liability company,                      )
7                                          )  Case No. _____
                       Plaintiff,          )
8                                          )  COMPLAINT
      v.                                   )
9                                          )  (For Interference with Business Relations,
   LITE SOLAR, LLC, a Nevada corporation;  )  Interference with Employment Relations and
10 RANBIR SAHNI, an individual; DAVID K.   )  Oregon Racketeering)
   LUNEKE, an individual,                  )
11                                         )  Prayer Amount:  $4,000,000 (Trebled)
                       Defendants.         )
12                                         )  Fee Authority:  ORS 21.160(1)(c)
                                           )
13                                         )  CLAIM NOT SUBJECT TO MANDATORY
14 _____)  ARBITRATION

15       Plaintiff Kamana O'Kala, LLC alleges as follows:

16                   **PARTIES, JURISDICTION, AND VENUE**

17                                   1.

18       Plaintiff Kamana O'Kala, LLC ("Kamana") is an Oregon limited liability company.

19  Kamana designs, constructs, installs, maintains, and services renewable energy resources,

20  specifically, solar power electricity-generating systems for commercial and residential users.

21                                   2.

22       Lite Solar, LLC is a Nevada corporation with its headquarters in Long Beach, California,

23  engaged in the renewable energy industry.  Lite Solar, LLC is not registered to do business in

24  Oregon.  Lite Solar, LLC is a wholly-owned subsidiary of International Finance, LLC, which

25  shows the same business address as Lite Solar, LLC, and which lists its principal as Ranbir

26  Sahni.

PAGE 1 -  COMPLAINT

1                                    3.

2          On information and belief, Ranbir Sahni ("Sahni") is a United States citizen and a

3    resident of California.  Sahni is the sole principal of International Finance, LLC, which wholly

4    owns Lite Solar, LLC, and Sahni is Chief Executive Officer and President of Lite Solar, LLC.

5                                    4.

6          David K. Luneke is an Oregon resident, a former employee of Kamana, and at least since

7    on or about January 14, 2014, a consultant, representative, or agent of Lite Solar, LLC.

8    Mr. Luneke is a professional engineer and does business through Luneke Commercial Services,

9    LLC, an Oregon limited liability company, and Practical Environmental Solutions-Northwest

10   LLC, an Oregon limited liability company.

11                                   5.

12         Lite Solar Corp. is an inactive and administratively dissolved Oregon corporation, which

13   was a subsidiary or affiliate of Lite Solar, LLC, and was indirectly owned and controlled by

14   Ranbir Sahni.

15                                   6.

16         The causes of action in this complaint arose in and/or caused damage to Kamana in

17   Multnomah County, Oregon.

18            **BACKGROUND AND OTHER DISPUTES AND LITIGATION**

19                                   7.

20         Generally, the solar power systems designed, installed, maintained, and serviced by

21   Kamana are arrays of photovoltaic cells and associated structural, connective, and metering

22   devices.  The systems are located on or installed on residential, commercial, or industrial

23   property.  The property owners (the Hosts) receive, in effect, a discount on their electricity bills

24   which reflects the electricity generated by the system on their property.  The Hosts enter into

25   contracts with Kamana under which Kamana maintains, services, meters, and bills for power

26

PAGE 2 -   COMPLAINT

1    generated by the systems. The systems are connected to electricity grids in the Western United

2    States and provide renewable energy to the grids.

3                                           8.

4        Until early March 2013, Lite Solar Corp. was an active Oregon corporation engaged in

5    the renewable energy business in Oregon. Lite Solar Corp. employed Pat Schellerup as a

6    manager. Mr. Schellerup is and was, at all relevant times, a licensed engineer experienced in the

7    renewable energy business. He managed the contracting, design, engineering, installation, and

8    maintenance of solar energy systems for Lite Solar Corp. Mr. Schellerup interacted with Sahni

9    on a regular basis. Sahni controlled the finances of Lite Solar Corp.

10                                          9.

11        In early 2013, Lite Solar Corp. experienced severe financial difficulties. It was unable to

12    maintain workers' compensation insurance for its employees in the state of Oregon, and it was

13    unable to maintain the general liability insurance required under contracts and agreements which

14    allowed it to operate in the renewable energy industry in Oregon. It was consistently late in

15    making payment obligations it owed in connection with its business in Oregon and often made

16    only partial payments on such obligations. Its financial difficulties created operational problems

17    as well. Lite Solar was unable to obtain or maintain necessary contractor licenses in other states

18    where it did, or planned to do, business.

19                                          10.

20        Beginning at about March 2013, Mr. Schellerup and Sahni began negotiations toward a

21    resolution of the many financial and operational issues of Lite Solar Corp. To facilitate an

22    agreed-upon resolution, Mr. Schellerup caused the formation of Kamana. At about that same

23    time, Sahni caused the reorganization of Lite Solar Corp., Lite Solar, LLC, and their several

24    affiliates, including the creation of an entity called Totalis Energy, LLC ("Totalis"), which, upon

25    information and belief, received certain assets of Lite Solar Corp. The negotiations ended in an

26

PAGE 3 -   COMPLAINT

1   agreement, the Contract for General Services, for Kamana to take over the operations of Lite

2   Solar Corp. and assume some of the obligations of Lite Solar Corp.

3                                    11.

4        In April 2013, Totalis and Kamana entered into a General Contract for Services (the

5   "GCS") under the terms of which Kamana provided to Totalis consulting, marketing,

6   engineering and design, research and development, construction management, procurement,

7   manufacturing, and warehousing services in connection with the delivery of renewable energy

8   services in the state of Oregon and elsewhere. The GCS was amended on August 20, 2013, and

9   September 5, 2013.

10                                   12.

11       Payments due Kamana from Totalis under the GCS were not timely paid, and pursuant to

12   a dispute resolution clause in the GCS, Kamana and Totalis, represented by Sahni, attempted to

13   negotiate several resolutions to Totalis' failure to make timely payments. One resolution was a

14   note dated August 15, 2013, for $807,401.19, by which Totalis undertook to make a schedule of

15   payments and by which it assigned certain property of Totalis to Kamana in the event of a

16   default by Totalis in those payment obligations. Totalis defaulted on that note. Thereafter,

17   Kamana and Totalis, represented by Sahni, negotiated another agreement by which an entity

18   controlled by Sahni was to assign certain rebates to Kamana to reduce the amount due Kamana

19   under the note and the GCS. Those assignments were not made. Thereafter, Kamana and

20   Totalis, represented by Sahni, negotiated toward another resolution involving the transfer to

21   Kamana from Totalis of Totalis property to resolve amounts due Kamana by Totalis under the

22   GCS. In December 2013, Sahni suspended those negotiations, after a letter of intent outlining

23   the terms of an agreement had been formulated.

24                                   13.

25       On January 3, 2014, Kamana filed a demand for mediation, to be followed, if mediation

26   was unsuccessful, by arbitration before the American Arbitration Association, pursuant to the

PAGE 4 -   COMPLAINT

1    dispute resolution clause in the GCS.  On January 27, 2014, Totalis filed a lawsuit against

2    Kamana in the Superior Court for the State of California for the County of Los Angeles, alleging

3    a breach of the GCS by Kamana, and asserting that the August 15, 2013, note was void or should

4    be cancelled, because of alleged misrepresentations made by Kamana to Totalis as to the amount

5    due under the GCS.  The complaint also alleged that Kamana was wrongfully maintaining

6    possession of certain property of Totalis which was stored in Kamana warehouses pursuant to the

7    GCS.

8                **WRONGFUL ACTS BY DEFENDANTS SUBJECT OF THIS LAWSUIT**

9                                            14.

10        Immediately after Kamana filed its mediation and arbitration demand, defendants began a

11    campaign to disrupt Kamana's business in Oregon and elsewhere.  Defendants sent copies of the

12    California complaint to Kamana's business partners, including its customers and entities through

13    which it obtained financing.  Lite Solar and Luneke made misrepresentations and fraudulent

14    statements about the ownership of renewable energy projects in the state of Oregon.  Defendants

15    made misrepresentations and fraudulent statements to the parties who were to make payments to

16    Kamana for electricity generated by the solar projects, attempting to cause those customers to

17    redirect their payments to Totalis.  Luneke and Lite Solar, LLC made misrepresentations and

18    fraudulent statements about the ability of Luneke and Lite Solar, LLC to provide the services

19    under certain renewable energy contracts.  Sahni directed emails to Kamana employees which

20    made misrepresentations and fraudulent statements about the transfer of Totalis property, and

21    which threatened those employees with criminal prosecution and suggested that the employees

22    would be added as defendants in the California litigation, which Totalis had filed against

23    Kamana.  Sahni made similar fraudulent and threatening statements to Kamana employees in

24    Hawaii, and Sahni persisted in making those threatening and harassing comments even after he

25    was requested to cease contact by one Hawaiian employee.  As detailed below, these actions by

26    defendants, and other such actions set out and detailed below, are wrongful, injured Kamana, and

PAGE 5 -   COMPLAINT

1   give rise to the claims below for interference with business relations, interference with

2   employment relations and Oregon racketeering.

3                                      15.

4           Energy Trust of Oregon ("ETO") is a non-profit Oregon corporation which facilitates the

5   installation of renewable energy resources in Oregon, including solar power systems.   ETO

6   manages a cash incentive program by which the owners of solar energy projects reserve and later

7   receive cash incentives for the installation and maintenance of solar energy systems which

8   comply with certain standards.   ETO maintains a Trade Ally Network, which certifies certain

9   contractors and other allied professionals as having the qualifications, resources, and service

10  focus recommended for a contractor which installs renewable energy resources.   ETO publicizes

11  the identity of trade allies on its website and recommends their use.   It is vital to a contractor who

12  wishes to install renewable energy resources in Oregon to be able to qualify for the ETO cash

13  incentive program, and to qualify and to be publicly endorsed by ETO as a trade ally.   As of

14  January 3, 2014, Kamana had been approved for incentive reservations for solar power systems

15  projects in Oregon, and was qualified as a trade ally and listed and promoted as such on ETO's

16  website.

17                                      16.

18          On January 14, 2014, 10 days after having been served with the mediation and arbitration

19  demand filed by Kamana, Sahni, on the letterhead of Lite Solar LLC, wrote a letter to ETO

20  which falsely and fraudulently represented that a June 26, 2013, letter from Mr. Schellerup to

21  ETO, and which described the assignment of ownership and liabilities for solar power system

22  projects from Lite Solar Corp. to Kamana, was false.   Sahni asserted in that January 2014 letter

23  that there was "no agreement for the transfer of Lite Solar assets to Kamana," and that Kamana

24  was "an interloper."   That statement is false and fraudulent.   The letter stated that Lite Solar,

25  LLC had retained the services of Totalis "to serve as asset manager and oversee ownership and

26  contractual aspects, including inspection, maintenance, and billing of the systems."   Totalis did

PAGE 6 -   COMPLAINT

1   not have, and does not have, the necessary licenses or intellectual property to oversee all of the

2   contractual assets of the projects, including inspection, maintenance, and billing of the systems.

3   To the extent that statements in the letter intended to suggest that Luneke was the representative

4   of Lite Solar, LLC and/or Totalis, and that Luneke had the ability and necessary licensure to

5   manage the renewable energy resources, including inspection, maintenance, and billing, those

6   statements are false and fraudulent.

7                                     17.

8          Sahni knew his January 2014 letter to ETO was false and fraudulent.  First, the June 26,

9   2013 letter, by which Mr. Schellerup advised ETO of the transfer of Lite Solar Corp. projects to

10  Kamana, advised of Kamana's assumption of the ownership and the liabilities of the projects

11  completed under "Lite Solar Corp.," Kamana's ongoing responsibility for the maintenance and

12  operation of those systems, Kamana's continuing service as an ETO trade ally, and Kamana's

13  submission of necessary liability and workers' compensation insurance certificates, was

14  approved in advance by Sahni, and Sahni's representative, Marco Gomez, who authorized the

15  letter and verified its truthfulness and sent a copy of that authorization and verification email to

16  Sahni.  Because Sahni and his agent had preapproved the June 26, 2013 letter, and verified its

17  truthfulness before it was sent, the January 14, 2014 letter from Lite Solar, LLC to ETO

18  containing contrary statements, signed by Sahni, is intentionally misleading, false, and

19  fraudulent, intended to injure the business interests of Kamana, and done for the purpose of

20  harassment and retaliation.

21                                    18.

22         Each of the contracts between Lite Solar Corp. and the Hosts contain provisions which

23  explicitly allow the assignment of Lite Solar Corp.'s contractual rights and obligations to others.

24  For example, the contracts define "Lite Solar" as "Lite Solar, a California Corporation or its

25  assigns."  Each contract contains an assignment clause, which provides that Lite Solar Corp. has

26  the right to assign the contract "in whole or in part" to any third party without prior consent of

PAGE 7 -   COMPLAINT

1    the host, or the contract provides that the host grants the right to assign rights under the contract

2    to Lite Solar Corp. assigns, or they provide that Lite Solar "and its assigns" shall own the system,

3    or they provide that the contract is binding on their successors "and assigns," or that Lite Solar

4    Corp. may assign its interests to "a new entity, or that "the [host] grants the System Operator,

5    and its assigns * * * an irrevocable license to enter the host's "property" for the purpose of

6    installing or securing the system.  The agreement between Lite Solar Corp. and ETO defines

7    "Lite Solar Corp." for the purposes of the contract as Lite Solar Corp. and its "successors in

8    interest and permitted assigns."  The agreement with ETO allows the assignment of the

9    agreement by Lite Solar Corp. if the assignee agrees to be bound by the terms and conditions of

10    the agreement, to which Kamana agreed in this matter.  In short, Lite Solar Corp. agreements to

11    install and service solar systems in Oregon, pursuant to the rules and regulations of ETO,

12    specifically allow the assignment of Lite Solar Corp. contracts to Kamana, those assignments

13    were made, they were made with the permission and consent of Lite Solar Corp., and Kamana is

14    the owner and obligor under those contracts.  Lite Solar, LLC, Sahni acting individually and as

15    president of Lite Solar, LLC, and Lite Solar, LLC's agents in Oregon, knew these facts regarding

16    assignment.  These statements by Lite Solar, LLC and by Sahni, individually and as president of

17    Lite Solar, LLC, are false, fraudulent, and intended to harass Kamana and injure its business and

18    employment relations and prospects.

19                                         19.

20          After January 30, 2014, Lite Solar, LLC and Sahni, acting individually and as president

21    of Lite Solar, LLC, sent letters to the Hosts of systems installed, maintained, serviced, and billed

22    by Kamana, asserting that Lite Solar, LLC not Kamana, had the right to service, maintain, and

23    bill Hosts for the electricity provided to or for the benefit of the Hosts.  Because the projects

24    have been assigned to Kamana by Lite Solar Corp., Lite Solar, LLC did not have the right to bill

25    the Hosts for electricity provided to or for the benefit of the Hosts.  The statements to the Hosts

26    that Lite Solar, LLC had the right to service and bill the Hosts for the system charges were false

PAGE 8 -  COMPLAINT

1    and fraudulent.  The false assertion by Lite Solar, LLC, Sahni, and agents of Lite Solar, LLC that

2    payments from the Hosts were to be directed to Lite Solar, LLC interfered with Kamana's rights

3    to receive those payments.  Kamana advised the Hosts that they could place the payments in

4    escrow until a resolution of the dispute between Kamana and Totalis, or that the Hosts could

5    accrue payments due Kamana in the Hosts' books of accounts until such disputes were resolved.

6    Lite Solar, LLC and Sahni refused such accommodations, and insisted the payments be made to

7    Lite Solar, LLC or its designee.  Because of the assignments of the contracts to Kamana, Lite

8    Solar, LLC had no right to the payments.  Lite Solar, LLC, Sahni, and the agents of Sahni and

9    Lite Solar, LLC knew Lite Solar, LLC had no right to receive the payments, and assertions by

10   Lite Solar, LLC and Sahni were false and fraudulent, and were otherwise wrongful.  Kamana has

11   been injured by the non-payment of amounts due by the hosts to Kamana.  Payments due

12   Kamana under the life of the contracts over which Lite Solar, LLC has made these demands in an

13   amount to be proven at trial, but which shall not exceed $4,000,000.

14                                20.

15       On March 24, 2014, Sahni, acting individually and as President of Lite Solar, LLC sent

16   an email to Kamana employees asserting that Kamana illegally converted assets of Lite Solar or

17   its subsequent alleged assignee Totalis, and Kamana was "forcing" the employees to conspire

18   with Kamana or its owners and managers, or aid and abet those owners and managers in the

19   supposed conversion of Lite Solar, LLC assets.  The emails asserted the assets were shipped to

20   Kamana facilities in Hawaii or wrongfully used on a Kamana project in Oregon.  The email

21   asserted "You are or should be aware that these assets belong to Totalis.  Your involvement in

22   this will be scrutinized in regard to any criminal actions we bring for this illegal

23   conversion * * *.  It is our intention to recover our assets from the parties responsible for

24   converting them.  Currently our [California] lawsuit focuses on Kamana O'Kala, LLC, however,

25   in light of learning of the involvement of the Kamana employees, we may add additional parties

26   to the pending lawsuit.  You are hereby put on notice of these issues.  We consider this a very

PAGE 9 -  COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200
710437.0001/6066933.1

1  serious matter and urge you to cease the potentially illegal activities and to seek the advice of

2  legal counsel as to your personal liability. We intend to seek full redress under the law." The

3  factual predicates asserted in the email are false, and Lite Solar, LLC and Sahni knew them to be

4  false. The emails caused fear and apprehension in the Kamana employees who received the

5  emails and it was intended by Sahni and Lite Solar, LLC to do so. The emails injured the

6  relationship between Kamana employees and Kamana, and it was intended to do so.

7  **FIRST CLAIM FOR RELIEF**

8  (Intentional Interference with Economic Relations)

9  21.

10  Kamana reincorporates the allegations of paragraphs 1 through 20, above.

11  22.

12  By virtue of the assignments to Kamana from Lite Solar Corp., Kamana had contracts

13  with the Hosts of the projects.

14  23.

15  By virtue of the assignments to Kamana, Lite Solar Corp. was no longer a party to the

16  contracts and had no right to further assign the contracts. Sahni, Lite Solar, LLC and Luneke

17  were never parties to the contracts.

18  24.

19  Kamana had a business relationship with ETO as well.

20  25.

21  Sahni, Luneke and Lite Solar, LLC were not parties to Kamana's relationship with the

22  ETO.

23  26.

24  Sahni, individually and/or by and through Lite Solar, LLC, intended to interfere with and

25  did interfere Kamana's business and contractual relations, including but not limited to its

26  business and contractual relationships with the Hosts and with ETO. Luneke, individually and/or

PAGE 10 - COMPLAINT

1   by and through Lite Solar, LLC, intended to interfere with and did interfere with Kamana's

2   business and contractual relations, including but not limited to its business and contractual

3   relationships with the Hosts and with ETO.

4                                             27.

5        The interferences alleged in paragraph 26 were wrongful, because they were

6   accomplished by fraudulent statements, by actionable misrepresentations, and interferences were

7   also wrongful because they were done for the purpose of retaliation for Kamana's assertion of its

8   legal right to file a demand for arbitration of its disputes with Totalis and Sahni.

9                                             28.

10       As a result of Sahni's, Lite Solar, LLC's and/or Luneke's interference with Kamana's

11  contractual and business relationships, Kamana was damaged in an amount to be proven at trial,

12  but not less than $4,000,000.

13                          **SECOND CLAIM FOR RELIEF**

14                 (Intentional Interference with Employment Relations)

15                                            29.

16       Kamana reincorporates the allegations of paragraphs 1 through 20, above.

17                                            30.

18       Kamana had an employment relationship with its employees to whom Sahni, individually

19  and/or by and through Lite Solar, LLC, sent the threatening and coercive e-mails referenced in

20  paragraphs 20 above.

21                                            31.

22       Sahni, individually and/or by and through Lite Solar, LLC was not a party to the

23  employment relationship(s).

24

25

26

PAGE 11 - COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

710437.0001/6066933.1

1     32.

2          Sahni, individually and/or by and through Lite Solar, LLC intended to interfere with

3     Kamana's employment relationships with its employees and knew that such interference was

4     substantially certain to occur as a result of the coercive emails he sent Kamana's employees.

5     33.

6          The emails Sahni sent individually and/or by and through Lite Solar, LLC were improper

7     in so much as they were false, threatening and/or coercive. The email communications were also

8     sent for the improper purpose of causing damage to Kamana's business and to Kamana's

9     relationship with its employees.

10    34.

11         Sahni's/Lite Solar, LLC's email communications caused harm to Kamana's relationship

12    with its employees and Kamana was damaged as a result in an amount to be proven at trial, but

13    currently estimated at not less than $4,000,000.

14    **THIRD CLAIM FOR RELIEF**

15    (Oregon Racketeering)

16    35.

17         Kamana reincorporates the allegations of paragraphs 1 through 20, above.

18    36.

19         Defendants Sahni, Luneke and Lite Solar, LLC are each "Individuals" as defined in

20    ORS 166.715(5).

21    37.

22         Kamana is an "Enterprise" as defined in ORS 166.715(2).

23    38.

24         Kamana is an aggrieved person within the meaning of ORS 166.725(6).

25

26

PAGE 12 - COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

710437.0001/6066933.1

1                                          39.

2          Commencing in or after January 2014, Sahni, individually and/or by and through Lite

3   Solar, and Luneke, individually and/or by and through Lite Solar, LLC, engaged in multiple acts

4   that violate the provisions of ORS 166.715(6)(a), including but not limited to the following

5   wrongful acts:

6          a.      Defendants Sahni, individually and/or by and through Lite Solar, made

7   misrepresentations and fraudulent statements to the parties who were to make payments to

8   Kamana for electricity generated by the solar projects, in an effort to force those customers to

9   redirect their payments to Totalis.  Sahni and/or Lite Solar's actions constitute "Coercion" as

10  defined in ORS 163.275 in as much as the misrepresentations and fraudulent statements were

11  made for the purpose of causing persons with whom Kamana had business relationships to

12  refrain from sending payments to Kamana, which they were lawfully entitled to do, by accusing

13  Kamana of committing theft of the funds these defendants contended Kamana was not entitled

14  to.

15         b.      Lite Solar and Luneke made misrepresentations and fraudulent statements about

16  the ownership of renewable energy projects in the state of Oregon.  This conduct constitutes

17  "Coercion" as defined in ORS 163.275 in as much as the misrepresentations and fraudulent

18  statements were made for the purpose of causing persons with whom Kamana had business

19  relationships to refrain from sending payments to Kamana, which they were lawfully entitled to

20  do, by accusing Kamana of committing theft of the funds these defendants contended Kamana

21  was not entitled to.

22         c.      Sahni directed emails to Kamana employees in Oregon which made

23  misrepresentations and fraudulent statements about the transfer of Totalis property, and which

24  threatened those employees with criminal prosecution and suggested that the employees would

25  be added as defendants in the California litigation, which Totalis had filed against Kamana.

26  These emails constituted "Coercion" as defined in ORS 163.275 in so much as the purpose of the

PAGE 13 - COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

1   emails was to compel these Kamana's employees not to continue in their otherwise lawful

2   conduct on behalf of Kamana, by threatening criminal prosecution and civil action against the

3   employees.

4        d.    Sahni also directed similar emails to Kamana employees in Hawaii which made

5   misrepresentations and fraudulent statements about the transfer of Totalis property, and which

6   threatened those employees with criminal prosecution and suggested that the employees would

7   be added as defendants in the California litigation, which Totalis had filed against Kamana.

8   These emails constituted "Coercion" as defined in ORS 163.275 in so much as the purpose of the

9   emails was to compel these Kamana's employees not to continue in their otherwise lawful

10   conduct on behalf of Kamana, by threatening criminal prosecution and civil action against the

11   employees.

12                     40.

13       By and through a pattern of racketeering activity, as set forth, including in paragraph 40

14   above, defendants unlawfully sought to acquire an interest and/or control in Kamana and its

15   business in violation of ORS 166.720(2).

16                     41.

17       Sahni, Lite Solar and/or Luneke conspired to violate ORS 166.720(2) in violation of

18   ORS 166.720(4).

19                     42.

20       As a result of defendants' racketeering conduct, Kamana has been damaged in an amount

21   to be proven at trial, but not to exceed $4,000,000.  Pursuant to ORS 166.725(7)(a), plaintiff is

22   entitled to an award of damages equal to three times its actual damages.

23                     43.

24       Pursuant to ORS 166.725(14), Kamana is entitled to recover its reasonable attorney's fees

25   incurred in this action.

26

PAGE 14 - COMPLAINT

1      WHEREFORE, Kamana prays for entry of judgment as follows:

2      1.    On Kamana's First Claim for Relief Intentional Interference with Business

3 Relations for judgment in the amount to be proven at trial, but not to exceed $4,000,000, together

4 with interest at the statutory rate of nine percent (9%) per annum, from the date the amount

5 became due, until paid;

6      2.    On Kamana's Second Claim for Relief Intentional Interference with Employment

7 Relations for judgment in the amount to be proven at trial, but not to exceed $4,000,000, together

8 with interest at the statutory rate of nine percent (9%) per annum, from the date the amount

9 became due, until paid; and

10     3.    On Kamana's Third Claim for Relief Oregon Racketeering for judgment in the

11 amount to be proven at trial, but not to exceed $4,000,000, trebled, together with Kamana's

12 reasonable attorney's fees incurred herein, together with interest at the statutory rate of nine

13 percent (9%) per annum, from the date the amount became due, until paid;

14     4.    Kamana's costs and disbursements incurred herein; and

15     5.    For such other and further relief the Court may deem just and equitable.

16    DATED: October 10, 2014

17               LANE POWELL PC

18

19               By

20                 Milo Petranovich, OSB No. 813376
                  Tanya D. Urbach, OSB No. 962668
                  docketing-pdx@lanepowell.com

21                Attorneys for Plaintiff

22

23

24

25

26

PAGE 15 - COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OBJECTING TO CLAIM OF KAMANA O'KALA, LLC [CLAIM NO. 12]; DECLARATION OF LESLIE COHEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. __TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)__**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____12/8//17___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Paul J Carter    rotorbear@earthlink.net
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Clifford S Davidson    cdavidson@sussmanshank.com, kbacon@sussmanshank.com
Paul B George    docketing-pdx@lanepowell.com, beldingt@lanepowell.com
Ron Maroko    ron.maroko@usdoj.gov
SreeVamshi C Reddy    reddyv@lanepowell.com, pettingerk@lanepowell.com
Scott J Scofield    brnotice@sgpgl.com, nwall@sgpgl.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov

☐    Service information continued on attached page

**2. __SERVED BY UNITED STATES MAIL__**:
On (*date*) _____12/8/17/17____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge __will be completed__ no later than 24 hours after the document is filed.

Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple St.
Los Angeles, CA 90012

Office of United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Lite Solar Corp.
Attn: Ranbir Sahni
3553 Atlantic Avenue #1183
Long Beach, CA 90807

Clifford S. Davidson, Esq.
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, Oregon 97205

☐ Service information continued on attached page

**3. __SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL__** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 12/8/17, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge __will be completed__ no later than 24 hours after the document is filed.
Kamana O'Kala LLC
10117 SE Sunnyside Road # F1112
Clackamas, OR 97015
(By Fedex)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/8/17 | J'aime Williams | /s/ J'aime Williams |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.