Leslie A. Cohen, Esq. (SBN 93698)
  leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
  jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Clifford S. Davidson, Esq. (SBN 246119)
  cdavidson@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway Ave, Suite 1400
Portland, OR 97205
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

Attorneys for Plaintiff Lite Solar Corp.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| *In re* <br><br> LITE SOLAR CORP; <br><br> Debtor and Debtor in Possession | Chapter 11 <br><br> Case No. 2:16-bk-19896-BB <br><br> Adversary No.: To Be Assigned |
| LITE SOLAR CORP., a California Corporation, <br><br> Plaintiff, <br><br> VS. <br><br> SLINDE & NELSON, LLC, dba SLINDE NELSON, fka SLINDE NELSON STANFORD an Oregon limited liability company, and DARIAN A. STANFORD, an Oregon domiciliary, <br><br> Defendants. | **COMPLAINT FOR** <br> 1) **PROFESSIONAL NEGLIGENCE** <br> 2) **BREACH OF CONTRACT** <br> 3) **DISALLOWANCE OF CLAIM (OBJECTION TO CLAIM)** |

-1-
**COMPLAINT**

**TO THE HONORABLE SHERI BLUEBOND, CHIEF UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; DEFENDANTS AND THEIR COUNSEL OF RECORD; AND ALL OTHER INTERESTED PARTIES:**

Plaintiff Lite Solar Corp., the debtor and debtor-in-possession in the above-referenced chapter 11 bankruptcy case, ("Debtor" or "Plaintiff"), complaining of defendants Slinde & Nelson, LLC dba Slinde Nelson fka Slinde Nelson Stanford, an Oregon limited liability company ("Slinde Law Firm"), and Darian A. Stanford, an Oregon domiciliary ("Stanford" and collectively with the Slinde Law Firm the "Defendants"), alleges as follows:

## I.    JURISDICTION AND VENUE

1. On or about July 27, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under Title 11, Chapter 11 of the United States Code (the "Code"), originating this Bankruptcy Case, entitled *In re Lite Solar Corp.*, Case No. 2:16-bk-19896-BB ("Bankruptcy Case").

2. This Court has jurisdiction under 28 U.S.C. §§ 157, 1132 and 1334(a) over the subject matter of this proceeding because the claims asserted herein relate to a case pending under the Bankruptcy Code in the Central District of California, Los Angeles Division (the "Bankruptcy Court") and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

3. This is a core proceeding under 28 U.S.C. § 157(b).

4. Pursuant to 28 U.S.C. §§ 1408 and 1409, venue is proper in the Central District of California, Los Angeles Division, because the Bankruptcy Case is pending in this district and division.

5. Pursuant to 11 U.S.C. § 544(a), the Debtor has standing to bring this adversary proceeding.

6. Defendant Slinde Law Firm has filed a Proof of Claim in the Bankruptcy Case, Claim No. 1 (the "Slinde Claim"), alleging that monies are due for purportedly outstanding attorney fees.

## II.    PARTIES

7. Plaintiff Lite Solar Corp. is a California Corporation that, at all times mentioned herein, conducted business in, and/or had its principal place of business in, the Central District of California, and is the debtor-in-possession in the Bankruptcy Case. Lite Solar Corp. is the successor by merger to Lite Solar, LLC, a Nevada limited liability company.

8. Defendant Slinde Law Firm is an Oregon LLC with its principal place of business in Portland, Oregon. From January 24, 2012 through February 12, 2018, Slinde Law Firm did business as Slinde Nelson Stanford. Since February 12, 2018, Slinde Law Firm has been doing business as Slinde Nelson.

9. Defendant Darian A. Stanford is an attorney domiciled in Oregon. He departed the Slinde Firm in approximately February 2018.

10. Plaintiff engaged Defendants to act as its counsel in connection with litigation, described below in greater detail, filed in the Circuit Court of the State of Oregon for the County of Multnomah, and Stanford was the principal lead attorney at the Slinde Law Firm responsible for representing Plaintiff. Defendants also agreed to represent Ranbir Sahni ("Sahni") and David Luneke ("Luneke" and with Sahni the "Other Clients") in the "Kamana OR Litigation" (defined below).[1]

## FIRST CLAIM FOR RELIEF

(Professional Negligence)

---

[1] The Slinde Law Firm has filed a lawsuit against Sahni and Luneke in Circuit Court of the State of Oregon for the County of Multnomah ("Slinde OR Litigation") and Sahni and Luneke have filed a counterclaim for professional negligence in said action. The Slinde Oregon Litigation is currently stayed pursuant to this Count's *Order To 1) Stay Third-Party Litigation 2) Resolve Motion For Order Extending The Automatic Stay To Third-Party Litigation And 3) Continue Claim Objection Hearing*, filed and entered October 18, 2017.

1  11. On October 10, 2014, Kamana O'Kala, LLC ("Kamana") sued Lite Solar,
2  LLC, Sahni and Luneke. That litigation was filed in the Circuit Court of the State of
3  Oregon for the County of Multnomah, which assigned it the case number 14CV14976 (the
4  "Kamana OR Litigation").

12. Beginning January 21, 2015 Defendants represented Lite Solar, LLC, Sahni,
and Luneke in connection with the Kamana OR Litigation.

13. Also on January 21, 2015, the parties entered into an Engagement Agreement dated January 21, 2015 (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit A.

14. By its terms, the Agreement is governed by Oregon law.

15. Pursuant to Paragraph 11 of the Agreement, Defendants agreed to provide "conscientious, competent and diligent services" on behalf of Plaintiff.

16. At all times, Defendants held themselves out to Plaintiff as possessing the competence, diligence, and expertise necessary to represent Plaintiff in the Kamana OR Litigation. At no point did Defendants inform Plaintiff that Defendants lacked competence, diligence, or expertise necessary to provide Plaintiff with reasonable and competent representation.

17. Defendants breached their duty to provide reasonable and competent representation to Plaintiff, collectively, by:

- Failing to file a motion pursuant to Oregon Revised Statutes 31.150-31.152, the anti-SLAPP statute, for an order striking the counterclaims, or portions of them, because they arise from protected speech and cannot be supported by *prima facie* evidence ("Anti-SLAPP Motion);[2]

---

[2] This Court granted Debtor's Anti-SLAPP Motion to a Counterclaim filed by Kamana in this Bankruptcy Case alleging an expanded version of the claims alleged in the Kamana OR Litigation. *See Amended Order Granting Counterclaim-Defendants' Special Motion to Strike Counterclaim Pursuant to Oregon's Anti-SLAPP Statute*, filed and entered September 22, 2017, and *Order Granting Counterclaim-Defendants' Motion for Attorney Fees and Costs Pursuant to Oregon's Anti-SLAPP Statute*, filed and entered November 9, 2017.

1 • Failing to file a motion for judgment on the pleadings after reassuring Plaintiff that Defendants would do so after not moving for Rule 21 A dismissal (the Oregon equivalent of a demurrer);

• Failing to file a motion to stay the Kamana OR Litigation after Plaintiff's motion to dismiss claiming another action pending was denied;

• Failing to pursue First Amendment-related defenses that would have resulted—and eventually did result—in dismissal of all claims that counsel acting competently would have pursued;

• Failure to timely dismiss Sahni's elder abuse claim, resulting in increased costs to have the claim dismissed;

• Despite repeated requests from Plaintiff, failing to raise a variety of free speech-related defenses to Kamana's claims;

• Failing to timely serve discovery responses, which Plaintiff timely provided to Defendants prior to their corresponding due date, thus giving Kamana grounds to claim that all of Counterclaimants' objections to Kamana's discovery requests had been waived;

• Disregarding requests to object to evidence presented by Kamana in the Kamana OR Litigation, which resulted in the denial of summary judgment for Plaintiff;

• Agreeing with Kamana's counsel, and without consulting Plaintiff, prior to a hearing on Kamana's motion to compel production of documents, on how the motion should be resolved, leading the court to issue an order to compel;

• Informing Kamana's counsel that Lite Solar did not object to the Oregon court's proposed order to compel despite Plaintiff's expressed objections to the form of the order;

• Failing to timely produce documents in response to a court order compelling the production of such documents;

• Delaying and mishandling a meeting at which a Kamana party's iMac

      computer was to be produced to Plaintiff;

- Informing Kamana that Counterclaimants' computer expert had been able to access information in QuickBooks files produced by Kamana, when that was not the case because the produced files were incomplete;
- Delaying filing a motion to compel discovery, including compelling production of QuickBooks files;
- Failing to advise Plaintiff on whether Luneke's declaration offered in support of Plaintiff's motion for summary judgment would result in a waiver of privilege;
- Failing to advise Sahni of subpoenas that had been served on his doctors, thus depriving Sahni the right to protect his privacy rights under California law as a then-resident of California;
- Breaching their duties of confidentiality to Plaintiff by attaching unredacted time entries from the Kamana OR Litigation to Defendant Slinde Law Firm's proof of claim in the Bankruptcy, thereby revealing aspects of Plaintiff's legal strategy to Kamana; and
- Charging Plaintiff for associate attorney time in excess of amounts provided for in the Agreement.

18. In breaching the duties to Plaintiff detailed above in paragraph 16, Defendants failed to use the care, skill, and diligence ordinarily used by counsel, in similar circumstances, in conducting the reasonable practice of law in Oregon.

19. As detailed above in paragraph 16, Defendants breached their duty to Plaintiff by taking actions that were adverse to Plaintiff's interests

20. Through the actions detailed in paragraph 18, Defendants failed to comply with Oregon Rule of Professional Conduct 1.2 by failing to obtain Plaintiff's approval in advance of taking action on behalf of Plaintiff in the Kamana OR Litigation.

21. Through the actions detailed in paragraph 16, Defendants failed to comply with Oregon Rule of Professional Conduct 1.3 by neglecting the Kamana OR Litigation, which was entrusted to Defendants by Plaintiff.

22. Through the actions detailed in paragraph 16, Defendants failed to comply with Oregon Rule of Professional Conduct 1.4 by failing to inform Plaintiff of events and actions occurring in the Kamana OR Litigation.

23. Plaintiff and the Other Clients collectively paid to Defendants legal fees totaling $162,765.01 for defense of the Kamana OR Litigation. However, as a result of the acts and omissions enumerated above, the value of the legal services that Defendants provided was significantly diminished and Plaintiff is owed an offset as a result.

24. As a direct and proximate result of Defendants' negligence, Plaintiff failed to file motions and raise arguments, objections, and defenses that would have resulted in a dismissal of the Kamana OR Litigation or significantly pared down the litigation, thus bringing about a favorable decision or result to Plaintiff in that action.

25. As a direct and proximate result of Defendants; negligence, Plaintiff incurred additional legal fees pursuing its chapter 11 bankruptcy case, removing the case to the bankruptcy court and litigating the case in the bankruptcy court.

26. As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount to be proven at trial, but not less than $500,000, including but not limited to costs, expenses, and attorney fees incurred in the Kamana OR Litigation.

### SECOND CLAIM FOR RELIEF

(Breach of Contract)

(Against Slinde Law Firm)

27. Plaintiff incorporates paragraphs 11 through 25, as though set forth here in full.

28. The conduct alleged in the foregoing paragraphs 11 through 25 breached the Agreement, in which the Slinde Firm agreed to provide "conscientious, competent and diligent services." Ex. A at 3.

29. The Slinde Firm also breached the Agreement by failing to promptly provide materials to Plaintiff and its representatives. Ex. A at 1.

30. The Slinde Firm also breached the Agreement by failing to "obtain approval prior to undertaking any significant research or similar project," and failing to obtain approval prior to submitting certain documents to the Oregon court, including proposed orders.

31. By contrast, Plaintiff performed all obligations required of it under the Agreement.

32. The Slinde Firm's breaches of contract damaged Plaintiff in an amount according to proof, but in no case less than $500,000.

**THIRD CLAIM FOR RELIEF**

(Disallow Claims [11 U.S.C. § 502])

(Against Slinde Law Firm)

33. Plaintiff re-alleges and incorporates herein by this reference paragraphs 11 through 32 as though set forth fully herein.

34. The Court should disallow the Slinde Claim in its entirety because 1) the Slinde Claim is barred due to Defendants' professional negligence; 2) the Slinde Claim fails to fully account for credits previously issued by Defendants; and 3) Defendants violated the engagement agreement by failing to deliver the quality of services represented, violating rules of professional conduct and charging different rates than provided for in the engagement agreement.

35. Based on the foregoing negligence and breach of contract by Defendants, the Slinde Claim in this case should be disallowed in its entirety.

-8-
**COMPLAINT**

36. Plaintiff reserves its right to seek to amend this filing to reflect any additional claims, as may be determined necessary by Plaintiff at any time during and/or following discovery or as additional facts or information become available to Plaintiff.

**WHEREFORE**, Plaintiff respectfully pray for judgment against Defendants as follows:

1. For damages in an amount subject to proof at trial but not less than $500,000;
2. Disgorgement of amounts paid to Defendants in excess of the reasonable value of Defendants' services;
3. Disallowing the Slinde Claim in its entirety;
4. For reasonable attorneys' fees and costs pursuant to the Agreement;
5. For statutory costs and disbursements incurred herein; and
6. For such other relief as the Court deems just and equitable.

Dated: April 19, 2018

LESLIE COHEN LAW, PC

By: */s/ Leslie A. Cohen*
Leslie A. Cohen
Attorneys for Plaintiff

SUSSMAN SHANK, LLP

By: */s/ Clifford S. Davidson*
Clifford S. Davidson
Attorneys for Plaintiff

# **<u>EXHIBIT A</u>**



PLEASE READ THIS DOCUMENT CAREFULLY AND CALL OUR OFFICE WITH ANY QUESTIONS YOU MAY HAVE REGARDING ITS CONTENTS. THIS DOCUMENT IS A BINDING LEGAL CONTRACT THAT FORMS THE BASIS OF OUR ATTORNEY-CLIENT RELATIONSHIP.

### SLINDE & NELSON, LLC
### ENGAGEMENT AGREEMENT

This Engagement Agreement ("**Agreement**") by and between SLINDE & NELSON, LLC /dba Slinde Nelson Stanford ("Firm") and LITE SOLAR LLC; RANBIR SAHNI; AND DAVID K. LUNEKE ("**Clients**") is entered into on the date executed by Clients.

1.  Clients retain Firm to represent Clients as legal counsel in connection with the following matter: *Kamana O'Kala, LLC v Lite Solar LLC, Ranbir Sanhi and David K. Luneke*, Multnomah County Case No. 14CV14976. Clients acknowledge that there is a related litigation matter in California, *Totalis Energy, LLC v. Kamana O'Kala, LLC et. al.*, Los Angeles County Superior Court Case No. BC534273 (the "California Litigation"). Clients acknowledge that Clients are represented by a different firm in the California Litigation.

2.  It is expressly understood that Clients retain Firm for the above-described representation only. If Clients wish to engage Firm for a different representation, a new engagement agreement will be executed or this Agreement will be amended in writing.

3.  As compensation for legal services, Clients agree to pay Firm a fee, which will be computed on an hourly basis. The fees will be billed at the Firm's hourly rates then in effect for the attorney or paralegal providing the services. The hourly rates of the attorneys, paralegals and office assistants of the Firm as of the date of signing this Agreement are listed below and shall remain the same for 12 months. After 12 months, Firm retains the right to increase the hourly rates set forth below from time to time, consistent with any such rate increase made for the Firm's other clients provided that the increased rates will not go into effect until 30 days after Clients have received written notice of the rate change.

| | |
|---|---|
| **Partners** | **$275/hr** |
| **Associates** | **$225/hr** |
| **Paralegals** | **$125/hr** |

Services provided by Firm for which Clients will be charged include, but are not limited to: preparation of pleadings and other documents for filing in court, appearances in court, consultations, telephone calls and email communications with Clients, preparation of document production requests and review of relevant documents, conduct of depositions, legal research, drafting and preparing letters, project staff time, travel time, and all costs directly related to our representation. It is expressly understood that the lead attorney responsible for representing the Clients shall be DARIAN A. STANFORD. Firm may associate other counsel within the Firm to perform services if necessary. No attorney or other professional outside the Firm shall perform services unless Ranbir Sahni approves such person in advance. Clients shall promptly receive all correspondence and documents (e.g., contracts, memoranda, trial notebooks, deposition summaries, pleadings) and other important items relating to the representation. All final documents prepared by the Attorney should be emailed in Word format. The Firm shall use simple transmittal memos to accompany the letters and documents. It is not necessary to



Please mail the signed agreement and all other documents to our Portland office for processing at the following address:
US Bancorp Tower | 111 SW Fifth Ave., Suite 1940 | Portland, OR 97204 | t 503.417.7777 | f 503.417.4250
www.slindenelsonstanford.com

include detailed explanations or analysis of enclosures. The Firm shall obtain approval prior to undertaking any significant research or similar project, retaining any expert or consultant, or filing answers, interrogatories, discovery requests or responses, etc.

  4.

  5.  **Clients also agree to pay all costs necessitated by Firm's representation of Clients regardless of the disposition of Clients' case.** Clients must execute the credit card authorization form attached to this Agreement. Cost include all out-of pocket-expenses incurred on behalf of Clients, including, but are not limited to: filing fees, service fees, court reporter fees for depositions and hearings, trial court fees, copying costs, long distance telephone calls, facsimile, postage, witness fees, expert fees, mileage fees, travel costs, and other necessary court and office costs. Costs do not include compensation to Firm for the time spent by attorneys in connection with Firm's obligation to perform under this Agreement.

  6.  **Clients are to place $5,000 into trust as a retainer.** The retainer is to be paid concurrently with the execution of this Agreement and shall be applied to monthly billings. The retainer does not relieve Clients' responsibility to make the required monthly payment for past billings. The amount of the retainer is not an estimate of the fees, costs, and expenses that will be billed in connection with Clients' matter. Firm reserves the right to request additional advance retainers in the future, depending on such factors as the scope of anticipated work, the amount of expected costs and expenses, and Clients' payment history. At the completion or termination of our legal services to Clients under this Agreement, retainer funds remaining in trust shall be applied to any unpaid billings for services rendered to Clients by Firm, and the balance of the retainer shall be refunded to Clients.

Each month Firm will send a statement specifying the services rendered, the amount of fees for services rendered, costs incurred, and the balance of the trust or balance owing. If a balance is owing, that sum is due on billing. A late payment charge of one and one-half percent (1½%) per month applies to any fees or costs not paid within thirty (30) days of billing. Each bill should contain:

  *  The project name or a brief description;
  *  A description of the services performed, persons performing them, applicable rate, time spent, calculated in increments of tenths (i.e. 6 minute intervals), and the date each service was performed; and
  *  An itemized list of all reimbursable expenses, including the rates charged for each item, where applicable.

All time charges are to be included in the billing for the time period covered by such bill. If a bill covers a time period, then the billing for that period and matter will be deemed closed and time charges that were not included will not be billed. Out of pocket expenses that Attorney submits to be reimbursed may be included in the bill covering the date the expense was incurred or within a reasonable time after the Attorney receives the invoice for such charge. In the normal course, Attorney should bill expenses within sixty (60) days after receipt.

The following items are not billable expenses unless approved in advance:

  *  Secretarial/steno services including overtime;
  *  Word processing charges;
  *  Fixed costs of computerized research (e.g. Lexis)
  *  First class air fares;
  *  Premiums or mark ups on telephone charges, faxes or any expense item (unless expressly set forth in the Retainer Agreement or approved in writing);

Page 2—SLINDE & NELSON, LLC ENGAGEMENT AGREEMENT

* Office costs and other items of firm general overhead;
* Attorney fees incurred in responding to claims of conflicts of interests by opposing parties;
* Responding to standard auditor letters respecting the scope and matters for which the Attorney has and is representing the Company; and
* Time incurred in preparation of the engagement (e.g., retainer letters, preliminary discussions respecting terms of engagement, etc.) or with respect to billing issues (e.g., responding to Client questions regarding the bills).

Additionally, messenger, courier and overnight mail services should only be used when time restraints or proof of delivery require.

7. This Agreement shall be governed by Oregon law.

8. Firm will not be obligated to complete the work for Clients' case and may withdraw or, if necessary, seek leave to withdraw as Clients' counsel at any time if Clients fail to cooperate with Firm on Clients' case, meet financial agreement as set forth above, or as otherwise permitted by the Oregon State Bar Disciplinary Rules. If a motion to leave to withdraw is necessary, written notice will be sent to Clients' last known address(es). The fee outlined in Section 3 shall still be deemed enforceable and Clients further understand Firm may assert a lien or claim for attorney fees due based on any balance owing incurred under this Agreement.

9. In the event that Clients elect to terminate Firm, all costs and other expenses incurred by Firm shall continue to be the responsibility of Clients, and Clients further understand that Firm may assert a lien or claim for any balance owing incurred under this Agreement. Clients may discharge Firm for any cause by telephone notice followed by written notice either from Client or the new lawyer Client chooses to hire. Clients may secure additional copies of Clients' file at any time upon payment to Firm of any balance owing on all fees and costs, including costs of photocopying Clients' file.

10. Clients agree that if suit or other legal proceedings is ever brought for collection of this Agreement, the prevailing party shall be entitled to its court costs and reasonable attorney fees incurred for collection, both on or before trial and on any appeal(s).

11. Firm agrees to provide conscientious, competent and diligent services. However, Firm cannot and does not guarantee a result or final outcome of any case, and Firm has made no representation and makes no guarantee regarding the final result or outcome of this case. When Firm has completed all the legal work necessary for Clients' case, Firm will close Firm's file and return original documents to Clients. Firm will store the file for approximately ten (10) years and is authorized to destroy the file.

12. Time is of the essence in this Agreement. Any modification of this Agreement will be binding only if made in writing and signed by both parties.

13. If there is an appeal of the lawsuit brought with respect to this matter, work on the appeal must be the subject of a separate fee agreement.

14. Clients acknowledge receipt of a copy of this Agreement.

*[Signature page to follow]*

Signature Page—Engagement Agreement
By and between SLINDE & NELSON, LLC and LITE SOLAR LLC; RANBIR SAHNI; AND DAVID K. LUNEKE

**Firm:**
SLINDE & NELSON, LLC

BY: DARIAN A. STANFORD
Dated: January 21, 2015

**Client:**
DAVID K. LUNEKE

BY: DAVID K. LUNEKE
Dated: 1/21/15

**Client:**
LITE SOLAR LLC

BY: RANBIR SAHNI
Dated:

**Client:**
RANBIR SAHNI

BY: RANBIR SAHNI
Dated:

Please mail the signed agreement, trust deposit check made out to SLINDE NELSON STANFORD, and all other documents to our Portland office for processing. Please keep a copy of the signed agreement for your records.

Page 4—SLINDE & NELSON, LLC ENGAGEMENT AGREEMENT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Lite Solar Corp. | **DEFENDANTS**<br>SLINDE & NELSON, LLC, dba SLINDE NELSON STANFORD, fka SLINDE NELSON STANFORD an Oregon limited liability company, and DARIAN A. STANFORD, an individual Oregon domiciliary |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leslie Cohen Law PC<br>506 Santa Monica Blvd. Suite 200, Santa Monica, CA 90401<br>(310) 394-5900 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR 1) PROFESSIONAL NEGLIGENCE 2) BREACH OF CONTRACT 3) DISALLOWANCE OF CLAIM

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability- §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ not less than $500,000.00 |

Other Relief Sought
Professional Negligence; Breach of Contract; Disallowance of Claim



**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||| 
|---|---|---|---|
| NAME OF DEBTOR<br>Lite Solar Corp. | BANKRUPTCY CASE NO.<br>2:16-bk-19896-BB |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles || NAME OF JUDGE<br>Bluebond |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Leslie Cohen ||||
| DATE<br>4/19/18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Leslie A. Cohen |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leslie A. Cohen, Esq. (SBN: 93698)<br>  leslie@lesliecohenlaw.com<br>J'aime K. Williams, Esq. (SBN 261148)<br>  jaime@lesliecohenlaw.com<br>LESLIE COHEN LAW, PC<br>506 Santa Monica Blvd., Suite 200<br>Santa Monica, CA 90401<br>Telephone: (310) 394-5900<br>Facsimile: (310) 394-9280<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>LITE SOLAR CORP.<br><br><br><br><br>                                                           Debtor(s). | CASE NO.: 2:16-bk-19896-BB<br>CHAPTER: 11<br>ADVERSARY NO.: |
|---|---|
| LITE SOLAR CORP.<br><br><br><br><br>                                                           Plaintiff(s)<br>Versus<br>SLINDE & NELSON, LLC, dba SLINDE NELSON STANFORD, fka SLINDE NELSON STANFORD an Oregon limited liability company, and DARIAN A. STANFORD, an individual Oregon domiciliary<br><br>                                                           Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____    **Address:**
> **Time:** _____                 ☒ 255 East Temple Street, Los Angeles, CA 90012
> **Courtroom:** _____            ☐ 3420 Twelfth Street, Riverside, CA 92501
>                                    ☐ 411 West Fourth Street, Santa Ana, CA 92701
>                                    ☐ 1415 State Street, Santa Barbara, CA 93101
>                                    ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                        Page 1                                F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                          **KATHLEEN J. CAMPBELL**
                          **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
            Deputy Clerk

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____
*Date*          *Printed Name*          *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*          Page 3          **F 7004-1.SUMMONS.ADV.PROC**