DAVID L. NEALE (SBN 141225 )
dln@lnbyb.com
IRV M. GROSS (SBN 53659)
img@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067-6200
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Attorneys for Movant
Slinde & Nelson, LLC fdba Slinde Nelson Stanford,
an Oregon limited liability company

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | ) Case No. 2:16-bk-19896-BB |
| | ) |
| LITE SOLAR CORP., | ) Chapter 11 |
| | ) |
| Debtor and Debtor in Possession | ) **REQUEST FOR JUDICIAL NOTICE** |
| | ) **IN SUPPORT OF MOTION FOR** |
| | ) **ORDER PERMITTING SLINDE &** |
| | ) **NELSON, LLC TO WITHDRAW ITS** |
| | ) **CLAIM PURSUANT TO FEDERAL** |
| | ) **RULE OF BANKRUPTCY** |
| | ) **PROCEDURE 3006** |
| | ) |
| | ) Date:    May 30, 2018 |
| | ) Time:    10:00 a.m. |
| | ) Place:   Courtroom 1539 |
| | )          U.S. Bankruptcy Court |
| | )          255 E. Temple Street |
| | )          Los Angeles, CA 90012 |
| | ) |
| | ) |

1

Movant, Slinde & Nelson, LLC fdba Slinde Nelson Stanford, an Oregon limited liability company, hereby files this Request for Judicial Notice in support of its Motion For Order Permitting Slinde & Nelson, Llc To Withdraw Its Claim Pursuant To Federal Rule Of Bankruptcy Procedure 3006 as follows:

| RJN # | Description |
|---|---|
| 1 | Notice of Motion and Motion for Order Extending the Automatic Stay to Third-Party Litigation; Memorandum of Points and Authorities in Support Thereof; Declaration of Ranbir Sahni; Declaration of Stephen A. Weaver |
| 2 | Chapter 11 Case Status Report; Declaration of Ranbir Sahni |
| 3 | Complaint (Circuit Court of Oregon) |
| 4 | Register of Actions |
| 5 | USDC District of Oregon Opinion & Order |
| 6 | Circuit Court of Oregon Order |
| 7 | Answer, Affirmative Defenses, and Counterclaim of Defendants David K. Luneke and Ranbir Sahni |
| 8 | Order Approving in Part Stipulation to 1) Stay Third-Party Litigation 2) Resolve Motion for Order Extending the Automatic Stay to Third-Party Litigation and 3) Continue Claim Objection Hearing |
| 9 | Trial Readiness Conference Order, Circuit Court of Oregon |
| 10 | Slinde Nelson Stanford Claim No. 1 |
| 11 | Motion Objecting to Claim of Slinde Nelson Stanford [Claim No. 1]; Declaration of Leslie Cohen; Declaration of Ranbir Sahni |
| 12 | Stipulation to Continue Hearing on Debtor's Motion Objecting to Claim of Slinde Nelson Standford [Claim No. 1] |
| 13 | Order Approving Stipulation to Continue Hearing on Debtor's Motion Objecting to Claim of Slinde Nelson Standford [Claim No. 1] |
| 14 | Stipulation to 1) Stay Third-Party Litigation 2) Resolve Motion for Order Extending the Automatic Stay to Third-Party Litigation and 3) Continue Claim Objection Hearing |
| 15 | Circuit Court of Oregon Notice of Bankruptcy Stay |
| 16 | Scheduling Order re: Motion to Disallow Claim of Slinde Nelson Standofrd [Claim No. 1] |
| 17 | Complaint for 1) Professional Negligence; 2) Breach of Contract; 3) Disallowance of Claim (Objection to Claim) |
| 18 | Application of Debtor and Debtor in Possession to Employ Sussman Shank LLC as Special Counsel; Declaration of Clifford Davidson |

Dated: May 8, 2018                    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.


By:___*/s/ Irv M. Gross*_____
        DAVID L. NEALE
        IRV M. GROSS
        Attorneys for Movant, the Slinde Firm

# EXHIBIT "1"

Leslie A. Cohen, Esq. (SBN: 93698)
     leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
     jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| *In re*<br><br>LITE SOLAR CORP.<br><br>               Debtor and<br>               Debtor in Possession | Case No. 2:16-bk-19896-BB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RANBIR SAHNI; DECLARATION OF STEPHEN A. WEAVER**<br><br>Hearing Information:<br>Date:   October 18, 2017<br>Time:   10:00 a.m.<br>Courtroom: 1539 |

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE;

THE OFFICE OF THE UNITED STATES TRUSTEE; PARTIES IN INTEREST AND

PERSONS REQUESTING SPECIAL NOTICE:

## *NOTICE*

**PLEASE TAKE NOTICE** that Lite Solar Corp. ("**Debtor**"), Debtor and Debtor-in-Possession in the above-captioned case, will and hereby does respectfully move (the "**Motion**") the Court for an order extending the automatic stay to third-party litigation currently pending in Oregon, brought by disputed creditor Slinde Nelson against the Debtor's principals.  Such Oregon litigation recently was set for trial in April 2018.

The Motion is made pursuant to Bankruptcy Code[1] Sections 105 and  362, and this Court's Local Rules of Bankruptcy Procedure (LBR) 9013, and on grounds that such relief is appropriate under the circumstances of this case: 1) Slinde Nelson Stanford ("**SNS**") is pursuing the third-parties in Oregon litigation on the same grounds as the proof of claim filed by SNS against the Debtor, which is the subject of a pending objection,  2) the third-parties to the Oregon litigation have rights of indemnity against the Debtor which will be affected if the litigation is not stayed, and 3) the Debtor will suffer irreparable harm if the proceedings against the non-debtors go forward, including but not limited to the public disclosure at trial of information that Kamana would use against Debtor in the adversary actions pending in this Court.

The Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities and Declarations attached to the Motion, all records and files of the Court in this case or of which the Court may take judicial notice, and such other evidence and argument as may be presented at the hearing.

**PLEASE TAKE FURTHER NOTICE** that the hearing to approve this Motion will be held on October 18, 2017 at 10:00 a.m. before the Honorable Sheri Bluebond, U.S. Bankruptcy Court Judge, in Courtroom "1539" of the U.S. Bankruptcy Court located at 255 E. Temple St., Los Angeles, CA 90012.

---

[1] Title 11 of the U.S. Code §§ 101 *et seq.*, referred to herein as "Code" or "Bankruptcy Code."  All statutory references are to the Code unless otherwise noted.

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION

1    **PLEASE TAKE FURTHER NOTICE** that per Local Bankruptcy Rule (LBR) 9013-

2    1(f), any party objecting to the relief sought in the Motion must file written objections with

3    the Bankruptcy Court and must serve such objections upon counsel listed above and the

4    Office of the United States Trustee, at the Office of the U.S. Trustee, 915 Wilshire Blvd.,

5    Suite 1850, Los Angeles, CA 90017, not later than 14 days before the date set for

6    hearing.  Failure to file and serve a timely written opposition may be deemed to constitute

7    consent to the relief requested in the Motion, per LBR 9013-1(h).

8

9    Dated: September 26, 2017                         LESLIE COHEN LAW, PC

10

11                                       By:    _/s/ Leslie A. Cohen_____

12                                              Leslie A. Cohen
                                                Attorneys for Debtor and Debtor

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-
PARTY LITIGATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Lite Solar Corp. ("**Debtor**"), the chapter 11 debtor and debtor-in-possession in the above-captioned bankruptcy case, hereby respectfully seeks an order extending the automatic stay to litigation currently pending in the Circuit Court of the State of Oregon in the County of Multnomah between Slinde Nelson Stanford ("**SNS**") and Ranbir Sahni ("**Sahni**") and David K. Luneke ("**Luneke**"), Case No. 16CV27593 ("**SNS Litigation**"). Extension of the stay to the SNS Litigation is applicable here because 1) SNS is suing Sahni and Luneke for the exact same relief and dollar amount as they assert in their proof claim filed against the Debtor, and which is subject to the Debtor's pending objection[2], so a stay will prevent any preclusive effect of the litigation in Oregon, 2) both Sahni and Luneke have indemnification rights against the Debtor and have filed proofs of claim against the Debtor on that basis; these indemnity rights will be triggered if a judgment against them is entered in Oregon, 3) SNS's alleged claims arise from its prior representation of the Debtor in litigation with Kamana O'Kala and Patrick Schellerup and, as such, SNS's claim should be determined after the outcome of the Kamana litigation, 4) the Debtor and its reorganization will suffer irreparable harm from the public disclosure at trial of otherwise privileged information relating to litigation strategy concerning its disputes with Kamana if the SNS Litigation is permitted to go forward.  For all these reasons, as more fully detailed below, the Debtor respectfully submits that it is appropriate for the Court to extend the automatic stay to the SNS Litigation.

### II.    FACTUAL BACKGROUND

On July 27, 2016 (the "**Petition Date**"), the Debtor filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Case**").  Debtor continues to manage its affairs and operate as a debtor-in-

---

[2] See Docket No. 149.

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION

1  possession.  To date, no trustee, examiner or committee has been appointed in this

2  Bankruptcy Case.

3         The Debtor is a California corporation formed in 2009. Debtor is in the business of

4  designing, constructing and installing photovoltaic and thermal solar systems on private

5  properties.

6         Sahni is the owner of the Debtor. Until July 18, 2016, he had also been the owner

7  of Lite Solar, LLC. On that date, Lite Solar, LLC merged into Lite Solar Corp.

8         Luneke is affiliated with Lite Solar Corp.

9         From January 21, 2015 to June 28, 2016, SNS served as counsel of record for the

10  Lite Solar, LLC, Sahni and Luneke in Multnomah Circuit Court Case No. 14CV14976

11  ("**Kamana Litigation**"). SNS required Lite Solar, LLC, Luneke and Sahni each to sign

12  SNS's engagement letter.

13         On August 12, 2016, SNS filed proof of claim #1 in the Debtor's bankruptcy case,

14  asserting $79,096.64 in unpaid legal fees related to the Kamana Litigation ("**SNS Claim**").

15         Shortly thereafter, on August 24, 2016, SNS filed its complaint against Sahni and

16  Luneke in the Circuit Court of the State of Oregon in the County of Multnomah, Case No.

17  16CV27593 ("**SNS Litigation**"), claiming $79,096.64 in unpaid legal fees related to the

18  Kamana Litigation and alleging that Sahni, Luneke and Lite Solar LLC are liable for SNS's

19  fees.   See SNS Complaint attached hereto as *Exhibit A*.

20         On August 21, 2017, the Debtor filed its objection to the SNS Claim ("Claim

21  Objections") [Docket No. 149].

22         On August 24, 2017, the Oregon Circuit Court set the SNS Litigation for trial

23  beginning April 9, 2018.  See Oregon Circuit order attached hereto as *Exhibit B*.

24         On September 22, 2017, the Court entered its order [Adversary Docket No. 91],

25  granting the Debtor's Anti-SLAPP Motion in the Kamana Litigation[3]. SNS failed to bring an

26  _____

27  [3] The Kamana Litigation was consolidated with pending adversary proceedings into adversary
case no. 2:16-ap-01349-BB. See order at 2:16-ap-01349-BB Docket No. 29.

28

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-
PARTY LITIGATION

1  anti-SLAPP motion during its representation of the Debtor and such failure is part of the

2  Debtor's arguments in the Claim Objection.

3  ### III.    DISCUSSION

4      Courts recognize circumstances where the extraordinary powers granted to the

5  bankruptcy court, including those under 11 U.S.C. § 105(a), warrant the extension of the

6  automatic stay to a nondebtor.  "Indeed, it is a 'well established principle' that courts have

7  the inherent power to issue stays at their discretion." United States v. W.R. Grace, 526

8  F.3d 499, 509 (9th Cir. 2008) (quoting Atchison, Topeka & Santa Fe Ry. Co. v. Hercules

9  Inc., 146 F.3d 1071, 1074 (9th Cir. 1998)); see also Landis v. N. Am. Co., 299 U.S. 248,

10  254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).

11      Ninth Circuit courts have held that the automatic stay can be extended to non-

12  debtors "where: (1) there is such identity between the debtor and the third-party defendant

13  that the debtor may be said to be the real party defendant and that a judgment against the

14  third-party defendant will in effect be a judgment or finding against the debtor, or (2)

15  *extending the stay against codefendants contributes to the debtor's efforts of*

16  *rehabilitation*." PNC Bank, N.A. v. Smith, 2014 U.S. Dist. LEXIS 46163, 3-5 (E.D. Cal.

17  Mar. 31, 2014) (internal citations omitted) citing United States v. Dos Cabezas Corp., 995

18  F.2d 1486, 1491 n. 3 (9th Cir. 1993); see also Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282,

19  287 (2d Cir. 2003) (staying the proceedings because the "claim against the non-debtor will

20  have an immediate adverse economic consequence for the debtor's estate").

21      The circumstances of this case warrant the extension of the stay to the SNS

22  Litigation for several reasons:

23      First, SNS's claims in the SNS Litigation are the same as the claim asserted in this

24  Court by way of the SNS Claim, and the Debtor has objected to the SNS Claim.

25  Permitting SNS to litigate its claim in two separate forums could result in conflicting

26  results, and may raise issue and/or claim preclusion issues, all of which will have an

27  adverse effect on the Debtor's reorganization.  Therefore, the SNS Litigation should be

28  stayed.

6

1    Second, both Sahni and Luneke have indemnification rights against the Debtor and

2  have filed proofs of claim against the Debtor on that basis.  Therefore, a judgment against

3  Sahni and/or Luneke would necessarily equate to a judgment against the Debtor, which

4  means that the SNS Litigation is essentially litigation against the Debtor.  This directly

5  contradicts the language and purpose of 11 U.S.C. §362, which stays any such litigation

6  against the Debtor.

7    Third, the SNS Litigation should be stayed because SNS's alleged claims arise

8  from its representation of the Debtor in the Kamana Litigation which is still pending.  The

9  outcome of the Kamana Litigation will have a dramatic impact on the Debtor's

10  reorganization, as well as, potentially, the SNS Claim.  For example, the Debtor's

11  successful Anti-SLAPP Motion, which SNS failed to file is indicative of SNS's errors during

12  its representation of the Debtor.  If the resolution of the Kamana Litigation brings to light

13  any further omissions or errors made by SNS when they represented the Debtor, then the

14  Debtor may have additional claims of offset against the SNS Claim.  Accordingly, it is

15  appropriate to stay the SNS Litigation based on the interrelated nature of the Kamana

16  Litigation, the SNS Litigation and the SNS Claim.

17    Furthermore, SNS, Debtor's former counsel of record in the Kamana litigation, has

18  served formal Requests for Production of Documents ("RFPs") that seek highly

19  confidential and privileged information, communications and strategy regarding the

20  Kamana litigation.  For example, the RFPs ask defendants in the SNS Litigation to

21  produce:

22    ***REQUEST NO. 1:***  *All documents relating to the Lite Solar Litigation. This request*

23    *includes, but is not limited to, all communications with Plaintiff, between*

24    *Defendants, or with any other person, relating to the Lite Solar Litigation.*

25    ***REQUEST NO. 4:***  *The litigation file of Your attorney Stephen Weaver for the Lite*

26    *Solar Litigation.*

27    ***REQUEST NO. 5:***  *All communications between You and Stephen Weaver relating*

28    *to the Lite Solar Litigation.  Please see general instruction No. 11.*

7

1      ***REQUEST NO. 6:*** *All communications between You and any other attorney who*

2      *advised you in connection with the Lite Solar Litigation. Please see general*

3      *instruction No. 11. See accompanying Declaration of Stephen A. Weaver to which*

4      *the RFPs are attached as **Exhibit C**.*

5      Although this Court has dismissed the Kamana counterclaim that SNS previously

6 had handled while pending in the Circuit Court of Oregon, Debtor's litigation with Kamana

7 and its principal Patrick Schellerup is continuing in the Adversary Action filed by Debtor in

8 this Court and the Complaint filed by Debtor in the Los Angeles Superior Court which has

9 now been consolidated with the Adversary Action.

10      In addition to the not producing documents responsive to the RFPs, Debtor needs

11 to prevent SNS from disclosing documents and information in pleadings and in discovery

12 in the SNS Action that Kamana could access. Debtor also recently filed a stipulation to

13 continue the hearing on the Motion to Disallow the SNS claim. One reason to continue

14 the hearing on Debtor's objection to the SNS claim is to prevent SNS from disclosing

15 confidential information and litigation strategy in the SNS response to the objection to its

16 claim.

17      Finally, the facts of this case demonstrate that the Debtor will suffer irreparable

18 harm if the SNS Litigation is permitted to go forward. Ron Sahni is 80 years old and it is

19 difficult for him to travel to Oregon for the SNS litigation. Moreover, his necessary

20 involvement in the Oregon litigation would divert his attention from the reorganization and

21 the pending Kamana litigation, which is the main issue in this chapter 11. Also, the April

22 2018 trial date in the SNS Action is highly likely to occur prior to final resolution of the

23 Adversary Action. Were the jury trial that SNS has demanded to occur prior to final

24 resolution of the Adversary Action, then highly-sensitive and otherwise privileged

25 information would be publicly disclosed to the jury—to Debtor's great prejudice.

26      All of the foregoing reasons illustrate how the SNS Litigation can and will have an

27 immediate adverse economic consequence for the Debtor's estate and reorganization if

28

1  allowed to proceed in Oregon.  Accordingly, the Debtor respectfully submits that the facts

2  of this case warrant the extension of the automatic stay to encompass the SNS Litigation.

3  <div align="center">**IV.    CONCLUSION**</div>

4     For the reasons stated herein, the Debtor respectfully requests that the Court enter

5  an order extending the automatic stay to the SNS Litigation and for any other relief the

6  Court shall deem just and proper under the circumstances.

7  RESPECTFULLY SUBMITTED,

8  Dated: September 26, 2017          LESLIE COHEN LAW, PC

9

10                _____*/s/ Leslie A. Cohen*_____
               Leslie A. Cohen

11                Attorneys for Debtor and Debtor in
               Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">9</div>

## DECLARATION OF RANBIR SAHNI

I, Ranbir Sahni, hereby declare as follows:

1. I am over 18 years of age. I am the principal and owner of Lite Solar Corp., the Debtor and Debtor-in-Possession ("Debtor") in the above-captioned bankruptcy case. Unless otherwise stated, I have personal knowledge or information of the facts set forth herein and, if called as a witness, could and would testify competently thereto. Where statements are made upon information and belief, I believe them to be true and correct.

2. I make this declaration in support of the above *Motion For Order Extending The Automatic Stay To Third-Party Litigation* ("**Motion**"). Where capitalized terms herein are undefined, they shall have the same meaning as in the Motion.

3. On July 27, 2016 ("**Petition Date**"), the Debtor filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Case**"). Debtor continues to manage its affairs and operate as a debtor-in-possession. To date, no trustee, examiner or committee has been appointed in this Bankruptcy Case.

4. The Debtor is a California corporation formed in 2009. Debtor is in the business of designing, constructing and installing photovoltaic and thermal solar systems on private properties.

5. I am the owner of the Debtor. Until July 18, 2016, I had also been the owner of Lite Solar, LLC. On that date, Lite Solar, LLC merged into Lite Solar Corp

6. Luneke is affiliated with Lite Solar Corp.

7. From January 21, 2015 to June 28, 2016, SNS served as counsel of record for Lite Solar, LLC, me and Luneke in Multnomah Circuit Court Case No. 14CV14976 ("**Kamana Litigation**"). SNS required Lite Solar, LLC, Luneke and me each to sign SNS's engagement letter.

8. On August 12, 2016, SNS filed proof of claim #1 in the Debtor's bankruptcy case, asserting $79,096.64 in unpaid legal fees related to the Kamana Litigation ("**SNS Claim**").

10

9.    Shortly thereafter, on August 24, 2016, SNS filed its complaint against me and Luneke in the Circuit Court of the State of Oregon in the County of Multnomah, Case No. 16CV27593 ("**SNS Litigation**"), claiming $79,096.64 in unpaid legal fees related to the Kamana Litigation and alleging that I, Luneke and Lite Solar LLC are liable for SNS's fees. A true and correct copy of SNS's Complaint is attached hereto as ***Exhibit A***.

10.    August 21, 2017, the Debtor filed its objection to the SNS Claim ("Claim Objections") [Docket No. 149].

11.    On September 22, 2017, the Court entered its order [Adversary Docket No. 91], granting the Debtor's Anti-SLAPP Motion in the Kamana Litigation[4]. The fact that, despite the Debtor's requests, SNS failed to bring an anti-SLAPP motion during its representation of the Debtor is part of the Debtor's arguments in the Claim Objection.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 26th day of September, 2017 at Long Beach, California.

_____
Ranbir Sahni

---

[4] The Kamana Litigation was consolidated with pending adversary proceedings into adversary case no. 2:16-ap-01349-BB. See order at 2:16-ap-01349-BB Docket No. 29.

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION

1

## **DECLARATION OF STEPHEN A. WEAVER**

2      I, Stephen A. Weaver, hereby declare as follows:

3      1.      I am over 18 years of age. I am a resident of the County of Los Angeles, a

4  member in good standing with the State Bar of California and co-counsel for the Debtor

5  and Debtor-in-Possession (the "Debtor") in the Debtor's Consolidated Litigation against

6  Kamana pending in the California Superior Court for the County of Los Angeles.  Unless

7  otherwise stated, I have personal knowledge or information of the facts set forth herein

8  and, if called as a witness, could and would testify competently thereto.  Where

9  statements are made upon information and belief, I believe them to be true and correct.

10      2.      Prior to the commencement of this bankruptcy proceeding, I provided legal services

11  to Debtor and its affiliate Totalis Energy LLC, including advising said parties regarding

12  *Totalis Energy, LLC vs. Kamana O'Kala, LLC, et al.*, Case Number BC534273, originally

13  filed in January 2014 (the "**Totalis Action**") and *Lite Solar Corp., et al. vs. Patrick*

14  *Schellerup, et al.*, Case No. BC603916, originally filed on December 10, 2015 (the "**LS**

15  **Action**"). I was associated as co-counsel of record in the Totalis Action on or about

16  March 4, 2016.  I was also co-counsel in the LS Action.  Those two actions were

17  consolidated by the Los Angeles Superior Court and then removed and consolidated with

18  the Adversary Action.  In addition, I worked closely with Slinde Nelson Stanford ("SNS"),

19  counsel for defendants in the litigation filed by Kamana in Oregon ("Oregon Action") and

20  was admitted *pro hac vice* on or about May 19, 2016 as co-counsel for defendants in the

21  Oregon Action. That action was abated and the claims refiled as a counterclaim in the

22  Adversary Action.

23      3.      Since SNS filed its proof of claim ("SNS POC") against Debtor and filed its

24  Complaint in the Oregon Circuit Court against Ranbir Sahni and David Luneke ("SNS

25  Litigation"), I have worked with Debtor's insolvency counsel Leslie Cohen and counsel for

26  Mr. Sahni and Luneke, Clifford Davidson regarding the objections to the SNS POC and

27  defense of the SNS Litigation, respectively.

28

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-
PARTY LITIGATION

1      4.    On August 30, 2017 I was approved to represent Debtor in the litigation with

2 Kamana pending in this Court.

3      5.    I recently received the Trial Readiness Conference Order, a true and correct

4 copy of which is attached hereto as ***Exhibit B***, setting the SNS Litigation for trial on April

5 9, 2018.

6      6.    On August 14, 2017 I received from Mr. Davidson SNS's First Request for

7 Production of Documents ("RFPs") in the SNS Litigation.  A true and correct copy of the

8 RFPs is attached hereto as ***Exhibit C***. The RFPs seek highly confidential and privileged

9 information, communications and strategy regarding the Kamana litigation.  For example,

10 the RFPs ask defendants in the SNS Litigation to produce:

11      ***REQUEST NO. 2:***  *All documents relating to the Lite Solar Litigation. This request*

12      *includes, but is not limited to, all communications with Plaintiff, between*

13      *Defendants, or with any other person, relating to the Lite Solar Litigation.*

14      ***REQUEST NO. 4:***  *The litigation file of Your attorney Stephen Weaver for the Lite*

15      *Solar Litigation.*

16      ***REQUEST NO. 5:***  *All communications between You and Stephen Weaver relating*

17      *to the Lite Solar Litigation.  Please see general instruction No. 11.*

18      ***REQUEST NO. 6:***  *All communications between You and any other attorney who*

19      *advised you in connection with the Lite Solar Litigation.  Please see general*

20      *instruction No. 11.*

21      7.    During the Kamana Litigation, the defendants in the Kamana Litigation and

22 the separate lawsuits commenced by Totalis and Debtor signed a Joint Defense

23 Agreement and those parties and their counsel sent and received well over a thousand

24 emails on detailed strategy and planning regarding the Kamana Litigation and the

25 separate lawsuits filed by Debtor and Totalis.  Although the Court has entered its order

26 dismissing the Kamana counterclaim, in my opinion disclosing the communications that

27 occurred during the Kamana litigation would be prejudicial to Debtor and the individual

28 defendants in the SNS Litigation.  It is also my opinion that the SNS Litigation should be

13

1  stayed and SNS should be directed not to disclose privileged and confidential information

2  regarding its representation until after the conclusion of the Kamana litigation or further

3  order of this Court.

4      I declare under penalty of perjury under the laws of the State of California and the

5  United States of America that the foregoing is true and correct.  I hereby declare that the

6  above statement is true to the best of my knowledge and belief, and that I understand it is

7  made for use as evidence in court and is subject to penalty for perjury.

8      Executed on this 26th day of September 2017 at Long Beach, CA.

9

10

11      _____
        Stephen A. Weaver

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-
PARTY LITIGATION

# EXHIBIT A

3/24/2016 4:27:18 PM
16CV27593

1

2

3

4

5

6

7

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| SLINDE & NELSON, LLC, dba SLINDE NELSON STANFORD, an Oregon limited liability company, | Case No. |
| | **COMPLAINT** |
| Plaintiff, | **(Breach of Contract; Account; Services Rendered; Account Stated; Quantum Meruit)** |
| v. | |
| DAVID K. LUNEKE, an individual, RANBIR SANHI, an individual | PRAYER: $79,096.64 |
| Defendants. | FEE AUTHORITY: ORS 21.160(1)(b) |

Plaintiff Slinde & Nelson, LLC dba Slinde Nelson Stanford alleges:

1.

Plaintiff is a law firm with its principal place of business located in Multnomah County, Oregon and is in the business of providing legal services.

2.

Defendant David K. Luneke, is an individual who, on information and belief, resides in the State of Oregon and is a principal of Lite Solar, LLC.

3.

Defendant Ranbir Sanhi, is an individual who, on information and belief, resides in the State of California and is a principal of Lite Solar, LLC.

4.

Lite Solar was a defendant in a substantial piece of litigation in Multnomah County, Oregon, Case No. 14CV14976 ("Lite Solar Litigation"). Each individual principal was a named

Page 1 – COMPLAINT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

1   defendant in the Lite Solar Litigation.  Lite Solar is currently in Chapter 11 bankruptcy in the

2   United States Bankruptcy Court for the Central District of California.

3                                                    5.

4        Defendant Ranbir Sanhi, is an individual who, on information and belief, resides in the

5   State of California and is a principal of Lite Solar, LLC.

6                                                    6.

7        Plaintiff rendered legal services to Defendants from January 21, 2015 to June 28, 2016.

8                                                    7.

9        During the time period set forth in paragraph 4 and thereafter, Plaintiff has regularly sent

10  invoices to Defendants.  Defendants have paid some invoices, and also agreed to Plaintiff their

11  remaining invoices in the amount of $79,096.64.  However, Defendants have failed to pay the

12  remaining invoices, leaving an unpaid balance of $79,096.64.

13                               **FIRST CLAIM OF RELIEF**

14                                **(Breach of Contract)**

15                                                   8.

16       Plaintiff realleges all preceding paragraphs.

17                                                   9.

18       On or about January 21, 2015 Plaintiff and Defendants entered into an agreement

19  whereby Plaintiff agreed to perform legal services for Defendants ("Agreement") attached as

20  Exhibit A.  Under this Agreement, Defendants, agreed to pay Plaintiff for fees incurred.  Each of

21  the Lite Solar principal Defendants were signatories to the Agreement.

22                                                  10.

23       Although Plaintiff provided substantial legal services to Defendants, Defendants have not

24  paid the full amount due under the Agreement.  Defendants have breached the Agreement with

25  Plaintiff by failing and refusing to pay for services rendered and costs incurred in representing

26  Defendants.

Page 2 – COMPLAINT

1  Defendants.

2                                    19.

3      Plaintiff's charges to Defendants for services provided to Defendants were necessary and

4  reasonable.

5                                    20.

6      Despite demand, the balance remains unpaid, and there is now due and owing from

7  Defendants to Plaintiff the sum of $79,096.64, together with attorney's fees, costs and

8  prejudgment interest, pursuant to the Agreement.

9                        **FOURTH CLAIM FOR RELIEF**

10                          **(Account Stated)**

11                                   21.

12     Plaintiff realleges all preceding paragraphs.

13                                   22.

14     An account was stated between Plaintiff and Defendants by Plaintiff sending statements

15  of Defendants' account to Defendants.

16                                   23.

17     On several occasions Defendants promised and agreed to pay the balance owing.

18                                   24.

19     The balance remains unpaid, and there is now due and owing from Defendants to

20  Plaintiff the sum of $79,096.64, together with attorney's fees, costs and prejudgment interest,

21  pursuant to the Agreement.

22                        **FIFTH CLAIM FOR RELIEF**

23                          **(Quantum Meruit)**

24                                   25.

25     Plaintiff realleges all preceding paragraphs.

26  ///

Page 4 – COMPLAINT

SLINDE NELSON STANFORD
111 SW 5ᵗʰ Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

26.

At all times alleged herein, Defendants were aware that Plaintiff was providing legal

services to Defendants and Defendants benefited thereby.   It would be unjust to allow the

retention of the benefits without requiring Defendants to pay for the legal services provided by

Plaintiff.

**WHEREFORE,** Plaintiff requests judgment in its favor against Defendants for damages

in the sum of $79,096.64, together with prejudgment, interest, reasonable attorney's fees, costs

and disbursements, and other such relief as the Court deems just and proper.

DATED this 24th day of August, 2016.

SLINDE NELSON STANFORD

By:    /s/ Phil Nelson
Phil Nelson, OSB No. 013650
Nicholas J. Slinde, OSB No. 003900
*Of Attorney for Plaintiff*

Page 5 – COMPLAINT

# EXHIBIT B

IN THE CIRCUIT COURT OF THE STATE OF OREGON    1ᵗʰ JUDICIAL D.

FOR THE COUNTY OF MULTNOMAH    17 AUG 24    AM 8:22

FILED

<div style="float:left; writing-mode:vertical">Verified Correct Copy of Original 8/25/2017</div>

**Slinde & Nelson, LLC,**

                    Plaintiff(s),

    v.                                    Case No. **16CV27593**

**David K. Luneke, et al.,**              TRIAL READINESS CONFERENCE
                                          ORDER
                    Defendant(s).

Pursuant to the discretion given by UTCR 7.020(5), IT IS HEREBY ORDERED:

1.    **This case is set for trial on** 4/9/18 .    *( answer to counterclaim just filed )*

      *Any request for a change in the trial date selected at the trial readiness conference
      must be presented to Presiding Court and will not be granted without a showing of good
      cause based upon extraordinary circumstances.*

      **The case will be called for assignment to a judge and courtroom on**
      4/6/18**, in Room 208 at 9:00 a.m.**

      *The parties or their representatives are required to appear personally when the case is
      called for assignment to a trial judge by the Presiding Judge, unless the Presiding Judge
      has granted the parties' request for leave to appear by telephone or at another date/time
      or the party has reported unconditionally ready for trial. SLR 7.055(8).*

2.    The matter will be tried to (a jury/the court).

3.    The number of days estimated for trial is 5 days.

      *Trial will take place Monday through Thursday, between 9:00 a.m. – 12:00 p.m. and
      1:30 p.m. – 4:30 p.m., unless this schedule is modified by the assigned trial judge.*

4.    **Judge Judith H. Matarazzo is the motion judge, although s/he has/has not heard
      any substantive motions.**

5.    There will be motions *in limine* presented to the assigned trial judge before a jury is
      selected. There (will or will not) be other pretrial matters that will be presented to the
      assigned trial judge before a jury is called to the courtroom.

      DATED:  August 22, 2017

                                          Presiding Judge Nan G. Waller

Appearances By:

TRIAL READINESS ORDER (rev 10/1/12)



16CV27593
OR
Order
7841245

# EXHIBIT C

1

2

3

4                          IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                              FOR THE COUNTY OF MULTNOMAH

6   SLINDE & NELSON, LLC, dba SLINDE          )
    NELSON STANFORD, an Oregon limited         )   Case No.  16CV27593
7   liability company,                         )
                                               )
8              Plaintiff,                       )   **PLAINTIFF'S FIRST REQUEST FOR**
                                               )   **PRODUCTION OF DOCUMENTS TO**
9       v.                                      )   **DEFENDANTS**
                                               )
10  DAVID K. LUNEKE, an individual, RANBIR     )
    SAHNI, an individual,                       )
11                                              )
               Defendants.                       )
12

13          Pursuant to ORCP 36 and 43, Plaintiff requests Defendants produce the following

14  documents at the office of Hart Wagner, 1000 S.W. Broadway, Suite 2000, Portland, Oregon 97205,

15  no later than thirty (30) days from the date of service of this request or at such other time or place as

16  may be mutually agreed.

17                          **DEFINITIONS AND INSTRUCTIONS**

18          1. "Document" includes, but is not limited to, every item specified in ORCP 43A(1), and

19  means all documents and tangible things in the broadest sense permitted under the Oregon rules.

20  "Document" shall not be limited in any way with respect to medium, embodiment, or process of

21  creation, generation, or reproduction. "Document" includes, without limitation, all preliminary,

22  intermediate, and final versions thereof, as well as any notations, comments, and marginalia

23  (handwritten or otherwise) appearing thereon or therein. "Document" include originals (or high

24  quality duplicates), all non-identical copies or drafts, and all attachments, exhibits, or similar items.

25  / / /

26  / / /

Page 1 –  **PLAINTIFF'S FIRST REQUEST FOR**
          **PRODUCTION OF DOCUMENTS TO**
          **DEFENDANTS**

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

1    Any Document bearing on any sheet or side thereof, any marks, including, without limitation,

2    initials, notations, comments, or marginalia of any character which are not part of the original text or

3    reproduction thereof, shall be considered a separate Document.

4        2.  "Communications" means any conversation, discussion, letter, facsimile, text message,

5    instant message, note, e-mail, memorandum, meeting, diary entry, or other transfer of information,

6    whether written or oral, or by any other means, whether direct or indirect, formal or informal.

7        3.  "Relating to" or "related to" means consisting of, identifying, concerning, referring to,

8    alluding to, responding to, in connection with, commenting on, in response to, about, regarding,

9    explaining, discussing, showing, describing, studying, reflecting, analyzing, or constituting.

10       4.  The "Lite Solar Litigation" refers to *Kamana O'Kala, LLC v. Lite Solar LLC, Ranbir*

11   *Sahni and David Luneke*, Multnomah County Circuit Court Case No. 14CV14976.

12       5.  "Plaintiff" refers to all attorneys, employees, and representatives of Plaintiff Slinde &

13   Nelson, LLC dba Slinde Nelson Stanford.

14       6.  "You" or "Your" refers to Defendants Ranbir Sahni and David Luneke, as well as any

15   individual or entity acting on Defendants' behalf or at Defendants' direction.

16       7.  The "Present Lawsuit" means the above-captioned lawsuit in which you filed your

17   counterclaim against Plaintiff.

18       8.  Oregon law requires You to produce all documents within Your "possession," and also

19   all documents within Your "custody" or "control." Documents in the possession of any of your

20   attorneys or other agents who acted on your behalf in the Lite Solar litigation, including Stephen

21   Weaver, qualifies as documents within Your custody or control.

22       9.  Defendants have a continuing duty to comply with these requests, and if Defendants

23   obtain or learn of a responsive document within their possession, custody, or control after

24   responding to a request, Defendants must obtain and produce that document.

25       10. If Defendants object to any request, the reason(s) for the objection should be stated with

26   particularity. If an objection is made on the grounds of privilege, the document withheld must be

Page 2 –  **PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO
DEFENDANTS**

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

1    identified by date, author, recipient, and subject matter, and the basis for the assertion of privilege

2    must be stated in detail.

3         11.    Unless otherwise stated in any individual request, if any request seeks

4    communications with an attorney, or documents created by an attorney, that request only seeks

5    documents from the date You received notice of the Lite Solar Litigation through June 28, 2016.

6         12.  Pursuant to ORCP 43E, these requests require You to produce all ESI in its original

7    format, with all metadata preserved.

8                                    **REQUESTS**

9         **REQUEST NO. 1:**  All documents relating to the Lite Solar Litigation.  This request

10   includes, but is not limited to, all communications with Plaintiff, between Defendants, or with

11   any other person, relating to the Lite Solar Litigation.

12        **RESPONSE:**

13

14        **REQUEST NO. 2:**  All documents relating to the damages identified in Your

15   counterclaim.

16        **RESPONSE:**

17

18        **REQUEST NO. 3:**  All documents relating to Plaintiff.

19        **RESPONSE:**

20

21        **REQUEST NO. 4:**  The litigation file of Your attorney Stephen Weaver for the Lite

22   Solar Litigation.  Please see general instruction No. 11.

23        **RESPONSE:**

24

25        **REQUEST NO. 5:**  All communications between You and Stephen Weaver relating to

26   the Lite Solar Litigation.  Please see general instruction No. 11.

Page 3 – **PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO
DEFENDANTS**

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

1      **RESPONSE:**

2

3      **REQUEST NO. 6:**  All communications between You and any other attorney who

4  advised you in connection with the Lite Solar Litigation.  Please see general instruction No. 11.

5      **RESPONSE:**

6

7      **REQUEST NO. 7:**  All billing statements from all attorneys that advised you about any

8  litigation between You and Kamana O'Kala, from the inception of such litigation to the present.

9  Other than billing statements for the Lite Solar Litigation through June 26, 2016, please redact

10  any communications you contend are privileged.

11      **RESPONSE:**

12

13      **REQUEST NO. 8:**  Documents sufficient to identify all attorney fees and expenses paid

14  or incurred related to the Lite Solar Litigation, from its inception to the present.

15      **RESPONSE:**

16

17      **REQUEST NO. 9:**  Documents sufficient to identify all attorney fees and expenses paid

18  or incurred related to any litigation between You and Kamana O'Kala, from the inception of

19  such litigation to the present.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

Page 4 –   **PLAINTIFF'S FIRST REQUEST FOR**
           **PRODUCTION OF DOCUMENTS TO**
           **DEFENDANTS**

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

1    **RESPONSE:**

2

3    DATED this ⟋⟋ day of August, 2017.

          HART WAGNER LLP

4

5         By: _____

6            Matthew J. Kalmanson, OSB No. 041280
        mjk@hartwagner.com

7            Jason R. Poss, OSB No. 104831
        jrp@hartwagner.com

8            Of Attorneys for Plaintiff

9            Trial Attorney:  Matthew J. Kalmanson, OSB
        No. 041280

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 5 –   **PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO
DEFENDANTS**

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

CERTIFICATE OF SERVICE

1

2    I hereby certify that on the ___ day of August, 2017, I served the foregoing

3  **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO**

4  **DEFENDANTS**, on the following party at the following address:

5    Clifford S. Davidson
     Robert E. Kim
6    Sussman Shank LLP
     1000 SW Broadway, Suite 1400
7    Portland, OR 97205

8  by *e-mailing and mailing* to them a true and correct copy thereof, certified by me as such,

9  placed in a sealed envelope addressed to them at the address set forth above, and deposited in the

10 U.S. Post Office at Portland, Oregon on said day with postage prepaid.

11

12    _____
      Matthew J. Kalmanson, OSB No. 041280
13    Of Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 1 – CERTIFICATE OF SERVICE

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RANBIR SAHNI; DECLARATION OF STEPHEN A. WEAVER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___9/26/17___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Paul J Carter    rotorbear@earthlink.net
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Clifford S Davidson    cdavidson@sussmanshank.com, kbacon@sussmanshank.com
Paul B George    docketing-pdx@lanepowell.com, beldingt@lanepowell.com
Ron Maroko    ron.maroko@usdoj.gov
SreeVamshi C Reddy    reddyv@lanepowell.com, pettingerk@lanepowell.com
Scott J Scofield    brnotice@sgpgl.com, nwall@sgpgl.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___9/26/17___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached pages

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/26/17 | J'aime Williams | /s/ J'aime Williams |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**

Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple St.
Los Angeles, CA 90012

Office of United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Lite Solar Corp.
Attn: Ranbir Sahni
3553 Atlantic Avenue #1183
Long Beach, CA 90807

Clifford S. Davidson, Esq.
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, Oregon 97205

Paul George, Esq.
Laura Richardson, Esq.
Lane Powell PC
601 SW Second Ave., Suite 2100
Portland, OR 97204

Patrick Schellerup
10117 SE Sunnyside Rd # F1112
Clackamas, OR 97015

Kamana O'Kala LLC
14025 NE Airport Way
Portland, OR 97230

Stephen A. Weaver, Esq.
3605 Long Beach Blvd., Suite 236
Long Beach, California 90807

Matthew Kalmanson
Jason Poss
Hart Wagner LLP
1000 S.W. Broadway, 20th Fl.
Portland, OR 97205

Secured:

Ranbir S. Sahni
3605 Long Beach Blvd., Suite 201
Long Beach, CA 90807

20 Largest Unsecured:

LDK Solar Int'l. Co. Ltd.
1 Front St Ste 2600
San Francisco, CA 94111-5353

Christopher R. Miller, Esq.
QIAN AND COMPANY
135 Main Street, Ninth Floor
San Francisco, California 94105

Quality Bending & Fabrication
10005 SW Herman Road
Tualatin, OR 97062

Michael W. King
Law Offices of Michael W. King
20042 Beach Blvd., Suite 203
Huntington Beach, CA 92648

Marco Gomez
3553 Atlantic Avenue, #250
Long Beach, CA 90807

Canadian Solar (USA) Inc.
Building A6
Suzhou New& Hi-tech District
Exporting Processing Zone
Jiang, P.R. China 215215

Department of the Treasury
Internal Revenue Service
PO Box 510000
San Francisco, CA 94151-5100

Starn, O'Toole, Marcus & Fisher
Pacific Guardian Center, Makai Tower
733 Bishop St, 19th Floor
Honolulu, HI 96813

Slinde Nelson Stanford
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204

Chartis
22427 Network Place
Chicago, IL 60673-1224

Gary Babick
317 Jasmine Ave,
Corona Del Mar, CA 92625

Aerotek Energy Services
P.O. Box 198531
Atlanta, GA 30384

Century Quality Management
4221 Wilshire Blvd Suite 480
Los Angeles, CA 90010

Weather Proof Roofing LLC
8406 NE Broadway Street
Portland, OR 97220

Montgomery Electric &
Maintenance, Inc.
2205 Hodges Street
Lake Charles, LA 70601

ECOtality
430 South 2nd Ave
Phoenix, AZ 85003

Paul Carter
Bergkvist, Bergkvist & Carter, LLP
400 Oceangate, Suite 800
Long Beach, CA 90802

DET Logistics (USA) Corporation
4405 Cushing Parkway
Fremont, CA 94538

Westside Building Material Corp.
1111 E. Howell Avenue
Anaheim, CA 92805

Konica Minolta
PO Box 100706
Pasadena, CA 91189-0706

Platt
10605 SW Allen Blvd
Beaverton, OR 97005

Hertz Equipment Rental
PO BOX 650280
Dallas, TX 75265-0280

Totalis Energy, LLC
3605 Long Beach Blvd., Suite 201
Long Beach, CA 90807

Phillip DeVilbiss
Scofield, Gerard, Pohorelsky,
Gallaugher & Landry
P. O. Box 3028
Lake Charles, LA 70602

# EXHIBIT "2"

1  Leslie A. Cohen, Esq. (SBN: 93698)
        leslie@lesliecohenlaw.com
2  J'aime K. Williams, Esq. (SBN 261148)
        jaime@lesliecohenlaw.com
3  Brian A. Link, Esq. (SBN 275683)
        brian@lesliecohenlaw.com
4  LESLIE COHEN LAW, PC
   506 Santa Monica Blvd., Suite 200
5  Santa Monica, CA 90401
   Telephone:  (310) 394-5900
6  Facsimile:  (310) 394-9280

7

8  Attorneys for Debtor in Possession

9

10              UNITED STATES BANKRUPTCY COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                 LOS ANGELES DIVISION

13  *In re*                          )   Case No. 2:16-bk-19896-BB
                                     )
14  LITE SOLAR CORP.                 )   Chapter 11
                                     )
15                                   )   **CHAPTER 11 CASE STATUS REPORT;**
                                     )   **DECLARATION OF RANBIR SAHNI**
16                 Debtor and        )
               Debtor in Possession  )   Status Conference:
17                                   )   Date:       September 28, 2016
                                     )   Time:        10:00 a.m.
18                                   )   Courtroom: 1539
                                     )
19                                   )
                                     )
20  _____ )

21

22

23

24  TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE;

25  THE OFFICE OF THE U.S. TRUSTEE; THE 20 LARGEST UNSECURED CREDITORS;

26  SECURED CREDITORS AND THEIR COUNSEL; PERSONS REQUESTING SPECIAL

27  NOTICE; AND OTHER PARTIES IN INTEREST:

28

                                    1

1    Lite Solar Corp. ("**Debtor**"), the chapter 11 debtor and debtor-in-possession in the

2  above-captioned case, per an order of the Court [Docket No. 10], hereby files its Chapter

3  11 Case Status Report as authenticated by the attached Declaration of Ranbir Sahni (the

4  "**Sahni Declaration**"), as follows:

5    **A. A Brief Description Of The Debtor's Businesses And Operations, If Any, And**

6        **The Principal Assets And Liabilities Of The Estate**

7    The Debtor is a California corporation formed in 2009, whose sole shareholder is

8  Ranbir Sahni (also its President).  Debtor is in the business of designing, constructing and

9  installing photovoltaic and thermal solar systems on private properties.   The Debtor

10 commenced the instant case in good faith, with the intention to establish a plan of

11 reorganization to timely pay its creditors in a manner to be overseen by the Court.

12    The Debtor currently has assets consisting primarily of cash on hand, accounts

13 receivable, investments, and potential claims against third parties, as disclosed in

14 Debtor's recently filed initial Schedules.  Besides trade debt and some tax debt, Debtor

15 has potential liabilities relating to multiple state court cases (in California and Oregon)

16 which it is seeking to remove, as disclosed in its Schedules.  The resolution of claims will

17 depend on multiple litigation proceedings (Debtor has filed an adversary proceeding with

18 this Court, case no. 2:16-ap-01349-BB).

19    **B. Brief Answers To The Following Status Questions:**

20        **i.  What Precipitated The Bankruptcy Filing?**

21    The chapter 11 was precipitated by multiple state court actions, the bulk of which

22 surround a dispute with a former employee, Patrick Schellerup, and the Debtor's intention

23 to reorganize by arranging for satisfaction of claims under the provisions of the

24 Bankruptcy Code.

25    On July 27, 2016 (the "**Petition Date**"), the Debtor commenced this reorganization

26 case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States

27 Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Central

28 District of California (the "**Bankruptcy Court**").

1    The Debtor is continuing in possession of its assets as debtor in possession

2  pursuant to section 1107 and 1108 of the Bankruptcy Code.  As of the filing of this Motion,

3  no trustee, examiner or Committee has been appointed in the Debtor's Chapter 11 case.

4          ii.  **What Does The Debtor Hope To Accomplish In This Chapter**

5               **11 Case?**

6    The Debtor commenced the instant case in good faith, with the intention to

7  establish a plan of reorganization to timely pay its creditors in a manner to be overseen by

8  the Court.

9          iii.  **What Are The Principal Disputes Or Problems Likely To Be**

10              **Encountered During The Course Of The Debtor's**

11              **Reorganization Efforts?**

12    Debtor anticipates meaningful negotiations with its creditors around amounts of

13  their claims and payment terms.  Debtor anticipates the principal disputes will revolve

14  around the removed litigation with Debtor's former employee and his new company.

15          iv.  **How Does The Debtor Recommend That These Disputes Be**

16               **Resolved And Why?**

17    Debtor will seek amicable resolutions of any disputes that do arise despite good

18  faith discussions, including any necessary litigation, motions to approve compromises

19  and/or stipulations.  The Debtor respectfully requests the Court permit Debtor ample time

20  and resources to negotiate and that Debtor be afforded the "breathing spell" contemplated

21  by the Code for good faith debtors, and ultimately approve Debtor's plan of reorganization.

22          v.  **Has The Debtor Complied With All Of Its Duties Under 11**

23              **U.S.C. Sections 521, 1006 and 1107 And All Applicable**

24              **Guidelines Of The Office Of The United States Trustee, And, if**

25              **Not, Why Not?**

26    Debtor has used its best efforts to comply with §§ 521, 1106 and 1107 and all UST

27  Guidelines.  At this time, Debtor has provided the Trustee with items required under the

28  "7-Day Package" and provided an amendment thereto, and has attended the Initial Debtor

1    Interview (IDI) and Meeting of Creditors per 11 U.S.C. § 341(a).  The meeting of creditors

2    has been continued to September 19, 2016.  Debtor's schedules were filed September 9,

3    2016.  The Debtor had an issue opening its Debtor-in-Possession (DIP) account after

4    multiple banks refused to open a DIP account; recently, the Debtor has opened an

5    account at Wells Fargo bank (branch located at: 4540 Atlantic Avenue, Long Beach, CA

6    90807), but that given the DIP account status, confirmation of opening is still pending from

7    elsewhere in the bank's organization (the signature cards have been executed).  The

8    Debtor has filed the first two monthly operating reports (MORs) detailing the financial

9    information during the pendency of the new DIP account.  Docket No's. 55-56.

10        Debtor filed an *ex parte* motion for extension of time to file its Schedules,

11   Statement of Financial Affairs (SOFA) and remaining petition deficiencies on August 8,

12   2016 [Docket No. 21].  The Court entered an order on August 9, 2016 approving an

13   extension of such deadline through September 9, 2016 [Docket No. 23].  Debtor complied

14   with this order and filed its Schedules, SOFA and other documents on September 9

15   [Docket No. 52].

16                      **vi.   Do Any Parties Claim An Interest In Cash Collateral Of The**

17                             **Debtor?**

18        The Debtor is not aware of any parties claiming an interest in cash collateral of the

19   Debtor.

20                      **vii.  Is The Debtor Using Cash That Any Party Claims As Its Cash**

21                             **Collateral And, If So, On What Date(s) Did The Debtor Obtain**

22                             **An Order Authorizing The Use Of Such Cash Or The Consent**

23                             **Of Such Party?**

24        Debtor does not believe it has any cash collateral issues.  Accordingly, the Debtor

25   has not filed and has no plans to file a motion seeking an order authorizing use of cash

26   collateral.

27        **C.   The Identity Of All Professionals Retained Or To Be Retained By The Estate,**

28             **The Dates On Which Applications For The Employment Of Such**

4

1 **Professionals Were Filed Or Submitted To The United States Trustee, The**

2 **Dates On Which Orders Were Entered In Response To Such Applications, If**

3 **Any, And A General Description Of The Type Of Services To Be Rendered By**

4 **Each Or The Purpose Of The Employment**

5     On August 1, 2016, Debtor filed its *Application to Employ Leslie Cohen Law, PC*

6 *["LCL"] as Bankruptcy Counsel* [Docket No. 8] and notice of opportunity to request a

7 hearing [Docket No. 9].  There was no opposition, and the Court approved the proposed

8 order approving LCL's employment on August 23, 2016 [Docket No. 32], effective as of

9 July 27, 2016.  LCL is acting as general bankruptcy counsel, which includes interfacing

10 with the U.S. Trustee, filing the Debtor's schedules (and the motion to extend the deadline

11 therefor), attending the initial debtor interview and meeting of creditors per § 341(a),

12 advising the Debtor, and ultimately evaluating claims and preparing a disclosure

13 statement and plan of reorganization.

14     The Debtor also filed an application to employ Sussman Shank LLP ("Sussman")

15 as Special Counsel on August 3, 2016 [Docket No. 12], on notice of opportunity to request

16 a hearing [Docket No. 13].  There was no opposition, and the Court approved the

17 proposed order approving Sussman's employment on September 2, 2016 [Docket No.

18 45], effective as of July 27, 2016.  Pre-petition, the Debtor was involved in certain Oregon

19 state court litigation (case number 14CV14976) (the "**Oregon Litigation**").  The Debtor

20 employed Sussman when its prior state court counsel withdrew.  The services to be

21 performed by Sussman include working with and advising the Debtor and Debtor's

22 bankruptcy counsel, advising on applicable state law and assisting in the removed Oregon

23 litigation, representation of the Debtor in the Oregon State Court (to the extent Oregon

24 State Court practice continues to be necessary) and the United States District Court for

25 the District of Oregon with respect to removal of the Oregon Litigation to that Court.

26   **D. In Operating Cases, Evidence Regarding Projected Income And Expenses For**

27     **The First Six Months Of The Case - Debtor's Performance of Duties Under 11**

28

1    **U.S.C.  §§ 521, 1106 and 1107 - Debtor's Post-Petition Operations, Litigation**

2    **and Status of Reorganization Efforts**

3        At this time Debtor anticipates entering into a joint venture (JV) agreement with

4    Totalis Energy, LLC.  Debtor has prepared set of estimated projections that may be

5    effective if the contemplated JV agreement goes forward (the details of which are still

6    being worked out).  A copy of those contemplated projections is attached hereto as

7    **Exhibit "A."**

8        Debtor remains committed to meeting its DIP duties, and regular compliance with

9    UST requirements (and will provide DIP account information upon account information).

10    Debtor continues in its operations.  The Debtor anticipates a successful result in the State

11    Court litigation and other litigation, and subsequent money coming in based off of those

12    and existing contracts.  Third party claims may also supplement the funds being brought

13    into the estate.  Debtor's goal is the timely formulating a plan of reorganization following

14    all litigation (or any settlement talks).  At this time Debtor intends to file a plan within its

15    exclusive period to submit and solicit acceptances thereto, but reserves the right to seek

16    an extension of its exclusivity periods.

17    **E.  Proposed Deadlines For The Filing Of Claims and Objection to Claims**

18        Debtor proposes a claims bar date of October 28, 2016; Debtor respectfully

19    requests that it being permitted to object to claims beyond the confirmation of its Plan.

20    **F.  A Proposed Deadline For The Filing Of A Plan And Disclosure Statement**

21        Per 11 U.S.C. § 1121(b), Debtor's exclusive period for filing a Chapter 11 Plan

22    expires 120 days after the Petition Date, or on November 24, 2016 (as that is the

23    Thanksgiving Holiday, the date will be continued to the subsequent day per FRBP 9006).

24    The Debtor intends to use its best efforts to file its Disclosure Statement and Plan within

25    its exclusivity period.  However there are factors its heighten the complexity of this case

26    and may cause Debtor to seek extension of its exclusivity period, such as the pending

27    litigation.  The Debtor accordingly reserves the right to request its exclusivity period be

28

extended, and respectfully requests that any filing deadline be set after, or

contemporaneous with, expiration of exclusivity.

G. **A Discussion Of Any Significant Unexpired Leases And Executory Contracts To Which The Debtor Is A Party And The Debtor's Intentions With Regard To These Leases And Contracts**

The Debtor maintains certain solar installation contracts that involve ongoing maintenance of certain solar equipment, per Debtor's Schedule G, which Debtor reserves the right to amend, including as the litigation proceeds and a court determines that certain contracts under a different company's name are actually those of the Debtor.

Respectfully submitted,

DATED:  September 14, 2016                      LESLIE COHEN LAW, PC


                                                        */s/ Leslie A. Cohen*
                                                Leslie A. Cohen
                                                Attorneys for Debtor and Debtor in
                                                Possession

**DECLARATION OF RANBIR SAHNI**

I, Ranbir S. Sahni, declare as follows:

1.      I am over 18 years of age. I am the President of Lite Solar Corp., the Debtor and Debtor-in-Possession (the "Debtor") in the above-captioned bankruptcy cases. Unless otherwise stated, I have personal knowledge or information of the facts set forth herein and, if called as a witness, could and would testify competently thereto.  Where statements are made upon information and belief, I believe them to be true and correct.

2.      I make this declaration in support of the above chapter 11 case status report ("**Status Report**").  Any undefined terms herein shall have the same meaning as in the Status Report.

3.      The Debtor is a California corporation formed in 2009, whose sole shareholder is myself (also its President).  Debtor is in the business of designing, constructing and installing photovoltaic and thermal solar systems on private properties.    The Debtor commenced the instant case in good faith, with the intention to establish a plan of reorganization to timely pay its creditors in a manner to be overseen by the Court.

4.      The Debtor currently has assets consisting primarily of cash on hand, accounts receivable, investments, and potential claims against third parties, as disclosed in Debtor's recently filed initial Schedules.  Besides trade debt and some tax debt, Debtor has potential liabilities relating to multiple state court cases (in California and Oregon) which it is seeking to remove, as disclosed in its Schedules.  The resolution of claims will depend on multiple litigation proceedings (Debtor has filed an adversary proceeding with this Court, case no. 2:16-ap-01349-BB).

5.      The chapter 11 was precipitated by multiple state court actions, the bulk of which surround a dispute with a former employee, Patrick Schellerup, and the Debtor's intention to reorganize by arranging for satisfaction of claims under the provisions of the Bankruptcy Code.

6.      On July 27, 2016 (the "Petition Date"), Debtor commenced this reorganization case by filing a voluntary petition for relief under the Bankruptcy Code in the United States

8

1  Bankruptcy Court.  Debtor is continuing in possession of its assets as debtor in

2  possession pursuant to section 1107 and 1108 of the Bankruptcy Code.  As of the filing of

3  this Motion, no trustee, examiner or Committee has been appointed in Debtor's Chapter

4  11 case.

5       7.    Debtor commenced the instant case in good faith, with the intention to

6  establish a plan of reorganization to timely pay its creditors in a manner to be overseen by

7  the Court.

8       8.    Debtor anticipates meaningful negotiations with its creditors around amounts of

9  their claims and payment terms.  Debtor anticipates the principal disputes will revolve

10  around the removed litigation with Debtor's former employee and his new company.

11  Debtor will seek amicable resolutions of any disputes that do arise despite good faith

12  discussions, including any necessary litigation, motions to approve compromises and/or

13  stipulations.  The Debtor respectfully requests the Court permit Debtor ample time and

14  resources to negotiate and that Debtor be afforded the "breathing spell" contemplated by

15  the Code for good faith debtors, and ultimately approve Debtor's plan of reorganization.

16       9.    Debtor has used its best efforts to comply with §§ 521, 1106 and 1107 and all

17  UST Guidelines.  At this time, Debtor has provided the Trustee with items required under

18  the "7-Day Package" and provided an amendment thereto, and has attended the Initial

19  Debtor Interview (IDI) and Meeting of Creditors per 11 U.S.C. § 341(a).  The meeting of

20  creditors has been continued to September 19, 2016.  Debtor's schedules were filed

21  September 9, 2016.  The Debtor had an issue opening its Debtor-in-Possession (DIP)

22  account after multiple banks refused to open a DIP account; recently, the Debtor has

23  opened an account at Wells Fargo bank (branch located at: 4540 Atlantic Avenue, Long

24  Beach, CA 90807), but that given the DIP account status, confirmation of opening is still

25  pending from elsewhere in the bank's organization (the signature cards have been

26  executed).  I spoke with William Chavira at the Long beach branch, who informed that the

27  bank is waiting for confirmation from higher up.  The Debtor has filed the first two monthly

28

1  operating reports (MORs) detailing the financial information during the pendency of the

2  new DIP account.  Docket No's. 55-56.

3      10.    Debtor filed an *ex parte* motion for extension of time to file its Schedules,

4  Statement of Financial Affairs (SOFA) and remaining petition deficiencies on August 8,

5  2016 [Docket No. 21].  The Court entered an order on August 9, 2016 approving an

6  extension of such deadline through September 9, 2016 [Docket No. 23].  Debtor complied

7  with this order and filed its Schedules, SOFA and other documents on September 9

8  [Docket No. 52].

9      11.    Debtor is not aware of any parties claiming an interest in cash collateral;

10 Debtor does not believe it has any cash collateral issues.  Accordingly, the Debtor has not

11 filed and has no plans to file a motion seeking an order authorizing use of cash collateral.

12     12.    On August 1, 2016, Debtor filed its *Application to Employ Leslie Cohen Law,*

13 *PC ["LCL"] as Bankruptcy Counsel* [Docket No. 8] and notice of opportunity to request a

14 hearing [Docket No. 9].  There was no opposition, and the Court approved the proposed

15 order approving LCL's employment on August 23, 2016 [Docket No. 32], effective as of

16 July 27, 2016.  LCL is acting as general bankruptcy counsel, which includes interfacing

17 with the U.S. Trustee, filing the Debtor's schedules (and the motion to extend the deadline

18 therefor), attending the initial debtor interview and meeting of creditors per § 341(a),

19 advising the Debtor, and ultimately evaluating claims and preparing a disclosure

20 statement and plan of reorganization.

21     13.    The Debtor also filed an application to employ Sussman Shank LLP

22 ("Sussman") as Special Counsel on August 3, 2016 [Docket No. 12], on notice of

23 opportunity to request a hearing [Docket No. 13].  There was no opposition, and the Court

24 approved the proposed order approving Sussman's employment on September 2, 2016

25 [Docket No. 45], effective as of July 27, 2016.  Pre-petition, the Debtor was involved in

26 certain Oregon state court litigation (case number 14CV14976) (the "**Oregon Litigation**").

27 The Debtor employed Sussman when its prior state court counsel withdrew.  The services

28 to be performed by Sussman include working with and advising the Debtor and Debtor's

1   bankruptcy counsel, advising on applicable state law and assisting in the removed Oregon

2   litigation, representation of the Debtor in the Oregon State Court (to the extent Oregon

3   State Court practice continues to be necessary) and the United States District Court for

4   the District of Oregon with respect to removal of the Oregon Litigation to that Court.

5        14.    At this time Debtor anticipates entering into a joint venture (JV) agreement with

6   Totalis Energy, LLC.  Debtor has prepared set of estimated projections that may be

7   effective if the contemplated JV agreement goes forward (the details of which are still

8   being worked out).  A true and correct copy of those contemplated projections is attached

9   hereto as **Exhibit "A."**

10       15.    Debtor remains committed to meeting its DIP duties, and regular compliance

11  with UST requirements (and will provide DIP account information upon account

12  information).  Debtor continues in its operations.  The Debtor anticipates a successful

13  result in the State Court litigation and other litigation, and subsequent money coming in

14  based off of those and existing contracts.  Third party claims may also supplement the

15  funds being brought into the estate.  Debtor's goal is the timely formulating a plan of

16  reorganization following all litigation (or any settlement talks).  At this time Debtor intends

17  to file a plan within its exclusive period to submit and solicit acceptances thereto, but

18  reserves the right to seek an extension of its exclusivity periods.

19       16.    Debtor proposes a claims bar date of October 28, 2016; Debtor respectfully

20  requests that it being permitted to object to claims beyond the confirmation of its Plan.

21       17.    Per 11 U.S.C. § 1121(b), Debtor's exclusive period for filing a Chapter 11 Plan

22  expires 120 days after the Petition Date, or on November 24, 2016 (as that is the

23  Thanksgiving Holiday, the date will be continued to the subsequent day per FRBP 9006).

24  The Debtor intends to use its best efforts to file its Disclosure Statement and Plan within

25  its exclusivity period.  However there are factors which heighten the complexity of this

26  case and may cause Debtor to seek extension of its exclusivity period, such as the

27  pending litigation.  The Debtor accordingly reserves the right to request its exclusivity

28

1  period be extended, and respectfully requests that any filing deadline be set after, or

2  contemporaneous with, expiration of exclusivity.

3      18.   The Debtor maintains certain solar installation contracts that involve ongoing

4  maintenance of certain solar equipment, per Debtor's Schedule G, which Debtor reserves

5  the right to amend, including as the litigation proceeds and a court determines that certain

6  contracts under a different company's name are actually those of the Debtor.

7

8      I declare under penalty of perjury under the laws of the United States of America that

9  the foregoing is true and correct.

10      Executed this 14th day of September 2016, at Long Beach, CA.

11

12

13  _____

14          Ranbir Sahni, President

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 2:16-bk-19896-BB    Main Document    09/14/16    Page 47 of 100    09/14/16 16:33:44    Desc

# EXHIBIT A

## LITE SOLAR – TOTALIS ENERGY JV PLAN

| | |
|---|---|
| DATE: | 8/25/2016 |
| PREPARED BY: | RD Brown |
| DEPARTMENT: | Lite Solar - Totalis JV |
| 2017 ANNUAL NET REVENUE GOAL | $ 727,939 |

| | |
|---|---|
| DUE DATE: | 8/25/2016 |
| CONTACT: | R. Sahni - CEO |

EXECUTIVE SUMMARY

2016-2017 Sales Plan P&L

| CATEGORIES | Description | 9/1/2016 | 10/1-12/31/2016 | 2016 Yearly | 1/1-3/31/2017 | 4/1-6/31/2017 | 7/1-9/31/2017 | 10/1-12/31/2017 | 2017 Yearly |
|---|---|---|---|---|---|---|---|---|---|
| INCOME | | | | | | | | | |
| Sales | Typical sale (kW/$$$) | 100 | 0 | 1 | $ 350,000 | 1 | 2 | 2 | 2 | 8 |
| Sales Revenue | 100kW typ sale - $350K | - | 175,000 | 175,000 | 525,000 | 700,000 | 700,000 | 700,000 | 2,625,000 |
| Other Income | 5% referral fee - LEDs | | 750 | 750 | 750 | 1,500 | 3,000 | 3,000 | 8,250 |
| TOTAL INCOME | | $   - | $ 175,750 | $ 175,750 | $ 525,750 | $ 701,500 | $ 703,000 | $ 703,000 | $ 2,633,250 |
| EXPENSES | | | | | | | | | |
| Accounting Services | 40 hrs month - 2hrs day | 1,800 | 5,400 | 7,200 | 5,400 | 5,400 | 5,400 | 5,400 | 21,600 |
| Advertising/Marketing | | 5,000 | 5,000 | 10,000 | 10,000 | 20,000 | 30,000 | 5,000 | 65,000 |
| Bank Service Charges | | 100 | 300 | 400 | 300 | 300 | 300 | 300 | 1,200 |
| Credit Card Fees | | - | - | - | - | - | - | - | - |
| Delivery Charges | | - | 500 | 500 | 750 | 1,000 | 1,000 | 1,000 | 3,750 |
| Deposits for Utilities | | - | - | - | - | - | - | - | - |
| Estimated Taxes | | | | | | | | | |
| Health Benefits | Dir/Mgr | 410 | 1,230 | 1,640 | 1,230 | 1,230 | 1,230 | 1,230 | 4,920 |
| Hiring Costs | | 600 | 600 | 1,200 | 1,800 | - | - | - | 1,800 |
| Installation/Repair of Equipment | | 100 | 300 | 400 | 300 | 300 | 300 | 300 | 1,200 |
| Interest on Debt | | | | | | | | | |
| Inventory Purchases | | | | | | | | | |
| Legal Expenses | 8 hrs month | 800 | 800 | 1,600 | 800 | 800 | 800 | 800 | 3,200 |
| Licenses/Permits | City of LA, LB | 200 | 200 | 400 | 200 | 200 | 200 | 200 | 800 |
| Loan (Financing) Payments | | | | | | | | | |
| Office Supplies | | 100 | 300 | 400 | 300 | 300 | 300 | 300 | 1,200 |
| Sales Comissions (% of sales) | | | | | | | | | |
| $0.20/w @3.50/watt | 5.71% | | | | | | | | |
| + 10% bonus on sales above 3.50/watt | 1% | | 10,035 | 10,035 | 30,020 | 40,056 | 40,141 | 40,141 | 150,359 |
| Director/Mgr Override Comissions | | | 1,758 | 1,758 | 5,258 | 7,015 | 7,030 | 7,030 | 26,333 |
| Payroll /Consultant Fees (25% of Total Paid) | 40 hrs month - 2hrs day | 4,400 | 13,200 | 17,600 | 13,200 | 13,200 | 13,200 | 13,200 | 52,800 |
| Payroll Taxes | CEO/CFO/Dir-HR | 1,100 | 3,300 | 4,400 | 3,300 | 3,300 | 3,300 | 3,300 | 13,200 |
| Printing | | 100 | 300 | 400 | 300 | 300 | 300 | 300 | 1,200 |
| Project Mgmt | $7500 mth incl benefits | - | 7,500 | 7,500 | 11,250 | 15,000 | 15,000 | 15,000 | 56,250 |
| Contractor Labor (cost per DC watt install) | 0.42 | | 21,000 | 21,000 | 63,000 | 84,000 | 84,000 | 84,000 | 315,000 |
| Materials and Rentals (cost per DC watt) | 1.50 | | 75,000 | 75,000 | 225,000 | 300,000 | 300,000 | 300,000 | 1,125,000 |
| Professional Fees - Eng and Designer | $5000 per project | | 2,500 | 2,500 | 7,500 | 10,000 | 10,000 | 10,000 | 37,500 |
| Rent/Lease Payments | 25% of office charges | 1,250 | 3,750 | 5,000 | 3,750 | 3,750 | 3,750 | 3,750 | 15,000 |
| Retirement Contributions | | | | | | | | | |
| Subscriptions and Dues | | 200 | 200 | 400 | 200 | 200 | 200 | 200 | 800 |
| Utilities and Telephone | | 100 | 300 | 400 | 300 | 300 | 300 | 300 | 1,200 |
| Vehicle/Mileage Expenses | | 300 | 900 | 1,200 | 900 | 900 | 900 | 900 | 3,600 |

Case 2:16-bk-19896-BB    Doc 57    Filed 09/14/16    Entered 09/14/16 16:33:44    Desc
Main Document      Page 15 of 17

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Other | | 200 | 600 | 800 | 600 | 600 | 600 | 600 | 600 | 2,400 |
| TOTAL EXPENSES | $ 16,760 | $ 154,973 | $ 171,733 | $ 385,658 | $ 508,151 | $ 518,251 | $ 493,251 | $ 1,905,311 |
| Solar Department Profit Projections | $ (16,760) | $ 20,777 | $ 4,017 | $ 140,092 | $ 193,349 | $ 184,749 | $ 209,749 | $ 727,939 |
| Department Margin on Sales: | | | 2.3% | | | | | 27.6% |
| CEO/CFO/HR/Acct (Monthly Corp support) $40,000 | (16,000) | (48,000) | (64,000) | (48,000) | (48,000) | (48,000) | (48,000) | (192,000) |
| Joint Venture Corp overhead charge percentage 40% | | | | | | | | |
| Assumptions - Corp monthly per title $ 10,000 | | | | | | | | |
| Lite Solar Net Profit Projections 50% | $ (16,380) | $ (13,611) | $ (29,991) | $ 46,046 | $ 72,675 | $ 68,374 | $ 80,874 | $ 267,969 |
| Totals Net Profit Projections 50% | $ (16,380) | $ (13,611) | $ (29,991) | $ 46,046 | $ 72,675 | $ 68,374 | $ 80,874 | $ 267,969 |
| JV Net over Sales - each partner: | | | -17.1% | | | | | 10.2% |
| Combined JV Net %: | | | -34.1% | | | | | 20.4% |

Entities: Lite Solar TE , LED Bloom, EESpectrum
20/20/10/50

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (specify): **CHAPTER 11 CASE STATUS REPORT; DECLARATION OF RANBIR SAHNI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) ___9/14/16___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
Paul B George    docketing-pdx@lanepowell.com, beldingt@lanepowell.com
Ron Maroko    ron.maroko@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov,
dare.law@usdoj.gov,melanie.scott@usdoj.gov,queenie.k.ng@usdoj.gov,ron.maroko@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) _9/14/16___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple Street
Los Angeles, CA 90012

Lite Solar Corp.
Attn: Ranbir Sahni
3553 Atlantic Avenue #1183
Long Beach, CA 90807

Office of United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/14/16 | Brian Link | /s/ Brian Link |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1

**SERVED BY US Mail:**

Clifford S. Davidson, Esq.
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, Oregon 97205

Paul George, Esq.
Laura Richardson, Esq.
Lane Powell PC
601 SW Second Ave., Suite 2100
Portland, OR 97204

Patrick Schellerup
10117 SE Sunnyside Road # F1112
Clackamas, OR 97015

Kamana O'Kala LLC
14025 NE Airport Way
Portland, OR 97230

Stephen A. Weaver, Esq.
3605 Long Beach Blvd., Suite 236
Long Beach, California 90807

Secured:

Ranbir S. Sahni
3605 Long Beach Blvd., Suite 201
Long Beach, CA 90807

20 Largest Unsecured:

LDK Solar Int'l. Co. Ltd.
1290 Oakmead Parkmead, Ste 306
Sunnyvale, CA 94085

Christopher R. Miller, Esq.
QIAN AND COMPANY
135 Main Street, Ninth Floor
San Francisco, California 94105

Quality Bending & Fabrication
10005 SW Herman Road
Tualatin, OR 97062

Michael W. King
Law Offices of Michael W. King
20042 Beach Blvd., Suite 203
Huntington Beach, CA 92648

Marco Gomez
3553 Atlantic Avenue, #250
Long Beach, CA 90807

Canadian Solar (USA) Inc.

Building A6
Suzhou New& Hi-tech District
Exporting Processing Zone
Jiang, P.R. China 215215

Department of the Treasury
Internal Revenue Service
PO Box 510000
San Francisco, CA 94151-5100

Starn, O'Toole, Marcus & Fisher
Pacific Guardian Center, Makai
Tower
733 Bishop St, 19th Floor
Honolulu, HI 96813

Slinde Nelson Stanford
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204

Chartis
22427 Network Place
Chicago, IL 60673-1224

Gary Babick
317 Jasmine Ave,
Corona Del Mar, CA 92625

Aerotek Energy Services
P.O. Box 198531
Atlanta, GA 30384

Century Quality Management
4221 Wilshire Blvd Suite 480
Los Angeles, CA 90010

Weather Proof Roofing LLC
8406 NE Broadway Street
Portland, OR 97220

Montgomery Electric & Maintenance,
Inc.
2205 Hodges Street
Lake Charles, LA 70601

ECOtality
430 South 2nd Ave
Phoenix, AZ 85003

Paul Carter
Bergkvist, Bergkvist & Carter, LLP
400 Oceangate, Suite 800
Long Beach, CA 90802

DET Logistics (USA) Corporation
4405 Cushing Parkway
Fremont, CA 94538

Westside Building Material Corp.
1111 E. Howell Avenue
Anaheim, CA 92805

Konica Minolta
PO Box 100706
Pasadena, CA 91189-0706

Platt
10605 SW Allen Blvd
Beaverton, OR 97005

Hertz Equipment Rental
PO BOX 650280
Dallas, TX 75265-0280

Totalis Energy, LLC
3605 Long Beach Blvd., Suite 201
Long Beach, CA 90807

Phillip DeVilbiss
Scofield, Gerard, Pohorelsky,
Gallaugher & Landry
P. O. Box 3028
Lake Charles, LA 70602

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                          F 9013-3.1

# EXHIBIT "3"

1

2

3

4

5

6

7

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| SLINDE & NELSON, LLC, dba SLINDE NELSON STANFORD, an Oregon limited liability company, | Case No. |
| | **COMPLAINT** |
| Plaintiff, | **(Breach of Contract; Account; Services Rendered; Account Stated; Quantum Meruit)** |
| v. | |
| DAVID K. LUNEKE, an individual, RANBIR SANHI, an individual | PRAYER: $79,096.64 |
| Defendants. | FEE AUTHORITY: ORS 21.160(1)(b) |

Plaintiff Slinde & Nelson, LLC dba Slinde Nelson Stanford alleges:

1.

Plaintiff is a law firm with its principal place of business located in Multnomah County, Oregon and is in the business of providing legal services.

2.

Defendant David K. Luneke, is an individual who, on information and belief, resides in the State of Oregon and is a principal of Lite Solar, LLC.

3.

Defendant Ranbir Sanhi, is an individual who, on information and belief, resides in the State of California and is a principal of Lite Solar, LLC.

4.

Lite Solar was a defendant in a substantial piece of litigation in Multnomah County, Oregon, Case No. 14CV14976 ("Lite Solar Litigation"). Each individual principal was a named

Page 1 – COMPLAINT

1  defendant in the Lite Solar Litigation.  Lite Solar is currently in Chapter 11 bankruptcy in the

2  United States Bankruptcy Court for the Central District of California.

3  5.

4  Defendant Ranbir Sanhi, is an individual who, on information and belief, resides in the

5  State of California and is a principal of Lite Solar, LLC.

6  6.

7  Plaintiff rendered legal services to Defendants from January 21, 2015 to June 28, 2016.

8  7.

9  During the time period set forth in paragraph 4 and thereafter, Plaintiff has regularly sent

10  invoices to Defendants.  Defendants have paid some invoices, and also agreed to Plaintiff their

11  remaining invoices in the amount of $79,096.64.  However, Defendants have failed to pay the

12  remaining invoices, leaving an unpaid balance of $79,096.64.

13  **FIRST CLAIM OF RELIEF**

14  **(Breach of Contract)**

15  8.

16  Plaintiff realleges all preceding paragraphs.

17  9.

18  On or about January 21, 2015 Plaintiff and Defendants entered into an agreement

19  whereby Plaintiff agreed to perform legal services for Defendants ("Agreement") attached as

20  Exhibit A.  Under this Agreement, Defendants, agreed to pay Plaintiff for fees incurred.  Each of

21  the Lite Solar principal Defendants were signatories to the Agreement.

22  10.

23  Although Plaintiff provided substantial legal services to Defendants, Defendants have not

24  paid the full amount due under the Agreement.  Defendants have breached the Agreement with

25  Plaintiff by failing and refusing to pay for services rendered and costs incurred in representing

26  Defendants.

Page 2 – COMPLAINT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

11.

Plaintiff has performed all of its obligations under the Agreement.

12.

Defendants breached its Agreement with Plaintiff.    Despite repeated demands, Defendants have failed and refused to pay for Plaintiff's services and is now indebted to Plaintiff in the amount of $79,096.64.

13.

Plaintiff is entitled to the full payment of its bill, prejudgment interest and an award of reasonable attorney's fees and costs pursuant to the Agreement.

## SECOND CLAIM FOR RELIEF

### (Account)

14.

Plaintiff realleges all preceding paragraphs.

15.

Defendants are indebted to Plaintiff in the amount of $79,096.64 for the balance owed on account for professional services and costs advanced on Defendants' behalf.

16.

Despite demand, the balance remains unpaid, and there is now due and owing from Defendants to Plaintiff the amount of $79,096.64, together with attorney's fees, costs and prejudgment interest, pursuant to the Agreement.

## THIRD CLAIM FOR RELIEF

### (Services Rendered)

17.

Plaintiff realleges all preceding paragraphs.

18.

The legal services rendered by Plaintiff to Defendants were performed at the request of

Page 3 – COMPLAINT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

1    Defendants.

2                        19.

3       Plaintiff's charges to Defendants for services provided to Defendants were necessary and

4    reasonable.

5                        20.

6       Despite demand, the balance remains unpaid, and there is now due and owing from

7    Defendants to Plaintiff the sum of $79,096.64, together with attorney's fees, costs and

8    prejudgment interest, pursuant to the Agreement.

9                 **FOURTH CLAIM FOR RELIEF**

10                   **(Account Stated)**

11                        21.

12       Plaintiff realleges all preceding paragraphs.

13                        22.

14       An account was stated between Plaintiff and Defendants by Plaintiff sending statements

15    of Defendants' account to Defendants.

16                        23.

17       On several occasions Defendants promised and agreed to pay the balance owing.

18                        24.

19       The balance remains unpaid, and there is now due and owing from Defendants to

20    Plaintiff the sum of $79,096.64, together with attorney's fees, costs and prejudgment interest,

21    pursuant to the Agreement.

22                  **FIFTH CLAIM FOR RELIEF**

23                   **(Quantum Meruit)**

24                        25.

25       Plaintiff realleges all preceding paragraphs.

26    ///

Page 4 – COMPLAINT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

26.

At all times alleged herein, Defendants were aware that Plaintiff was providing legal

services to Defendants and Defendants benefited thereby. It would be unjust to allow the

retention of the benefits without requiring Defendants to pay for the legal services provided by

Plaintiff.

**WHEREFORE,** Plaintiff requests judgment in its favor against Defendants for damages

in the sum of $79,096.64, together with prejudgment, interest, reasonable attorney's fees, costs

and disbursements, and other such relief as the Court deems just and proper.

DATED this 24th day of August, 2016.

SLINDE NELSON STANFORD

By:    /s/ Phil Nelson
         Phil Nelson, OSB No. 013650
         Nicholas J. Slinde, OSB No. 003900
         *Of Attorney for Plaintiff*

Page 5 – COMPLAINT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

# EXHIBIT "4"

# REGISTER OF ACTIONS
## CASE No. 16CV27593

| | | |
|---|---|---|
| Slinde & Nelson, LLC vs David K Luneke, Ranbir Sanhi | § § § § § | Case Type: **Contract**<br>Date Filed: **08/24/2016**<br>Location: **Multnomah**<br>Bankruptcy: **16-19896-BB Ch 11** |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Luneke, David K | **Clifford Scott Davidson**<br>*Retained*<br>503 243-1653(W) |
| | | Robert E Kim<br>*Retained*<br>503 243-1655(W) |
| Defendant | Sanhi, Ranbir | **Clifford Scott Davidson**<br>*Retained*<br>503 243-1653(W) |
| | | Robert E Kim<br>*Retained*<br>503 243-1655(W) |
| Plaintiff | **Slinde & Nelson, LLC** *Doing Business*<br>*As* **Slinde Nelson Stanford** | **KEITH A PITT**<br>*Retained*<br>503 417-7777(W) |
| | | MATTHEW J KALMANSON<br>*Retained*<br>503 222-4499(W) |
| | 111 SW Fifth Avenue Suite 1940<br>Portland, OR 97204 | NICHOLAS JOHANN SLINDE<br>*Retained*<br>503 417-7777(W) |
| | | PHIL NELSON<br>*Retained*<br>503 417-7777(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 08/24/2016 | Complaint<br>Created: 08/25/2016 8:25 AM | | |
| 08/24/2016 | Service | | |
| | Luneke, David K | Served<br>Returned | 09/28/2016<br>09/28/2016 |
| | Sanhi, Ranbir | Served<br>Returned | 10/04/2016<br>10/04/2016 |
| | Created: 08/25/2016 8:25 AM | | |
| 08/31/2016 | Proof of Service - Substitute<br>*NO mailing*<br>Created: 08/31/2016 3:41 PM | | |
| 09/28/2016 | Proof of Service - Substitute<br>*w/ mailing*<br>Created: 09/29/2016 10:08 AM | | |
| 09/29/2016 | Notice<br>*of Removal to US District Court*<br>Created: 10/04/2016 1:17 PM | | |
| 10/04/2016 | Proof of Service - Substitute<br>*w/ mailing*<br>Created: 10/04/2016 1:49 PM | | |
| 10/04/2016 | Closed | | |

|  |  |
|---|---|
|  | Created: 10/04/2016 2:09 PM |
| 02/27/2017 | **Reinstated** |
|  | Created: 02/28/2017 10:00 AM |
| 02/27/2017 | Order - Remand (Judicial Officer: Hernandez, Marco A ) |
|  | *w/opinion and attached USDC court docket* |
|  | Signed:  02/22/2017 |
|  | Created: 02/28/2017 10:01 AM |
| 03/01/2017 | **Notice - Rule 7 - 91 Day** |
|  | Created: 03/01/2017 1:35 PM |
| 03/02/2017 | Notice - Intent Take Default |
|  | Created: 03/02/2017 4:22 PM |
| 03/06/2017 | Motion - Summary Judgment |
|  | Created: 03/07/2017 10:15 AM |
| 03/06/2017 | Declaration |
|  | *of Philip J. Nelson in support* |
|  | Created: 03/07/2017 10:15 AM |
| 03/15/2017 | Motion - Dismissal |
|  | Created: 03/15/2017 2:05 PM |
| 03/15/2017 | Declaration |
|  | *of Davidson in suport of motion to dismiss* |
|  | Created: 03/15/2017 2:05 PM |
| 03/16/2017 | Notice |
|  | *Defendants Owe First Appearance Fee of $531* |
|  | Created: 03/16/2017 8:15 AM |
| 03/27/2017 | Declaration |
|  | *of Davidson in support of response to summary jgm/continuance* |
|  | Created: 03/28/2017 10:35 AM |
| 03/27/2017 | Declaration |
|  | *of Sahni in support of response to summary jgm/continuance* |
|  | Created: 03/28/2017 10:35 AM |
| 03/27/2017 | Declaration |
|  | *of Luneke in support of response to summary jgm/continuance* |
|  | Created: 03/28/2017 10:35 AM |
| 03/27/2017 | Memorandum - Response To Motion |
|  | *for summary jgm/continuance* |
|  | Created: 03/28/2017 10:35 AM |
| 03/28/2017 | Order (Judicial Officer: Waller, Nan G ) |
|  | *Appointing Judge Judith Matarazzo As Motions Judge* |
|  | Signed:  03/28/2017 |
|  | Created: 03/28/2017 4:05 PM |
| 03/28/2017 | **Notice** |
|  | *Appointment of Judge* |
|  | Created: 03/28/2017 4:05 PM |
| 04/03/2017 | Memorandum - Response To Motion |
|  | *to dismiss* |
|  | Created: 04/04/2017 9:33 AM |
| 04/03/2017 | Declaration |
|  | *of Pitt in support of response to motion to dismiss* |
|  | Created: 04/04/2017 9:33 AM |
| 04/06/2017 | Memorandum - Reply |
|  | *to response to motion for partial summary judgment* |
|  | Created: 04/10/2017 8:30 AM |
| 04/06/2017 | Declaration |
|  | *of Darian A. Stanford* |
|  | Created: 04/10/2017 8:30 AM |
| 04/06/2017 | Declaration |
|  | *of Keith A. Pitt* |
|  | Created: 04/10/2017 8:30 AM |
| 04/12/2017 | Reply |
|  | *In support of Motion to Dismiss* |
|  | Created: 04/13/2017 8:06 AM |
| 04/28/2017 | **Hearing - Motion**  (8:30 AM) (Judicial Officer Matarazzo, Judith H) |
|  | *Motion to Dismiss* |
|  | *04/27/2017 Reset by Court to 04/28/2017* |
|  | *04/28/2017 Reset by Court to 04/27/2017* |
|  | Result: Held |
|  | Created: 03/29/2017 9:18 AM |
| 05/09/2017 | Motion - Strike |
|  | Created: 05/09/2017 1:09 PM |
| 05/17/2017 | *CANCELED*   **Hearing - Summary Judgment**  (2:00 PM) () |
|  | *Continued* |
|  | *Keith Pitt* |
|  | Created: 03/31/2017 9:11 AM |
| 05/18/2017 | Order (Judicial Officer: Waller, Nan G ) |
|  | *Allowed; To Reset Hearing on Ptf's Motion For Partial Summary Jdgm* |
|  | Signed:  05/18/2017 |
|  | Created: 05/19/2017 3:42 PM |
| 05/18/2017 | Order (Judicial Officer: Waller, Nan G ) |
|  | *to reset summary jgm hrng of 5/17/17 (not for sitting judge) GRANTED* |
|  | Signed:  05/18/2017 |
|  | Created: 05/22/2017 11:38 AM |
| 05/19/2017 | Motion |
|  | *To Reset Hearing on ptf's Motion For Summary Jdgm* |

|  |  |
|---|---|
|  | Created: 05/19/2017 2:40 PM |
| 06/01/2017 | Order - Denial (Judicial Officer: Matarazzo, Judith H ) |
|  | *Def's Motion To Dismiss* |
|  | Signed:  06/01/2017 |
|  | Created: 06/06/2017 3:32 PM |
| 06/08/2017 | Memorandum - Opposing Motion |
|  | *To Strike Ptf's Declarations* |
|  | Created: 06/12/2017 9:13 AM |
| 06/08/2017 | Declaration |
|  | *of Keith Pitt* |
|  | Created: 06/12/2017 9:13 AM |
| 06/19/2017 | Reply |
|  | *in support of motion to strike declarations* |
|  | Created: 06/20/2017 11:59 AM |
| 07/07/2017 | Answer - Counterclaim |
|  | Created: 07/10/2017 3:22 PM |
| 07/11/2017 | **Hearing - Summary Judgment**  (1:30 PM) () |
|  | *Keith Pitt for plaintiff* |
|  | Result: Held |
|  | Created: 05/24/2017 2:33 PM |
| 07/14/2017 | Hearing - Further Proceedings  (8:30 AM) (Judicial Officer James, Bronson D) |
|  | *Trial Readiness Conference with Judge James (503) 988-5544* |
|  | *06/16/2017 Reset by Court to 07/14/2017* |
|  | Result: Held |
|  | Created: 05/11/2017 1:56 PM |
| 07/14/2017 | Order (Judicial Officer: James, Bronson D ) |
|  | *TRC- Set Over to 8/22/17* |
|  | Signed:  07/14/2017 |
|  | Created: 07/18/2017 10:08 AM |
| 07/26/2017 | Association Counsel |
|  | *Matthew J. Kalmanson* |
|  | Created: 07/26/2017 3:36 PM |
| 08/11/2017 | Answer - Counterclaim |
|  | Created: 08/11/2017 3:09 PM |
| 08/22/2017 | Hearing - Further Proceedings  (10:30 AM) (Judicial Officer Waller, Nan G) |
|  | *Trial Readiness Conference with Judge Waller (503) 988-3846* |
|  | Result: Held |
|  | Created: 07/18/2017 10:07 AM |
| 08/24/2017 | Order (Judicial Officer: Waller, Nan G ) |
|  | *TRC- Call 4/6/18, Trial 4/9/18 5 days jury* |
|  | Signed:  08/22/2017 |
|  | Created: 08/24/2017 10:40 AM |
| 10/24/2017 | Notice - Bankruptcy |
|  | *16-19896-BB Ch 11 filed 7/27/16 - Lite Solar Corp.* |
|  | Created: 10/25/2017 11:55 AM |
| 04/06/2018 | *CANCELED*  Call  (9:00 AM) (Judicial Officer Bushong, Stephen K.) |
|  | *Other* |
|  | *5 days Jury* |
|  | Created: 08/24/2017 10:41 AM |

---

**FINANCIAL INFORMATION**

---

|  |  |  |  |  |
|---|---|---|---|---|
| | **Defendant** Luneke, David K | | | |
| | Total Financial Assessment | | | 631.00 |
| | Total Payments and Credits | | | 631.00 |
| | **Balance Due as of 04/16/2018** | | | **0.00** |
| 03/17/2017 | Transaction Assessment | | | 531.00 |
| 03/20/2017 | Phone Payment | Receipt # 2017-257492 | Davidson, Clifford Scott | (531.00) |
| 03/28/2017 | Transaction Assessment | | | 100.00 |
| 03/28/2017 | xWeb Accessed eFile | Receipt # 2017-281264 | Luneke, David K | (100.00) |
| | | | | |
| | **Plaintiff** Slinde & Nelson, LLC | | | |
| | Total Financial Assessment | | | 631.00 |
| | Total Payments and Credits | | | 631.00 |
| | **Balance Due as of 04/16/2018** | | | **0.00** |
| 08/25/2016 | Transaction Assessment | | | 531.00 |
| 08/25/2016 | xWeb Accessed eFile | Receipt # 2016-2502728 | Slinde & Nelson, LLC | (531.00) |
| 03/07/2017 | Transaction Assessment | | | 100.00 |
| 03/07/2017 | xWeb Accessed eFile | Receipt # 2017-201320 | Slinde & Nelson, LLC | (100.00) |

# EXHIBIT "5"

Certified to be a true and correct
copy of original filed in this District.
Dated    FEB 23 2017
Mary L. Moran, Clerk of Court
US District Court of Oregon
By Deputy Clerk
Pages ____1____ Through ____11

Verified Correct Copy of Original 2/28/2017.

FILED
FEB 27 2017
CIRCUIT COURT
MULTNOMAH COUNTY, OREGON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

16cv27593

No. 3:16-cv-1914-HZ

OPINION & ORDER

SLINDE & NELSON, LLC, dba SLINDE
NELSON STANFORD, an Oregon limited
liability company,

        Plaintiff,

    v.

DAVID K. LUNEKE, an individual and
RANBIR SANHI, an individual,

        Defendants.

Philip J. Nelson
Keith A. Pitt
Colin G. Andries
Slinde Nelson Stanford
111 SW Fifth Avenue, Suite 1940

OPINION & ORDER - 1



18CV27593
ORRM
Order – Remand
6709535

Verified Correct Copy of Original 2/28/2017

Portland, OR 97204

  Attorneys for Plaintiff

Clifford S. Davidson
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205

  Attorney for Defendants

HERNÁNDEZ, District Judge:

  Defendants David Luneke and Ranbir Sanhi removed this action from Multnomah

County Circuit Court[1] ("State Action") to the District of Oregon pursuant to 28 U.S.C. § 1452.

Before the Court are Plaintiff's motion to remand this matter back to Oregon state court and

Defendants' motion to transfer to the Bankruptcy Court for the Central District of California. *See*

Mot. to Remand, ECF 18; Mot. to Transfer, ECF 22. Plaintiff's Motion to Remand is

GRANTED and Defendants' Motion to Transfer is DENIED.

<div align="center">BACKGROUND</div>

  This matter arises out of Defendants' failure to pay Plaintiff for representing them in an

underlying litigation.[2] Plaintiff, a law firm located in Portland, Oregon, defended Luneke, Sanhi,

and Lite Solar, LLC in Multnomah County Circuit Court in a suit brought by another solar

company. Mot. to Remand at 3. Plaintiff entered into an Engagement Agreement with Luneke,

Sanhi, and Lite Solar, LLC. *Id.*; Pitt. Decl. Ex. 2, ECF 19. The Engagement Agreement obligated

Defendants and Lite Solar, LLC to pay Plaintiff for fees incurred during the underlying litigation.

Compl. ¶ 9, ECF 1. Defendants refused to pay for Plaintiff's services and are indebted to

Plaintiff for $79,096.64. *Id.* at ¶ 12.

---

[1] *Slinde & Nelson, LLC, dba Slinde Nelson Stanford v. David K. Luneke and Ranbir Sanhi*, Multnomah County
Circuit Court Case No. 16CV27593.
[2] *Kamana O'Kala, LLC v. Lite Solar, LLC, Ranbir Sanhi and David Luneke*, Multnomah County Circuit Court Case
No. 14CV14976.

Verified Correct Copy of Original 2/28/2017

On July 18, 2016, Sanhi merged Lite Solar, LLC into Lite Solar Corp., another company

that he owned. Notice of Removal ¶ 1, ECF 1. Nine days later, on July 27, 2016, Lite Solar Corp.

filed for bankruptcy under Chapter 11 in the Bankruptcy Court for the Central District of

California ("Bankruptcy Proceeding").[3] *Id.* at ¶ 4; Nov. 8, 2016, Davidson Decl. Ex. 5, ECF 24.

In that petition, Lite Solar Corp. stated that it owed approximately $7.9 million to its twenty

largest creditors, including $69,433.81 to Plaintiff for "Professional Services." Nov 8, 2016,

Davidson Decl. Ex. 5 at 9. Additionally, the plaintiff from the underlying litigation has since

filed a Proof of Claim for $12 million in the Bankruptcy Proceeding. Nov. 28, 2016, Davidson

Decl. Ex. 1 at 2, ECF 30. On August 12, 2016, Plaintiff filed a Proof of Claim in the Bankruptcy

Proceeding, claiming that Lite Solar Corp. owed it $79,096.64 for legal services. On August 24,

2016, Plaintiff also brought the State Action against Sanhi and Luneke in Multnomah County

Circuit Court seeking the same amount. *Id.* at ¶¶6–26. Neither Lite Solar, LLC nor Lite Solar

Corp. are named defendants in the State Action. Defendants filed their notice to remove the State

Action to this Court on September 29, 2016.

Plaintiff now requests that the Court remand this matter back to Multnomah County

Circuit Court. Conversely, Defendants seek to transfer this matter to the Bankruptcy Court for

the Central District of California.

<div align="center">STANDARDS</div>

Section 1452(a) of Title 28 of the United States Code provides that a party may remove a

civil action to the district court where the civil action is pending, if the district court has

jurisdiction over the matter under 28 U.S.C. § 1334. "The court to which such claim or cause of

action is removed may remand such claim or cause of action on any equitable ground." 28

---

[3] *In re Lite Solar Corp.*, No. 2:16-bk-19896-BB (C.D. Cal. July 27, 2016).

OPINION & ORDER - 3

Verified Correct Copy of Original 2/28/2017

U.S.C. § 1452(b). The Ninth Circuit applies a fourteen factor test, the *Cedar Funding* Factors,"

for determining whether equitable grounds support remand:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
> (2) extent to which state law issues predominate over bankruptcy issues;
> (3) difficult or unsettled nature of applicable law;
> (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
> (5) jurisdictional basis, if any, other than § 1334;
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden on the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of nondebtor parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

*In re Cedar Funding, Inc.*, 419 B.R. 807, 821 (B.A.P. 9th Cir. 2009). The court also considers

"judicial economy and 'the effect of bifurcating the claims and parties' and 'the possibilities of

inconsistent results.'" *Cox v. Holcomb Family Ltd. P'ship*, No. ADV. 14-3260, 2015 WL

128001, at *1 (Bankr. D. Or. Jan. 8, 2015) (quoting *In re Sequoia Village, LLC*, No. ADV 11-

06220-FRA, 2012 WL 478926, at *1 (Bankr. D. Or. Feb. 14, 2012)). Because the statute

provides that the court may remand on "any equitable grounds," any single factor may be

sufficient to support equitable remand. *Stichting Pensioenfonds ABP v. Countrywide Financial

Corp.*, 447 B.R. 302, 211 (C.D. Cal. 2010).

//

//

OPINION & ORDER - 4

Verified Correct Copy of Original 2/28/2017

DISCUSSION

As a preliminary matter, the parties dispute whether the Court should entertain the

Motion to Remand or Motion to Transfer first. "Most courts, when faced with concurrent

motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of,

the motion to transfer." *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, No. SA CV 15-0687-

DOC, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015); *see also Burse v. Purdue Pharma Co.*,

No. C-04-594 SC, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004) (acknowledging the

practice within the Ninth Circuit to rule on remand motions before deciding motions to transfer).

Before Defendants' Motion to Transfer can be considered, the Court must first determine

whether it has subject matter jurisdiction. *See In re Asbestos Litig.*, No. CV 01-1790-PA, 2002

WL 649400, at *2 (D. Or. Feb. 1, 2002). Accordingly, the Court will consider the Motion to

Remand first.

Next, the Court must determine whether it has jurisdiction over this case under 28 U.S.C.

§ 1334 as a "core" bankruptcy matter or as a proceeding "related to" a bankruptcy matter. The

Ninth Circuit applies the *Pacor* Test for determining whether a proceeding is "related to" a

bankruptcy matter. "Under this formulation, the test is whether: *the outcome of the proceeding*

*could conceivably have any effect on the estate being administered in bankruptcy." In re Pegasus*

*Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984,

994 (3d Cir.1984)); *see also In re Conejo Enterprises, Inc.*, 96 F.3d 346, 349 (9th Cir. 1996)

(holding that while claims filed in bankruptcy court are core proceedings, "the filing of a claim

does not consolidate it with the pending state law case (into the claim) even though they are

based on the same transaction. Both continue to exist, and must be considered, separately").

OPINION & ORDER - 5

Verified Correct Copy of Original 2/28/2017

Here, Plaintiff has filed two separate actions relating to the same subject matter. First, Plaintiff filed a Proof of Claim in the Bankruptcy Proceeding seeking to recover unpaid legal fees from Lite Solar Corp. Second, Plaintiff filed the State Action seeking to recover the same fees from Defendants Sanhi and Luneke. Luneke, Sanhi, and Lite Solar, LLC each entered into the Engagement Agreement and may be individually liable to Plaintiff. While Plaintiff's Proof of Claim in the Bankruptcy Proceeding pertains to the same claim for relief asserted in the Complaint, the two exist separately and are not consolidated. *Id.* Therefore, the Court has jurisdiction over this case as a proceeding "related to" a bankruptcy matter under 28 U.S.C. § 1334.

Next, the Court turns to the *Cedar Funding* Factors to determine whether equity requires remand. On balance, the Court concludes that factors supporting remand outweigh those against remand.

1.   *The Effect or Lack Thereof on the Efficient Administration of the Estate if the Court Recommends Remand*

Remand will have a minimal effect on the administration of the estate. Neither defendant in this case is the debtor in the Bankruptcy Proceeding. As stated above, Sanhi, Luneke, and Lite Solar, LLC are separate parties to the Engagement Agreement. Sanhi claims that he may be indemnified by Lite Solar, Corp., however, in this case, Defendants have yet to make such an indemnity claim or join Lite Solar, Corp. as a party. Remand will have at least some effect on the administration of the estate due to the fact that Plaintiff has filed a Proof of Claim against Lite Solar Corp. regarding the same subject matter in the Bankruptcy Proceeding. At this juncture, assuming that Plaintiff obtains a favorable judgment in state court, the preclusive effect that judgment may have on the Bankruptcy Proceeding against Lite Solar Corp. as a third party is unclear. *See Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982) ("Section 1738 [of the

Verified Correct Copy of Original 2/28/2017

Full Faith and Credit Act] requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."). Therefore, the Court can only speculate about the possibilities of duplicative litigation and inconsistent results remand may have on the Bankruptcy Proceeding. Accordingly, the Court finds that this factor is neutral.

2.      *The Extent to Which State Law Issues Predominate Over Bankruptcy Issues*

This Case is a dispute over unpaid legal fees that was originally brought in Oregon state court under state law. The Engagement Agreement provides that Oregon law governs the contract. Mot. to Remand Ex. A at 3. There are no bankruptcy issues raised in the Complaint. The Proof of Claim filed in the Bankruptcy Proceeding is independent from Plaintiff's Complaint and as previously stated, the two do not merge. This factor weighs in favor of remand.

3.      *The Difficult or Unsettled Nature of Applicable Law*

Plaintiff's breach of contract claim and related claims are based on well-settled state law. Because the complaint does not raise unsettled legal issues, this factor weighs against remand.

4.      *The Presence of Related Proceedings Commenced in State Court or Other Non-Bankruptcy Proceedings*

There are no related proceedings. This factor is neutral.

5.      *The Jurisdictional Basis, If Any, Other Than § 1334*

The only basis of jurisdiction in this case is 28 U.S.C. § 1334. This case does not present diversity nor federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Because the Court only has jurisdiction over this proceeding as "related to" a bankruptcy matter, the federal basis for jurisdiction is not strong and this factor weighs in favor of remand.

6.      *The Degree of Relatedness or Remoteness of Proceeding to Main Bankruptcy Case*

OPINION & ORDER - 7

Verified Correct Copy of Original 2/28/2017.

As previously stated, this Case is "related to" the Bankruptcy Proceeding for § 1334
purposes and neither Defendant in this case is the debtor in the Bankruptcy Proceeding. Plaintiff
is listed in Solar Lite Corp.'s bankruptcy petition as only one of the twenty creditors that holds
the *largest* unsecured claims against the company. Nov 8, 2016, Davidson Decl. Ex. 5 at 9.
Plaintiff's claim is a fraction of the $7.9 million listed in the petition, which is not a complete list
of Solar Lite Corp.'s unsecured claims. Davidson Decl. Ex. 5 at 9–10. Since the filing of the
petition, the plaintiff from the underlying litigation has also filed a Proof of Claim in the
Bankruptcy Proceeding for $12 million. Nov. 28, 2016, Davidson Decl. Ex. 1 at 2.
Moreover, neither named Defendant in this case is a party to the Bankruptcy Proceeding.
Defendants' argument that it and Lite Solar, Corp. intends on bringing negligence counterclaims
against Plaintiff in the State Action and Bankruptcy Proceeding is irrelevant. Plaintiff's Proof of
Claim in the Bankruptcy Proceeding and Complaint in this case are separate. This factor weighs
in favor of remand.

### 7. *The Substance Rather Than the Form of an Asserted Core Proceeding*

The Court has assumed jurisdiction over this case because it is "related to" the
Bankruptcy Proceeding and it is not a "core" matter. The Proof of Claim in the Bankruptcy
Proceeding is a "core" bankruptcy matter; once more, however, that action is distinct from the
claims alleged in the Complaint here. The Court finds that there is no "core" bankruptcy matter
in the State Action and this factor weighs in favor of remand.

### 8. *The Feasibility of Severing State Law Claims from Core Bankruptcy Matters*

This case is brought solely under state law and there is no bankruptcy matter to sever.
This factor favors remand because the claims alleged in the Complaint are not intertwined with
"core" bankruptcy matters.

OPINION & ORDER - 8

_ Verified Correct Copy of Original 2/28/2017._

9.    *The Burden on the Bankruptcy Court's Docket*

Plaintiff has submitted its Proof of Claim in the Bankruptcy Proceeding and denying

remand would not impose any additional burden on the Bankruptcy Court. This factor weighs

against remand.

10.    *Forum Shopping*

The parties have not alleged that the Bankruptcy Court for the Central District of

California is any more or less likely to render judgment in one party's favor than the Multnomah

County Circuit Court. Luneke is an Oregon resident while Sanhi is a California resident

domiciled in Longbeach which is within the district where the Bankruptcy Proceeding is taking

place. The Court finds that this factor is neutral.

11.    *The Existence of a Right to a Jury Trial*

The parties do not dispute Plaintiff's Seventh Amendment right to a jury trial in this case.

Because this matter is not a "core" proceeding, Plaintiff's entitlement to a jury trial heavily

weighs in favor of remand. *See Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*, No.

C10-0139 RSM, 2010 WL 3662345, at *7 (W.D. Wash. Sept. 1, 2010) ("Courts have granted

equitable remand solely on the basis of a party's entitlement to a jury trial when that party's

action was not a "core proceeding.'") (citation omitted).

12.    *The Presence of Non-Debtor Parties*

As previously discussed, the named Defendants in this Case are non-debtor parties. This

factor also favors remand.

13.    *Comity*

The Court agrees with Plaintiff that this matter arose out of activities occurring within

Oregon and involves state law. The Oregon state court is undoubtedly better suited to adjudicate

OPINION & ORDER - 9

Verified Correct Copy of Original 2/28/2017

disputes arising under its own law and remand is favorable especially where the matter does not implicate a "core" bankruptcy proceeding. *In re Bay Area Material Handling, Inc.*, No. 91-46488 JR, 1995 WL 747954, at *9 (N.D. Cal. Dec. 6, 1995) (holding that comity favors remand where the suit is "not based in federal law and is only tangentially related to a bankruptcy"). Defendants' reliance on a previous opinion from this Court to argue that comity does not favor remand is misplaced. *Sussman Shank, LLP v. Citizens of Humanity, LLC*, No. 3:15-cv-02148-HZ, 2016 U.S. Dist. LEXIS 53255, at *25 (D. Or. Apr. 18, 2016). That case is distinguishable on the grounds that it did not involve a motion to remand and the underlying transaction here was more substantially based in Oregon. *Id.* Comity weighs in favor of remand.

   14.    *Prejudice to Other Parties*

   Defendants argue that Lite Solar, Corp. will be prejudiced if this Case is remanded because there will be a significant risk of inconsistent results and inefficient administration of the estate. As previously stated in the discussion of the first factor, the preclusive effect that a judgment in state court may have on the Bankruptcy Proceeding against Lite Solar Corp. as a third party is unclear. This factor is neutral.

   In sum, this Case implicates only state law, the transaction giving rise to this case occurred in Oregon, and the matter is not a "core" proceeding. Given that 28 U.S.C. § 1452(b) provides broad authority to remand "on any equitable ground," any one of the factors discussed above may be sufficient to support remand. Accordingly, the Court finds that equity favors remand to state court and it dismisses Defendants' Motion to transfer as moot.

//

//

//

OPINION & ORDER - 10

Verified Correct Copy of Original 2/28/2017

CONCLUSION

Plaintiff's Motion to Remand [18] this Case to Multnomah County Circuit Court is

GRANTED. Defendants' Motion to Transfer [22] is moot and therefore DENIED.


Dated this ___ day of _____Feb_____, 2017.



MARCO A. HERNANDEZ
United States District Judge

OPINION & ORDER - 11

TERMINATED,

US District Court
District of Oregon (Portland (3))
CIVIL DOCKET FOR CASE : 3:16-cv-01914-HZ
Internal Use Only

Slinde & Nelson, LLC v. Luneke et al
Assigned to: Judge Marco A. Hernandez
Demand: $79,000
Case in other court: Multnomah County Circuit Court,
16cv27593
Cause: 28:1331 Fed. Question: Breach of Contract

Date Filed: 09/29/2016
Date Terminated: 02/22/2017
Jury Demand: None
Nature of Suit: 190 Contract: Other
Contract Actions
Jurisdiction: Federal Question

<u>Plaintiff</u>

**Slinde & Nelson, LLC**
*an Oregon limited liability company*
*doing business as*
Slinde Nelson Stanford

represented by **Phillip J. Nelson**
Slinde Nelson Stanford
111 SW 5th Avenue
Suite 1940
Portland, OR 97204
503-417-7777
Fax: 503-417-4250
Email: phil@slindenelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Keith A. Pitt**
Slinde Nelson Stanford
111 SW Fifth Avenue
Suite 1940
Portland, OR 97204
503-417-7777
Fax: 503-417-4250
Email: keith@slindenelson.com
*ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>

**David K. Luneke**
*an individual*

represented by **Clifford S. Davidson**
Sussman Shank, LLP
1000 SW Broadway
Suite 1400
Portland, OR 97205
503-227-1111
Fax: 503-248-0130

Email:
cdavidson@sussmanshank.com
*ATTORNEY TO BE NOTICED*

Defendant
Ranbir Sanhi                             represented by **Clifford S. Davidson**
an individual                                          (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

Email All Attorneys

| Date Filed | # | Docket Text |
|---|---|---|
| 09/29/2016 | 1 | Notice of Removal of Case Number 16CV27593 from Multnomah Circuit Court. Filing Fee in amount of $400 collected. Agency Tracking ID: 0979-4770874 issued.. Filed by David K. Luneke, Sanhi Ranbir (Attachments: # 1 Civil Cover Sheet). (Davidson, Clifford) (Entered: 09/29/2016) |
| 09/29/2016 | 2 | Declaration of Clifford S. Davidson . Filed by David K. Luneke, Sanhi Ranbir. (Related document(s): Notice of Removal, 1 .) (Attachments: # 1 Exhibit 1 and 2) (Davidson, Clifford) (Entered: 09/29/2016) |
| 09/30/2016 | 3 | Certificate of Service by David K. Luneke, Sanhi Ranbir of Notice of Removal, 1 , Declaration 2 Filed by David K. Luneke, Sanhi Ranbir. (Davidson, Clifford) (Entered: 09/30/2016) |
| 09/30/2016 | 4 | Notice of Case Assignment to Judge Marco A. Hernandez and Discovery and Pretrial Scheduling Order. Discovery is to be completed by 1/30/2017. Joint Alternate Dispute Resolution Report is due by 2/27/2017. Pretrial Order is due by 2/27/2017. Ordered by Judge Marco A. Hernandez. (sss) (Entered: 09/30/2016) |
| 09/30/2016 | 5 | Request for Refund of Fees Paid Electronically regarding Notice of Removal, 1 . Filed by All Defendants. (Davidson, Clifford) (Entered: 09/30/2016) |
| 10/05/2016 | 6 | Clerk's Notice of Pay.gov Refund regarding Agency Tracking ID: 0979-4770814. The request has been granted and the amount of $400.00 will be refunded to Steven Seguin. Related Doc 5 Request for Refund of Fees Paid Electronically. (ljp) (Entered: 10/05/2016) |
| 10/05/2016 | 7 | Clerk's Notice of Pay.gov Refund regarding Agency Tracking ID: 09879-4770858. The request has been granted and the amount of $400.00 will be refunded to Steven Seguin. Related Doc 5 Request for Refund of Fees Paid Electronically. (ljp) (Entered: 10/05/2016) |
| 10/05/2016 | 8 | Unopposed Motion for Extension of Time to Answer Notice of Removal, 1 . Filed by All Defendants. (Davidson, Clifford) (Entered: 10/05/2016) |
| 10/07/2016 | 9 | **ORDER** by Judge Hernandez - GRANTING defendants' unopposed motion 8 to extend time to 10/13/16, to answer or otherwise respond to plaintiff's complaint. (peg) (Entered: 10/07/2016) |

| 10/11/2016 | 10 | Unopposed Motion for Extension of Time to Answer *(Second Extension)* Notice of Removal, 1 . Filed by All Defendants. (Davidson, Clifford) (Entered: 10/11/2016) |
| 10/12/2016 | 11 | **ORDER:** Granting Motion for Extension of Time to Answer 10 . Answer is due by 10/20/2016. Ordered by Judge Marco A. Hernandez. (kms) (Entered: 10/12/2016) |
| 10/19/2016 | 12 | Unopposed Motion for Extension of Time to Answer *(Third Extension)* Notice of Removal, 1 . Filed by All Defendants. (Davidson, Clifford) (Entered: 10/19/2016) |
| 10/24/2016 | 13 | Notice *of Related Case* Filed by All Defendants (Davidson, Clifford) (Entered: 10/24/2016) |
| 10/27/2016 | 14 | Joint Motion for Extension of Time *to Move to Remand and to Answer or Otherwise Respond to Complaint*. Filed by All Defendants. (Davidson, Clifford) (Entered: 10/27/2016) |
| 10/28/2016 | 15 | **ORDER:** Granting Motion for Extension of Time 14 . Answer or otherwise respond is due by 11/7/2016. Ordered by Judge Marco A. Hernandez. (kms) (Entered: 10/28/2016) |
| 10/28/2016 | 16 | **ORDER:** Finding as Moot Motion for Extension of Time to Answer 12 . Ordered by Judge Marco A. Hernandez. (kms) (Entered: 10/28/2016) |
| 11/03/2016 | 17 | Second Joint Motion for Extension of Time *to Move to Remand and to Answer or Otherwise Respond to Complaint*. Filed by All Defendants. (Davidson, Clifford) Modified on 11/7/2016 correct title of pleading (jp). (Entered: 11/03/2016) |
| 11/08/2016 | 18 | Motion to Remand to State Court Motion to Remand . Oral Argument requested. Filed by Slinde & Nelson, LLC. (Pitt, Keith) (Entered: 11/08/2016) |
| 11/08/2016 | 19 | Declaration of Keith A. Pitt . Filed by Slinde & Nelson, LLC. (Related document(s): Motion to Remand 18 .) (Pitt, Keith) (Entered: 11/08/2016) |
| 11/08/2016 | 20 | Declaration of Darian A. Stanford . Filed by Slinde & Nelson, LLC. (Related document(s): Motion to Remand 18 .) (Pitt, Keith) (Entered: 11/08/2016) |
| 11/08/2016 | 21 | Declaration of Shelly Galbreth . Filed by Slinde & Nelson, LLC. (Related document(s): Motion to Remand 18 .) (Pitt, Keith) (Entered: 11/08/2016) |
| 11/08/2016 | 22 | Motion to Change or Transfer Venue *to the Central District of California*. Oral Argument requested. Filed by All Defendants. (Davidson, Clifford) (Entered: 11/08/2016) |
| 11/08/2016 | 23 | Declaration of Ranbir Sahni . Filed by All Defendants. (Related document(s): Motion to change/transfer venue 22 .) (Attachments: # 1 Exhibit 1 through 4) (Davidson, Clifford) (Entered: 11/08/2016) |
| 11/08/2016 | 24 | Declaration of Clifford S. Davidson . Filed by David K. Luneke, Ranbir Sanhi. (Related document(s): Motion to change/transfer venue 22 .) |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit 5 and 6) (Davidson, Clifford) (Entered: 11/08/2016) |
| 11/08/2016 | 25 | Declaration of David K. Luneke . Filed by David K. Luneke, Ranbir Sanhi. (Related document(s): Motion to change/transfer venue 22 .) (Davidson, Clifford) (Entered: 11/08/2016) |
| 11/09/2016 | 26 | Corrected Exhibits A re Motion to Remand to State Court Motion to Remand 18 . Filed by Slinde & Nelson, LLC. (Pitt, Keith) (Entered: 11/09/2016) |
| 11/28/2016 | 27 | Response in Opposition to Defendants' Luneke and Sahni to Motion to Change or Transfer Venue to the Central District of California 22 ORAL ARGUMENT requested. Filed by Slinde & Nelson, LLC. (Pitt, Keith) (Entered: 11/28/2016) |
| 11/28/2016 | 28 | Declaration of Keith A. Pitt . Filed by Slinde & Nelson, LLC. (Related document(s): Response in Opposition to Motion 27 .) (Pitt, Keith) (Entered: 11/28/2016) |
| 11/28/2016 | 29 | Response in Opposition to Motion to Remand to State Court Motion to Remand 18 . Filed by All Defendants. (Davidson, Clifford) (Entered: 11/28/2016) |
| 11/28/2016 | 30 | Declaration of Clifford S. Davidson . Filed by All Defendants. (Related document(s): Response in Opposition to Motion 29 .) (Attachments: # 1 Exhibit 1 and 2) (Davidson, Clifford) (Entered: 11/28/2016) |
| 11/28/2016 | 31 | Declaration of Ranbir Sahni . Filed by All Defendants. (Related document(s): Response in Opposition to Motion 29 .) (Davidson, Clifford) (Entered: 11/28/2016) |
| 12/15/2016 | 32 | Reply to Defendants' Response in Opposition to Motion to Remand to State Court Motion to Remand 18 ORAL ARGUMENT requested. Filed by Slinde & Nelson, LLC. (Pitt, Keith) (Entered: 12/15/2016) |
| 12/15/2016 | 33 | Declaration of Keith A. Pitt in Support of Reply to Defendants' Response in Opposition to Motion to Remand. Filed by Slinde & Nelson, LLC. (Related document(s): Reply to Motion 32 .) (Pitt, Keith) (Entered: 12/15/2016) |
| 12/15/2016 | 34 | Reply to Motion to Change or Transfer Venue to the Central District of California 22 . Filed by All Defendants. (Davidson, Clifford) (Entered: 12/15/2016) |
| 12/29/2016 | 35 | ORDER by Judge Marco A. Hernandez. Granting Second Joint Motion to Extend Time to Move to Remand and to Answer or Otherwise Respond to Complaint 17 . Motion to Remand 18 is deemed timely filed. (bb) (Entered: 12/29/2016) |
| 02/22/2017 | 36 | Opinion & Order. Plaintiffs Motion to Remand 18 this Case to Multnomah County Circuit Court is GRANTED. Defendants Motion to Transfer 22 is moot and therefore DENIED. Signed on 2/22/2017 by Judge Marco A. Hernandez. (joha) (Entered: 02/23/2017) |

| | | |
|---|---|---|
| 02/23/2017 | <u>37</u> | Transmittal of Certified Copy of Docket Sheet to Multnomah County Circuit Court. (joha) (Entered: 02/23/2017) |

Verified Correct Copy of Original 2/28/2017

# EXHIBIT "6"

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH COUNTY

| | |
|---|---|
| SLINDE & NELSON, LLC, dba SLINDE NELSON STANFORD, an Oregon limited liability company, | Case No. 16CV27593 |
| Plaintiff, | ORDER |
| v. | |
| DAVID K. LUNEKE, an individual and RANBIR SAHNI, an individual, | |
| Defendants. | |

This matter came before the Honorable Judith H. Matarazzo on April 28, 2017 on Defendant's Motion to Dismiss. Keith Pitt appeared on behalf of the Plaintiff, and Clifford Davidson and Robert Kim appeared on behalf of the Defendant. After hearing the parties' arguments, revisiting the pleadings, and reviewing current case law, the Court denies Defendant's Motion to Dismiss. Defendant presented two arguments to the Court in support of its Motion to Dismiss: 1) that "The Engagement Agreement" did not impose joint and several liability on the parties, and 2) that Lite Solar, LLC is an indispensable party under ORCP 29. Accordingly, the Court addresses each of these arguments in turn.

1) Joint and Several Liability

While the Court does not find that there is explicit language of severability in "The Engagement Agreement," the Court does note that Defendant Rahni signed the agreement both as an individual and in his capacity as head of Lite Solar. Even without explicit language of severability, the Court finds that it is proper and in the interest of justice to maintain this action against the named defendants. The "all or none" rule cited by the defendants is no longer the state of the law in Oregon.

In this case, federal law prevents Plaintiff from joining Lite Solar as a party to this action. It *cannot* be made a party, even if the plaintiff wished to elect it. It is within the discretion of the Court to find that the interests of justice would be best served by maintaining this action against the named defendants, even in the absence of Lite Solar, and the Court does so. The risk of prejudice to the plaintiff would be great, and in the totality of the circumstances convinces the Court that this action should continue without Lite Solar.

2) Indispensable Party under ORCP 29(b)

Because of Lite Solar's bankruptcy proceedings in California, the Court finds that it is not feasible to join Lite Solar as a party to this action. ORCP 29(b) lists a number of factors for the Court to consider when determining if Lite Solar is an indispensable party, without which, this action must be dismissed. The Oregon Court of Appeals in *Steers v. Rescue 3*, 146 Or App 746, 750, explains:

> "Under the rule, no specific classes of people are, as a matter of law, indispensable. Instead, in each case the court must consider the particular circumstances and determine whether, as a practical matter, the proceedings can properly continue without the absent person. The determination is based on the balancing of competing interests and the court's exercise of discretion." *Id.*
>
> *****
>
> "The proper approach to an ORCP 29 B determination is first to determine whether the action could properly continue without the absent person. Only if it could not should the court deem the person indispensable." *Id* at 751.

The four factors in ORCP 29(b) weigh heavily in favor of the plaintiff. The risk of prejudice to Lite Solar is greatly reduced by the fact that Ranbir Sahni, the head of Lite Solar, is a named Defendant in this action. However, the risk of prejudice to Slinde & Nelson is great, as they may never get a chance to adjudicate this claim. Furthermore, because the legal work performed by the plaintiff was the same for the named defendants as well as Lite Solar, a judgment in the absence of Lite Solar will be adequate, and with little risk of prejudice to the parties. The Court finds that Lite Solar is not an indispensable party, and that joinder is not required to maintain this action.

Verified Correct Copy of Original 6/2/2017

_Verified Correct Copy of Original 6/2/2017_

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

.

Dated this ___/___ day of June, 2017.

Honorable Judith H. Matarazzo
Circuit Court Judge

# EXHIBIT "7"

7/7/2017 3:50:18 PM
16CV27593

1

2

3

4

5     IN THE CIRCUIT COURT OF THE STATE OF OREGON

6      FOR THE COUNTY OF MULTNOMAH

7  SLINDE & NELSON, LLC, dba SLINDE   Case No. 16CV27593
   NELSON STANFORD, an Oregon limited )
8  liability company,        **ANSWER, AFFIRMATIVE DEFENSES,**
             ) **AND COUNTERCLAIM OF**
9     Plaintiff,     ) **DEFENDANTS DAVID K. LUNEKE AND**
             ) **RANBIR SAHNI**
10  DAVID K. LUNEKE, an individual,  )
   RANBIR SAHNI, an individual,   )
11             )
   Defendants.
12

13    Defendants David K. Luneke and Ranbir Sahni answer the complaint as follows:

14              1.

15    Admitted that plaintiff is a law firm and that its principal place of business is in

16  Multnomah County.  Except as expressly admitted, the allegations of paragraph 1 are

17  denied.

18              2.

19    Admitted that David K. Luneke is an Oregon domiciliary.  Except as expressly

20  admitted, the allegations of paragraph 2 are denied.

21              3.

22    Admitted that Sahni owns Lite Solar Corp., successor-in-interest to Lite Solar,

23  LLC.  Except as expressly admitted, the allegations of paragraph 3 are denied.

24              4.

25    Admitted that Lite Solar, LLC, Sahni and Luneke were named in the Lite Solar

26  Litigation.  Admitted that Lite Solar Corp. is in Chapter 11 bankruptcy in the United

Page 1 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF
DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI**

1    States Bankruptcy Court for the Central District of California.   Except as expressly

2    admitted, the allegations of paragraph 4 are denied.

3                               5.

4        The allegations of this paragraph are redundant to those of paragraph 3, the

5    responses to which Defendants incorporate here by reference.

6                               6.

7        Admitted that Defendants and Lite Solar, LLC executed the Engagement

8    Agreement (the "Agreement") attached as Exhibit A to the complaint.  Admitted that

9    Plaintiff was authorized by each defendant and Lite Solar, LLC to act as counsel in the

10    Lite Solar Litigation during the time periods stated.  Admitted that Plaintiff performed

11    legal work on behalf of at least one of the Defendants or Lite Solar, LLC.  Defendants

12    are without information or belief concerning the quantum of legal services, if any,

13    performed on their behalf, as opposed to on behalf of Lite Solar, LLC, and therefore

14    deny complaint paragraph 6 to the extent it suggests to the contrary.  Denied that

15    Plaintiff acted reasonable and competently in protecting and defending each

16    defendant's interests.  Except as expressly admitted, the allegations of paragraph 6 are

17    denied.

18                               7.

19        Admitted that Plaintiff sent invoices to Lite Solar, LLC between January 21, 2015

20    and June 28, 2016.  Admitted that Lite Solar, LLC paid a total of $162,765.01 to Plaintiff

21    on its invoices.  Admitted that Lite Solar, LLC did not pay $69,433.81 of the amount

22    invoiced but denied that the amount was owed.  Except as expressly admitted, the

23    allegations of paragraph 7 are denied.

24                    **FIRST CLAIM FOR RELIEF**

25                     (Breach of Contract)

26

Page 2 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF
DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI**

8.

Defendants re-allege the responses as stated in paragraphs 1 through 7, above.

9.

Admitted that each Defendant, as well as Lite Solar, LLC, executed the Agreement attached as Exhibit A to the complaint. Exhibit A speaks for itself. Except as expressly admitted, the allegations of paragraph 9 are denied.

10.

Admitted that Plaintiff performed legal work on behalf of at least one of the Defendants or Lite Solar, LLC. Defendants are without information or belief concerning the quantum of legal services, if any, performed on their behalf, as opposed to on behalf of Lite Solar, LLC, and therefore deny complaint paragraph 10 to the extent it suggests to the contrary. Except as expressly admitted, the allegations of paragraph 10 are denied.

11.

Denied.

12.

Admitted that Plaintiff has repeatedly demanded payment. Except as expressly admitted, the allegations of paragraph 12 are denied.

13.

Denied.

SECOND CLAIM FOR RELIEF

(Account)

14.

Defendants re-allege the responses as stated in paragraphs 1 through 13, above.

Page 3 – ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI

1                                              15.

2        Denied.

3                                              16.

4        Denied.

5                          **THIRD CLAIM FOR RELIEF**

6                            **(Services Rendered)**

7                                              17.

8        Defendants re-allege the responses as stated in paragraphs 1 through 16,

9    above.

10                                             18.

11       Admitted that Defendants or Lite Solar, LLC requested legal services.  Denied

12   that Plaintiff rendered all legal services that Defendants or Lite Solar, LLC requested.

13   Except as expressly admitted, the allegations of paragraph 18 are denied.

14                                             19.

15       Denied.

16                                             20.

17       Admitted that Plaintiff has demanded payment. Except as expressly admitted, the

18   allegations of paragraph 20 are denied.

19                         FOURTH CLAIM FOR RELIEF

20                            (Account Stated)

21                                             21.

22       Defendants re-allege the responses as stated in paragraphs 1 through 20,

23   above.

24                                             22.

25       Paragraph 22 comprises a legal conclusion to which no response is required.

26   Defendants deny paragraph 22 on that basis.

Page 4 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF
DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI**

1

23.

2    Denied.

3

24.

4    Admitted that Defendants have not paid the amount that Plaintiff has demanded.

5    Except as expressly admitted, the allegations of paragraph 24 are denied.

6    **FIFTH CLAIM FOR RELIEF**

7    **(Quantum Meruit)**

8

25.

9    Defendants re-allege the responses as stated in paragraphs 1 through 24,

10    above.

11

26.

12    Admitted that Plaintiff performed legal work on behalf of at least one of the

13    Defendants or Lite Solar, LLC, who were aware that Plaintiff was doing so.  Defendants

14    are without information or belief concerning the quantum of legal services, if any,

15    performed on their behalf, as opposed to on behalf of Lite Solar, LLC, and therefore

16    deny complaint paragraph 10 to the extent it suggests to the contrary.   Except as

17    expressly admitted, the allegations of paragraph 26 are denied.

18

19    <u>**AFFIRMATIVE DEFENSES**</u>

20    **FIRST AFFIRMATIVE DEFENSE**

21    **(Failure to Join Necessary And Indispensable Party)**

22

27.

23    Lite Solar Corp., successor-in-interest to Lite Solar, LLC, Plaintiff's third client in

24    the Lite Solar Litigation, is an indispensable party that cannot be joined in this action as

25    it is in Chapter 11 bankruptcy.  This action therefore should be abated or dismissed.

26

Page 5 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF
DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI**

1        ## SECOND AFFIRMATIVE DEFENSE

2        **(Professional Negligence)**

3                28.

4        For the reasons set forth in the concurrently-filed counterclaim, which is

5    incorporated herein by reference, Plaintiff is barred from recovery based on its failure to

6    provide competent and diligent legal services.  At a minimum, the value of Plaintiff's

7    services was severely diminished as a result of Plaintiff's lack of competence and

8    diligence.

9        ## THIRD AFFIRMATIVE DEFENSE

10        **(Express Contract)**

11                29.

12        An express contract – the Agreement alleged in the complaint – governed the

13    relationship of the parties.  The *quantum meruit* claim therefore is barred.

14        ## THIRD AFFIRMATIVE DEFENSE

15        **(Offset)**

16                30.

17        Paragraph 11 of the Agreement required Plaintiff to perform "conscientious,

18    competent and diligent services."  As alleged in the concurrently-filed counterclaim,

19    which is incorporated herein by reference, Plaintiff breached this provision of the

20    Agreement.  Defendants have suffered damages as a result, including but not limited to

21    significant expenses in continuing to defend against the Lite Solar Litigation.

22    Defendants believe that were it not for Plaintiff's failure to perform "conscientious,

23    competent and diligent services," the Lite Solar Litigation would have either ended or

24    been significantly reduced in scope.  Defendants therefore are entitled to offset the

25    amounts spent continuing to defend against the Lite Solar Litigation against any

26    recovery Plaintiff might achieve through this lawsuit.

Page 6 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF
DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI**

1                                   31.

2          Plaintiff also breached the Agreement by charging associate hourly rates in

3   excess of the rate stipulated in Paragraph 3 of the Agreement.   Defendants have

4   suffered damages as a result, including but not limited to the overcharges resulting from

5   Plaintiff's use of rates in excess of those stipulated in the Agreement.   Defendants

6   therefore are entitled to offset the amounts overcharged by Plaintiff against any

7   recovery Plaintiff might achieve through this lawsuit.

8                               **COUNTERCLAIM**

9                             **First Claim for Relief**

10                            **(Professional Negligence)**

11                                  32.

12          Counterclaimants reallege paragraphs 1 through 26 as if fully set forth herein.

13                                  33.

14          Counterclaim-Defendant represented Sahni, Luneke, and Lite Solar, LLC in the

15   Lite Solar Litigation from January 21, 2015 to June 28, 2016.

16                                  34.

17          As Sahni, Luneke, and Lite Solar, LLC's counsel, Counterclaim-Defendant had a

18   duty of care to act reasonably and competently in protecting and defending the interests

19   of Counterclaimants.

20                                  35.

21          Counterclaim-Defendant signed the Agreement, agreeing to represent

22   Counterclaimants and Lite Solar, LLC in the Lite Solar Litigation.

23                                  36.

24          In Paragraph 11 of the Agreement, Counterclaim-Defendant agreed to provide

25   "conscientious, competent and diligent services" on behalf of Counterclaimants and Lite

26   Solar, LLC.

Page 7 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF
DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI**

37.

At all times, Counterclaim-Defendant held itself out to Counterclaimants as possessing the competence, diligence, and expertise necessary to represent Counterclaimants in the Lite Solar Litigation. At no point did Counterclaim-Defendant inform Counterclaimants that Counterclaim-Defendant lacked competence, diligence and expertise necessary to provide Counterclaimants with reasonable and competent representation.

38.

Counterclaim-Defendant breached its duty to provide reasonable and competent representation to Counterclaimants by:

- Disregarding requests to object to evidence presented by Kamana in the Lite Solar Litigation, which resulted in the denial of summary judgment for Counterclaimants;

- Failing to file a motion for judgment on the pleadings after reassuring Counterclaimants and Lite Solar, LLC that Counterclaim-Defendant would do so after not moving for Rule 21 A dismissal;

- Failing to file a motion to stay the Lite Solar Litigation after Counterclaimants' motion to dismiss claiming another action pending was denied;

- Failing to diligently pursue an obvious *Noerr-Pennington* defense to all claims;

- Failure to timely dismiss Kamana's elder abuse claim, resulting in increased costs to have the claim dismissed;

- Despite repeated requests from Counterclaimants, failing to raise a variety of free speech-related defenses to Kamana's claims;

- Failing to timely serve discovery responses, which Counterclaimants timely provided to Counterclaim-Defendant prior to their corresponding due date, thus giving Kamana grounds to claim that all of Counterclaimants' objections

Page 8 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI**

1         to Kamana's discovery requests had been waived;

2      &bull;  Agreeing with Kamana's counsel prior to a hearing on Kamana's motion to
3         compel production of documents on how the motion should be resolved,
4         leading the court to issue an order to compel;

5      &bull;  Informing Kamana's counsel that the court's order to compel was acceptable
6         despite Counterclaimants' expressed concerns with the form of the order;

7      &bull;  Failing to timely produce documents in response to a court order compelling
8         the production of such documents;

9      &bull;  Delaying and mishandling a meeting at which a Kamana party's iMac
10        computer was to be produced to Counterclaimants and Lite Solar, LLC;

11     &bull;  Informing Kamana that Counterclaimants' computer expert had been able to
12        access QuickBooks files produced by Kamana, when that was not the case;

13     &bull;  Delaying in filing a motion to compel discovery, including compelling
14        production of QuickBooks files;

15     &bull;  Failing to advise Counterclaimants on whether Counterclaimant Luneke's
16        declaration offered in support of Counterclaimants' motion for summary
17        judgment would result in a waiver of privilege;

18     &bull;  Failing to advise Counterclaimant Sahni of subpoenas that had been served
19        on Sahni's doctors;

20     &bull;  Breaching its duties of confidentiality to Counterclaimants by attaching
21        unredacted time entries from the Lite Solar Litigation to its proof of claim in
22        Lite Solar Corp.'s bankruptcy, thereby revealing aspects of Counterclaimants'
23        and Lite Solar, LLC's legal strategy to Kamana; and

24     &bull;  Failing to ensure that Counterclaimants and Lite Solar, LLC would be charged
25        for associate attorney time in amounts consistent with the Agreement.

26

Page 9 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI**

1        39.

2        In breaching the duties to Counterclaimants detailed in Paragraph 38,

3    Counterclaim-Defendant failed to use the care, skill, and diligence ordinarily used by

4    counsel, in similar circumstances, in conducting the reasonable practice of law in

5    Oregon.

6        40.

7        As detailed in Paragraph 38, Counterclaim-Defendant breached its duty to

8    Counterclaimants by taking actions that were adverse to Counterclaimants' interests.

9        41.

10        Through the actions detailed in Paragraph 38, Counterclaim-Defendant failed to

11    comply with Oregon Rule of Professional Conduct 1.2 by failing to obtain

12    Counterclaimants' approval in advance of taking action on behalf of Counterclaimants in

13    the Lite Solar Litigation.

14        42.

15        Through the actions detailed in Paragraph 38, Counterclaim-Defendant failed to

16    comply with Oregon Rule of Professional Conduct 1.3 by neglecting the Lite Solar

17    Litigation, which was entrusted to Plaintiff by Counterclaimants.

18        43.

19        Through the actions detailed in Paragraph 38, Counterclaim-Defendant failed to

20    comply with Oregon Rule of Professional Conduct 1.4 by failing to inform

21    Counterclaimants of events and actions occurring in the Lite Solar Litigation.

22        44.

23        As a direct and proximate result of Counterclaim-Defendant's negligence,

24    Counterclaimants failed to file motions and raise arguments, objections, and defenses

25    that would have resulted in a dismissal of the Lite Solar Litigation or significantly pared

26

Page 10 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF
DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI**

1  down the litigation, thus bringing about a favorable decision or result to

2  Counterclaimants in that action.

3                                              45.

4      As a direct and proximate result of Counterclaim-Defendant's negligence,

5  Counterclaimants have been damaged in an amount to be proven at trial, but not less

6  than $200,000 including but not limited to costs and attorney's fees incurred in the Lite

7  Solar Litigation and in this Action.

8

9      **WHEREFORE,** Luneke and Sahni pray for relief as follows:

10      1. Dismissal of the complaint in its entirety, with recovery of no relief thereon;

11      2. On the Counterclaim, for damages in an amount subject to proof at trial but

12         not less than $200,000;

13      3. On the Counterclaim, for reasonable attorneys' fees and costs pursuant to the

14         Agreement;

15      4. For statutory costs and disbursements incurred herein; and

16      5. For such other relief as the Court deems just and equitable.

17  Dated this 7th day of July, 2017.

18

19            SUSSMAN SHANK LLP

20

21            By s/ Clifford S. Davidson
              Clifford S. Davidson, OSB No. 125378

22                cdavidson@sussmanshank.com
              Robert E. Kim, OSB No. 166024

23                rkim@sussmanshank.com
              Attorneys for Defendants

24

25

26

Page 11 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF
DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI**

<u>CERTIFICATE OF SERVICE</u>

I certify that on July 7, 2017, I served, **by using electronic transmission of a notice of filing by the eFiling system provided by the Oregon Judicial Department, Odyssey File and Serve, pursuant to UTCR 21.100** a full and correct copy of the foregoing, **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI,** to the interested parties of record, Slinde Nelson Stanford, Attorney for Plaintiffs, as noted above.

Dated:    July 7, 2017

SUSSMAN SHANK LLP


s/ Clifford S. Davidson
Clifford S. Davidson, OSB No. 125378
Attorney for Defendants

(02577190)

Page 12 – **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS DAVID K. LUNEKE AND RANBIR SAHNI**

# EXHIBIT "8"

RECEIVED
OCT 2 3 2017

1  Leslie A. Cohen, Esq. (SBN 93698)
      leslie@lesliecohenlaw.com
2  J'aime K. Williams, Esq. (SBN 261148)
      jaime@lesliecohenlaw.com
3  Leslie Cohen Law, P.C.
   506 Santa Monica Blvd. Ste 200
4  Santa Monica, CA 90401
   Telephone: 310.394-5900
5  Facsimile: 310.394-9280

FILED & ENTERED

OCT 18 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

6

7  Attorneys for Debtor in Possession

CHANGES MADE BY COURT

8           UNITED STATES BANKRUPTCY COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                LOS ANGELES DIVISION

11  In re                          )  Case No.  2:16-bk-19896-BB
                                   )
12  LITE SOLAR CORP.               )  Chapter 11
                                   )
13                                 )  ORDER APPROVING IN PART
                                   )  STIPULATION TO 1) STAY THIRD-
14                                 )  PARTY LITIGATION 2) RESOLVE
                  Debtor and       )  MOTION FOR ORDER EXTENDING
15            Debtor in Possession )  THE AUTOMATIC STAY TO THIRD-
                                   )  PARTY LITIGATION AND 3)
16                                 )  CONTINUE CLAIM OBJECTION
                                   )  HEARING
17                                 )
                                   )
18                                 )  Hearing re Extending Stay:
                                   )  Date:  October 18, 2017
19                                 )  Time:  10:00 a.m.
                                   )
20                                 )  Hearing re Claim Objection:
   _____)  Date:  November 15, 2017
21                                    Time:  10:00 a.m.
                                      Crtm:  1539
22

23

24      The Court having considered the *Stipulation To 1) Stay Third-Party Litigation 2)*

25  *Resolve Motion For Order Extending The Automatic Stay To Third-Party Litigation And 3)*

26  *Continue Claim Objection Hearing* (the "**Stipulation**) [Docket No. 192], and the Court

27  finding notice of this matter is appropriate under the circumstances and good cause

28  appearing therefore;

                              1

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Stipulation is **APPROVED;**

2. Pursuant to the Stipulation, the SNS Litigation will be stayed until an order or orders are entered fully resolving all aspects of the Kamana Litigation, and all such orders have become final;

3. A stipulation staying the SNS Litigation will also be promptly filed by the Parties in the SNS Litigation case;

4. SNS shall maintain all applicable attorney-client and work product privileges, and will not voluntarily disclose any information subject to those privileges;

5. The Claim Objection will be stayed until further order of this Court;

6. The Stay Motion [Docket No. 183] is **WITHDRAWN** without prejudice, and the hearing on the hearing on the Stay Motion, currently set for October 18, 2017, is hereby taken **OFF CALENDAR**; and

7. The Claim Objection Hearing currently set for November 15, 2017, is hereby **continued to February 14, 2018 at 10:00 a.m.**.

# # #

Date: October 18, 2017

Sheri Bluebond
United States Bankruptcy Judge

2

# EXHIBIT "9"

IN THE CIRCUIT COURT OF THE STATE OF OREGON    ¹ᵗ JUDICIAL Dıı

FOR THE COUNTY OF MULTNOMAH        17 AUG 24  AM 8: 22

FILED

<span style="writing-mode: vertical">Verified Correct Copy of Original 8/25/2017</span>

**Slinde & Nelson, LLC,**
               Plaintiff(s),

    v.

**David K. Luneke, et al.,**
               Defendant(s).

Case No. **16CV27593**

**TRIAL READINESS CONFERENCE
ORDER**

Pursuant to the discretion given by UTCR 7.020(5), IT IS HEREBY ORDERED:

1.    **This case is set for trial on** _4/9/18_ .   ( _answer to
count claim jist
filed_ )

*Any request for a change in the trial date selected at the trial readiness conference
must be presented to Presiding Court and will not be granted without a showing of good
cause based upon extraordinary circumstances.*

**The case will be called for assignment to a judge and courtroom on**
_4/6/18_ **, in Room 208 at 9:00 a.m.**

*The parties or their representatives are required to appear personally when the case is
called for assignment to a trial judge by the Presiding Judge, unless the Presiding Judge
has granted the parties' request for leave to appear by telephone or at another date/time
or the party has reported unconditionally ready for trial. SLR 7.055(8).*

2.    The matter will be tried to (a jury/the court).

3.    The number of days estimated for trial is _5_ days.

    *Trial will take place Monday through Thursday, between 9:00 a.m. – 12:00 p.m. and
1:30 p.m. – 4:30 p.m., unless this schedule is modified by the assigned trial judge.*

4.    **Judge Judith H. Matarazzo is the motion judge, although s/he has/has not heard
any substantive motions.**

5.    There will be motions *in limine* presented to the assigned trial judge before a jury is
selected. There (will or will not) be other pretrial matters that will be presented to the
assigned trial judge before a jury is called to the courtroom.

    DATED:  August 22, 2017

                           Presiding Judge Nan G. Waller

<u>Appearances By:</u>

TRIAL READINESS ORDER (rev 10/1/12)

16CV27593
OR
Order
7841245

