# EXHIBIT "14"

Leslie A. Cohen, Esq. (SBN: 93698)
    leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
    jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| *In re* | Case No. 2:16-bk-19896-BB |
| LITE SOLAR CORP. | Chapter 11 |
| | **STIPULATION TO 1) STAY THIRD-PARTY LITIGATION 2) RESOLVE MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION AND 3) CONTINUE CLAIM OBJECTION HEARING** |
| Debtor and Debtor in Possession | |
| | No Hearing Required |

This Stipulation is entered into by and between Lite Solar Corp. ("**Debtor**"), the Debtor and Debtor-in-Possession in the above-captioned bankruptcy case, and Slinde & Nelson, LLC dba Slinde Nelson Stanford ("**SNS**"). Debtor and SNS may collectively be referred to as the "**Parties**".

By executing this Stipulation, the Parties, by and through their respective counsel, stipulate as follows:

1

1                                    **RECITALS**

2          a.      WHEREAS on July 27, 2016, the Debtor commenced this reorganization

3     case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States

4     Code in the United States Bankruptcy Court for the Central District of California (the

5     "**Bankruptcy Court**");

6          b.      WHEREAS from January 21, 2015 to June 28, 2016, SNS served as

7     counsel of record for the Lite Solar, LLC, Sahni and Luneke in Multnomah Circuit Court

8     Case No. 14CV14976, which, pursuant to the Stipulation that this Court approved on June

9     13, 2017, was replicated in this Court as a counterclaim and consolidated with pending

10    adversary proceedings into adversary case no. 2:16–ap–01349–BB ("**Kamana**

11    **Litigation**"), currently pending before the Bankruptcy Court;

12         c.      WHEREAS on August 12, 2016, SNS filed its Proof of Claim (Claim No. 1) in

13    this Bankruptcy Case;

14         d.      WHEREAS on August 21, 2017, Debtor filed its Motion to Disallow the

15    Slinde Claim [Docket No. 149] (the "**Claim Objection**") and the hearing on the Claim

16    Objection ("**Claim Objection Hearing**") has been continued to November 15, 2017

17    [Docket No. 185];

18         e.      WHEREAS on September 26, 2016, the Debtor filed its *Notice of Motion and*

19    *Motion for Order Extending the Automatic Stay to Third-Party Litigation* [Docket No. 183]

20    (the "**Stay Motion**") seeking an order staying litigation currently pending in the Circuit

21    Court of the State of Oregon in the County of Multnomah between SNS, on one hand, and

22    Ranbir Sahni("**Sahni**") and David K. Luneke ("**Luneke**"), on the other hand, Case No.

23    16CV27593 ("**SNS Litigation**");

24         f.      WHEREAS the Parties have agreed to stay the SNS Litigation until such

25    time as the Kamana Litigation has been resolved in the Bankruptcy Court, and in order to

26    facilitate discussions between the Parties.

27    ///

28
                                              2

1                                  **STIPULATION**

2       NOW THEREFORE, it is hereby stipulated and agreed by and between the Parties

3 that:

4         1.      The SNS Litigation will be stayed until an order or orders are entered fully

5 resolving all aspects of the Kamana Litigation, and all such orders have become final;

6         2.      A stipulation staying the SNS Litigation will also be promptly filed by the

7 Parties in the SNS Litigation case;

8         3.      SNS confirms that it will maintain all applicable attorney-client and work

9 product privileges, and that it will not voluntarily disclose any information subject to those

10 privileges;

11         4.      The Claim Objection will be stayed until further order of this Court.

12         5.      The Stay Motion is withdrawn without prejudice, and the hearing on the

13 hearing on the Stay Motion, currently set for October 18, 2017, shall be taken off

14 calendar.

15         6.      The Claim Objection Hearing currently set for November 15, 2017, shall be

16 taken of calendar, however, the Claim Objection may be re-noticed for hearing by the

17 Debtor on 21-days' notice to SNS.

18 **IT IS SO STIPULATED.**

Dated: October 17, 2017

19

20

21 LESLIE COHEN LAW P.C.                     SLINDE NELSON STANFORD

22

23 By:   /s/ Leslie A. Cohen             By: /s/ _____, CSB 257901 for
     Leslie A. Cohen, Esq.                Philip J. Nelson, Esq.

24      Attorneys for Debtor

25

26

27

28

                                     3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION TO 1) STAY THIRD-PARTY LITIGATION AND 2) RESOLVE MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
    10/17/17    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Paul J Carter    rotorbear@earthlink.net
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Clifford S Davidson    cdavidson@sussmanshank.com, kbacon@sussmanshank.com
Paul B George    docketing-pdx@lanepowell.com, beldingt@lanepowell.com
Ron Maroko    ron.maroko@usdoj.gov
SreeVamshi C Reddy    reddyv@lanepowell.com, pettingerk@lanepowell.com
Scott J Scofield    brnotice@sgpgl.com, nwall@sgpgl.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*)    10/17/17    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple St.
Los Angeles, CA 90012

Office of United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Lite Solar Corp.
Attn: Ranbir Sahni
3553 Atlantic Avenue #1183
Long Beach, CA 90807

Slinde Nelson Stanford
Attn: J. Curtis Edmondson
111 SW Fifth Avenue, Ste. 1940
Portland, OR 97204

Matthew Kalmanson
Jason Poss
Hart Wagner LLP
1000 S.W. Broadway, 20th Fl.
Portland, OR 97205

☐ Service information continued on attached pages

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/17/17 | J'aime Williams | /s/ J'aime Williams |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT "15"

1

2

3

4

5                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

6                         FOR THE COUNTY OF MULTNOMAH

7   SLINDE & NELSON, LLC, dba SLINDE          )    Case No. 16CV27593
    NELSON STANFORD, an Oregon limited        )
8   liability company,                        )    NOTICE OF BANKRUPTCY STAY
                                              )    [UTCR 7.050]
9                    Plaintiff,               )
                                              )
10              v.                            )
                                              )
11  DAVID K. LUNEKE, an individual,           )
    RANBIR SAHNI, an individual,              )
12                                            )
                     Defendants.              )
13                                            )
    AND RELATED COUNTERCLAIM                  )
14

15              **NOTICE OF BANKRUPTCY STAY (UTCR 7.050)**

16          Pursuant to UTCR 7.050, the parties hereby notify the Court that this action is

17  stayed pursuant to an order of the Bankruptcy Court for the Central District of California,

18  the Honorable Sheri Bluebond presiding, until further order of that court. A copy of the

19  bankruptcy court's order, and related stipulation, are attached hereto.

20          Dated this 24th day of October, 2017.

21              SUSSMAN SHANK LLP

22
            By s/ Clifford S. Davidson
23              Clifford S. Davidson, OSB No. 125378
                cdavidson@sussmanshank.com
24              Robert E. Kim, OSB No. 166024
                rkim@sussmanshank.com
25
            Attorneys for Defendants/Counterclaimants
26


Page 1 – NOTICE OF BANKRUPTCY STAY

1

HART WAGNER LLP

2

By s/ Matthew J. Kalmanson

3
Matthew J. Kalmanson, OSB No. 041280
mjk@hartwagner.com

4
Jason R. Poss, OSB No. 104831
jrp@hartwagner.com

5

Attorneys for Counterclaim-Defendant

6

7

SLINDE & NELSON, LLC

8

By s/ Keith A. Pitt

9
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com

10

Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 – NOTICE OF BANKRUPTCY STAY

1

## CERTIFICATE OF SERVICE

2      I certify that on October 24, 2017, I served, **via first class mail**, a full and correct

3 copy of the foregoing **NOTICE OF BANKRUPTCY STAY**, to the interested parties of

4 record, addressed as follows:

5

6     Matthew Kalmanson
    Jason Poss

7     Hart Wagner LLP
    1000 SW Broadway Ste 2000
    Portland, OR  97205

8           Attorneys for Counterclaim-Defendant

9

10     Keith Pitt
    Slinde & Nelson LLP

11     111 SW Fifth Avenue, Suite 1940
    Portland, OR  97204

12           Attorneys for Plaintiff

13     Dated:      October 24, 2017

14

15

16               s/ Clifford S. Davidson
              Clifford S. Davidson, OSB No. 125378

17

18

19 (02654935)

20

21

22

23

24

25

26

Page 3 – NOTICE OF BANKRUPTCY STAY

1  Leslie A. Cohen, Esq. (SBN: 93698)
       leslie@lesliecohenlaw.com
2  J'aime K. Williams, Esq. (SBN 261148)
       jaime@lesliecohenlaw.com
3  LESLIE COHEN LAW, PC
   506 Santa Monica Blvd., Suite 200
4  Santa Monica, CA 90401
   Telephone:  (310) 394-5900
5  Facsimile:  (310) 394-9280

6  Attorneys for Debtor-in-Possession

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                       LOS ANGELES DIVISION

11  In re                              )   Case No. 2:16-bk-19896-BB
                                       )
12                                     )   Chapter 11
    LITE SOLAR CORP.                   )
13                                     )   **STIPULATION TO 1) STAY THIRD-**
                                       )   **PARTY LITIGATION 2) RESOLVE**
14                                     )   **MOTION FOR ORDER EXTENDING**
                                       )   **THE AUTOMATIC STAY TO THIRD-**
15                  Debtor and         )   **PARTY LITIGATION AND 3)**
                    Debtor in Possession )  **CONTINUE CLAIM OBJECTION**
16                                     )   **HEARING**
                                       )
17                                     )   No Hearing Required
                                       )
18                                     )
                                       )
19  _____  )

20

21        This Stipulation is entered into by and between Lite Solar Corp. ("**Debtor**"), the

22  Debtor and Debtor-in-Possession in the above-captioned bankruptcy case, and Slinde &

23  Nelson, LLC dba Slinde Nelson Stanford ("**SNS**"). Debtor and SNS may collectively be

24  referred to as the "**Parties**".

25        By executing this Stipulation, the Parties, by and through their respective counsel,

26  stipulate as follows:

27

28
                                       1

<center>RECITALS</center>

a.    WHEREAS on July 27, 2016, the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**");

b.    WHEREAS from January 21, 2015 to June 28, 2016, SNS served as counsel of record for the Lite Solar, LLC, Sahni and Luneke in Multnomah Circuit Court Case No. 14CV14976, which, pursuant to the Stipulation that this Court approved on June 13, 2017, was replicated in this Court as a counterclaim and consolidated with pending adversary proceedings into adversary case no. 2:16-ap-01349-BB ("**Kamana Litigation**"), currently pending before the Bankruptcy Court;

c.    WHEREAS on August 12, 2016, SNS filed its Proof of Claim (Claim No. 1) in this Bankruptcy Case;

d.    WHEREAS on August 21, 2017, Debtor filed its Motion to Disallow the Slinde Claim [Docket No. 149] (the "**Claim Objection**") and the hearing on the Claim Objection ("**Claim Objection Hearing**") has been continued to November 15, 2017 [Docket No. 185];

e.    WHEREAS on September 26, 2016, the Debtor filed its *Notice of Motion and Motion for Order Extending the Automatic Stay to Third-Party Litigation* [Docket No. 183] (the "**Stay Motion**") seeking an order staying litigation currently pending in the Circuit Court of the State of Oregon in the County of Multnomah between SNS, on one hand, and Ranbir Sahni("**Sahni**") and David K. Luneke ("**Luneke**"), on the other hand, Case No. 16CV27593 ("**SNS Litigation**");

f.    WHEREAS the Parties have agreed to stay the SNS Litigation until such time as the Kamana Litigation has been resolved in the Bankruptcy Court, and in order to facilitate discussions between the Parties.

///

<center>2</center>

## STIPULATION

NOW THEREFORE, it is hereby stipulated and agreed by and between the Parties that:

1. The SNS Litigation will be stayed until an order or orders are entered fully resolving all aspects of the Kamana Litigation, and all such orders have become final;

2. A stipulation staying the SNS Litigation will also be promptly filed by the Parties in the SNS Litigation case;

3. SNS confirms that it will maintain all applicable attorney-client and work product privileges, and that it will not voluntarily disclose any information subject to those privileges;

4. The Claim Objection will be stayed until further order of this Court.

5. The Stay Motion is withdrawn without prejudice, and the hearing on the hearing on the Stay Motion, currently set for October 18, 2017, shall be taken off calendar.

6. The Claim Objection Hearing currently set for November 15, 2017, shall be taken of calendar, however, the Claim Objection may be re-noticed for hearing by the Debtor on 21-days' notice to SNS.

IT IS SO STIPULATED.
Dated: October 17, 2017

LESLIE COHEN LAW P.C.                    SLINDE NELSON STANFORD


By:   /s/ Leslie A. Cohen               By: /s/ Redell, CSB 257901 For
      Leslie A. Cohen, Esq.                  Philip J. Nelson, Esq.
      Attorneys for Debtor

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (specify): **STIPULATION TO 1) STAY THIRD-PARTY LITIGATION AND 2) RESOLVE MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) ___10/17/17___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Paul J Carter    rotorbear@earthlink.net
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Clifford S Davidson    cdavidson@sussmanshank.com, kbacon@sussmanshank.com
Paul B George    docketing-pdx@lanepowell.com, beldingt@lanepowell.com
Ron Maroko    ron.maroko@usdoj.gov
SreeVamshi C Reddy    reddyv@lanepowell.com, pettingerk@lanepowell.com
Scott J Scofield    brnotice@sgpgl.com, nwall@sgpgl.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (date) ___10/17/17___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple St.
Los Angeles, CA 90012

Lite Solar Corp.
Attn: Ranbir Sahni
3553 Atlantic Avenue #1183
Long Beach, CA 90807

Matthew Kalmanson
Jason Poss
Hart Wagner LLP
1000 S.W. Broadway, 20th Fl.
Portland, OR 97205

Office of United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Slinde Nelson Stanford
Attn: J. Curtis Edmondson
111 SW Fifth Avenue, Ste. 1940
Portland, OR 97204

☐ Service information continued on attached pages

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/17/17 | J'aime Williams | /s/ J'aime Williams |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Leslie A. Cohen, Esq. (SBN 93698)
   leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
   jaime@lesliecohenlaw.com
Leslie Cohen Law, P.C.
506 Santa Monica Blvd. Ste 200
Santa Monica, CA 90401
Telephone: 310.394-5900
Facsimile: 310.394-9280

Attorneys for Debtor in Possession

FILED & ENTERED

OCT 18 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

|  |  |
|---|---|
| In re<br><br>LITE SOLAR CORP.<br><br>                            Debtor and<br>                            Debtor in Possession | Case No. 2:16-bk-19896-BB<br><br>Chapter 11<br><br>**ORDER APPROVING IN PART STIPULATION TO 1) STAY THIRD-PARTY LITIGATION 2) RESOLVE MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY TO THIRD-PARTY LITIGATION AND 3) CONTINUE CLAIM OBJECTION HEARING**<br><br>Hearing re Extending Stay:<br>Date: October 18, 2017<br>Time: 10:00 a.m.<br><br>Hearing re Claim Objection:<br>Date: November 15, 2017<br>Time: 10:00 a.m.<br>Crtm: 1539 |

     The Court having considered the *Stipulation To 1) Stay Third-Party Litigation 2) Resolve Motion For Order Extending The Automatic Stay To Third-Party Litigation And 3) Continue Claim Objection Hearing* (the "**Stipulation**) [Docket No. 192], and the Court finding notice of this matter is appropriate under the circumstances and good cause appearing therefore;

1

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  The Stipulation is **APPROVED;**

2.  Pursuant to the Stipulation, the SNS Litigation will be stayed until an order or orders are entered fully resolving all aspects of the Kamana Litigation, and all such orders have become final;

3.  A stipulation staying the SNS Litigation will also be promptly filed by the Parties in the SNS Litigation case;

4.  SNS shall maintain all applicable attorney-client and work product privileges, and will not voluntarily disclose any information subject to those privileges;

5.  The Claim Objection will be stayed until further order of this Court;

6.  The Stay Motion [Docket No. 183] is **WITHDRAWN** without prejudice, and the hearing on the hearing on the Stay Motion, currently set for October 18, 2017, is hereby taken **OFF CALENDAR**; and

7.  The Claim Objection Hearing currently set for November 15, 2017, is hereby **continued to February 14, 2018 at 10:00 a.m..**

# # #

Date: October 18, 2017

Sheri Bluebond
United States Bankruptcy Judge

# EXHIBIT "16"

1  Leslie A. Cohen, Esq. (SBN 93698)
      leslie@lesliecohenlaw.com
2  J'aime K. Williams, Esq. (SBN 261148)
      jaime@lesliecohenlaw.com
3  Leslie Cohen Law, P.C.
   506 Santa Monica Blvd. Ste 200
4  Santa Monica, CA 90401
   Telephone: 310.394-5900
5  Facsimile: 310.394-9280

6  Attorneys for Debtor in Possession

```
FILED & ENTERED

FEB 23 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK
```

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11  In re                              )  Case No.  2:16-bk-19896-BB
                                       )
12  LITE SOLAR CORP.                   )  Chapter 11
                                       )
13                                     )  **SCHEDULING ORDER RE: MOTION**
                                       )  **TO DISALLOW CLAIM OF SLINDE**
14                  Debtor and         )  **NELSON STANFORD [CLAIM**
                                       )  **NO. 1]**
15              Debtor in Possession   )
                                       )  Hearing Date:
16                                     )  Date:     February 14, 2018
                                       )  Time:     10:00 a.m.
17                                     )  Courtroom: 1539
                                       )
18                                     )  Continued Hearing Date:
                                       )  Date:     May 9, 2018
19                                     )  Time:     10:00 a.m.
                                       )  Courtroom: 1539
20

21

22
           A hearing was held on February 14, 2018 regarding the Debtor's Motion to Disallow
23
   the Claim of Slinde Nelson Stanford [Docket No. 149] (the "**Claim Objection**.
24
   Appearances were noted on the record.
25
           Considering the Claim Objection and representations at the hearing, the record in
26
   this case, and the Court finding notice of this matter is appropriate under the
27

28

                                       1

1  circumstances, for the reasons stated at the conference and good cause appearing

2  therefore:

3  **IT IS HEREBY ORDERED AS FOLLOWS:**

4  1.  By **April 20, 2018,** the Debtor shall file its adversary case against Slinde

5      Nelson Stanford asserting affirmative claims and any further objections to

6      the claim;

7  2.  The hearing on the Claim Objection is hereby continued to **May 9, 2018 at**

8      **10:00 a.m**. in Courtroom "1539," U.S. Bankruptcy Court, 255 E. Temple St.,

9      Los Angeles, CA 90012.

10

11  # # #

12

13

14

15

16

17

18

19

20

21

22

23

24  Date: February 23, 2018

25  Sheri Bluebond
    United States Bankruptcy Judge

26

27

28

# EXHIBIT "17"

1  Leslie A. Cohen, Esq. (SBN 93698)
    leslie@lesliecohenlaw.com
2  J'aime K. Williams, Esq. (SBN 261148)
    jaime@lesliecohenlaw.com
3  LESLIE COHEN LAW, PC
4  506 Santa Monica Blvd., Suite 200
   Santa Monica, CA 90401
5  Telephone: (310) 394-5900
   Facsimile: (310) 394-9280
6
7  Clifford S. Davidson, Esq. (SBN 246119)
    cdavidson@sussmanshank.com
8  SUSSMAN SHANK LLP
   1000 SW Broadway Ave, Suite 1400
9  Portland, OR 97205
   Telephone: (503) 227-1111
10 Facsimile: (503) 248-0130

11 Attorneys for Plaintiff Lite Solar Corp.

12

13                 UNITED STATES BANKRUPTCY COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                      LOS ANGELES DIVISION

16 *In re*                              | Chapter 11

17 LITE SOLAR CORP;                     | Case No. 2:16-bk-19896-BB

18                      Debtor and Debtor in | Adversary No.: To Be Assigned

19 Possession

20 LITE SOLAR CORP., a California       | **COMPLAINT FOR**
   Corporation,                        | 1) **PROFESSIONAL**
21                      Plaintiff,          | **NEGLIGENCE**
22     VS.                             | 2) **BREACH OF CONTRACT**
                                        | 3) **DISALLOWANCE OF**
23 SLINDE & NELSON, LLC, dba SLINDE    | **CLAIM (OBJECTION TO**
   NELSON, fka SLINDE NELSON           | **CLAIM)**
24 STANFORD an Oregon limited liability
   company, and DARIAN A. STANFORD, an
25 Oregon domiciliary,
26                      Defendants.

27

28

-1-
**COMPLAINT**

1  TO THE HONORABLE SHERI BLUEBOND, CHIEF UNITED STATES BANKRUPTCY

2  JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; DEFENDANTS AND

3  THEIR COUNSEL OF RECORD; AND ALL OTHER INTERESTED PARTIES:

4      Plaintiff Lite Solar Corp., the debtor and debtor-in-possession in the above-

5  referenced chapter 11 bankruptcy case, ("Debtor" or "Plaintiff"), complaining of defendants

6  Slinde & Nelson, LLC dba Slinde Nelson fka Slinde Nelson Stanford, an Oregon limited

7  liability company ("Slinde Law Firm"), and Darian A. Stanford, an Oregon domiciliary

8  ("Stanford" and collectively with the Slinde Law Firm the "Defendants"), alleges as follows:

9  ## I.    JURISDICTION AND VENUE

10     1.    On or about July 27, 2016 (the "Petition Date"), the Debtor filed a voluntary

11 petition under Title 11, Chapter 11 of the United States Code (the "Code"), originating this

12 Bankruptcy Case, entitled *In re Lite Solar Corp.*, Case No. 2:16-bk-19896-BB

13 ("Bankruptcy Case").

14     2.    This Court has jurisdiction under 28 U.S.C. §§ 157, 1132 and 1334(a) over

15 the subject matter of this proceeding because the claims asserted herein relate to a case

16 pending under the Bankruptcy Code in the Central District of California, Los Angeles

17 Division (the "Bankruptcy Court") and Local Rules and Orders of the United States District

18 Court for the Central District of California governing the reference and conduct of

19 proceedings arising under or related to cases under Title 11 of the United States Code,

20 including General Order No. 266, dated October 9, 1984.

21     3.    This is a core proceeding under 28 U.S.C. § 157(b).

22     4.    Pursuant to 28 U.S.C. §§ 1408 and 1409, venue is proper in the Central

23 District of California, Los Angeles Division, because the Bankruptcy Case is pending in

24 this district and division.

25     5.    Pursuant to 11 U.S.C. § 544(a), the Debtor has standing to bring this

26 adversary proceeding.

27

28

1        6.    Defendant Slinde Law Firm has filed a Proof of Claim in the Bankruptcy

2    Case, Claim No. 1 (the "Slinde Claim"), alleging that monies are due for purportedly

3    outstanding attorney fees.

4                   II.    **PARTIES**

5        7.    Plaintiff Lite Solar Corp. is a California Corporation that, at all times

6    mentioned herein, conducted business in, and/or had its principal place of business in,

7    the Central District of California, and is the debtor-in-possession in the Bankruptcy Case.

8    Lite Solar Corp. is the successor by merger to Lite Solar, LLC, a Nevada limited liability

9    company.

10        8.    Defendant Slinde Law Firm is an Oregon LLC with its principal place of

11    business in Portland, Oregon.  From January 24, 2012 through February 12, 2018, Slinde

12    Law Firm did business as Slinde Nelson Stanford.  Since February 12, 2018, Slinde Law

13    Firm has been doing business as Slinde Nelson.

14        9.    Defendant Darian A. Stanford is an attorney domiciled in Oregon. He

15    departed the Slinde Firm in approximately February 2018.

16        10.    Plaintiff engaged Defendants to act as its counsel in connection with

17    litigation, described below in greater detail, filed in the Circuit Court of the State of Oregon

18    for the County of Multnomah, and Stanford was the principal lead attorney at the Slinde

19    Law Firm responsible for representing Plaintiff.  Defendants also agreed to represent

20    Ranbir Sahni ("Sahni") and David Luneke ("Luneke" and with Sahni the "Other Clients") in

21    the "Kamana OR Litigation" (defined below).[1]

22                 **FIRST CLAIM FOR RELIEF**

23                 (Professional Negligence)

24

25

---

26    [1] The Slinde Law Firm has filed a lawsuit against Sahni and Luneke in Circuit Court of the State of
Oregon for the County of Multnomah ("Slinde OR Litigation") and Sahni and Luneke have filed a

27    counterclaim for professional negligence in said action.  The Slinde Oregon Litigation is currently
stayed pursuant to this Count's *Order To 1) Stay Third-Party Litigation 2) Resolve Motion For*

28    *Order Extending The Automatic Stay To Third-Party Litigation And 3) Continue Claim Objection
Hearing*, filed and entered October 18, 2017.

1    11.    On October 10, 2014, Kamana O'Kala, LLC ("Kamana") sued Lite Solar,

2    LLC, Sahni and Luneke.  That litigation was filed in the Circuit Court of the State of

3    Oregon for the County of Multnomah, which assigned it the case number 14CV14976 (the

4    "Kamana OR Litigation").

5    12.    Beginning January 21, 2015 Defendants represented Lite Solar, LLC, Sahni,

6    and Luneke in connection with the Kamana OR Litigation.

7    13.    Also on January 21, 2015, the parties entered into an Engagement

8    Agreement dated January 21, 2015 (the "Agreement").  A copy of the Agreement is

9    attached hereto as Exhibit A.

10    14.    By its terms, the Agreement is governed by Oregon law.

11    15.    Pursuant to Paragraph 11 of the Agreement, Defendants agreed to provide

12    "conscientious, competent and diligent services" on behalf of Plaintiff.

13    16.    At all times, Defendants held themselves out to Plaintiff as possessing the

14    competence, diligence, and expertise necessary to represent Plaintiff in the Kamana OR

15    Litigation.  At no point did Defendants inform Plaintiff that Defendants lacked competence,

16    diligence, or expertise necessary to provide Plaintiff with reasonable and competent

17    representation.

18    17.    Defendants breached their duty to provide reasonable and competent

19    representation to Plaintiff, collectively, by:

20    •    Failing to file a motion pursuant to Oregon Revised Statutes 31.150-31.152,

21    the anti-SLAPP statute, for an order striking the counterclaims, or portions of

22    them, because they arise from protected speech and cannot be supported by

23    *prima facie* evidence ("Anti-SLAPP Motion");[2]

24

25    _____

26    [2] This Court granted Debtor's Anti-SLAPP Motion to a Counterclaim filed by Kamana in this
Bankruptcy Case alleging an expanded version of the claims alleged in the Kamana OR Litigation.

27    *See Amended Order Granting Counterclaim-Defendants' Special Motion to Strike Counterclaim
Pursuant to Oregon's Anti-SLAPP Statute*, filed and entered September 22, 2017, and *Order
Granting Counterclaim-Defendants' Motion for Attorney Fees and Costs Pursuant to Oregon's Anti-*

28    *SLAPP Statute*, filed and entered November 9, 2017.

- Failing to file a motion for judgment on the pleadings after reassuring Plaintiff that Defendants would do so after not moving for Rule 21 A dismissal (the Oregon equivalent of a demurrer);

- Failing to file a motion to stay the Kamana OR Litigation after Plaintiff's motion to dismiss claiming another action pending was denied;

- Failing to pursue First Amendment-related defenses that would have resulted—and eventually did result—in dismissal of all claims that counsel acting competently would have pursued;

- Failure to timely dismiss Sahni's elder abuse claim, resulting in increased costs to have the claim dismissed;

- Despite repeated requests from Plaintiff, failing to raise a variety of free speech-related defenses to Kamana's claims;

- Failing to timely serve discovery responses, which Plaintiff timely provided to Defendants prior to their corresponding due date, thus giving Kamana grounds to claim that all of Counterclaimants' objections to Kamana's discovery requests had been waived;

- Disregarding requests to object to evidence presented by Kamana in the Kamana OR Litigation, which resulted in the denial of summary judgment for Plaintiff;

- Agreeing with Kamana's counsel, and without consulting Plaintiff, prior to a hearing on Kamana's motion to compel production of documents, on how the motion should be resolved, leading the court to issue an order to compel;

- Informing Kamana's counsel that Lite Solar did not object to the Oregon court's proposed order to compel despite Plaintiff's expressed objections to the form of the order;

- Failing to timely produce documents in response to a court order compelling the production of such documents;

- Delaying and mishandling a meeting at which a Kamana party's iMac

1       computer was to be produced to Plaintiff;

2     •   Informing Kamana that Counterclaimants' computer expert had been able to

3       access information in QuickBooks files produced by Kamana, when that was

4       not the case because the produced files were incomplete;

5     •   Delaying filing a motion to compel discovery, including compelling production

6       of QuickBooks files;

7     •   Failing to advise Plaintiff on whether Luneke's declaration offered in support

8       of Plaintiff's motion for summary judgment would result in a waiver of

9       privilege;

10    •   Failing to advise Sahni of subpoenas that had been served on his doctors,

11      thus depriving Sahni the right to protect his privacy rights under California law

12      as a then-resident of California;

13    •   Breaching their duties of confidentiality to Plaintiff by attaching unredacted

14      time entries from the Kamana OR Litigation to Defendant Slinde Law Firm's

15      proof of claim in the Bankruptcy, thereby revealing aspects of Plaintiff's legal

16      strategy to Kamana; and

17    •   Charging Plaintiff for associate attorney time in excess of amounts provided

18      for in the Agreement.

19    18.   In breaching the duties to Plaintiff detailed above in paragraph 16,

20 Defendants failed to use the care, skill, and diligence ordinarily used by counsel, in similar

21 circumstances, in conducting the reasonable practice of law in Oregon.

22    19.   As detailed above in paragraph 16, Defendants breached their duty to

23 Plaintiff by taking actions that were adverse to Plaintiff's interests

24    20.   Through the actions detailed in paragraph 18, Defendants failed to comply

25 with Oregon Rule of Professional Conduct 1.2 by failing to obtain Plaintiff's approval in

26 advance of taking action on behalf of Plaintiff in the Kamana OR Litigation.

27

28

1    21.    Through the actions detailed in paragraph 16, Defendants failed to comply

2    with Oregon Rule of Professional Conduct 1.3 by neglecting the Kamana OR Litigation,

3    which was entrusted to Defendants by Plaintiff.

4    22.    Through the actions detailed in paragraph 16, Defendants failed to comply

5    with Oregon Rule of Professional Conduct 1.4 by failing to inform Plaintiff of events and

6    actions occurring in the Kamana OR Litigation.

7    23.    Plaintiff and the Other Clients collectively paid to Defendants legal fees

8    totaling $162,765.01 for defense of the Kamana OR Litigation.  However, as a result of

9    the acts and omissions enumerated above, the value of the legal services that

10   Defendants provided was significantly diminished and Plaintiff is owed an offset as a

11   result.

12   24.    As a direct and proximate result of Defendants' negligence, Plaintiff failed to

13   file motions and raise arguments, objections, and defenses that would have resulted in a

14   dismissal of the Kamana OR Litigation or significantly pared down the litigation, thus

15   bringing about a favorable decision or result to Plaintiff in that action.

16   25.    As a direct and proximate result of Defendants; negligence, Plaintiff incurred

17   additional legal fees pursuing its chapter 11 bankruptcy case, removing the case to the

18   bankruptcy court and litigating the case in the bankruptcy court.

19   26.    As a direct and proximate result of Defendants' negligence, Plaintiff has

20   been damaged in an amount to be proven at trial, but not less than $500,000, including

21   but not limited to costs, expenses, and attorney fees incurred in the Kamana OR

22   Litigation.

23                                    **SECOND CLAIM FOR RELIEF**

24                                          (Breach of Contract)

25                                         (Against Slinde Law Firm)

26   27.    Plaintiff incorporates paragraphs 11 through 25, as though set forth here in

27   full.

28

-----

1      28.     The conduct alleged in the foregoing paragraphs 11 through 25 breached

2 the Agreement, in which the Slinde Firm agreed to provide "conscientious, competent and

3 diligent services." Ex. A at 3.

4      29.     The Slinde Firm also breached the Agreement by failing to promptly provide

5 materials to Plaintiff and its representatives. Ex. A at 1.

6      30.     The Slinde Firm also breached the Agreement by failing to "obtain approval

7 prior to undertaking any significant research or similar project," and failing to obtain

8 approval prior to submitting certain documents to the Oregon court, including proposed

9 orders.

10      31.     By contrast, Plaintiff performed all obligations required of it under the

11 Agreement.

12      32.     The Slinde Firm's breaches of contract damaged Plaintiff in an amount

13 according to proof, but in no case less than $500,000.

14 <div align="center">**THIRD CLAIM FOR RELIEF**</div>

15 <div align="center">(Disallow Claims [11 U.S.C. § 502])</div>

16 <div align="center">(Against Slinde Law Firm)</div>

17      33.     Plaintiff re-alleges and incorporates herein by this reference paragraphs 11

18 through 32 as though set forth fully herein.

19      34.     The Court should disallow the Slinde Claim in its entirety because 1) the

20 Slinde Claim is barred due to Defendants' professional negligence; 2) the Slinde Claim

21 fails to fully account for credits previously issued by Defendants; and 3) Defendants

22 violated the engagement agreement by failing to deliver the quality of services

23 represented, violating rules of professional conduct and charging different rates than

24 provided for in the engagement agreement.

25      35.     Based on the foregoing negligence and breach of contract by Defendants,

26 the Slinde Claim in this case should be disallowed in its entirety.

27

28

<div align="center">-8-

**COMPLAINT**</div>

36.   Plaintiff reserves its right to seek to amend this filing to reflect any additional claims, as may be determined necessary by Plaintiff at any time during and/or following discovery or as additional facts or information become available to Plaintiff.

**WHEREFORE**, Plaintiff respectfully pray for judgment against Defendants as follows:

1.   For damages in an amount subject to proof at trial but not less than $500,000;

2.   Disgorgement of amounts paid to Defendants in excess of the reasonable value of Defendants' services;

3.   Disallowing the Slinde Claim in its entirety;

4.   For reasonable attorneys' fees and costs pursuant to the Agreement;

5.   For statutory costs and disbursements incurred herein; and

6.   For such other relief as the Court deems just and equitable.

Dated: April 19, 2018

LESLIE COHEN LAW, PC

By: /s/ Leslie A. Cohen
Leslie A. Cohen
Attorneys for Plaintiff

SUSSMAN SHANK, LLP

By: /s/ Clifford S. Davidson
Clifford S. Davidson
Attorneys for Plaintiff

# EXHIBIT A



PLEASE READ THIS DOCUMENT CAREFULLY AND CALL OUR OFFICE WITH ANY QUESTIONS YOU MAY HAVE REGARDING ITS CONTENTS. THIS DOCUMENT IS A BINDING LEGAL CONTRACT THAT FORMS THE BASIS OF OUR ATTORNEY-CLIENT RELATIONSHIP.

## SLINDE & NELSON, LLC
### ENGAGEMENT AGREEMENT

This Engagement Agreement (**"Agreement"**) by and between SLINDE & NELSON, LLC /dba Slinde Nelson Stanford (**"Firm"**) and LITE SOLAR LLC; RANBIR SAHNI; AND DAVID K. LUNEKE (**"Clients"**) is entered into on the date executed by Clients.

1.      Clients retain Firm to represent Clients as legal counsel in connection with the following matter: *Kamana O'Kala, LLC v Lite Solar LLC, Ranbir Sanhi and David K. Luneke*, Multnomah County Case No. 14CV14976. Clients acknowledge that there is a related litigation matter in California, *Totalis Energy, LLC v. Kamana O'Kala, LLC et. al.*, Los Angeles County Superior Court Case No. BC534273 (the "California Litigation"). Clients acknowledge that Clients are represented by a different firm in the California Litigation.

2.      It is expressly understood that Clients retain Firm for the above-described representation only. If Clients wish to engage Firm for a different representation, a new engagement agreement will be executed or this Agreement will be amended in writing.

3.      As compensation for legal services, Clients agree to pay Firm a fee, which will be computed on an hourly basis. The fees will be billed at the Firm's hourly rates then in effect for the attorney or paralegal providing the services. The hourly rates of the attorneys, paralegals and office assistants of the Firm as of the date of signing this Agreement are listed below and shall remain the same for 12 months. After 12 months, Firm retains the right to increase the hourly rates set forth below from time to time, consistent with any such rate increase made for the Firm's other clients provided that the increased rates will not go into effect until 30 days after Clients have received written notice of the rate change.

|  |  |
|---|---|
| Partners | $275/hr |
| Associates | $225/hr |
| Paralegals | $125/hr |

Services provided by Firm for which Clients will be charged include, but are not limited to: preparation of pleadings and other documents for filing in court, appearances in court, consultations, telephone calls and email communications with Clients, preparation of document production requests and review of relevant documents, conduct of depositions, legal research, drafting and preparing letters, project staff time, travel time, and all costs directly related to our representation. It is expressly understood that the lead attorney responsible for representing the Clients shall be DARIAN A. STANFORD. Firm may associate other counsel within the Firm to perform services if necessary. No attorney or other professional outside the Firm shall perform services unless Ranbir Sahni approves such person in advance. Clients shall promptly receive all correspondence and documents (e.g., contracts, memoranda, trial notebooks, deposition summaries, pleadings) and other important items relating to the representation. All final documents prepared by the Attorney should be emailed in Word format. The Firm shall use simple transmittal memos to accompany the letters and documents. It is not necessary to



Please mail the signed agreement and all other documents to our Portland office for processing at the following address:
US Bancorp Tower | 111 SW Fifth Ave., Suite 1940 | Portland, OR 97204 | t 503.417.7777 | f 503.417.4250
www.slindenelsonstanford.com

include detailed explanations or analysis of enclosures. The Firm shall obtain approval prior to undertaking any significant research or similar project, retaining any expert or consultant, or filing answers, interrogatories, discovery requests or responses, etc.

4.

5.    **Clients also agree to pay all costs necessitated by Firm's representation of Clients regardless of the disposition of Clients' case.** Clients must execute the credit card authorization form attached to this Agreement. Cost include all out-of-pocket-expenses incurred on behalf of Clients, including, but are not limited to: filing fees, service fees, court reporter fees for depositions and hearings, trial court fees, copying costs, long distance telephone calls, facsimile, postage, witness fees, expert fees, mileage fees, travel costs, and other necessary court and office costs. Costs do not include compensation to Firm for the time spent by attorneys in connection with Firm's obligation to perform under this Agreement.

6.    **Clients are to place $5,000 into trust as a retainer.** The retainer is to be paid concurrently with the execution of this Agreement and shall be applied to monthly billings. The retainer does not relieve Clients' responsibility to make the required monthly payment for past billings. The amount of the retainer is not an estimate of the fees, costs, and expenses that will be billed in connection with Clients' matter. Firm reserves the right to request additional advance retainers in the future, depending on such factors as the scope of anticipated work, the amount of expected costs and expenses, and Clients' payment history. At the completion or termination of our legal services to Clients under this Agreement, retainer funds remaining in trust shall be applied to any unpaid billings for services rendered to Clients by Firm, and the balance of the retainer shall be refunded to Clients.

Each month Firm will send a statement specifying the services rendered, the amount of fees for services rendered, costs incurred, and the balance of the trust or balance owing. If a balance is owing, that sum is due on billing. A late payment charge of one and one-half percent (1½%) per month applies to any fees or costs not paid within thirty (30) days of billing. Each bill should contain:

   *    The project name or a brief description;
   *    A description of the services performed, persons performing them, applicable rate, time spent, calculated in increments of tenths (i.e. 6 minute intervals), and the date each service was performed; and
   *    An itemized list of all reimbursable expenses, including the rates charged for each item, where applicable.

All time charges are to be included in the billing for the time period covered by such bill. If a bill covers a time period, then the billing for that period and matter will be deemed closed and time charges that were not included will not be billed. Out of pocket expenses that Attorney submits to be reimbursed may be included in the bill covering the date the expense was incurred or within a reasonable time after the Attorney receives the invoice for such charge. In the normal course, Attorney should bill expenses within sixty (60) days after receipt.

The following items are not billable expenses unless approved in advance:

   *    Secretarial/steno services including overtime;
   *    Word processing charges;
   *    Fixed costs of computerized research (e.g. Lexis)
   *    First class air fares;
   *    Premiums or mark ups on telephone charges, faxes or any expense item (unless expressly set forth in the Retainer Agreement or approved in writing);

     \*     Office costs and other items of firm general overhead;

     \*     Attorney fees incurred in responding to claims of conflicts of interests by opposing parties;

     \*     Responding to standard auditor letters respecting the scope and matters for which the Attorney has and is representing the Company; and

     \*     Time incurred in preparation of the engagement (e.g., retainer letters, preliminary discussions respecting terms of engagement, etc.) or with respect to billing issues (e.g., responding to Client questions regarding the bills).

Additionally, messenger, courier and overnight mail services should only be used when time restraints or proof of delivery require.

     7.     This Agreement shall be governed by Oregon law.

     8.     Firm will not be obligated to complete the work for Clients' case and may withdraw or, if necessary, seek leave to withdraw as Clients' counsel at any time if Clients fail to cooperate with Firm on Clients' case, meet financial agreement as set forth above, or as otherwise permitted by the Oregon State Bar Disciplinary Rules. If a motion to leave to withdraw is necessary, written notice will be sent to Clients' last known address(es). The fee outlined in Section 3 shall still be deemed enforceable and Clients further understand Firm may assert a lien or claim for attorney fees due based on any balance owing incurred under this Agreement.

     9.     In the event that Clients elect to terminate Firm, all costs and other expenses incurred by Firm shall continue to be the responsibility of Clients, and Clients further understand that Firm may assert a lien or claim for any balance owing incurred under this Agreement. Clients may discharge Firm for any cause by telephone notice followed by written notice either from Client or the new lawyer Client chooses to hire. Clients may secure additional copies of Clients' file at any time upon payment to Firm of any balance owing on all fees and costs, including costs of photocopying Clients' file.

     10.     Clients agree that if suit or other legal proceedings is ever brought for collection of this Agreement, the prevailing party shall be entitled to its court costs and reasonable attorney fees incurred for collection, both on or before trial and on any appeal(s).

     11.     Firm agrees to provide conscientious, competent and diligent services. However, Firm cannot and does not guarantee a result or final outcome of any case, and Firm has made no representation and makes no guarantee regarding the final result or outcome of this case. When Firm has completed all the legal work necessary for Clients' case, Firm will close Firm's file and return original documents to Clients. Firm will store the file for approximately ten (10) years and is authorized to destroy the file.

     12.     Time is of the essence in this Agreement. Any modification of this Agreement will be binding only if made in writing and signed by both parties.

     13.     If there is an appeal of the lawsuit brought with respect to this matter, work on the appeal must be the subject of a separate fee agreement.

     14.     Clients acknowledge receipt of a copy of this Agreement.

*[Signature page to follow]*

Signature Page—Engagement Agreement
By and between SLINDE & NELSON, LLC and LITE SOLAR LLC; RANBIR SAHNI; AND DAVID K.
LUNEKE

**Firm:**
SLINDE & NELSON, LLC

BY: DARIAN A. STANFORD
Dated: January 21, 2015

**Client:**
DAVID K. LUNEKE

BY: DAVID K. LUNEKE
Dated: 1/21/15

**Client:**
LITE SOLAR LLC

BY: RANBIR SANHI
Dated:

**Client:**
RANBIR SAHNI

BY: RANBIR SANHI
Dated:

**Please mail the signed agreement, trust deposit check made out to SLINDE NELSON
STANFORD, and all other documents to our Portland office for processing. Please
keep a copy of the signed agreement for your records.**

Page 4—SLINDE & NELSON, LLC ENGAGEMENT AGREEMENT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Lite Solar Corp. | **DEFENDANTS**<br>SLINDE & NELSON, LLC, dba SLINDE NELSON<br>STANFORD, fka SLINDE NELSON STANFORD an<br>Oregon limited liability company, and DARIAN A.<br>STANFORD, an individualOregon domiciliary |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leslie Cohen Law PC<br>506 Santa Monica Blvd. Suite 200, Santa Monica, CA 90401<br>(310) 394-5900 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR 1) PROFESSIONAL NEGLIGENCE 2) BREACH OF CONTRACT 3) DISALLOWANCE OF
CLAIM

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability – §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☐ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ not less than $500,000.00 |

Other Relief Sought
Professional Negligence; Breach of Contract; Disallowance of Claim


American LegalNet, Inc.
www.FormsWorkFlow.com

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Lite Solar Corp. | BANKRUPTCY CASE NO.<br>2:16-bk-19896-BB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Bluebond |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br>/s/ Leslie Cohen | | |
| DATE<br>4/19/18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Leslie A. Cohen | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.


American LegalNet, Inc.
www.FormsWorkFlow.com

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leslie A. Cohen, Esq. (SBN: 93698)<br> leslie@lesliecohenlaw.com<br>J'aime K. Williams, Esq. (SBN 261148)<br> jaime@lesliecohenlaw.com<br>LESLIE COHEN LAW, PC<br>506 Santa Monica Blvd., Suite 200<br>Santa Monica, CA 90401<br>Telephone: (310) 394-5900<br>Facsimile: (310) 394-9280<br><br><br>*Attorney for Plaintiff* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

</div>

| In re:<br>LITE SOLAR CORP.<br><br><br><br><br>Debtor(s). | CASE NO.: 2:16-bk-19896-BB<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: |
|---|---|
| LITE SOLAR CORP.<br><br><br><br>Plaintiff(s)<br>Versus<br>SLINDE & NELSON, LLC, dba SLINDE NELSON STANFORD, fka SLINDE NELSON STANFORD an Oregon limited liability company, and DARIAN A. STANFORD, an individual Oregon domiciliary<br><br>Defendant(s) | <div align="center">**SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]**</div> |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | Address:<br>☒ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


KATHLEEN J. CAMPBELL
CLERK OF COURT


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____


By: _____
                         Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                      *Printed Name*               *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# EXHIBIT "18"

1 | Leslie A. Cohen, Esq. (SBN: 93698)
  |   leslie@lesliecohenlaw.com
2 | J'aime K. Williams, Esq. (SBN 261148)
  |   jaime@lesliecohenlaw.com
3 | Brian A. Link, Esq. (SBN 275683)
  |   brian@lesliecohenlaw.com
4 | LESLIE COHEN LAW, PC
  | 506 Santa Monica Blvd., Suite 200
5 | Santa Monica, CA 90401
  | Telephone:  (310) 394-5900
6 | Facsimile:  (310) 394-9280

7 | *Proposed* Attorneys for Debtor-in-Possession

8

9

10 | **UNITED STATES BANKRUPTCY COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12 | **LOS ANGELES DIVISION**

13 | *In re*                              | Case No. 2:16-bk-19896-BB

14 | LITE SOLAR CORP.                     | Chapter 11

15 |                                      | **APPLICATION OF DEBTOR AND
16 |              Debtor and              | DEBTOR IN POSSESSION TO
   |          Debtor in Possession       | EMPLOY SUSSMAN SHANK LLP AS
   |                                     | SPECIAL COUNSEL; DECLARATION
17 |                                     | OF CLIFFORD DAVIDSON**

18 |                                      | No Hearing Request – Filed on Notice of
   |                                      | Opportunity to Request a Hearing per
19 |                                      | LBR 9013-1(o)

20

21 | TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE;

22 | THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL INTERESTED PARTIES:

23

24 |         Lite Solar Corp., the debtor and debtor-in-possession in the above-captioned

25 | Chapter 11 case ("Applicant" or "Debtor"), hereby files this application to employ

26 | SUSSMAN SHANK LLP (the "Firm" or "Sussman") as special counsel for the Debtor on

27 | the terms and conditions described below, effective July 27, 2016.  In support of this

28 | Application (the "Application"), Debtor respectfully alleges as follows:

1.     Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the
United States Bankruptcy Code ("Code") on July 27, 2015 (the "Petition Date")
commencing this reorganization case in the United States Bankruptcy Court for the
Central District of California (the "Bankruptcy Court" or "Court").[1]

2.     Applicant manages and operates its estate as a debtor-in-possession
pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  As of this filing, no trustee
or examiner has been appointed in Debtor's case.

3.     Applicant proposes to employ the Firm as special counsel at the expense of
the estate.

4.     Pre-petition, the Debtor was involved in certain Oregon state court litigation
(case number 14CV14976) (the "**Oregon Litigation**").  For the bulk of the Oregon
Litigation, the Debtor had employed attorneys other than Sussman.  The Debtor more
recently employed Sussman when the Debtor's prior counsel withdrew.

5.     The Debtor believes it is necessary and in the best interest of the estate to
continue to employ Sussman as special counsel to perform specific tasks necessary in
this case, with a view towards minimizing liabilities and maximizing recoveries to creditors
in this case.  The services to be performed by the Firm include representation of the
Debtor in the Oregon State Court (to the extent Oregon State Court practice continues to
be necessary) and the United States District Court for the District of Oregon with respect
to removal of the Oregon Litigation to that Court, and advising and assisting in the
removed Oregon Litigation.  As such, the Debtor is seeking to employ the Firm as its
special counsel to address the Oregon Litigation (including seeking removal thereof).

6.     The Firm is a highly-regarded business law firm in Portland, Oregon
composed of attorneys who specialize in many areas of business law and litigation,
including bankruptcy and debtor-creditor issues, and is well qualified to represent
Applicant.  Additional information about the Firm may be located online at

[1] Unless otherwise noted, all statutory references refer to the U.S. Bankruptcy Code, 11
U.S.C. §101 *et seq.*

1  www.sussmanshank.com.  Applicant requires the services of the Firm to assist in the
2  removal of pending litigation in Oregon state court to the Bankruptcy Court where Debtor's
3  case is pending, and advise thereon.  The primary attorney handling the litigation, Clifford
4  S. Davidson, is admitted to practice in California (including C.D. Cal.; SBN: 246119),
5  Oregon and Washington.

6           7.      In light of the Firm's professional reputation and expertise, its ability to
7  thoroughly provide the services described above, and the Debtor's need for these special
8  counsel services, the Debtor desires to employ the Firm as special counsel on the terms
9  described herein.

10          8.      The Firm has agreed to accept as compensation for its services such sums
11 as will be allowed by this Court based upon time spent and services rendered, and other
12 appropriate factors.  Each professional at the Firm charges at his or her assigned hourly
13 rate which may change from time-to-time. Mr. Davidson's billing rate is $315.00 an hour.
14 The rates of other attorneys in the Firm range between $230 and $485, and paralegals bill
15 between $145 and $220.  A copy of the Firm's engagement agreement with the Debtor is
16 attached hereto as **Exhibit A**.  Debtor is also responsible for costs.

17          9.      To the extent applicable, the Firm will comply with the procedures set forth in
18 the "Guide to Applications for Professional Compensation."  Compensation will be paid by
19 the Debtor to the Firm, upon application to and approval by the Bankruptcy Court after
20 notice and a hearing as required by 11 U.S.C § 330.  Pre-petition, the Debtor paid the
21 Firm a pre-petition retainer of $12,500, none of which has been applied.  The Firm
22 requests this Court's approval to permit it to apply up to $9,500 of the pre-petition retainer
23 amounts for the Firm's pre-petition work.  The Firm will submit interim and final fee
24 applications with respect to application of the unused retainer and further payments from
25 the bankruptcy estate.

26          9.      The Firm understands the provisions of Title 11, U.S.C. §§ 328, 329, 330
27 and Bankruptcy Rule 2016, which require, among other things, Court approval of
28 employment of professionals, and Court authorization of any fees and costs that the Firm

1   would receive from the estate after notice and hearing, as required under Rule 2002 of the

2   Federal Rules of Bankruptcy Procedure.

3       10.     The Firm does not have any pre-petition claims against the estate of the

4   Debtor.  The Firm's employment is not adverse to Debtor.  Other than as disclosed herein,

5   the Firm has no other connection with the Debtor or the estate, any other insider of the

6   Debtor or any related entities of the Debtor or principal of the Debtor or its attorneys or

7   accountants.  The Firm does not have any connections to the Office of the United States

8   Trustee, any persons employed in the Office of the United States Trustee or the

9   Bankruptcy Judge.   The Debtor is informed and believes that the Firm does not have any

10  connection with the creditors or any other parties in interest or their attorneys or

11  accountants, and has no adverse interest to the estate and the matters upon which the

12  Firm is to be engaged.

13      11.     To the best of the Debtor's knowledge and as set forth in the annexed

14  Declaration of Clifford Davidson ("Davidson Declaration") attached hereto, Debtor believes

15  that the Firm is a "disinterested person" within the meaning of Section 101(14) of the

16  Bankruptcy Code and that the Firm does not hold any interest adverse to the estate.

17      12.     The Firm is not a creditor, an equity security holder or an insider of the

18  Debtor.  The Firm is not and was not within two (2) years before the date of the filing of

19  the petition, a director, officer or an employee of the Debtor and does not have any

20  interest materially adverse to the interest of the estates or any of the class of creditors or

21  equity security holders by reason of any direct or indirect relationship to, connection, with,

22  ore interest in, the Debtor for any other reason except as disclosed herein.

23      13.     To date, the Firm has not received any lien or other interest in property of

24  the Debtor or of a third party to secure payment of the Firm's fees.

25      14.     The Debtor believes it is necessary for reorganization or liquidation, and in

26  the best interests of the estate, for the Court to employ the Firm for the proposed services.

27      15.     Attached hereto as **Exhibit B** is the Notice of this Application to creditors

28  with the attached proof of service.

1      WHEREFORE, the Debtor respectfully requests that the Court approve the

2   employment of Sussman Shank LLP as special counsel for the Debtor pursuant to the

3   terms of the Application, effective as of July 27, 2016.

4
    Dated: August 3, 2016                    LESLIE COHEN LAW PC
5

6

7                                            By: _____ */s/ Leslie A. Cohen* _____
                                             Leslie A. Cohen
8                                                *Proposed* Attorneys for Debtor in Possession

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1              DECLARATION OF CLIFFORD S. DAVIDSON

2    I, Clifford S. Davidson, declare as follows:

3         1.      I am over 18 years of age.  I am an attorney at Sussman Shank LLP (the

4    "Firm" or "Sussman").   My business address is 1000 SW Broadway, Suite 1400, Portland,

5    Oregon 97205.  I have personal knowledge of the matters set forth in this declaration, and

6    if called as a witness, I could and would testify to those matters, except for those matters

7    stated on information and believe, in which case I believe them to be true and correct.  I

8    make this declaration in support of *Application Of Debtor And Debtor In Possession To*

9    *Employ Sussman Shank LLP As Special Counsel* ("Application"), effective July 27, 2016.

10   Where terms below are undefined, they shall have the same meaning as in the

11   Application.

12        2.      Pre-petition, the Debtor was involved in certain Oregon state court litigation

13   (case number 14CV14976) (the "**Oregon Litigation**").  The services to be performed by

14   the Firm include representation of the Debtor in the Oregon State Court (to the extent

15   Oregon State Court practice continues to be necessary) and the United States District

16   Court for the District of Oregon with respect to removal of the Oregon Litigation to that

17   Court, and advising and assisting in the removed Oregon Litigation.

18        3.      The Firm is a highly-regarded business law firm in Portland, Oregon

19   composed of attorneys who specialize in many areas of business law and litigation,

20   including bankruptcy and debtor-creditor issues, and is well qualified to represent

21   Applicant.  Additional information about the Firm may be located online at

22   www.sussmanshank.com.  I am the primary attorney handling the litigation and am

23   admitted to practice in California (including C.D. Cal.; SBN: 246119), Oregon and

24   Washington.

25        4.      The Firm has agreed to accept as compensation for its services such sums

26   as may be allowed by this Court based upon time spent and services rendered, and other

27   appropriate factors.  Each professional at the Firm charges at his or her assigned hourly

28   rate which may change from time-to-time.  Mr. Davidson's billing rate is $315.00 an hour.

1   The rates of other attorneys in the Firm range between $230 and $485, and paralegals bill

2   between $145 and $220.  Debtor is also responsible for costs.  A true and correct copy of

3   the Firm's engagement agreement with the Debtor is attached hereto as **Exhibit A**.

4          5.      To the extent applicable, the Firm will comply with the procedures set forth in

5   the "Guide to Applications for Professional Compensation."  Compensation will be paid by

6   the Debtor to the Firm, upon application to and approval by the Bankruptcy Court after

7   notice and a hearing as required by 11 U.S.C § 330.  Pre-petition, the Debtor paid the

8   Firm a pre-petition retainer of $12,500, none of which has been applied.  The Firm

9   requests this Court's approval to permit it to apply up to $9,500 of the pre-petition retainer

10  amounts for the Firm's pre-petition work.  The Firm will submit interim and final fee

11  applications with respect to application of the unused retainer and further payments from

12  the bankruptcy estate.

13         6.      I understand the provisions of Title 11, U.S.C. §§ 328, 329, 330 and

14  Bankruptcy Rule 2016, which require, among other things, Court approval of employment

15  of professionals, and Court authorization of any fees and costs that the Firm would

16  receive from the estate after notice and hearing, as required under Rule 2002 of the

17  Federal Rules of Bankruptcy Procedure.

18         7.      The Firm does not have any pre-petition claims against the estate of the

19  Debtor.  The Firm's employment is not adverse to Debtor.  Other than as disclosed herein,

20  the Firm has no other connection with the Debtor or the estate, any other insider of the

21  Debtor or any related entities of the Debtor or principal of the Debtor or its attorneys or

22  accountants.  The Firm does not have any connections to the Office of the United States

23  Trustee, any persons employed in the Office of the United States Trustee or the

24  Bankruptcy Judge.  I am informed and believe that the Firm does not have any connection

25  with the creditors or any other parties in interest or their attorneys or accountants, and has

26  no adverse interest to the estate and the matters upon which the Firm is to be engaged.

27

28

8.    I believe, to the best of my knowledge, and have informed the Debtor, that the Firm is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code and that the Firm does not hold any interest adverse to the estate.

9.    The Firm is not a creditor, an equity security holder or an insider of, the Debtor.  The Firm is not and was not within two (2) years before the date of the filing of the petition, a director, officer or an employee of the Debtor and does not have any interest materially adverse to the interest of the estates or any of the class of creditors or equity security holders by reason of any direct or indirect relationship to, connection, with, ore interest in, the Debtor for any other reason except as disclosed herein.

10.    To date, the Firm has not received any lien or other interest in property of the Debtor or of a third party to secure payment of the Firm's fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of August 2016, at Portland, Oregon.

Clifford S. Davidson

# EXHIBIT A

# SUSSMAN SHANK LLP

——————— ATTORNEYS ———————

**CLIFFORD S. DAVIDSON**
Attorney | Admitted in Oregon, Washington & California
503.243.1653 *direct*
cdavidson@sussmanshank.com

1000 SW Broadway, Suite 1400
Portland, Oregon 97205
503.227.1111 or 800.352.7078 *main*
503.248.0130 *fax*
sussmanshank.com

July 28, 2016

**BY EMAIL** rsahni@intfin.net

Lite Solar Corporation
c/o Ranbir "Ron" Sahni
3553 Atlantic Avenue #1183
Long Beach, California 90807

        Re:    Letter of Engagement – Bankruptcy matter

Dear Mr. Sahni:

Thank you for engaging us to assist Lite Solar Corporation in connection with its bankruptcy. You have engaged us to address matters in the District of Oregon and, if necessary, to litigate certain matters related to the bankruptcy. We look forward to working with you.

This letter, along with the enclosed Terms of Representation, summarizes the terms under which we will represent you in this matter. If this letter and the Terms of Representation reflect your understanding of the conditions of our representation, please sign in the space provided below and return a signed copy to me. If you have any questions in that regard, please call me.

Effective legal representation requires absolute trust and candor between attorney and client. We ask that you respond promptly and completely to our requests for documents and for information which we believe might be relevant. We, in turn, will keep you informed of our work on this matter and will send you copies of all pertinent documents and correspondence, whether prepared by us or received from other sources. Except in a few circumstances, communications between us pertaining to the subject of our representation are confidential attorney-client communications and will be used by us solely for the purpose of pursuing your interests.

**Basis of Fees.** The fee to be charged in this matter will be based upon a number of factors, primarily the time expended by me and other attorneys and paralegals, if any, working on this case. Each professional charges at his or her assigned hourly rate which may change from time-to-time. My billing rate is $315.00 an hour. The rates of other

# SUSSMAN SHANK LLP

Lite Solar Corporation
July 28, 2016
Page 2

attorneys in our office range between $230.00 and $485.00.  Our paralegals bill between $145.00 and $220.00.

**Costs.**  As discussed in more detail in the enclosed Terms of Representation, you will be responsible for all out-of-pocket costs and expenses incurred on your behalf.

**Time records.**  Each professional keeps a daily record of the time expended on each matter, which includes the activities undertaken on your behalf such as the initial interview, consultations, correspondence, preparation of documents, court appearances, telephone calls, etc.  Time charges are recorded in minimum units of one tenth of an hour.  Our time records in this matter will be available for your inspection at your request.

**Retainer.**  You have paid us a retainer prior to filing your bankruptcy petition.  Upon court approval, that retainer amount will be applied to our prepetition fees and the remainder held for post-petition fees.  All fees in excess of the retainer will be paid from other property of the estate upon application and approval of the court.

**Billing.**  We will provide you with monthly statements for the fees and expenses incurred, but will not require payment until we file interim or final fee applications and obtain approval of such fees and expenses by the bankruptcy court.  Fees and expenses will be paid from any unused retainer and from other property of the estate.

**Input of Other Attorneys and Paralegals.**  The most effective use of my time may be to utilize the assistance of other attorneys and paralegals with experience in specific fields.  We reserve the right to make those assignments when we believe such assignments will better serve you.

**Telephone Calls and Messages.**  There may be times when I will be in court, in meetings, or otherwise unavailable to answer your calls.  At such times, I encourage you to talk with my assistant, Kerri Bacon.  Often, Kerri will be able to respond to your questions or handle information you may wish to provide.  If you have a question that Ruth cannot answer, she can obtain the necessary background information and convey it to me with your question so that I may respond to you in a more effective and timely manner.  I encourage you to call when you have questions about the progress of this matter.  If I am not immediately available, I will return your call as soon as I can.

**Acknowledgment.**  By signing below, you are acknowledging that you have read and agree to the terms and conditions in this engagement letter, along with the enclosed Terms of Representation.  You further acknowledge that our failure at any time to require

# SUSSMAN SHANK LLP

Lite Solar Corporation
July 28, 2016
Page 3

performance of any provisions of this engagement agreement shall not limit our right to subsequently enforce any such provision, and that we have not and cannot guarantee success or any particular result in your matter. This letter agreement is the final and exclusive expression of our engagement agreement and any modifications or additions to it must be made in writing and signed by each of us.

Again, thank you for asking us to assist you with this matter. We look forward to working with you.

<div style="text-align:center">

Very truly yours,

SUSSMAN SHANK LLP

/s/

Clifford S. Davidson

</div>

Enclosure

C: Stephen Weaver, Esq. (by email, weaverlaw@hotmail.com)

I have read the foregoing engagement letter and the enclosed Terms of Representation and agree to their respective terms.

Lite Solar Corporation

By: Ron Sahni

Its: President

Date: 7-28-16

# SUSSMAN SHANK LLP

Lite Solar Corporation
July 28, 2016
Page 4

## TERMS OF EMPLOYMENT

Sussman Shank LLP is pleased to have the opportunity to represent you. From the outset and throughout our relationship with you, it is essential that we maintain a mutual and open line of communication. In order to assist that process, we are providing you with the following information about our standard client service practices and billing procedures. These practices and procedures will apply to our statements for legal services performed on your behalf unless you have reached a different written understanding with us.

## STAFFING ASSIGNMENTS FOR YOUR LEGAL REPRESENTATION

One lawyer will generally be assigned primary responsibility for seeing that your legal needs are met. When appropriate, additional lawyers may from time to time assist in providing legal services. We attempt to assign lawyers and other personnel on the basis of experience, expertise, nature and scope of the issues, and the time constraints imposed by the matter. This is done to provide you with the highest level of expertise and to provide prompt attention to your matter, while also attempting to minimize the cost to you. Our office also utilizes law clerks, paralegals and legal secretaries to perform routine legal services, such as information gathering, form preparation and legal research, which would otherwise have to be performed by a lawyer. These services are billed at substantially lower rates.

## BASIS FOR FEES

Our fees for a particular matter are based upon a variety of factors, depending on the nature of your case. The principal factor is time spent on the matter. You should expect to be charged for all time expended on your behalf, from the initial consultation through the conclusion of the project, including office conferences, telephone discussions, correspondence (including E-mails), review of documents and correspondence, research, travel time, and any other time expended on your behalf.

In some instances, other factors in addition to time may be appropriate in determining the basis for your fees. These can include the novelty and difficulty of questions involved, the experience and abilities of the lawyers rendering the services, the amount at issue, the results obtained, and time limitations imposed by you or by the circumstances of the matter. Conversely, there are cases in which other factors such as the result, the relatively small size, or other considerations will justify our charges being less than the normal hourly rate times the amount of time spent.

# SUSSMAN SHANK LLP

Lite Solar Corporation
July 28, 2016
Page 5

Hourly rates of our lawyers and legal assistants reflect fees generally charged in the area and the lawyers' experience and expertise.    These rates are subject to periodic adjustment and are typically adjusted at the beginning of each fiscal year, October 1st.    A statement of rates is available at any time upon your request.

## COSTS AND EXPENSES

We may, at your request, provide you with an estimate of the cost of legal services in your case.    We will do our best to provide an accurate estimate, but in any legal matter, circumstances may arise that will cause the cost to exceed the estimate, sometimes by a substantial amount.  Our estimate will be a good faith effort to provide you with a figure for planning purposes.  It is not a guarantee or an agreement on our part to provide the agreed on legal services for no more than the estimate.  Our firm may advance or incur certain costs and expenses that will be charged to you.  Such charges include court filing fees, deposition expenses, title company reports, long distance telephone charges, photocopying, printing, computerized legal research, travel expenses, messenger services, project staff, secretarial overtime, postage, and similar costs.  Some costs and expenses (such as telephone and duplication) may be charged at a higher rate than the actual amount incurred.  Although all such expenses are your responsibility and we assume no liability for payment, for administrative ease we may advance payment to these providers if your account is current.  When the amounts due are large, however, we may forward invoices to you for direct payment.  We will consult with you prior to entering into any commitments for any substantial expense items, regardless of which of us will be billed by the provider of the service.

## RETAINER

We may request that you provide a retainer to our firm prior to our providing services. Any retainer will be held in trust for you.  We are required by the Oregon Supreme Court to participate in the Interest on Lawyer Trust Account (IOLTA) program.    Under this program, interest on funds deposited in our trust account is paid to the Oregon Legal Foundation, a nonprofit organization which provides pro bono legal services.    Unless otherwise agreed in writing, when we issue statements for our services, the amount billed will be paid to the firm from that retainer at the time the statement is mailed to you.  If after you receive our statement you disagree with any amounts charged against the retainer, please contact us immediately.    At the conclusion of our representation of you, any unexpended retainer will be refunded to you.  If we do not initially request a retainer, we may later request that a retainer be provided.  Also, we may request that the retainer be

# SUSSMAN SHANK LLP

Lite Solar Corporation
July 28, 2016
Page 6

replenished or increased.

## INVOICES AND FEE APPLICATIONS

We will provide you with monthly statements for the fees and expenses incurred, but will not require payment until we file interim or final fee applications and obtain approval of such fees and expenses by the bankruptcy court. Fees and expenses will be paid from any unused retainer and from other property of the estate.

## CONFLICTS OF INTEREST

We have performed a name check of our other clients to see if our representing you creates a conflict of interest for our firm. That check was done using your name and the other names you gave us before we commenced working with you. Please inform us immediately if you use other names, have affiliated companies, or if there are others with involvement in this matter so that we may enter those into our conflicts system. Failure to do so may prevent us from discovering a conflict which, as discussed later, may disqualify us from continuing to represent you and cause considerable inconvenience and expense.

## TERMINATION OF SERVICES

You may terminate your attorney-client relationship with our firm at any time, subject to the payment of our then outstanding fees and costs. Similarly, we retain the right to cease performing legal services and terminate our representation of you for any reason consistent with the applicable ethical rules, including conflicts of interest, or failure to timely communicate or provide requested information or materials.

## TAX ADVICE

The matters we handle for you may have tax implications. Usually, clients obtain tax advice from their accountants and we will assume that your accountant will be providing you with that tax advice. If you wish, one of our tax attorneys can provide you with tax advice as well. Please advise us in writing if you wish for us to provide you with tax advice as part of our representation.

## COMMUNICATION

We value our professional relationship with you. Most often, problems can be avoided if there is full and candid communication between us. Our goal is to ensure that legal

# SUSSMAN SHANK LLP

Lite Solar Corporation
July 28, 2016
Page 7

services are delivered effectively, efficiently and professionally.   We also take care to provide you with billings that are accurate and understandable.   If we are meeting our goal of keeping you informed about the legal work we are doing, our billing should merely reflect and confirm work which you already know we have done.   Nevertheless, you should feel free to direct any questions about services, billing practices, or payment status to the lawyer responsible for your account, to our Administrator or to our accounting department.

No one can guarantee the security of cell phones and e-mail.  If you choose to converse with us that way, be aware of the dangers of being overheard or of having your communication intercepted.  We will not call you on a cell phone and will not use e-mail without your permission.  If you give us a cell phone number or we receive e-mail from you, we will assume we may respond by e-mail or by cell phone.

### PRIVACY NOTICE

In the course of our relationship with you, it may be necessary to collect personal information from you to provide certain legal services.   The confidentiality of this information is ensured by our adherence to the highest professional standards of confidentiality and the rules of governing attorney-client confidences.   These rules generally prohibit us from disclosing confidential information without your consent.

### Types of Nonpublic Personal Information We May Collect

We may collect nonpublic personal information about you that is provided to us by you or obtained by us with your authorization.

### Parties to Whom We Disclose Information

For all clients, we do not disclose any nonpublic personal information obtained in the course of our practice except as necessary to provide you with legal and related services.   For instance, our staff may have access to your nonpublic personal information in order for us to efficiently provide you with the legal services you have requested.   In some situations we may provide information to another organization (such as your accountant, your realtor, or insurance company) in order to obtain information or assist in providing the legal services you have requested.   In all such situations, we stress the confidential nature of information being shared.

# SUSSMAN SHANK LLP

Lite Solar Corporation
July 28, 2016
Page 8

## Protecting the Confidentiality and Security of Current and Former Clients' Information

We retain records relating to professional services you have asked us to provide.  In order to protect the confidentiality of your nonpublic personal information, we maintain physical, electronic and procedural safeguards that comply with the Code of Professional Responsibility that governs our profession.  Please call us with any questions that you have about protecting your privacy, (503) 227-1111.

## CLOSING

On conclusion of this matter we will write to you advising you that we have concluded our work. In closing your file, we will return any original copies of personal documents that you may have provided to us and archive your file for 10 years.  At the end of that 10-year period, we will destroy the file without notice to you unless there is some reason to retain it further.

(02369809)

# EXHIBIT B



1  Leslie A. Cohen, Esq. (SBN: 93698)
        leslie@lesliecohenlaw.com
2  J'aime K. Williams Esq. (SBN 261148)
        jaime@lesliecohenlaw.com
3  Brian A. Link, Esq. (SBN 275683)
        brian@lesliecohenlaw.com
4  LESLIE COHEN LAW, PC
   506 Santa Monica Blvd., Suite 200
5  Santa Monica, CA 90401
   Telephone:  (310) 394-5900
6  Facsimile:  (310) 394-9280

7
   *Proposed* Attorneys for Debtor-in-Possession
8
                    **UNITED STATES BANKRUPTCY COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10
                         **LOS ANGELES DIVISION**
11
                                            )    Case No.  2:16-bk-19896-BB
12  *In re*                                 )
                                            )    Chapter 11
13  LITE SOLAR CORP                         )
                                            )    **NOTICE OF APPLICATION OF
14                                          )    DEBTOR AND DEBTOR IN
                                            )    POSSESSION TO EMPLOY SUSSMAN
15                      Debtor and          )    SHANK LLP AS SPECIAL COUNSEL**
                        Debtor in Possession )
16                                          )    No Hearing Request – Filed on Notice of
                                            )    Opportunity to Request a Hearing per LBR 9013-
17                                          )    1(o)
                                            )
18                                          )
                                            )
19                                          )
                                            )
20  _____)

21       TO ALL INTERESTED PARTIES:

22       **PLEASE TAKE NOTICE THAT** Lite Solar Corp., the Chapter 11 Debtor and

23  Debtor-in-Possession in the above referenced case herein ("Debtor" or "Applicant"), has

24  filed an application to employ SUSSMAN SHANK LLP (the "Firm" or "Sussman") as

25  special counsel for the Debtor (the "Application") effective July 27, 2016.

26       **PLEASE TAKE FURTHER NOTICE** that per to Local Bankruptcy (LBR) Rule 9013-

27  1(o)(1), any response or request for hearing must be in the form of a brief, but complete,

28  written statement of all reasons in opposition along with a memorandum of points and

   authorities and all documentary evidence upon which the responding party intends to rely.

1   The written opposition must be filed with the Clerk of the United States Bankruptcy Court

2   and served on proposed counsel for the Trustee at the address set forth on the first page

3   hereof and the Office of the United States Trustee no later than fourteen (14) days from

4   the date set forth below.  Per LBR 9013-1(h) the failure to timely file and serve an

5   opposition may be deemed by the Court to be consent to the Application.

6        The Application is based upon the following facts:

7        1.    On July 27, 2016 (the "Petition Date"), Applicant filed a voluntary petition for

8   relief under Chapter 11 of the Bankruptcy Code.

9        2.    Applicant manages and operates its estate as a debtor-in-possession

10  pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  As of this filing, no trustee

11  or examiner has been appointed in Debtor's case.

12       3.    Applicant proposes to employ the Firm as special counsel at the expense of

13  the estate. Pursuant to 11 U.S.C. § 327(e), Applicant proposes to employ the Firm as

14  Bankruptcy Counsel on the terms set forth herein.

15       4.    Pre-petition, the Debtor was involved in certain Oregon state court litigation

16  (case number 14CV14976) (the "**Oregon Litigation**").  For the bulk of the Oregon

17  Litigation, the Debtor had employed attorneys other than Sussman.  The Debtor more

18  recently applied Sussman when the Debtor's prior counsel withdrew.

19       5.    The Debtor believes it is necessary and in the best interest of the estate to

20  continue to employ Sussman as special counsel to perform specific tasks necessary in

21  this case, with a view towards minimizing liabilities and maximizing recoveries to creditors

22  in this case.  The services to be performed by the Firm include representation of the

23  Debtor in the Oregon State Court (to the extent Oregon State Court practice continues to

24  be necessary) and the United States District Court for the District of Oregon with respect

25  to removal of the Oregon Litigation to that Court, and advising and assisting in the

26  removed Oregon Litigation.  As such, the Debtor is seeking to employ the Firm as its

27  special counsel to address the Oregon Litigation (including seeking removal thereof).

28

6.    The Firm is a highly-regarded business law firm in Portland, Oregon composed of attorneys who specialize in many areas of business law and litigation, including bankruptcy and debtor-creditor issues, and is well qualified to represent Applicant.  Additional information about the Firm may be located online at www.sussmanshank.com.  Applicant requires the services of the Firm to facilitate the removal of pending litigation in Oregon state court to the Bankruptcy Court where Debtor's case is pending, and advise thereon.  The primary attorney handling the litigation, Clifford S. Davidson, is admitted to practice in California (including C.D. Cal.; SBN: 246119), Oregon and Washington.

7.    In light of the Firm's professional reputation and expertise, its ability to thoroughly provide the services described above, and the Debtor's need for these special counsel services, the Debtor desires to employ the Firm as special counsel on the terms described therein.

8.    The Firm has agreed to accept as compensation for its services such sums as will be allowed by this Court based upon time spent and services rendered, and other appropriate factors.  Each professional at the Firm charges at his or her assigned hourly rate which may change from time-to-time. Mr. Davidson's billing rate is $315.00 an hour. The rates of other attorneys in the Firm range between $230 and $485, and paralegals bill between $145 and $220.  A copy of the Firm's engagement agreement with the Debtor is attached to the Application.  Debtor is also responsible for costs.

9.    To the extent applicable, the Firm will comply with the procedures set forth in the "Guide to Applications for Professional Compensation."  Compensation will be paid by the Debtor to the Firm, upon application to and approval by the Bankruptcy Court after notice and a hearing as required by 11 U.S.C. § 330.  Pre-petition, the Debtor paid the Firm a pre-petition retainer of $12,500, none of which has been applied.  The Firm requests this Court's approval to permit it to apply up to $9,500 of the pre-petition retainer amounts for the Firm's pre-petition work.  The Firm will submit interim and final fee applications with respect to application of the unused retainer and further payments from

1   the bankruptcy estate.  The Firm understands the provisions of Title 11, U.S.C. §§ 328,

2   329, 330 and Bankruptcy Rule 2016, which require, among other things, Court approval of

3   employment of professionals, and Court authorization of any fees and costs that the Firm

4   would receive from the estate after notice and hearing, as required under Rule 2002 of the

5   Federal Rules of Bankruptcy Procedure.

6           10.    The Firm does not have any pre-petition claims against the estate of the

7   Debtor.  The Firm's employment is not adverse to Debtor.  Other than as disclosed herein,

8   the Firm has no other connection with the Debtor or the estate, any other insider of the

9   Debtor or any related entities of the Debtor or principal of the Debtor or its attorneys or

10  accountants.  The Firm does not have any connections to the Office of the United States

11  Trustee, any persons employed in the Office of the United States Trustee or the

12  Bankruptcy Judge.   The Debtor is informed and believes that the Firm does not have any

13  connection with the creditors or any other parties in interest or their attorneys or

14  accountants, and has no adverse interest to the estate and the matters upon which the

15  Firm is to be engaged.

16          11.    The Firm is a "disinterested person" within the meaning of Section 101(14)

17  of the Bankruptcy Code and that the Firm does not hold any interest adverse to the estate.

18          12.    The Firm is not a creditor, an equity security holder or an insider of the

19  Debtor.  The Firm is not and was not within two (2) years before the date of the filing of

20  the petition, a director, officer or an employee of the Debtor and does not have any

21  interest materially adverse to the interest of the estates or any of the class of creditors or

22  equity security holders by reason of any direct or indirect relationship to, connection, with,

23  ore interest in, the Debtor for any other reason except as disclosed in the Application.

24          13.    The Firm (a) is not and was not a creditor, an equity security holder or an

25  insider of the Debtor; (b) is not and was not an investment banker for any outstanding

26  security of the Debtor; (c) is not and was not, within three (3) years before the date of the

27  filing of the banker in connection with the offer, sale or issuance of any security of the

28  Debtor; (d) is not and was not, within two (2) years before the date of the filing of the

1  petition herein, a director, officer or employee of the Debtor or of any investment banker

2  for any security of the Debtor; (e) does not have an interest materially adverse to the

3  interest of the estate or of any class of creditors or equity security holders, by reason of

4  any direct or indirect relationship to, connection with, or interest in, the Debtor or an

5  investment banker for any security of the Debtor, or for any other reason; and (f) does not

6  have any pre-petition claims against the Debtor.  To date, the Firm has not received any

7  lien or other interest in property of the Debtor or of a third party to secure payment of the

8  Firm's fees.

9        14.    A copy of the Application is available upon request to LESLIE COHEN LAW,

10  PC, 506 Santa Monica Bl., Ste 200, Santa Monica, CA 90401 Attn:  Brian Link,  Tel 310-

11  394-5900, or is also on file with Clerk of the Bankruptcy Court and may be viewed and/or

12  photocopied during regular business hours Monday through Friday.

13  **PLEASE MARK YOUR CALENDARS ACCORDINGLY.**

14

15  Dated: August 3, 2016                                 LESLIE COHEN LAW, PC

16

17                 By   _/s/ Leslie A. Cohen_____

18                     LESLIE A. COHEN
                   (Proposed) Attorneys for Debtor

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (specify): **NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY SUSSMAN SHANK LLP AS SPECIAL COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) ___8/3/16___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
Ron Maroko    ron.maroko@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov, dare.law@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) __8/3/16__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Hon. Sheri Bluebond | Lite Solar Corp. | Office of United States Trustee |
| U.S. Bankruptcy Court | Attn: Ranbir Sahni | 915 Wilshire Blvd., Suite 1850 |
| 255 E. Temple Street | 3553 Atlantic Avenue #1183 | Los Angeles, CA 90017 |
| Los Angeles, CA 90012 | Long Beach, CA 90807 | |

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 8/3/16 | Brian Link | /s/ Brian Link |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

**BY MAIL:**

Clifford S. Davidson, Esq.
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, Oregon 97205

Milo Petranovich, Laura Richardson
Lane Powell PC
601 SW Second Ave., Suite 2100
Portland, OR 97204

20 Largest Unsecured Creditors:

LDK Solar Int'l. Co. Ltd.
1290 Oakmead Parkmead, Suite
306 Sunnyvale, CA 94085

Quality Bending & Fabrication
10005 SW Herman Road
Tualatin, OR 97062

Marco Gomez
3553 Atlantic Avenue, #250
Long Beach, CA 90807

Canadian Solar (USA) Inc.
Building A6
Suzhou New& Hi-tech District Exporting Processing
Zone
Jiang, P.R. China 215215

Department of the Treasury
Internal Revenue Service
PO Box 510000
San Francisco, CA 94151-5100

Starn, O'Toole,  Marcus & Fisher
Pacific Guardian Center, Makai Tower
733 Bishop St, 19th Floor
Honolulu, HI 96813

Slinde Nelson Stanford
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204

Chartis
22427 Network Place
Chicago, IL 60673-1224

Gary Babick
317 Jasmine Ave,
Corona Del Mar, CA 92625

Aerotek Energy Services
P.O. Box 198531
Atlanta, GA 30384

Century Quality Management
4221 Wilshire Blvd Suite 480
Los Angeles, CA 90010

Weather Proof Roofing LLC
8406 NE Broadway Street
Portland, OR 97220

Montgomery Electric & Maintenance, Inc.
2205 Hodges Street
Lake Charles, LA 70601

ECOtality
430 South 2nd Ave
Phoenix, AZ 85003

Bergkvist, Bergkvist & Carter, LLP
400 Oceangate, Suite 800
Long Beach, CA 90802

DET Logistics (USA) Corporation
4405 Cushing Parkway
Fremont, CA 94538

Westside Building Material Corp.
1111 E. Howell Avenue
Anaheim, CA 92805

Konica Minolta
PO Box 100706
Pasadena, CA 91189-0706

Platt
10605 SW Allen Blvd
Beaverton, OR 97005

Hertz Equipment Rental
PO BOX 650280
Dallas, TX 75265-0280

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY SUSSMAN SHANK LLP AS SPECIAL COUNSEL; DECLARATION OF CLIFFORD DAVIDSON** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___8/3/16___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
Ron Maroko    ron.maroko@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov, dare.law@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___8/3/16___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 8/3/16 | Brian Link | /s/ Brian Link |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                     **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

**By Mail:**

Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple Street
Los Angeles, CA 90012

Lite Solar Corp.
Attn: Ranbir Sahni
3553 Atlantic Avenue #1183
Long Beach, CA 90807

Office of United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Clifford S. Davidson, Esq.
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, Oregon 97205

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                   **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled **Request for Judicial Notice in Support Of Motion For Order Permitting Slinde & Nelson, LLC To Withdraw Its Claim Pursuant To Federal Rule Of Bankruptcy Procedure 3006** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 8, 2018,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Paul J Carter on behalf of Creditor David K Luneke
rotorbear@earthlink.net

Leslie A Cohen on behalf of Counter-Defendant Lite Solar Corp.
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com

Leslie A Cohen on behalf of Debtor Lite Solar Corp.
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com

Leslie A Cohen on behalf of Plaintiff Lite Solar Corp.
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com

Leslie A Cohen on behalf of Plaintiff Totalis Energy, LLC
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com

Leslie A Cohen on behalf of Plaintiff Ranbir S Sahni
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com

Clifford S Davidson on behalf of Counter-Defendant Lite Solar Corp.
cdavidson@sussmanshank.com, jlanglois@sussmanshank.com

Clifford S Davidson on behalf of Counter-Defendant David K Luneke
cdavidson@sussmanshank.com, jlanglois@sussmanshank.com

Clifford S Davidson on behalf of Counter-Defendant Ranbir Sahni
cdavidson@sussmanshank.com, jlanglois@sussmanshank.com

Paul B George on behalf of Defendant KAMANA O'KALA, LLC
docketing-pdx@lanepowell.com, beldingt@lanepowell.com

Paul B George on behalf of Defendant Patrick Schellerup
docketing-pdx@lanepowell.com, beldingt@lanepowell.com

Irving M Gross on behalf of Interested Party Interested Party
img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Interested Party Oregon State Bar Professional Liability Fund
img@lnbyb.com, john@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

David L. Neale on behalf of Interested Party Oregon State Bar Professional Liability Fund
dln@lnbyb.com

SreeVamshi C Reddy on behalf of Counter-Claimant KAMANA O'KALA, LLC
reddyv@lanepowell.com, grangerk@lanepowell.com

SreeVamshi C Reddy on behalf of Counter-Claimant Patrick Schellerup
reddyv@lanepowell.com, grangerk@lanepowell.com

SreeVamshi C Reddy on behalf of Creditor KAMANA O'KALA, LLC
reddyv@lanepowell.com, grangerk@lanepowell.com

SreeVamshi C Reddy on behalf of Defendant KAMANA O'KALA, LLC
reddyv@lanepowell.com, grangerk@lanepowell.com

SreeVamshi C Reddy on behalf of Defendant Patrick Schellerup
reddyv@lanepowell.com, grangerk@lanepowell.com

Scott J Scofield on behalf of Creditor Montgomery Electric & Maintenance, Inc.
brnotice@sgpgl.com, nwall@sgpgl.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**: On **May 8, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 8, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Chambers Copy Via  Attorney Service
Hon. Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street, Chambers 1534
Los Angeles, CA 90012

☐ *Service information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 8, 2018 | John Berwick | /s/ John Berwick |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**