Leslie A. Cohen, Esq. (SBN: 93698)
 leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
 jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Attorneys for Debtor and Plaintiff

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

*In re*

LITE SOLAR CORP.,

                    Debtor and Debtor in
Possession

LITE SOLAR CORP.,  a California
Corporation,
                    Plaintiff,

          VS.


HEATHER SCHIFFKE, an individual, BRIAN
ARBIZZANI, an individual, ADAM WARD, an
individual, STEVE SEFCHICK, an individual,
and DOES 1-100
                    Defendants.

Chapter 11

Case No. 2:16-bk-19896-BB

Adversary No.: To Be Assigned


**COMPLAINT:**
  **(1) TO AVOID FRAUDULENT
      TRANSFERS;**
  **(2) CONVERSION**
  **(3) UNJUST ENRICHMENT**
  **(4) MONEY HAD AND
      RECEIVED;**
  **(5) ACCOUNTING**

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE;**

**THE OFFICE OF THE UNITED STATES TRUSTEE; DEFENDANTS AND THEIR**

**COUNSEL OF RECORD; AND ALL OTHER INTERESTED PARTIES:**

          Plaintiff, Lite Solar Corp. (the "**Plaintiff**" or "**Debtor**" or "**Lite Solar**"), the debtor and

debtor-in-possession in the above-referenced chapter 11 bankruptcy case (the

1  "**Bankruptcy Case**"), complaining of defendants Heather Schiffke, an individual

2  ("**Schiffke**"), Brian Arbizzani, an individual ("**Arbizzani**"), Adam Ward, an

3  individual("**Ward**"), Steve Sefchick, an individual ("**Sefchick**"), and Does 1-100, to be

4  determined.  Schiffke, Arbizzani, Ward, Sefchick and Does 1-100 are sometimes referred

5  to collectively as the "**Defendants**" and individually as "**Defendant**"), alleges as follows:

6  ### I.    JURISDICTION AND VENUE

7  1.    On or about July 27, 2016 (the "**Petition Date**"), the Debtor filed a voluntary

8  petition under Title 11, Chapter 11 of the United States Code (the "**Code**"), originating this

9  Bankruptcy Case, entitled *In re Lite Solar Corp.*, Case No. 2:16-bk-19896-BB

10  ("**Bankruptcy Case**").

11  2.    This Court has jurisdiction under 28 U.S.C. §§ 157, 1132 and 1334(a) over

12  the subject matter of this proceeding because the claims asserted herein relate to a case

13  pending under the Bankruptcy Code for the Central District of California, Los Angeles

14  Division (the "**Bankruptcy Court**") and Local Rules and Orders of the United States

15  District Court for the Central District of California governing the reference and conduct of

16  proceedings arising under or related to cases under Title 11 of the United States Code,

17  including General Order No. 266, dated October 9, 1984.

18  3.    This is a core proceeding under 28 U.S.C. § 157(b).

19  4.    Pursuant to 28 U.S.C. §§ 1408 and 1409, venue is proper in the Central

20  District of California, Los Angeles Division, because the Bankruptcy Case is pending in

21  this district and division.

22  5.    Pursuant to 11 U.S.C. § 544(a), the Debtor has standing to bring this

23  adversary proceeding.

24  ### II.    PARTIES

25  6.    Plaintiff is a California Corporation who, at all times mentioned herein,

26  conducted business in, and/or had its principal place of business in, the Central District of

27  California, and is the debtor-in-possession in the Bankruptcy Case.

28

7.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Schiffke is an individual who resides in the State of Oregon and at all times herein mentioned had a personal relationship with and lived with Patrick Schellerup ("**Schellerup**"), the former regional manager of Plaintiff and defendant in Adversary Case No. 2:16-ap-01349-BB pending in this Court.

8.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Arbizzani is an individual who resides in the State of Oregon.  Plaintiff hired Arbizzani as a research and development engineer on or about November 30, 2010 pursuant to written employment terms that, among other things, state any disputes are to be resolved in Los Angeles County, State of California under the laws of the State of California.  Arbizzani's employment with Plaintiff ended on or about April 30, 2013.

9.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Ward is an individual who resides in the State of Oregon.  Plaintiff hired Ward as an area manager on or about March 12, 2011 pursuant to written employment terms that, among other things, state any disputes are to be resolved in Los Angeles County, State of California under the laws of the State of California.  Ward's employment with Plaintiff ended on or about April 30, 2013.

10.      Plaintiff is informed and believes, and based thereon alleges, that the Defendant Sefchick is an individual who resides in the State of Oregon and was a former employee of Plaintiff.  Plaintiff hired Sefchick as Limited Renewable Energy Technician on or about January 22, 2012.  Sefchick's employment with Plaintiff ended our or about April30, 2013.

## III.   GENERAL ALLEGATIONS

11.      The Debtor was formed in 2009.   The Debtor's business was the development and installation of photovoltaic solar systems in several states, including the State of Oregon.

12.      In April 2012, all of the Lite Solar Oregon operations were based at 8811 SE Herbert Court, Clackamas, OR 97015 (the "**Clackamas Location**").  All Plaintiff's

1  Oregon employees worked there, including Arbizzani, Ward, and Sefchick.  All of

2  Plaintiff's solar panels, materials and equipment (including office furniture, supplies and

3  approximately 40 computers, including a server) were at the Clackamas Location.

4      13.    By April 30, 2013 Plaintiff, at Schellerup's advice, had terminated all of its

5  employees.  Schellerup's last day as a Lite Solar employee was May 21, 2013.

6  Schellerup then hired most of the Lite Solar employees, including Arbizzani and Sefchick,

7  but not Ward, through Schellerup's company Kamana O'Kala, an Oregon limited liability

8  company ("**Kamana**"), and resumed operations at the Clackamas Location, wrongfully

9  using Lite Solar's equipment and materials.

10          **Schiffke Has a Solar and Thermal System Installed on Her House with**

11                      **Lite Solar Resources and Assets**

12      14.    Plaintiff is informed and believes and based thereon alleges that in 2012

13  Schiffke held fee title to the single-family residence located as 3547 Southeast 11th

14  Avenue, Portland, Oregon 97202 ("**Schiffke House**"), and has continued to hold title to

15  the Schiffke House as of the date hereof.  Plaintiff is informed and believes and based

16  thereon alleges that from 2012 until sometime in 2017, Schiffke and Schellerup lived in

17  the Schiffke House.  In 2012, Schiffke, using Schellerup as her agent, knowingly and

18  intentionally misappropriated and/or diverted Plaintiff's staff, materials, equipment and

19  supplies to design and install a combination photovoltaic and thermal hot water solar

20  system ("**Schiffke System**") on the roof of the Schiffke House.  Plaintiff is informed and

21  believes and based thereon alleges that, despite the Plaintiff having no knowledge or

22  involvement in the Schiffke System, a building permit was obtained in Plaintiff's name for

23  the Schiffke System with a listed the valued at $36,000, while the true market value was

24  $50,000.  Plaintiff is further informed and believes and based thereon alleges that

25  Schiffke entered into a contract with Portland Gas and Electric **("PGE"**) under which PGE

26  agreed to pay to Schiffke feed-in-tariff ("**FIT**") payments for the electrical power generated

27  by the Schiffke System. Said agreement is PGE number SPO- O20854.  Plaintiff is

28  further informed and believes and based thereon alleges that the Schiffke System has

-4-
**COMPLAINT**

1    been in continuous operation since completion in 2012 and that Schiffke has enjoyed the

2    benefit of electrical power for her home use, as well as FIT revenue, from the Schiffke

3    System.

4        15.    Despite the fact that the Debtor's assets and staff designed and built the

5    project at Schiffke House, Plaintiff does not have a contract on file for this project and

6    never approved the Schiffke System.  Furthermore, Schiffke never paid Plaintiff for the

7    Schiffke System and never paid Plaintiff any of the FIT payments that PGE paid in

8    connection with the Schiffke System.

9        **Arbizzani Has a Solar and Thermal System Installed on His House with**

10       **Lite Solar Resources and Assets**

11       16.    Plaintiff is informed and believes and based thereon alleges that in 2013,

12   Arbizzani held fee title to the single-family residence located as 3417 Southeast Guiford

13   Drive, Milwaukie, Oregon 97222 ("**Arbizzani House**"), and has continued to hold title to

14   the Arbizzani House as of the date hereof.  Plaintiff is informed and believes and based

15   thereon alleges that in 2013,  Arbizzani knowingly and intentionally misappropriated

16   and/or diverted Plaintiff's staff, materials, equipment and supplies to design and install a

17   photovoltaic solar system ("**Arbizzani System**") on the roof of the Arbizzani House.

18   Plaintiff is further informed and believes and based thereon alleges that in 2015, without

19   the Plaintiff's knowledge or permission, Arbizzani added a thermal hot water solar system

20   to the Arbizzani System using thermal panels, equipment and materials that Arbizzani

21   knew were owned by Plaintiff.  Plaintiff is further informed and believes and based

22   thereon alleges that Arbizzani entered into a contract with PGE under which PGE agreed

23   to pay Arbizzani FIT payments for the electrical power generated by the Arbizzani

24   System.  Said agreement is PGE number SPO-0872G7.  Plaintiff is further informed and

25   believes and based thereon alleges that the Arbizzani System has been in continuous

26   operation since completion in 2013 and that Arbizzani has enjoyed the benefit of electrical

27   power from the Arbizzani System for his home use, as well as the FIT revenues he has

28   received.

17.     Despite the fact that the Debtor's assets and staff were used to design and build the project at Arbizzani House, Plaintiff does not have a contract on file for this project and never approved the Arbizzani System.  Furthermore, Arbizzani never paid Plaintiff for the Arbizzani System and never paid Plaintiff any of the FIT payments that PGE paid in connection with the Arbizzani System.

## Ward Has a Solar System Installed on His House with Lite Solar Resources and Assets

18.     Plaintiff is informed and believes and based thereon alleges that in 2013 Ward held fee title to the single-family residence located as 42020 Southeast View Acres Road, Milwaukie, Oregon 97267 ("**Ward House**"), and has continued to hold title to the Ward House as of the date hereof.  Plaintiff is informed and believes and based thereon alleges that in or around 2013, Ward knowingly and intentionally misappropriated and/or diverted Plaintiff's staff, materials, equipment and supplies to design and install a photovoltaic solar system ("**Ward System**") on the roof of the Ward House.    Plaintiff is further informed and believes and based thereon alleges that Ward entered into a contract with PGE under which PGE agreed to pay Ward FIT payments for the electrical power generated by the Ward System.  Said agreement is PGE number SPO- F33394. Plaintiff is further informed and believes and based thereon alleges that the Ward System has been in continuous operation since completion in or around 2013 and that Ward has enjoyed the benefit of electrical power from the Ward System for his home use, as well as revenues from the FIT payments.

19.     Despite the fact that the Debtor's assets and staff designed and built the project at Ward House, Plaintiff does not have a contract on file for this project and never approved the Ward System.  Furthermore, Ward never paid Plaintiff for the Ward System and never paid Plaintiff any of the FIT payments that PGE paid in connection with the Ward System.

1

2

**Sefchick Has a Solar System Installed on His House**

**with Lite Solar Resources and Assets**

3    20.    Plaintiff is informed and believes and based thereon alleges that in 2013

4    Sefchick held fee title to the single-family residence located as 4431 Southeast Francis

5    Street, Portland, Oregon 97206 ("**Sefchick House**"), and has continued to hold title to the

6    Sefchick House as of the date hereof.  Plaintiff is informed and believes and based

7    thereon alleges that in 2014, Sefchick knowingly and intentionally misappropriated and/or

8    diverted Plaintiff's materials, equipment and supplies to install a photovoltaic solar system

9    ("**Sefchick System**") on the roof of the Sefchick House.    Plaintiff is further informed and

10    believes and based thereon alleges that Sefchick entered into a contract with PGE under

11    which PGE agreed to credit the PGE electric bill to Sefchick for the electrical power

12    generated by the Sefchick System.    Plaintiff is further informed and believes and based

13    thereon alleges that the Sefchick System has been in continuous operation since

14    completion in 2014 and that Sefchick has enjoyed the benefit of electrical power from the

15    Sefchick System for his home use, in addition to the revenues from the FIT payments.

16    21.    Despite the fact that the Debtor's assets and staff designed and built the

17    project at Sefchick House, Plaintiff does not have a contract on file for this project and

18    never approved the Sefchick System.  Furthermore, Sefchick never paid Plaintiff for the

19    Sefchick System and never paid Plaintiff any of the credits that he has received from PGE

20    in connection with the Sefchick System.

21    **FIRST CLAIM FOR RELIEF**

22    **AVOIDANCE OF FRAUDULENT TRANSFERS AGAINST DEFENDANT SCHIFFKE**

23    **[11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]**

24    22.    Plaintiff re-alleges and incorporates herein by this reference paragraphs 1

25    through 21, inclusive, of this Complaint, as though set forth fully herein.

26    23.    Defendant Schiffke wrongfully diverted the Debtor's funds, employee hours

27    and assets through the Schiffke System ("**Schiffke Transfers**").

28

24.    Each of the Schiffke Transfers was made without the Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

25.    Defendant Schiffke effectuated each of the Schiffke Transfers without the Debtor's knowledge or authorization.  Without limitation, the wrongful diversion of the Debtor's assets and funds denied the Debtor access to its main assets and funds which were required to keep the Debtor's business running.

26.    By virtue of the foregoing, the Schiffke Transfers constituted fraudulent transfers pursuant to 11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07.

## SECOND CLAIM FOR RELIEF

**AVOIDANCE OF FRAUDULENT TRANSFERS AGAINST DEFENDANT ARBIZZANI**

**[11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]**

27.    Plaintiff re-alleges and incorporates herein by this reference paragraphs 1 through 26, inclusive, of this Complaint, as though set forth fully herein.

28.    Defendant Arbizzani wrongfully diverted the Debtor's funds and assets through the Arbizzani System ("**Arbizzani Transfers**").

29.    Each of the Arbizzani Transfers was made without the Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed

1   or should reasonably have believed that the Debtor would incur, debts that would be

2   beyond the Debtor's ability to pay as such debts matured.

3       30.    Defendant Arbizzani effectuated each of Arbizani Transfers without the

4   Debtor's knowledge or authorization.  Without limitation, the wrongful diversion of the

5   Debtor's assets and funds denied the Debtor access to its main assets and funds which

6   were required to keep the Debtor's business running.

7       31.    By virtue of the foregoing, the Arbizzani Transfers constituted fraudulent

8   transfers pursuant to 11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and

9   3439.07.

10  ### THIRD CLAIM FOR RELIEF

11  **AVOIDANCE OF FRAUDULENT TRANSFERS AGAINST DEFENDANT WARD**

12  **[11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]**

13      32.    Plaintiff re-alleges and incorporates herein by this reference paragraphs 1

14  through 31, inclusive, of this Complaint, as though set forth fully herein.

15      33.    Defendant Ward wrongfully diverted the Debtor's funds and assets through

16  the Ward System ("**Ward Transfers**").

17      34.    Each of the Ward Transfers was made without the Debtor receiving a

18  reasonably equivalent value in exchange for such transfer and: (i) at a time when the

19  Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time

20  that the Debtor was engaged in a business or a transaction, or was about to engage in a

21  business or a transaction, for which any property remaining with the Debtor was an

22  unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed

23  or should reasonably have believed that the Debtor would incur, debts that would be

24  beyond the Debtor's ability to pay as such debts matured.

25      35.    Defendant Ward effectuated each of the Ward Transfers without the

26  Debtor's knowledge or authorization.  Without limitation, the wrongful diversion of the

27  Debtor's assets and funds denied the Debtor access to its main assets and funds which

28  were required to keep the Debtor's business running.

1  By virtue of the foregoing, the Ward Transfers constituted fraudulent transfers pursuant to

2  11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07.

## FOURTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFERS AGAINST DEFENDANT

### SEFCHICK

**[11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]**

36.     Plaintiff re-alleges and incorporates herein by this reference paragraphs 1 through 35, inclusive, of this Complaint, as though set forth fully herein.

37.     Defendant Sefchick wrongfully diverted the Debtor's funds and assets through the Sefchick System ("**Sefchick Transfers**").

38.     Each of the Sefchick Transfers was made without the Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

39.     Defendant Sefchick effectuated each of the Sefchick Transfers without the Debtor's knowledge or authorization.  Without limitation, the wrongful diversion of the Debtor's assets and funds denied the Debtor access to its main assets and funds which were required to keep the Debtor's business running.

By virtue of the foregoing, the Sefchick Transfers constituted fraudulent transfers pursuant to 11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07.

## FIFTH CLAIM FOR RELIEF

### RECOVERY OF AVOIDED TRANSFERS AGAINST ALL DEFENDANTS

**[11 U.S.C. § 550(a)(1) and (2)]**

40.    Plaintiff re-alleges and incorporates herein by this reference paragraphs 1 through 39, inclusive, of this Complaint, as though set forth fully herein.

41.    By reason of the foregoing, the Debtor is entitled to recover for the benefit of the Estate the Schiffke Transfers, Arbizzani Transfers, Ward Transfers and the Sefchick Transfers from the Defendants pursuant to 11 U.S.C. § 550(a).

**SIXTH CLAIM FOR RELIEF**

**PRESERVATION OF AVOIDED TRANSFERS AGAINST ALL DEFENDANTS**

**[11 U.S.C. § 551]**

42.    Plaintiff re-alleges and incorporates herein by this reference paragraphs 1 through 41, inclusive, of this Complaint, as though set forth fully herein.

43.    By reason of the foregoing, the avoided Schiffke Transfers, Arbizzani Transfers, Ward Transfers and the Sefchick Transfers are preserved for the benefit of the Estate.

**SEVENTH CLAIM FOR RELIEF**

**CONVERSION AGAINST ALL DEFENDANTS**

44.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 43 above.

45.    By means of the acts alleged above, Defendants Schiffke, Arbizzani, Ward and Sefchick each acquired money and property which rightfully belonged to the Plaintiff.

46.    Each Defendant used or converted the Plaintiff's property in a manner inconsistent with the Plaintiff's property rights.

47.    As a result of the Defendants' wrongful use and conversion of the Plaintiff's property, Plaintiff has been damaged in an amount to be proven at trial as a result of Defendants' actions in converting and misappropriating the Plaintiffs assets.

**EIGHTH CLAIM FOR RELIEF**

**UNJUST ENRICHMENT AGAINST ALL DEFENDANTS**

48.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 47, above.

49.     By means of the fraud and other wrongful acts alleged above, Defendants Schiffke, Arbizzani, Ward and Sefchick each acquired money and property, with knowledge of said fraudulent and wrongful acts, including specifically, and without limitation,  that Defendants had no right (a) to the solar system installed on said Defendant's house (b) to collect money or credits from the solar system and (c) to receive the benefit of the electrical power generated by such  solar system, such that each Defendant holds such funds in constructive trust for Plaintiff and/or must make restitution to Plaintiff in a sum sufficient to deprive Defendants of all unjust enrichment derived from such actions, sales and wrongful conduct.

50.    Plaintiff therefore demands the imposition of a constructive trust on the solar systems and FIT revenues, restitution and judgment against Defendants in an amount to be determined at trial, together with interest, attorneys' fees, and the cost of this action.

## NINTH CAUSE OF ACTION

## MONEY HAD AND RECEIVED AGAINST ALL DEFENDANTS

51.    Plaintiff realleges and incorporates by reference paragraphs 1 through 50, inclusive as though fully set forth. Defendants are indebted to Plaintiff by virtue of Defendants' receipt of funds that should have been paid to Plaintiff in an amount to be proven at trial.

52.    By virtue of this Complaint, Plaintiff makes demand each Defendant to pay all amounts wrongfully received by Defendants. No payment has been made by Defendants to Plaintiff, and there is now owing a sum to be proved at trial, with interest on said sum. To the extent said debt arose more than two years prior to the commencement of this action, Defendants fraudulently concealed their conduct and Plaintiff was unable to discover such conduct, as more fully alleged in this Complaint, such that the filing of this claim for relief is timely.

53.    In addition, because some of the wrongful acts alleged against Defendants Arbizzani, Ward and Sefchick occurred during the time when each was an employee of Plaintiff, each said Defendant breached his fiduciary duty as an employee and as a result each said Defendant has forfeited his right to all compensation paid from the date of such wrongful act (the exact date of which will be proven at trial) through the date which each such defendant was last paid, including without limitation all reimbursable expenses. J.C. Peacock, Inc. v. Hasko, 196 Cal.App.2d 353 (1961).

## TENTH CAUSE OF ACTION

## ACCOUNTING AGAINST HEATHER SCHIFFKE, ARBIZZANI, WARD AND SEFCHICK

54.    Plaintiff realleges and incorporates by reference paragraphs 1 through 53, inclusive, as though fully set forth.

55.    Starting in 2012, Defendants and each of them had and have possession of Plaintiff's solar panel inventory, equipment and materials which defendants have used for Defendants' benefit and to the detriment of Plaintiff.

56.    Defendants and each of them have realized revenue, income and profits from their wrongful sale, retention and use of Plaintiff's solar panel inventory, equipment and materials, and all of such revenue, income and profits should be disgorged by Defendants and each of them to Plaintiff.

57.    Defendants and each of their misconduct has resulted in a loss to Plaintiff which cannot be ascertained without an accounting.

58.    As a result of Defendants' aforesaid wrongful acts and omissions, Plaintiff has been injured and damaged and demands the equitable remedy of accounting.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants as follows:

1.    On the first cause of action, that the Schiffke Transfers be avoided for the benefit of the Estate;

2.    On the second cause of action, that the Arbizzani Transfers be avoided for the benefit of the Estate.

3.    On the third cause of action, that the Ward Transfers be avoided for the benefit of the Estate.

4.    On the fourth cause of action, that the Sefchick Transfers be avoided for the benefit of the Estate.

5.    On the fifth cause of action, to recover the value of the Schiffke Transfers, Arbizzani Transfers, Ward Transfer and Sefchick Transfers, for the benefit of the estate, plus interest as the maximum legal rate from the date of the transfers, or such other amount as shall be shown by proof prior to judgment herein.

6.    On the sixth cause of action, that avoided 4 Schiffke Transfers, Arbizzani Transfers, Ward Transfer and Sefchick Transfers are preserved for the benefit of the Estate;

7.    On the seventh cause of action, award Plaintiff compensatory damages in an amount to be determined at trial;

8.    On the eighth cause of action, grant Plaintiff equitable relief in the nature of disgorgement, and restitution, and creating a construction trust to remedy Defendants' unjust enrichment;

9.    On the ninth cause of action, make a determination as to the sum now owing, with interest on said sum;

10.    On the tenth cause of action, order Defendants to make available all information relating to the wrongful sale, retention and use of Plaintiff's assets utilized in the avoided transfers in order than an accounting may be realized;

11.    On all causes of action, that the Plaintiff be awarded costs and fees

incurred in connection with this action, including attorneys' fees; and

12.    For such other and further relief as this Court deems just and proper.

Dated: July 26, 2018                                              LESLIE COHEN LAW, PC

By: */s/ Leslie A. Cohen*
Leslie A. Cohen
Attorneys for Plaintiff

**COMPLAINT**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Lite Solar Corp. | DEFENDANTS<br>HEATHER SCHIFFKE, an individual, BRIAN ARBIZZANI, an individual, ADAM WARD, an individual, STEVE SEFCHICK, an individual, and DOES 1-100 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leslie Cohen Law PC<br>506 Santa Monica Blvd. Suite 200, Santa Monica, CA 90401<br>(310) 394-5900 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT: (1)TO AVOID FRAUDULENT TRANSFERS; (2)CONVERSION (3)UNJUST ENRICHMENT (4) MONEY HAD AND RECEIVED; (5)ACCOUNTING

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/propert y - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☐ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ TBD |

Other Relief Sought
Conversion, Unjust Enrichment, Money Had and Received, Accounting


American LegalNet, Inc.
www.FormsWorkFlow.com

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Lite Solar Corp. | BANKRUPTCY CASE NO.<br>2:16-bk-19896-BB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Bluebond |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br>/s/ Leslie Cohen | | |
| DATE<br>7/26/18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Leslie A. Cohen | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



American LegalNet, Inc.
www.FormsWorkFlow.com

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leslie A. Cohen, Esq. (SBN: 93698)<br>  leslie@lesliecohenlaw.com<br>J'aime K. Williams, Esq. (SBN 261148)<br>  jaime@lesliecohenlaw.com<br>LESLIE COHEN LAW, PC<br>506 Santa Monica Blvd., Suite 200<br>Santa Monica, CA 90401<br>Telephone: (310) 394-5900<br>Facsimile: (310) 394-9280<br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>LITE SOLAR CORP. | |
|---|---|
| | CASE NO.: 2:16-bk-19896-BB<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: |
| Debtor(s). | |

| LITE SOLAR CORP.<br><br><br><br>Plaintiff(s)<br>Versus<br>HEATHER SCHIFFKE, an individual, BRIAN ARBIZZANI, an individual, ADAM WARD, an individual, STEVE SEFCHICK, an individual, and DOES 1-100<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |
|---|---|

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____   **Address:**
> **Time:** _____          ☒ 255 East Temple Street, Los Angeles, CA 90012
> **Courtroom:** _____       ☐ 3420 Twelfth Street, Riverside, CA 92501
>                   ☐ 411 West Fourth Street, Santa Ana, CA 92701
>                   ☐ 1415 State Street, Santa Barbara, CA 93101
>                   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
              Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:




☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.




☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.




☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_____    _____    _____
*Date*                                    *Printed Name*                                                   *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.