1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  SONIA SINGH (State Bar No. 311080)
   *ssingh@DanningGill.com*
4  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
5  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11

12 | In re                          | Case No. 2:16-bk-19896-BB

13 | LITE SOLAR CORPORATION,         | Chapter 7

14 |            Debtor.              | **TRUSTEE'S NOTICE OF MOTION AND
                                       MOTION: (1) TO APPROVE**
15                                   **COMPROMISES AND SETTLEMENTS
                                       WITH OREGON DEFENDANTS IN TWO**
16                                   **ADVERSARY PROCEEDINGS; AND (2)
                                       FOR AUTHORITY TO PAY SPECIAL**
17                                   **COUNSEL'S CONTINGENCY FEE AND
                                       COSTS; MEMORANDUM OF POINTS**
18                                   **AND AUTHORITIES, DECLARATIONS
                                       OF BRAD D. KRASNOFF AND JOSHUA**
19                                   **D. STADTLER, AND REQUEST FOR
                                       JUDICIAL NOTICE IN SUPPORT**
20                                   **THEREOF**

21                                   Date:    June 3, 2020
                                     Time:    10:00 a.m.
22                                   Place:   Courtroom 1539
                                              255 E. Temple Street
23                                              Los Angeles, California 90012

24

25

26

27

28

1589420.1  1619896A

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................5

II.  FACTUAL SUMMARY ...........................................................................................................5

    A.  Bankruptcy Facts ...................................................................................................5

    B.  The Adversary Proceedings ....................................................................................5

    C.  Employment of Special Counsel ............................................................................6

    D.  Proposed Settlements .............................................................................................6

III.  LEGAL ARGUMENT ..............................................................................................................8

    A.  Standards for Approval of Compromises ...............................................................8

    B.  The Agreements are in the Best Interest of the Estate and Should be
       Approved Under Bankruptcy Rule 9019 .................................................................9

    C.  The Court Should Authorize the Trustee to Pay Dunn Carney .................................12

IV.  CONCLUSION.........................................................................................................................12

DECLARATION OF BRAD D. KRASNOFF ..................................................................................13

DECLARATION OF JOSHUA D. STADTLER ..............................................................................19

REQUEST FOR JUDICIAL NOTICE .............................................................................................21

PLEASE TAKE NOTICE that Brad D. Krasnoff, the Chapter 7 trustee (the "Trustee") for the estate of Lite Solar Corp. (the "Debtor"), hereby moves the Court for an order: (1) approving compromises and settlements with the Oregon defendants in two adversary proceedings; and (2) authorizing the Trustee to pay his special litigation counsel its contingency fee and costs (the "Motion").

The Motion requests that the Court approve: (1) a settlement between the Trustee and defendants Energy Wise Lighting and Peter Greenberg (collectively, the "Energy Wise Defendants"); and (2) a settlement between the Trustee and defendants Heather Schiffke, Brian Arbizzani, Adam Ward, and Steve Sefchick (collectively, the "Schiffke Defendants"). True and correct copies of the written settlement agreements (the "Agreements") are attached as Exhibits "1" and "2" to the Declaration of Brad D. Krasnoff attached to the Motion. The Agreements are separately and individually referred to herein as the "Energy Wise Agreement" and the "Schiffke Agreement."

The Agreements resolve all of the disputes between the Trustee and the Energy Wise Defendants and the Trustee and the Schiffke Defendants in two adversary proceedings – *Lite Solar Corp. v. Energy Wise Lighting, Peter Greenberg, et al.*, Adversary No. 2:18-ap-01240-BB (the "Energy Wise Adversary Proceeding") and *Lite Solar Corp. v. Heather Schiffke, Brian Arbizzani, Adam Ward, Steve Sefchick, et al.*, Adversary No. 2:18-ap-01239-BB (the "Schiffke Adversary Proceeding") (collectively the "Adversary Proceedings").

Without modifying in any respect the terms set forth therein, the Energy Wise Agreement provides that:

1. The Energy Wise Defendants will pay the Trustee the total sum of $29,565.00 (the "Energy Wise Settlement Amount") in five installment payments as set forth on the schedule presented in Exhibit A to the Energy Wise Agreement.

2. Upon receipt of the Energy Wise Settlement Amount in full, the Trustee and Energy Wise Defendants will dismiss the Energy Wise Adversary Proceeding with prejudice.

3. The Trustee and the Energy Wise Defendants agree to a general release of claims against each other, including known and unknown claims.

4.      The Energy Wise Defendants also agree to waive any claims of any kind that they may have against the Debtor, Debtor's bankruptcy estate, or the Trustee, whether administrative, secured, or unsecured.

Without modifying in any respect the terms set forth therein, the Schiffke Agreement provides that:

1.      The Schiffke Defendants will pay the Trustee the total sum of $15,435.00 (the "Schiffke Settlement Amount"), divided in four equal parts between the four Schiffke Defendants of $3,858.75 each, in five installment payments as set forth on the schedule presented in Exhibit A to the Schiffke Agreement.

2.      Upon receipt of the Schiffke Settlement Amount in full, the Trustee and Schiffke Defendants will dismiss the Schiffke Adversary Proceeding with prejudice.

3.      The Trustee and the Schiffke Defendants agree to a general release of claims against each other, including known and unknown claims.

4.      The Schiffke Defendants also agree to waive any claims of any kind that they may have against the Debtor, Debtor's bankruptcy estate, or the Trustee, whether administrative, secured, or unsecured.

The Energy Wise Settlement Amount and the Schiffke Settlement Amount, together, total $45,000.00.

The Trustee believes that the terms of the Agreements are in the best interest of the estate and its creditors, and should be approved by the Court.

The Motion also requests authority for the Trustee to pay his special litigation counsel Dunn Carney, LLP, its contingency fee equal to 33 1/3% of the Settlement Amount and its costs of $970.70.

The Motion is based upon the separately filed Notice, this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Brad D. Krasnoff, the Declaration of Joshua D. Stadtler, the Request for Judicial Notice, the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

1    PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(f),

2   each interested party opposing, joining in, or responding to the Motion must, not later than 14 days

3   before the date of the hearing, file with the Clerk of the Bankruptcy Court and serve upon the

4   Trustee's general counsel, Eric P. Israel and Aaron E. de Leest, Danning, Gill, Israel & Krasnoff,

5   LLP, 1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067-6006, and the United

6   States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017, either: (i) a

7   complete written statement of all reasons in opposition thereto or in support or joinder thereof,

8   declarations and copies of all photographs and documentary evidence on which the responding

9   party intends to rely, and any responding memorandum of points and authorities; or (ii) a written

10  statement that the Motion will not be opposed.

11    Pursuant to Local Bankruptcy Rule 9013-1(h), failure to timely file and serve papers may

12  be deemed by the Court to be consent to the granting of the Motion.

13

14  DATED:  May 13, 2020                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

15

16                                          By:      _/s/ Aaron E. de Leest_____

17                                                AARON E. DE LEEST
                                                  Attorneys for Brad D. Krasnoff, Chapter 7 Trustee
18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## II.

## FACTUAL SUMMARY

A.    Bankruptcy Facts

On or about July 27, 2016 (the "Petition Date"), Lite Solar Corp. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code") in the Central District of California, thereby commencing Case No. 2:16-bk-19896-BB (the "Bankruptcy Case").

The Court converted the Bankruptcy Case to one under Chapter 7 on or about October 15, 2018.  Thereafter, on or about October 29, 2018, Brad D. Krasnoff accepted appointment as the Chapter 7 trustee (the "Trustee") for the Debtor's estate.

B.    The Adversary Proceedings

Following the Trustee's appointment, the Trustee learned of the existence of two pending adversary proceedings filed by the Debtor that were property of the bankruptcy estate – *Lite Solar Corp. v. Energy Wise Lighting, Peter Greenberg, et al.*, Adversary No. 2:18-ap-01240-BB (the "Energy Wise Adversary Proceeding") and *Lite Solar Corp. v. Heather Schiffke, Brian Arbizzani, Adam Ward, Steve Sefchick, et al.*, Adversary No. 2:18-ap-01239-BB (the "Schiffke Adversary Proceeding") (collectively the "Adversary Proceedings").

The Adversary Proceedings were filed by the Debtor on or about July 26, 2018.

The Debtor alleges in the Energy Wise Adversary Proceeding that the defendants Energy Wise Lighting and Peter Greenberg (collectively, the "Energy Wise Defendants") failed to pay the Debtor on its contract and intentionally concealed from the Debtor that they were using the Debtor's proprietary designs as well as its solar panels, materials, and equipment, while diverting payments and acquiring the Debtor's materials at below market prices.

The Debtor alleges in the Schiffke Adversary Proceeding that the defendants Heather Schiffke, Brian Arbizzani, Adam Ward, and Steve Sefchick (collectively, the "Schiffke Defendants") knowingly and intentionally misappropriated and/or diverted the Debtor's staff,

1    materials, equipment and supplies to design and install photovoltaic solar systems on the

2    defendants' homes.

3      The Trustee is informed and believes that all of the defendants in the Energy Wise

4    Adversary Proceeding and Schiffke Adversary Proceeding are residents of and/or are doing

5    business in Oregon.

6      Pursuant to stipulations between the Trustee and counsel for the defendants in the

7    Adversary Proceedings, the Adversary proceedings were transferred on or about April 9, 2020,

8    from the Central District of California to the United States Bankruptcy Court for the District of

9    Oregon as Adversary No. 20-03031-tmb and Adversary No. 20-03032-tmb, respectively.

10

11    C.  Employment of Special Counsel

12      On or about September 30, 2019, the Trustee filed his Application to Employ Dunn Carney,

13    LLP, as Special Litigation Counsel *(docket no. 346)* (the "Application to Employ") in the

14    Adversary Proceedings on a contingency fee basis.

15      As set forth in the Application to Employ, the Trustee sought to employ Dunn Carney, LLP

16    ("Dunn Carney") for a total contingency fee of 33 1/3 % of the gross recovery in the Adversary

17    Proceedings if the cases resolved 90 days or more before the first date set for trial, or 40% of the

18    gross recovery in the Adversary Proceedings if the cases resolved at any time after 90 days before

19    the first date set for trial, plus costs.

20      Pursuant to an order entered by the Court on or about October 22, 2019, the employment of

21    Dunn Carney as requested in the Application to Employ, was approved *(docket no. 350)*.

22

23    D.  Proposed Settlements

24      The parties have reached resolutions with regard to the Adversary Proceedings, subject to

25    Court approval.  True and correct copy of the two settlement agreements (the "Agreements") are

26    attached as Exhibit "1" and Exhibit "2" to the Declaration of Brad D. Krasnoff attached hereto.

27    The Agreements are separately and individually referred to herein as the "Energy Wise Agreement"

28    and the "Schiffke Agreement."

Without modifying in any respect the terms set forth therein, the Energy Wise Agreement provides that:

1.    The Energy Wise Defendants will pay the Trustee the total sum of $29,565.00 (the "Energy Wise Settlement Amount") in five installment payments as set forth on the schedule presented in Exhibit A to the Energy Wise Agreement.

2.    Upon receipt of the Energy Wise Settlement Amount in full, the Trustee and Energy Wise Defendants will dismiss the Energy Wise Adversary Proceeding with prejudice.

3.    The Trustee and the Energy Wise Defendants agree to a general release of claims against each other, including known and unknown claims.

4.    The Energy Wise Defendants also agree to waive any claims of any kind that they may have against the Debtor, Debtor's bankruptcy estate, or the Trustee, whether administrative, secured, or unsecured.

Without modifying in any respect the terms set forth therein, the Schiffke Agreement provides that:

1.    The Schiffke Defendants will pay the Trustee the total sum of $15,435.00 (the "Schiffke Settlement Amount"), divided in four equal parts between the four Schiffke Defendants of $3,858.75 each, in five installment payments as set forth on the schedule presented in Exhibit A to the Schiffke Agreement.

2.    Upon receipt of the Schiffke Settlement Amount in full, the Trustee and Schiffke Defendants will dismiss the Schiffke Adversary Proceeding with prejudice.

3.    The Trustee and the Schiffke Defendants agree to a general release of claims against each other, including known and unknown claims.

4.    The Schiffke Defendants also agree to waive any claims of any kind that they may have against the Debtor, Debtor's bankruptcy estate, or the Trustee, whether administrative, secured, or unsecured.

The Energy Wise Settlement Amount and the Schiffke Settlement Amount, together, total $45,000.00.

III.

<u>LEGAL ARGUMENT</u>

A.    <u>Standards for Approval of Compromises</u>

Inherent in the grant of jurisdiction to the district courts over all civil proceedings arising under, arising in or related to cases under title 11 is the Court's authority, under Section 105(a) of the Bankruptcy Code, to enter orders approving compromises.  This power is expressly recognized in Bankruptcy Rule 9019(a), which provides that the Court may approve a compromise or settlement on motion by the trustee after notice is provided pursuant to Bankruptcy Rule 2002.  The approval of a compromise is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) and (O).  *In re Carla Leather, Inc.*, 50 B.R. 764, 775 (Bankr. S.D.N.Y. 1985).

The approval or rejection of a proposed compromise is addressed to the sound discretion of the Court and is to be determined by the particular circumstances of each case.  *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982).  The burden of establishing the fairness of the compromise rests on the proponent, here, the Trustee.

In determining the acceptability of a proposed compromise, the following four factors should be considered: (1) the probability of success in the litigation; (2) the difficulties, if any, encountered in the matter of collection; (3) the complexity of the litigation involved, the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views.  *In re A & C Properties,* 784 F.2d 1377, 1381 (9th Cir. 1986); *Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984).  This Court is not required to decide the questions of law and fact in dispute, but to canvas the issues to see whether the "settlement falls below the lowest point in a range of reasonableness." *In re Teletronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985) (quoting *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983)).

B.      The Agreements are in the Best Interest of the Estate and Should be Approved Under

Bankruptcy Rule 9019

The Trustee believes that the Agreements are fair and reasonable, are in the best interests of

the estate and its creditors, and satisfy the standards for approval of a settlement.  With respect to

the factors set forth in *A & C Properties,* the Trustee believes that the Agreements should be

approved for the reasons discussed below.


1.      Probability of Success in Litigation

Absent the proposed Agreements the parties would be forced to continue litigating their

respective claims in the Adversary Proceedings.  The Trustee believes that he may, ultimately, be

successful in obtaining judgment in regard to the Debtor's claims against the Schiffke Defendants

and the Energy Wise Defendants.  However, there is always a risk of loss if the case proceeds to

trial and the Schiffke Defendants and the Energy Wise Defendants are well-represented.

The Schiffke Defendants and Energy Wise Defendants contend that the Trustee's claims

against them lack merit.  In particular, defendant Schiffke alleges that her domestic partner, Patrick

Schellerup (the Debtor's regional manager), obtained the system for Schiffke just like any other

residential customer and that Schellerup ultimately acquired ownership of the system in lieu of a

previously promised, but unpaid bonus by the Debtor.  Schiffke also contends that only $11,975.38

of the Debtor's inventory went into the Schiffke system.  The other three defendants (Sefchick,

Ward, and Arbizzani) who were employees of the Debtor, contend that their solar systems were

part of an employee incentive program and that the Debtor only contributed its inventory of

$18,543.44, $6,476.80, and $16,517.60, respectively, and they handled design, permitting, and

installation of the systems at no cost to the Debtor, with the Debtor retaining the federal tax credits.

The Energy Wise Defendants contend that the Debtor had knowledge of and consented to the sale

of its inventory at below market prices to the Energy Wise Defendants and that the Debtor was paid

for the solar projects where its inventory was used.

The Trustee disputes the above-contentions of the Schiffke Defendants and the Energy

Wise Defendants.  The Trustee asserts that there is no written evidence suggesting that Patrick

Shellerup acquired the Schiffke system at all, let alone as some bonus from the Debtor, or that there was some sort of "employee incentive program" in relation to the other Schiffke Defendants.  In addition, the Trustee believes that the evidence suggests that the Energy Wise Defendants knowingly paid a person or entity, other than the Debtor (i.e., Patrick Schellerup or Kamana O'Kala), for the Debtor's solar panels and constructed solar systems using the Debtor's inventory without the Debtor's authorization.

Therefore, there are a multitude of disputed facts and issues and the outcome is uncertain in the Adversary Proceeding.  Accordingly, the Trustee believes, and Dunn Carney has recommended, accepting $29,565.00 from the Energy Wise Defendants and $15,435.00 from the Schiffke Defendants, without further expense or risk, is appropriate.  Therefore, this factor militates toward a compromise and supports the settlements.

2.    <u>Difficulties in Collection</u>

All of the defendants are individuals other than Energy Wise.  The Trustee is informed that the individual defendants may have some assets that he can execute on if he obtains a money judgment or judgments in the Adversary Proceedings.  Depending on the size of the judgments, it is unknown whether there will be assets to pay the Trustee's claims in full.  The Trustee does not know about the assets of the corporate defendant Energy Wise.  However, if the Trustee does obtain a judgment or judgments in the Adversary Proceedings, the defendants are unlikely to just write the Trustee a check and the Trustee will need to retain collection counsel (likely on a contingency fee basis) to pursue collection against the defendants in Oregon, with all the expense and risk associated with such collection efforts..  Collecting on any judgment is difficult, particularly, here, where all the defendants are in Oregon.  Accordingly, this factor also supports the proposed settlements.

3.    <u>Complexity, Expense, Inconvenience and Delay of Litigation</u>

The Trustee has considered and evaluated the difficulties associated with pursuing the estate's claims against the Schiffke Defendants and the Energy Wise Defendants.  All of the

1  defendants vehemently deny the Trustee's claims in the Adversary Proceedings and that they

2  received assets and transfers from the Debtor and that any such claims are recoverable and/or

3  avoidable by the Debtor or Trustee.  Therefore, if not resolved by the settlements, the litigation will

4  continue in both Adversary Proceedings, require extensive discovery (including expert witnesses),

5  extensive document review (2.5 to 3 million pages of which have already been produced

6  electronically), motions for summary judgment/adjudication, two trials in Oregon (one in each of

7  the Adversary Proceedings involving expert testimony), and the result is uncertain.  Further, the

8  defendants have demanded jury trials in district court.  Settling now eliminates the uncertainty,

9  expense and delay inherent in such litigation, avoids the risk of loss and provides $45,000 for the

10  estate.

11          Based on the Trustee's review and Dunn Carney's analysis of the claims against the

12  Schiffke Defendants and the Energy Wise Defendants, the Trustee believes that the facts and legal

13  issues underlying such claims are complex and may be difficult to explain at trial and, particularly,

14  to two juries.  The claims and defenses involve a complex and disputed relationship between the

15  Debtor, Schiffke Defendants, Energy Wise Defendants, Kamana O'Kala, LLC, Totalis Energy,

16  LLC (owned by Ranbir Sahni, Debtor's president), Patrick Schellerup (Debtor's former regional

17  manager and Kamana O'Kala, LLC's owner), and Ranbir Sahni (Debtor's president).  Ultimately,

18  in light of the risk, expense and delay, the Trustee believes that trying the claims in the Adversary

19  Proceedings would not likely result in a better net outcome than that of the Energy Wise Settlement

20  Amount and the Schiffke Settlement Amount.  This factor supports the proposed settlements.

21

22          4.      Interest of Creditors

23          The Agreements reached by the Trustee with the Schiffke Defendants and Energy Wise

24  Defendants serves the paramount interest of creditors.  It is fair and equitable and in the best

25  interest of the estate, as it concludes the litigation in the Adversary Proceedings and results in

26  $45,000 in funds coming into the estate, net payment of special litigation counsel's fees and costs,

27  without the expense of trial or the risk of adverse rulings.  This factor supports the proposed

28  settlements.

1

2    C.    The Court Should Authorize the Trustee to Pay Dunn Carney

3          As noted above, Dunn Carney was employed to represent the Trustee on a contingency

4    basis of 33 1/3 % of the gross recovery in the Adversary Proceedings if the cases resolved 90 days

5    or more before the first date set for trial, or 40 % of the gross recovery in the Bankruptcy

6    Collection Action if the case resolved at any time after 90 days before the first date set for trial,

7    plus costs.  Here, there was no trial date set in the Adversary Proceedings.  Therefore, the Trustee

8    believes that it is appropriate under the circumstances to pay Dunn Carney 33 1/3 % of the

9    Settlement Amount, and nothing more.  The Trustee requests that the Court enter an order

10   authorizing the Trustee to pay Dunn Carney its 33 1/3 % contingency fee on the Energy Wise

11   Settlement Amount and the Schiffke Settlement Amount, plus its costs in the amount of $970.70.

12

13                                          IV.

14                                     CONCLUSION

15         Based upon the foregoing, the Trustee respectfully requests that the Court:

16         1.      grant the Motion;

17         2.      approve and authorize the Trustee to enter into the Agreements, copies of which are

18   attached to the Declaration of Brad D. Krasnoff as Exhibits "1" and "2";

19         3.      authorize the Trustee to execute all documents and to take any action reasonably

20   necessary to effectuate the Agreements;

21         4.      authorize the Trustee to pay Dunn Carney its 33 1/3 % contingency fee on the on the

22   Energy Wise Settlement Amount and the Schiffke Settlement Amount, plus its costs in the amount

23   of $970.70 and

24         5.      for such other and further relief as the Court may deem just and proper.

25   DATED:  May 13, 2020                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

26                                    By:    _/s/ Aaron E. de Leest_____

27                                           AARON E. DE LEEST
                                             Attorneys for Brad D. Krasnoff, Chapter 7 Trustee
28

## DECLARATION OF BRAD D. KRASNOFF

I, Brad D. Krasnoff, declare as follows:

1.    I am the Chapter 7 trustee for the estate of Lite Solar Corp. (the "Debtor").  I make this declaration in support of the above motion to approve compromise (the "Motion").  The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.    I am further informed that Lite Solar LLC's President and Chief Executive Officer was Ranbir Sahni.

3.    Following my appointment, I learned of the existence of two pending adversary proceedings filed by the Debtor that were property of the bankruptcy estate  – *Lite Solar Corp. v. Energy Wise Lighting, Peter Greenberg, et al.*, Adversary No. 2:18-ap-01240-BB (the "Energy Wise Adversary Proceeding") and *Lite Solar Corp. v. Heather Schiffke, Brian Arbizzani, Adam Ward, Steve Sefchick, et al.*, Adversary No. 2:18-ap-01239-BB (the "Schiffke Adversary Proceeding") (collectively the "Adversary Proceedings").

4.    The Adversary Proceedings were filed by the Debtor on or about July 26, 2018.

5.    The Debtor alleges in the Energy Wise Adversary Proceeding that the defendants Energy Wise Lighting and Peter Greenberg (collectively, the "Energy Wise Defendants") failed to pay the Debtor on its contract and intentionally concealed from the Debtor that they were using the Debtor's proprietary designs as well as its solar panels, materials, and equipment, while diverting payments and acquiring the Debtor's materials at below market prices.

6.    The Debtor alleges in the Schiffke Adversary Proceeding that the defendants Heather Schiffke, Brian Arbizzani, Adam Ward, and Steve Sefchick (collectively, the "Schiffke Defendants") knowingly and intentionally misappropriated and/or diverted the Debtor's staff, materials, equipment and supplies to design and install photovoltaic solar systems on the defendants homes.

7.    I am informed and believe that all of the defendants in the Energy Wise Adversary Proceeding and Schiffke Adversary Proceeding are residents of and/or are doing business in Oregon.

1589420.1  1619896A

13

8.      On or about September 30, 2019, I filed an Application to Employ Dunn Carney, LLP, as Special Litigation Counsel *(docket no. 346)* (the "Application to Employ") in the Adversary Proceedings on a contingency fee basis.

9.      As set forth in the Application to Employ, I sought to employ Dunn Carney, LLP ("Dunn Carney") for a total contingency fee of 33 1/3 % of the gross recovery in the Adversary Proceedings if the cases resolved 90 days or more before the first date set for trial, or 40% of the gross recovery in the Adversary Proceedings if the cases resolved at any time after 90 days before the first date set for trial, plus costs.

10.     Pursuant to an order entered by the Court on or about October 22, 2019, my employment of Dunn Carney as requested in the Application to Employ, was approved *(docket no. 350)*.

11.     Pursuant to stipulations between me and counsel for the defendants in the Adversary Proceedings, the Adversary proceedings were transferred on or about April 9, 2020, from the Central District of California to the United States Bankruptcy Court for the District of Oregon as Adversary No. 20-03031-tmb and Adversary No. 20-03032-tmb, respectively.

12.     With the assistance of my special counsel, Dunn Carney, I considered and evaluated the claims and defenses of the Energy Wise Defendants and Schiffke Defendants in the Adversary Proceedings.  I also evaluated the difficulties associated with litigating the estate's claims against the Energy Wise Defendants and Schiffke Defendants in the Adversary Proceedings.

13.     I am informed and believe that defendant Schiffke alleges that her domestic partner, Patrick Schellerup (the Debtor's regional manager) obtained the system for Schiffke just like any other residential customer and that Schellerup ultimately acquired ownership of the system in lieu of a previously promised, but unpaid bonus by the Debtor.  I am informed and believe that Schiffke also contends that only $11,975.38 of the Debtor's inventory went into the Schiffke system.

14.     I am informed and believe that the other three defendants (Sefchick, Ward, and Arbizzani) who were employees of the Debtor, contend that their solar systems were part of an employee incentive program and that the Debtor only contributed its inventory of $18,543.44,

$6,476.80 and $16,517.60, respectively, and they handled design, permitting, and installation of the systems at no cost to the Debtor, with the Debtor retaining the federal tax credits.

15.    I am informed and believe that the Energy Wise Defendants contend that the Debtor had knowledge of and consented to the sale of its inventory at below market prices to the Energy Wise Defendants and that the Debtor was paid for the solar projects where its inventory was used.

16.    I dispute the contentions of the Schiffke Defendants and the Energy Wise Defendants because I am informed and believe that there is no written evidence suggesting that Patrick Shellerup acquired the Schiffke system at all, let alone as some bonus from the Debtor, or that there was some sort of "employee incentive program" in relation to the other Schiffke Defendants.  In addition, I am informed and believe that the evidence suggests that the Energy Wise Defendants knowingly paid a person or entity, other than the Debtor, for the Debtor's solar panels and constructed solar systems using the Debtor's inventory without the Debtor's authorization.

17.    Ultimately, with the assistance of Dunn Carney, I reached a resolution with the Schiffke Defendants and a resolution with the Energy Wise Defendants in the Adversary Proceedings.  True and correct copies of the two settlement agreements (the "Agreements") are attached as Exhibit "1" and Exhibit "2" hereto and incorporated herein by this reference.  The Agreements are separately and individually referred to herein as the "Energy Wise Agreement" and the "Schiffke Agreement."

18.    Without modifying in any respect the terms set forth therein, Energy Wise Agreement provides that:

a    The Energy Wise Defendants will pay the Trustee the total sum of $29,565.00 (the "Energy Wise Settlement Amount"), in five installment payments as set forth on the schedule presented in Exhibit A to the Energy Wise Agreement.

b.    Upon receipt of the Energy Wise Settlement Amount in full, the Trustee and Energy Wise Defendants will dismiss the Energy Wise Adversary Proceeding with prejudice.

    c.     The Trustee and the Energy Wise Defendants agree to a general release of claims against each other, including known and unknown claims.

    d.     The Energy Wise Defendants also agree to waive any claims of any kind that they may have against the Debtor, Debtor's bankruptcy estate, or the Trustee, whether administrative, secured, or unsecured.

19.    Without modifying in any respect the terms set forth therein, the Schiffke Agreement provides that:

    a.     The Schiffke Defendants will pay the Trustee the total sum of $15,435.00 (the "Schiffke Settlement Amount"), divided in four equal parts between the four Schiffke Defendants of $3,858.75 each, in five installment payments as set forth on the schedule presented in Exhibit A to the Schiffke Agreement.

    b.     Upon receipt of the Schiffke Settlement Amount in full, the Trustee and Schiffke Defendants will dismiss the Schiffke Adversary Proceeding with prejudice.

    c.     The Trustee and the Schiffke Defendants agree to a general release of claims against each other, including known and unknown claims.

    d.     The Schiffke Defendants also agree to waive any claims of any kind that they may have against the Debtor, Debtor's bankruptcy estate, or the Trustee, whether administrative, secured, or unsecured.

20.    The Energy Wise Settlement Amount and the Schiffke Settlement Amount, together, total $45,000.00.

21.    Absent the proposed Agreements, I would be forced to continue litigating the claims in the Adversary Proceedings against the Energy Wise Defendants and the Schiffke Defendants.

22.    I believe that I may, ultimately, be successful in obtaining judgments in regard to the Debtor's claims against the Schiffke Defendants and the Energy Wise Defendants. However, there is always a risk of loss if the case proceeds to trial and the Schiffke Defendants and the Energy Wise Defendants are well represented.

23.    However, as set forth above, there are a multitude of disputed facts and issues and the outcome is uncertain in the Adversary Proceedings. Accordingly, I believe, and Dunn Carney

1  has recommended to me, that accepting $29,565.00 from the Energy Wise Defendants and

2  $15,435.00 from the Schiffke Defendants, without further expense or risk is appropriate.

3       24.    I am informed and believe that all of the defendants are individuals other than

4  Energy Wise.  I am further informed and believe that the individual defendants may have some

5  assets that I can execute on if I ultimately obtain a money judgment or judgments in the Adversary

6  Proceedings.  Depending on the size of the judgments, it is unknown whether there will be assets to

7  pay my claims in full.  I do not know about the assets of the corporate defendant Energy Wise.

8  However, if I do obtain a judgment or judgments in the Adversary Proceedings, the defendants are

9  unlikely to just write me a check and I will need to retain collection counsel (likely on a

10  contingency fee basis) to pursue collection against the defendants in Oregon, with all the expense

11  and risk associated with such collection efforts.  Collecting on any judgment is difficult,

12  particularly, here, where all the defendants are in Oregon.

13       25.    I have considered and evaluated the difficulties associated with pursuing the estate's

14  claims against the Schiffke Defendants and the Energy Wise Defendants.  I am informed that all of

15  the defendants vehemently deny the claims in the Adversary Proceedings and that they received

16  assets and transfers from the Debtor and that any such claims are recoverable and/or avoidable by

17  the Debtor or me.  Therefore, if not resolved by the settlements, the litigation will continue in both

18  Adversary Proceedings, require extensive discovery (including expert witnesses), extensive

19  document review (2.5 to 3 million pages of which have already been produced electronically),

20  motions for summary judgment/adjudication, two trials in Oregon (one in each of the Adversary

21  Proceedings involving expert testimony), and the result is uncertain.  Further, the defendants have

22  demanded jury trials in district court.  Settling now eliminates the uncertainty, expense and delay

23  inherent in such litigation, avoids the risk of loss and provides $45,000 for the estate.

24       26.    In addition, based on my review and Dunn Carney's analysis of the claims against

25  the Schiffke Defendants and the Energy Wise Defendants, I am informed and believe that the facts

26  and legal issues underlying such claims are complex and may be difficult to explain at trial and,

27  particularly, to two juries.  The claims and defenses involve a complex and disputed relationship

28  between the Debtor, Schiffke Defendants, Energy Wise Defendants, Kamana O'Kala, LLC, Totalis

1  Energy, LLC (owned by Ranbir Sahni, Debtor's president), Patrick Schellerup (Debtor's former

2  regional manager and Kamana O'Kala, LLC's owner), and Ranbir Sahni (Debtor's president).

3       27.    Ultimately, in light of the risk, expense and delay, I believe that trying the claims in

4  the Adversary Proceedings would not likely result in a better net outcome than that of the Energy

5  Wise Settlement Amount and the Schiffke Settlement Amount.

6       28.    For the reasons set forth in the Motion, I believe that the Agreements are reasonable,

7  result in $45,000 in funds coming into the estate, with payment of special litigation counsel's fees

8  and costs, without the expense of trial or the risk of adverse rulings, and, therefore, are fair and

9  equitable and in the best interests of the estate and its creditors, and should be approved.

10      29.    I respectfully request that the Court approve the Agreements.

11

12      I declare under penalty of perjury under the laws of the United States of America that the

13  foregoing is true and correct to the best of my knowledge, information and belief.

14      Executed on May _____, 2020, at Los Angeles, California.

15

16

17                                          Brad D. Krasnoff

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JOSHUA D. STADTLER

I, Joshua D. Stadtler, declare as follows:

1.       I am a partner with Dunn Carney, LLP ("Dunn Carney"), the special litigation counsel for Brad D. Krasnoff, the Chapter 7 trustee (the "Trustee") for the estate of Lite Solar Corp. (the "Debtor").  I make this declaration in support of the above motion to approve compromise (the "Motion").  The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.       My practice is focused on the areas of business and commercial litigation.

3.       On or about September 30, 2019, the Trustee filed an Application to Employ Dunn Carney, LLP, as Special Litigation Counsel (*docket no. 346*) (the "Application to Employ") in  two pending adversary proceedings filed by the Debtor on a contingency fee basis– *Lite Solar Corp. v. Energy Wise Lighting, Peter Greenberg, et al.*, Adversary No. 2:18-ap-01240-BB (the "Energy Wise Adversary Proceeding") and *Lite Solar Corp. v. Heather Schiffke, Brian Arbizzani, Adam Ward, Steve Sefchick, et al.*, Adversary No. 2:18-ap-01239-BB (the "Schiffke Adversary Proceeding") (collectively the "Adversary Proceedings").

4.       As set forth in the Application to Employ, the Trustee sought to employ Dunn Carney, LLP ("Dunn Carney") for a total contingency fee of 33 1/3 % of the gross recovery in the Adversary Proceedings if the cases resolved 90 days or more before the first date set for trial, or 40% of the gross recovery in the Adversary Proceedings if the cases resolved at any time after 90 days before the first date set for trial, plus costs.

5.       Pursuant to an order entered by the Court on or about October 22, 2019, Dunn Carney's employment as the Trustee's special litigation counsel was approved (*docket no. 350*).

6.       I am the attorney at Dunn Carney principally responsible for representing the Trustee in the Adversary Proceedings.

7.       During the course of my representation of the Trustee in the Adversary Proceedings, I analyzed the Trustee's claims against defendants Energy Wise Lighting and Peter Greenberg (collectively, the "Energy Wise Defendants") and defendants Heather Schiffke, Brian Arbizzani, Adam Ward, and Steve Sefchick (collectively, the "Schiffke Defendants").

8.    Ultimately, I negotiated written settlement agreements between the Trustee and the Energy Wise Defendants and the Trustee and the Schiffke Defendants (the "Agreements"). Attached hereto as Exhibits "1" and "2" are true and correct copies of the Agreements.

9.    For the reasons set forth in the motion and the Trustee's declaration, I believe that the terms of the Agreements are fair and reasonable and in the best interest of the estate and I recommended to the Trustee that he enter into them.

10.    The costs that Dunn Carney incurred in the Adversary Proceedings total $970.70. A true and correct copy of the cost statement is attached as Exhibit "3" hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on May 11, 2020, at Portland, Oregon.

Joshua D. Stadtler

1589420.1 1619896A                              20

<u>REQUEST FOR JUDICIAL NOTICE</u>

Brad D. Krasnoff, the Chapter 7 trustee (the "Trustee") for the estate of Lite Solar Corp. (the "Debtor"), respectfully requests that the Court take judicial notice of the following facts:

1.    On or about July 27, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code") in the Central District of California, thereby commencing Case No. 2:16-bk-19896-BB (the "Bankruptcy Case").

2.    On or about July 26, 2018, the Debtor commenced two adversary proceedings - Lite Solar Corp. v. Energy Wise Lighting, Peter Greenberg, et al., Adversary No. 2:18-ap-01240-BB (the "Energy Wise Adversary Proceeding") and Lite Solar Corp. v. Heather Schiffke, Brian Arbizzani, Adam Ward, Steve Sefchick, et al., Adversary No. 2:18-ap-01239-BB (the "Schiffke Adversary Proceeding") (collectively the "Adversary Proceedings").

3.    The Court converted the Bankruptcy Case to one under Chapter 7 on or about October 15, 2018.

4.    On or about October 29, 2018, Brad D. Krasnoff accepted appointment as the Chapter 7 trustee for the Debtor's estate.

5.    On or about September 30, 2019, the Trustee filed his Application to Employ Dunn Carney, LLP, as Special Litigation Counsel *(docket no. 346)* (the "Application to Employ") in the Adversary Proceedings on a contingency fee basis.

6.    Pursuant to an order entered by the Court on or about October 22, 2019, the employment of Dunn Carney as requested in the Application to Employ, was approved (*docket no. 350*).

DATED:  May 13, 2020                         DANNING, GILL, ISRAEL & KRASNOFF, LLP


                                             By:    */s/ Aaron E. de Leest*
                                                    AARON E. DE LEEST
                                                    Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This **SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE** ("**Agreement**") is entered into by and between: (1) Lite Solar Corp., a California corporation ("**Lite Solar**"); (2) Brad D. Krasnoff, solely in his capacity as Chapter 7 Trustee (the "**Trustee**") on behalf of Lite Solar; (3) Energy Wise Lighting Inc., an Oregon corporation ("**Energy Wise**"); and (4) Peter Greenberg, an individual ("**Greenberg**"). Herein, Energy Wise and Greenberg are referred to collectively as "**Defendants**," and Lite Solar, the Trustee, and Defendants are referred to each individually as a "**Party**" and collectively as the "**Parties**." This Agreement is effective fifteen (15) days after the Bankruptcy Court issues an Order approving the Agreement, provided the Order becomes a final, non-appealable order (the "**Effective Date**").

## RECITALS

A.   Lite Solar was in the business of developing and installing photovoltaic systems in several states, including Oregon.

B.   In or about November 2012, Lite Solar and Energy Wise entered into an agreement by which Lite Solar agreed to design, build, and install photovoltaic solar systems on certain carport structures, which Lite Solar sold as being based on its proprietary design (the "**Carport Agreement**"). Under the terms of the Carport Agreement, Energy Wise agreed to pay for each project based on the DC rating of the panels. The Carport Agreement did not contain the size of any solar system or the cost listed of any system.  Instead, it just listed addresses of possible sites.

C.   On or around July 27, 2016, Lite Solar filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**"), entitled *In re Lite Solar Corp.*, Case No. 2:16-bk-19896-BB (the "**Bankruptcy Case**"). The Bankruptcy Case was thereafter converted into a case under Chapter 7 of the U.S. Bankruptcy Code on or about October 15, 2018.

D.   On or about July 26, 2018, within the Bankruptcy Case, Lite Solar filed a complaint (the "**Complaint**") to initiate an adversary proceeding against Defendants (Case No. 2:18-ap-01240-BB) (the "**Adversary Proceeding**") arising out of a dispute related the Carport Agreement. On or about September 7, 2018, Defendants filed an Answer and Affirmative Defenses (the "**Answer**").

E.   On or about March 18, 2020, the Court filed an Order transferring venue for the Adversary Proceeding to the U.S. Bankruptcy Court for the District of Oregon (the "**Transfer**"). As a result of the Transfer the Adversary Proceeding was renumbered as Adversary Proceeding No. 20-03032-tmb. Together, the Bankruptcy Case and the Adversary Proceeding are the "**Lawsuit**."

F.   On or about March 30, 2020, to avoid the uncertainty and expense of litigation, the Parties agreed that it is in their individual and collective interest to resolve the claims actually

SETTLEMENT AGREEMENT                                                Page **1**

EXHIBIT 1

brought against each other in the Lawsuit, as well as any known claims, demands, actions, causes of action, losses, demands, obligations, and liabilities of any kind that could have been brought in the Lawsuit, under the terms set forth in this Agreement. The Parties agree this is a settlement of business disputes, rather than of personal matters. Nothing in this Agreement is or should be construed to be an admission of any fact or allegation.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises and obligations set forth below, the sufficiency of which is acknowledged by the Parties, including the Recitals set forth above, which are hereby incorporated as terms of this Agreement, the Parties agree as follows:

1.      **Approval of this Agreement**.  Within fourteen (14) days of signing this Agreement, the Trustee will move the Bankruptcy Court to approve this Agreement.

2.      **Consideration**.

(a)     Within five (5) months of the date of the court's approval of this Agreement (the "**Court Approval Date**"), Energy Wise will pay to the Trustee total sum of Twenty-Nine-Thousand Five-Hundred Sixty-Five Dollars ($29.565.00) (the "**Settlement Amount**"), paid in five (5) installments payments on the schedule presented in Exhibit A attached hereto, and  described as follows:

(i)     Beginning on the Court Approval Date, and every thirty (30) days thereafter for the three months following the Court Approval Date, Energy Wise will pay to the Trustee the sum of Six-Thousand Five-Hundred Seventy Dollars ($6,570.00); and

(ii)     Thirty (30) days after Energy Wise's fourth and final payment in the sum of $6,570.00 under Section 2(a)(i) is fulfilled, Energy Wise will each pay the Trustee a final payment in the sum of Three-Thousand Two-Hundred Eighty-Five Dollars ($3,285.00).

(b)     Lite Solar will dismiss the Adversary Proceeding, with prejudice and without costs or fees to any Party.

(c)     Title to property at issue in the Adversary Proceeding (i.e., the photovoltaic solar systems installed on the carport structures as provided under the Carport Agreement and the Lite Solar materials that one or both Defendants purchased), and such rights as may arise from title thereto, is quieted in favor of the Defendants.

3.      **Mutual Releases of Claims and Covenants Not to Sue**.

(a)     **Release by Trustee.**  On receipt by the Trustee of the Settlement Amount in good funds, except for the obligations created under this Agreement, the Trustee, on behalf of himself, Lite Solar, Lite Solar's bankruptcy estate (the "**Trustee Releasing Parties**"), hereby fully releases, discharges, and covenants not to sue Defendants and their current

and former trustees, executors, administrators, attorneys, advisors, agents, insurers, assigns, predecessors and successors in interest, and any other person or entity acting under, by, through or in concert with any of them (the "**Released Parties**"), from and for any and all actions, causes of actions, obligations, claims, rights, debts, liabilities, promises, damages, fees, costs, and entitlements to relief of any nature whatsoever, known or unknown, whether in tort, contract, statute, equity or any other theory of recovery (the "**Released Claims**"). This release applies to all of the Trustee's predecessors, successors and assigns, and to all of his attorneys and agents.

(b)      **Release by Defendants.**   Each of Defendants, on their own behalf, and on behalf of their attorneys, advisors, agents, insurers, assigns, predecessors and successors in interest, and any other person or entity acting under, by, through or in concert with any of them, hereby fully releases, discharges and covenants not to sue Trustee, Lite Solar, or any of the Trustee Releasing Parties for any Released Claims.

4.   **Release of Unknown Claims.**   The Parties intend and agree that the foregoing releases will bar all actions, causes of actions, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities and demands of any and all character, nature and kind, whether based on tort, contract (express or implied, written or oral), or other theories of recovery, whether known or unknown, suspected or unsuspected, from the beginning of time. Consequently, the Parties expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code, which reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code is the result of separate bargaining and that there are no undisclosed facts that would affect their willingness to make this waiver. The Parties expressly assume the risk of subsequently discovered information, facts, or law, which if known or understood by them may have affected this waiver.

5.   **Waiver and Withdrawal of Claim.**   Defendants hereby waive any claims of any kind that they may have against Lite Solar, Lite Solar's bankruptcy estate, or the Trustee, whether administrative, secured, or unsecured.

6.   **Settlement of Broad Claims.**   Lite Solar's claims against Defendants, including without limitation as asserted in the Complaint and Adversary Proceeding, became property of Lite Solar's bankruptcy estate under § 541(a) of the Bankruptcy Code when Lite Solar filed bankruptcy. In entering into this Agreement, it is the intent of the parties to broadly settle those claims.

SETTLEMENT AGREEMENT                                                                                         Page **3**

7.    **No Admission of Wrongdoing or Liability.**  This Agreement is entered into and executed in connection with a compromise of disputed claims brought in the Adversary Proceeding, as well as any claims and counterclaims related to the subject matter of the Adversary Proceeding not brought but that could have been brought. The Parties hereby acknowledge that (i) the other has denied and does deny owing any obligation or liability of any kind in whole or in part as to the claims and counterclaims brought, or that could have been brought, in the Lawsuit, and (ii) this Agreement is entered into and executed (a) without admission by any Party of owing any obligation or liability of any kind and (b) in full and final discharge, compromise, settlement, and satisfaction of any and all known claims, demands, actions, causes of action, losses, demands, obligations, and liabilities of any kind, upon any grounds whatsoever, heretofore described or not, asserted in the Lawsuit or not.

8.    **Dismissal of Adversary Proceeding.**  Upon full execution and delivery of this Agreement, and upon the Trustee's receipt of the Settlement Payment in full, the Parties shall cooperate to file in the Adversary Proceeding a stipulation for entry of a general judgment of dismissal with prejudice and without attorney fees, costs, or disbursements to any Party, in a form to which they mutually approve through their respective counsel.

9.    **General Provisions.**

(a)    <u>Complete Agreement.</u>  This Agreement contains the entire Agreement between the Parties and supersedes all prior agreements, representations, warranties, statements, promises, and understandings, whether oral or written, with respect to the subject matter of this Agreement.    No Party shall be bound by any oral or written agreements, representations, warranties, statements, promises, or understandings not specifically set forth in this Agreement.

(b)    <u>Amendment.</u>  This Agreement may not be amended, altered, or modified except by a writing signed by all the Parties.

(c)    <u>Other Assurances.</u>  The Parties agree to perform such further acts and to execute and deliver such further documents reasonably necessary in connection with the performance of the Parties' obligations under this Agreement in order to carry out the intent of the Parties.

(d)    <u>Independent Counsel and Construction</u>. Each Party acknowledges having obtained independent legal representation before entering into or executing this Agreement, and hereby declares and represents that it: (i) has had the opportunity to review this Agreement with an attorney, (ii) fully understands the terms and the legal and binding effect of this Agreement, (iii) enters into and executes this Agreement with the consent and advice of legal counsel, and (iv) voluntarily signs this Agreement for the purpose of making a full and final compromise and settlement of the claims, demands, actions, causes of action, losses, demands, obligations, and liabilities released hereby.

SETTLEMENT AGREEMENT                                                                                                Page **4**
DCAPDX\3374769.v8

(e)    <u>Binding on Successors and Others</u>.  The provisions of this Agreement shall bind, obligate, extend to, and inure to the benefit of the Parties and their respective past and present members, principals, parents, subsidiaries, partners, associates, employees, representatives, consultants, officers, directors, independent contractors, shareholders, advisors, agents, trusts, attorneys, affiliated or related entities, predecessors, successors, assigns, descendants, ancestors, dependents, heirs, executors and administrators.

(f)    <u>Interpretation.</u>  No Party or its counsel shall be deemed the drafter of this Agreement for purposes of construing the provisions of this Agreement.  The language in all parts of this Agreement shall in all cases be construed according to its fair meaning and not strictly construed for or against any Party to this Agreement.

(g)    <u>Governing Law.</u>  This agreement shall be governed, construed, and enforced in accordance with the laws of the State of Oregon without regard to choice of law rules.

(h)    <u>Execution.</u>  This Agreement may be executed in one or more counterparts, each of which shall be an original, but all of which together shall be deemed to constitute a single instrument.  Signatures delivered via email and facsimile transmission shall have the same force, validity and effect as the originals thereof.

(i)    <u>Definitions.</u>  All pronouns and any variations of pronouns shall be deemed to refer to the masculine, feminine, neuter, singular, or plural, as the identity of the person, persons, entity, or entities may require.

(j)    <u>Severability.</u>  The provisions of this Agreement are severable, and if any one or more provisions shall be determined to be illegal, invalid, or unenforceable in whole or in part, the remainder of this Agreement, and any partially unenforceable provisions to the extent enforceable, nevertheless shall be binding and enforceable.

(k)    <u>No Third-Party Beneficiary</u>.  The Parties agree that this Agreement is not intended to be for the benefit of any third party, and no third party shall have the right to enforce any of the terms herein, except only that any released Party to this Agreement shall have the right to enforce the release rights as to that Party.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the dates written below.

[Signature Page to Follow]

**Lite Solar Corp.**
a California corporation

By:
Name:    Brad D. Krasnoff

Solely in his capacity as
Chapter 7 Trustee

Dated:    May 1, 2020


**Energy Wise Lighting Inc.**
an Oregon corporation

By:
Name:

Its:    President

Dated:    4/28/20


**Peter Greenberg**
an Individual

By:
Name:    Peter Greenberg

Dated:    4/28/20


SETTLEMENT AGREEMENT                                Page **6**
DCAPDX\3374769.v8

**EXHIBIT A**

**INSTALLMENT PAYMENT SCHEDULE**

| Payment Due on: | Court Approval Date | +30 Days | +60 Days | +90 Days | +120 Days | |
|---|---|---|---|---|---|---|
| **Defendant** | **Payment 1** | **Payment 2** | **Payment 3** | **Payment 4** | **Payment 5** | **TOTALS** |
| **Energy Wise** | $6,570.00 | $6,570.00 | $6,570.00 | $6,570.00 | $3,285.00 | $29.565.00 |
| **Greenberg** | N/A | N/A | N/A | N/A | N/A | N/A |
| **TOTALS:** | $6,570.00 | $6,570.00 | $6,570.00 | $6,570.00 | $3,285.00 | **$29.565.00** |

EXHIBIT A TO SETTLEMENT AGREEMENT
DCAPDX\3374769.v8

EXHIBIT 2

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This **SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE** ("**Agreement**") is entered into by and between: (1) Lite Solar Corp., a California corporation ("**Lite Solar**"); (2) Brad D. Krasnoff, solely in his capacity as Chapter 7 Trustee (the "**Trustee**") on behalf of Lite Solar; (3) Heather Schiffke, an individual ("**Schiffke**"); (4) Brian Arbizzani, an individual ("**Arbizzani**"); (5) Adam Ward, an individual ("**Ward**"); and (6) Steve Sefchick, an individual ("**Sefchick**"). Herein, Schiffke, Arbizzani, Ward, and Sefchick are referred to collectively as "**Defendants**," and Lite Solar and Defendants are referred to each individually as a "**Party**" and collectively as the "**Parties**." This Agreement is effective fifteen (15) days after the Bankruptcy Court issues an Order approving the Agreement, provided the Order becomes a final, non-appealable order (the "**Effective Date**").

## RECITALS

A.  Lite Solar was in the business of developing and installing photovoltaic systems in several states, including Oregon.

B.  In or about 2012, a photovoltaic solar system was installed on the roof of Schiffke's residence at 3547 SE 11th Avenue in Portland, Oregon (the "**Schiffke Installation**"). In or about 2013, a photovoltaic solar system was installed on the roof of Arbizzani's residence and, in or about 2015, a thermal system was added, both at 3417 SE Guiford Drive in Milwaukie, Oregon (the "**Arbizzani Installation**"). In or about 2013, a photovoltaic solar system was installed on the roof of Ward's residence at 4202 SE View Acres Road in Milwaukie, Oregon (the "**Ward Installation**"). In or about 2013, a photovoltaic solar system was installed on the roof of Sefchick's residence at 4431 SE Francis Street in Portland, Oregon (the "**Sefchick Installation**"). Collectively, the Schiffke Installation, Arbizzani Installation, Ward Installation, and Sefchick Installation are referred to as the "**Installations**." The Installations all involved the use of certain Lite Solar materials.

C.  On or around July 27, 2016, Lite Solar filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**"), entitled *In re Lite Solar Corp.*, Case No. 2:16-bk-19896-BB (the "**Bankruptcy Case**"). The Bankruptcy Case was thereafter converted into a case under Chapter 7 of the U.S. Bankruptcy Code on or about October 15, 2018.

D.  On or about July 26, 2018, within the Bankruptcy Case, Lite Solar filed a complaint (the "**Complaint**") to initiate an adversary proceeding against Defendants (Case No. 2:18-ap-01239-BB) (the "**Adversary Proceeding**") arising out of a dispute related the Installations. On or about September 7, 2018, Defendants filed an Answer and Affirmative Defenses (the "**Answer**").

E.  On or about March 18, 2020, the Court filed an Order transferring venue for the Adversary Proceeding to the U.S. Bankruptcy Court for the District of Oregon (the "**Transfer**"). As

SETTLEMENT AGREEMENT                                                                 Page **1**

a result of the Transfer the Adversary Proceeding was renumbered as Adversary Proceeding No. 20-03031-tmb. Together, the Bankruptcy Case and the Adversary Proceeding are the "**Lawsuit**."

F.      On or about March 30, 2020, to avoid the uncertainty and expense of litigation, the Parties agreed that it is in their individual and collective interest to resolve the claims actually brought against each other in the Lawsuit, as well as any known claims, demands, actions, causes of action, losses, demands, obligations, and liabilities of any kind that could have been brought in the Lawsuit, under the terms set forth in this Agreement. The Parties agree this is a settlement of business disputes, rather than of personal matters. Nothing in this Agreement is or should be construed to be an admission of any fact or allegation.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises and obligations set forth below, the sufficiency of which is acknowledged by the Parties, including the Recitals set forth above, which are hereby incorporated as terms of this Agreement, the Parties agree as follows:

1.      **Approval of this Agreement.**  Within fourteen (14) days of signing this Agreement, the Trustee will move the Bankruptcy Court to approve this Agreement.

2.      **Consideration.**

(a)      Within five (5) months of the date of the court's approval of this Agreement (the "**Court Approval Date**"), Defendants will pay to the Trustee total sum of Fifteen-Thousand Four-Hundred Thirty-Five Dollars ($15,435.00) (the "**Settlement Amount**"), divided in four (4) equal parts between them of Three-Thousand Eight-Hundred Fifty-Eight Dollars and Seventy-Five Cents ($3,858.75) and paid in five (5) installments payments on the schedule presented in Exhibit A attached hereto, and described as follows:

(i)      Beginning on the Court Approval Date, and every thirty (30) days thereafter for the three months following the Court Approval Date, each of Defendants will pay to the Trustee the sum of Eight-Hundred Fifty-Seven Dollars and Fifty Cents ($857.50) (i.e., each of Defendants will make four (4) payments of $857.50 each to the Trustee); and

(ii)      Thirty (30) days after each of Defendants' fourth and final payment in the sum of $857.50 under Section 2(a)(i) is fulfilled, each of Defendants will each pay the Trustee a final payment in the sum of Four-Hundred Twenty-Eight Dollars and Seventy-Five Cents ($428.75).

(b)      Lite Solar will dismiss the Adversary Proceeding, with prejudice and without costs or fees to any Party.

SETTLEMENT AGREEMENT      Page **2**

(c)    Title to property at issue in the Adversary Proceeding (i.e., the Installations, the energy they generate, and any available rebates and energy or tax credits), and such rights as may arise from title thereto, is quieted in favor of the Defendants, as follows: Schiffke to the Schiffke Installation, Arbizzani to the Arbizzani Installation, Ward to the Ward Installation, and Sefchick to the Sefchick Installation.

3.    **Mutual Releases of Claims and Covenants Not to Sue.**

(a)    **Release by Trustee.**  On receipt by the Trustee of the Settlement Amount in good funds, except for the obligations created under this Agreement, the Trustee, on behalf of himself, Lite Solar, Lite Solar's bankruptcy estate (the "**Trustee Releasing Parties**"), hereby fully releases, discharges, and covenants not to sue Defendants and their current and former trustees, executors, administrators, attorneys, advisors, agents, insurers, assigns, predecessors and successors in interest, and any other person or entity acting under, by, through or in concert with any of them (the "**Released Parties**"), from and for any and all actions, causes of actions, obligations, claims, rights, debts, liabilities, promises, damages, fees, costs, and entitlements to relief of any nature whatsoever, known or unknown, whether in tort, contract, statute, equity or any other theory of recovery (the "**Released Claims**"). This release applies to all of the Trustee's predecessors, successors and assigns, and to all of his attorneys and agents.

(b)    **Release by Defendants.**  Each of Defendants, on their own behalf, and on behalf of their attorneys, advisors, agents, insurers, assigns, predecessors and successors in interest, and any other person or entity acting under, by, through or in concert with any of them, hereby fully releases, discharges and covenants not to sue Trustee, Lite Solar, or any of the Trustee Releasing Parties for any Released Claims.

4.    **Release of Unknown Claims.**  The Parties intend and agree that the foregoing releases will bar all actions, causes of actions, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities and demands of any and all character, nature and kind, whether based on tort, contract (express or implied, written or oral), or other theories of recovery, whether known or unknown, suspected or unsuspected, from the beginning of time. Consequently, the Parties expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code, which reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code is the result of separate bargaining and that there are no undisclosed facts that would affect their willingness to make this waiver. The Parties

SETTLEMENT AGREEMENT                                                                                            Page **3**

expressly assume the risk of subsequently discovered information, facts, or law, which if known or understood by them may have affected this waiver.

5.    **Waiver and Withdrawal of Any Claims.**  Defendants hereby waive any claims of any kind that they may have against Lite Solar, Lite Solar's bankruptcy estate, or the Trustee, whether administrative, secured, or unsecured.

6.    **Settlement of Broad Claims.**  Lite Solar's claims against Defendants, including without limitation as asserted in the Complaint and Adversary Proceeding, became property of Lite Solar's bankruptcy estate under § 541(a) of the Bankruptcy Code when Lite Solar filed bankruptcy. In entering into this Agreement, it is the intent of the parties to broadly settle those claims.

7.    **No Admission of Wrongdoing or Liability.**  This Agreement is entered into and executed in connection with a compromise of disputed claims brought in the Adversary Proceeding, as well as any claims and counterclaims related to the subject matter of the Adversary Proceeding not brought but that could have been brought. The Parties hereby acknowledge that (i) the other has denied and does deny owing any obligation or liability of any kind in whole or in part as to the claims and counterclaims brought, or that could have been brought, in the Lawsuit, and (ii) this Agreement is entered into and executed (a) without admission by any Party of owing any obligation or liability of any kind and (b) in full and final discharge, compromise, settlement, and satisfaction of any and all known claims, demands, actions, causes of action, losses, demands, obligations, and liabilities of any kind, upon any grounds whatsoever, heretofore described or not, asserted in the Lawsuit or not.

8.    **Dismissal of Adversary Proceeding.**  Upon full execution and delivery of this Agreement, and upon the Trustee's receipt of the Settlement Payment in full, the Parties shall cooperate to file in the Adversary Proceeding a stipulation for entry of a general judgment of dismissal with prejudice and without attorney fees, costs, or disbursements to any Party, in a form to which they mutually approve through their respective counsel.

9.    **General Provisions.**

    (a)    Complete Agreement.  This Agreement contains the entire Agreement between the Parties and supersedes all prior agreements, representations, warranties, statements, promises, and understandings, whether oral or written, with respect to the subject matter of this Agreement. No Party shall be bound by any oral or written agreements, representations, warranties, statements, promises, or understandings not specifically set forth in this Agreement.

    (b)    Amendment.  This Agreement may not be amended, altered, or modified except by a writing signed by all the Parties.

    (c)    Other Assurances.  The Parties agree to perform such further acts and to execute and deliver such further documents reasonably necessary in connection with the

SETTLEMENT AGREEMENT                                                    Page **4**

performance of the Parties' obligations under this Agreement in order to carry out the intent of the Parties.

(d)    Independent Counsel and Construction. Each Party acknowledges having obtained independent legal representation before entering into or executing this Agreement, and hereby declares and represents that it: (i) has had the opportunity to review this Agreement with an attorney, (ii) fully understands the terms and the legal and binding effect of this Agreement, (iii) enters into and executes this Agreement with the consent and advice of legal counsel, and (iv) voluntarily signs this Agreement for the purpose of making a full and final compromise and settlement of the claims, demands, actions, causes of action, losses, demands, obligations, and liabilities released hereby.

(e)    Binding on Successors and Others.  The provisions of this Agreement shall bind, obligate, extend to, and inure to the benefit of the Parties and their respective past and present members, principals, parents, subsidiaries, partners, associates, employees, representatives, consultants, officers, directors, independent contractors, shareholders, advisors, agents, trusts, attorneys, affiliated or related entities, predecessors, successors, assigns, descendants, ancestors, dependents, heirs, executors and administrators.

(f)    Interpretation.  No Party or its counsel shall be deemed the drafter of this Agreement for purposes of construing the provisions of this Agreement. The language in all parts of this Agreement shall in all cases be construed according to its fair meaning and not strictly construed for or against any Party to this Agreement.

(g)    Governing Law.  This agreement shall be governed, construed, and enforced in accordance with the laws of the State of Oregon without regard to choice of law rules.

(h)    Execution.  This Agreement may be executed in one or more counterparts, each of which shall be an original, but all of which together shall be deemed to constitute a single instrument. Signatures delivered via email and facsimile transmission shall have the same force, validity and effect as the originals thereof.

(i)    Definitions.  All pronouns and any variations of pronouns shall be deemed to refer to the masculine, feminine, neuter, singular, or plural, as the identity of the person, persons, entity, or entities may require.

(j)    Severability.  The provisions of this Agreement are severable, and if any one or more provisions shall be determined to be illegal, invalid, or unenforceable in whole or in part, the remainder of this Agreement, and any partially unenforceable provisions to the extent enforceable, nevertheless shall be binding and enforceable.

(k)    No Third-Party Beneficiary.  The Parties agree that this Agreement is not intended to be for the benefit of any third party, and no third party shall have the right to enforce

SETTLEMENT AGREEMENT                                                                    Page **5**

any of the terms herein, except only that any released Party to this Agreement shall have the right to enforce the release rights as to that Party.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the dates written below.

[Signature Page to Follow]

SETTLEMENT AGREEMENT                                                          Page **6**

DCAPDX\3379324.v4

**Lite Solar Corp.**
a California corporation

By:
Name:      Brad D. Krasnoff

Solely in his capacity as
Chapter 7 Trustee

Dated:


**Heather Schiffke**
an Individual

By:
Name:      Heather Schiffke

Dated:


**Brian Arbizzani**
an Individual

By:
Name:      Brian Arbizzani

Dated:      5 / 1 / 2020


**Adam Ward**
an Individual

By:
Name:      Adam Ward

Dated:


**Steve Sefchick**
an Individual

By:
Name:      Steve Sefchick

Dated:


SETTLEMENT AGREEMENT

Page 7

DCAPDX\3379324.v4

35

**Lite Solar Corp.**
a California corporation


By: _____
Name:    Brad D. Krasnoff


      Solely in his capacity as
      Chapter 7 Trustee


Dated:


**Heather Schiffke**                          **Brian Arbizzani**
an Individual                                 an Individual


By: _____          By: _____
Name:    Heather Schiffke                     Name:    Brian Arbizzani

Dated:  5/1/2020                              Dated:


**Adam Ward**                                 **Steve Sefchick**
an Individual                                 an Individual


By: _____          By: _____
Name:    Adam Ward                            Name:    Steve Sefchick

Dated:                                        Dated:


SETTLEMENT AGREEMENT                                              Page **7**

**Lite Solar Corp.**
a California corporation

By: _____
Name:    Brad D. Krasnoff

         Solely in his capacity as
         Chapter 7 Trustee

Dated:

**Heather Schiffke**
an Individual

By: _____
Name:    Heather Schiffke

Dated:

**Brian Arbizzani**
an Individual

By: _____
Name:    Brian Arbizzani

Dated:

**Adam Ward**
an Individual

By: _____
Name:    Adam Ward

Dated: 29 APRIL 2020

**Steve Sefchick**
an Individual

By: _____
Name:    Steve Sefchick

Dated:

SETTLEMENT AGREEMENT                                            Page **7**

DCAPDX\3379324.v4

**Lite Solar Corp.**
a California corporation


By: _____
Name:    Brad D. Krasnoff

        Solely in his capacity as
        Chapter 7 Trustee

Dated:


**Heather Schiffke**                          **Brian Arbizzani**
an Individual                                 an Individual


By: _____        By: _____
Name:    Heather Schiffke           Name:    Brian Arbizzani

Dated:                              Dated:


**Adam Ward**                                 **Steve Sefchick**
an Individual                                 an Individual


By: _____        By: _____
Name:    Adam Ward                  Name:    Steve Sefchick

Dated:                              Dated:  MAY 1ST, 2020


SETTLEMENT AGREEMENT                                    Page **7**

DCAPDX\3379324.v4

## EXHIBIT A

### INSTALLMENT PAYMENT SCHEDULE

| Payment Due on: | Court Approval Date | +30 Days | +60 Days | +90 Days | +120 Days | |
|---|---|---|---|---|---|---|
| **Defendant** | **Payment 1** | **Payment 2** | **Payment 3** | **Payment 4** | **Payment 5** | **TOTALS** |
| **Schiffke** | $857.50 | $857.50 | $857.50 | $857.50 | $428.75 | $3,858.75 |
| **Arbizzani** | $857.50 | $857.50 | $857.50 | $857.50 | $428.75 | $3,858.75 |
| **Ward** | $857.50 | $857.50 | $857.50 | $857.50 | $428.75 | $3,858.75 |
| **Sefchick** | $857.50 | $857.50 | $857.50 | $857.50 | $428.75 | $3,858.75 |
| **TOTALS:** | $3,430.00 | $3,430.00 | $3,430.00 | $3,430.00 | $1,715.00 | **$15,435.00** |

EXHIBIT A TO SETTLEMENT AGREEMENT
DCAPDX\3379324.v4

EXHIBIT 3

**Matter Detailed Time and Expense Report (Billed)**

Client:  BRA069    Brad D. Krasnoff, the Chapter 7 trustee

Matter:  0002    Energy Wise Adversary Proceeding

Detailed Disbursements Section (Matter)

| Tkpr | Date | Check | Disb Code | Amount | Status | Disbursement Description | Disb ID |
|------|------|-------|-----------|--------|--------|--------------------------|---------|
| | 12/1/2019 | 275959-201911-1 | 107 | $25.00 | W | TransUnion Risk: Online records searches - November 2019 | 1057253 |
| | 1/7/2020 | 4875909-Q42019 | 107 | $26.40 | W | Pacer: Online records search October to December 2019 | 1058449 |
| | 1/7/2020 | 4875909-Q42019 | 107 | $2.40 | W | Pacer: Online records search - October to December 2019 | 1058843 |
| FRM | 1/17/2020 | INV#012017 | 118 | $17.50 | W | CourtCall: Status conference | 1058647 |
| | 2/4/2020 | 1000-532234 | 133 | $40.00 | W | Grace Christian School: Witness fee | 1059075 |
| | 2/4/2020 | 1000-532236 | 130 | $40.00 | W | Greater Albany School District: Witness fee | 1059077 |
| | 2/4/2020 | 1000-532237 | 133 | $40.00 | W | Cascade Christian High School: Witness fee | 1059078 |
| | 2/4/2020 | 1000-532238 | 133 | $40.00 | W | Black Hawk Homes, LLC: Witness fee | 1059079 |
| | 2/4/2020 | 1000-532239 | 133 | $40.00 | W | Energy Trust of Oregon: Witness fee | 1059080 |
| | 2/4/2020 | 1000-532240 | 133 | $40.00 | W | PacifiCorp: Witness fee | 1059081 |
| | 2/4/2020 | 1000-532241 | 133 | $40.00 | W | Kamana O'Kala, LLC: Witness fee | 1059082 |
| | 2/4/2020 | 1000-532242 | 133 | $40.00 | W | Patrick Schellerup: Witness fee | 1059083 |
| | 2/13/2020 | | 005 | $6.95 | W | Scans | 1059422 |
| | 3/17/2020 | | 013 | $13.80 | W | Certified Mail (2 x $6.90) | 1061367 |
| | 4/6/2020 | 4875909-Q12020 | 107 | $4.30 | W | Pacer: Online records search January to March 2020 | 1063494 |

Disbursements Total    $416.35

Disbursement Code Summary Section (Matter)

| Code | Description | Amount |
|------|-------------|--------|
| 005 | Scans | $6.95 |
| 013 | Certified Mail | $13.80 |
| 107 | Online Research | $58.10 |
| 118 | Miscellaneous | $17.50 |
| 130 | Transcript | $40.00 |
| 133 | Witness Fee | $280.00 |

Disbursement Code Summary Total    $416.35

| Matter: | 0002 | Energy Wise Adversary Proceeding | Fees | $0.00 |
|---------|------|----------------------------------|------|-------|
| | | | Disb | $416.35 |
| | | | Total | $416.35 |

40    EXHIBIT 3

**Matter Detailed Time and Expense Report (Billed)**

Client:  BRA069    Brad D. Krasnoff, the Chapter 7 trustee

Matter:  0001    Schiffke Adversary Proceeding

Detailed Disbursements Section (Matter)

| Tkpr | Date | Check | Disb Code | Amount | Status | Disbursement Description | Disb ID |
|------|------|-------|-----------|--------|--------|--------------------------|---------|
| | 9/30/2019 | 20190930Q | 107 | $2.90 | W | Pacer: Online records search - September 2019 | 1054658 |
| | 9/30/2019 | 20190930Q | 107 | $8.70 | W | Pacer: Online records search - September 2019 | 1054660 |
| | 11/5/2019 | | 003 | $39.90 | W | Photocopies | 1055287 |
| | 11/5/2019 | | 006 | $18.50 | W | Color Photocopies | 1055327 |
| | 11/30/2019 | 9059411119 | 107 | $1.53 | W | First American DataTree: Online records search - November 2019 | 1056786 |
| | 12/1/2019 | 841458861 | 107 | $16.17 | W | West Publishing: Online records search - November 2019 | 1057085 |
| | 12/1/2019 | 275959-201911-1 | 107 | $125.00 | W | TransUnion Risk: Online records searches - November 2019 | 1057251 |
| | 1/7/2020 | 4875909-Q42019 | 107 | $20.00 | W | Pacer: Online records search - October to December 2019 | 1058450 |
| | 1/7/2020 | 4875909-Q42019 | 107 | $2.50 | W | Pacer: Online records search - October to December 2019 | 1058457 |
| FRM | 1/17/2020 | INV#012017 | 118 | $17.50 | W | CourtCall: Status conference | 1058646 |
| | 2/4/2020 | 1000-532243 | 133 | $40.00 | W | Kamana O'Kala, LLC: Witness fee | 1059084 |
| | 2/4/2020 | 1000-532244 | 133 | $40.00 | W | Patrick Schellerup: Witness fee | 1059085 |
| | 2/4/2020 | 1000-532245 | 133 | $40.00 | W | Synchro Solar, LLC: Witness fee | 1059086 |
| | 2/4/2020 | 1000-532246 | 133 | $40.00 | W | City of Portland: Witness fee | 1059087 |
| | 2/4/2020 | 1000-532247 | 133 | $40.00 | W | City of Milwaukie: Witness fee | 1059088 |
| | 2/4/2020 | 1000-532248 | 133 | $40.00 | W | Portland General Electric Company: Witness fee | 1059089 |
| | 2/4/2020 | 1000-532249 | 133 | $40.00 | W | Energy Trust of Oregon: Witness fee | 1059090 |
| | 2/13/2020 | | 005 | $6.55 | W | Scans | 1059421 |
| | 2/25/2020 | 1000-532246 | 133 | ($40.00) | W | City of Portland: Witness fee | 1059973 |
| | 2/25/2020 | 022025BRA69-1 | 133 | $40.00 | W | City of Portland - Bureau of Development Services: Witness fee | 1059974 |
| | 3/17/2020 | | 013 | $6.90 | W | Certified Mail | 1061366 |
| | 4/6/2020 | 4875909-Q12020 | 107 | $8.20 | W | Pacer: Online records search - January to March 2020 | 1063493 |

| Disbursements Total | | | | $554.35 | | | |

Disbursement Code Summary Section (Matter)

| Code | Description | Amount |
|------|-------------|--------|
| 003 | Photocopies | $39.90 |
| 005 | Scans | $6.55 |
| 006 | Color Photocopy | $18.50 |
| 013 | Certified Mail | $6.90 |
| 107 | Online Research | $185.00 |
| 118 | Miscellaneous | $17.50 |
| 133 | Witness Fee | $280.00 |
| Disbursement Code Summary Total | | $554.35 |

| Matter: | 0001 | Schiffke Adversary Proceeding | Fees | $0.00 |
|---------|------|-------------------------------|------|-------|
| | | | Disb | $554.35 |
| | | | Total | $554.35 |

41

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S NOTICE OF MOTION AND MOTION: (1) TO APPROVE COMPROMISES AND SETTLEMENTS WITH OREGON DEFENDANTS IN TWO ADVERSARY PROCEEDINGS; AND (2) FOR AUTHORITY TO PAY SPECIAL COUNSEL'S CONTINGENCY FEE AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS OF BRAD D. KRASNOFF AND JOSHUA D. STADTLER, AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 13, 2020 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On  May 13. 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 13, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 13, 2020 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DCAPDX\3414345.v2

**F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Todd M Arnold on behalf of Creditor Slinde & Nelson, LLC fdba Slinde Nelson Stanford, an Oregon limited liability company
tma@lnbyb.com

Todd M Arnold on behalf of Creditor Darian Stanford          tma@lnbyb.com

Paul J Carter on behalf of Creditor David K Luneke          rotorbear@earthlink.net

Leslie A Cohen on behalf of Counter-Defendant Lite Solar Corp.
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com

Leslie A Cohen on behalf of Debtor Lite Solar Corp.
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Totalis Energy, LLC
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com

Leslie A Cohen on behalf of Defendant Ranbir S Sahni
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com

Leslie A Cohen on behalf of Interested Party Ranbir Sahni
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com

Leslie A Cohen on behalf of Plaintiff Lite Solar Corp.
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com

Leslie A Cohen on behalf of Plaintiff Totalis Energy, LLC
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com

Leslie A Cohen on behalf of Plaintiff Ranbir S Sahni
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com

Clifford S Davidson on behalf of Counter-Defendant Lite Solar Corp.
cdavidson@sussmanshank.com, jlanglois@sussmanshank.com;clifford-davidson-9403@ecf.pacerpro.com

Clifford S Davidson on behalf of Counter-Defendant David K Luneke
cdavidson@sussmanshank.com, jlanglois@sussmanshank.com;clifford-davidson-9403@ecf.pacerpro.com

Clifford S Davidson on behalf of Counter-Defendant Ranbir Sahni
cdavidson@sussmanshank.com, jlanglois@sussmanshank.com;clifford-davidson-9403@ecf.pacerpro.com

Clifford S Davidson on behalf of Trustee Brad D Krasnoff (TR)
cdavidson@sussmanshank.com, jlanglois@sussmanshank.com;clifford-davidson-9403@ecf.pacerpro.com

Joseph A Field on behalf of Defendant Energy Wise Lightning, Inc.   joe@fieldjerger.com, jenny@fieldjerger.com

Joseph A Field on behalf of Defendant Adam Ward          joe@fieldjerger.com, jenny@fieldjerger.com

Joseph A Field on behalf of Defendant Brian Arbizzani          joe@fieldjerger.com, jenny@fieldjerger.com

Joseph A Field on behalf of Defendant Heather Schiffke          joe@fieldjerger.com, jenny@fieldjerger.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DCAPDX\3414345.v2                                          **F 9013-3.1.PROOF.SERVICE**

Joseph A Field on behalf of Defendant Peter Greenberg    joe@fieldjerger.com, jenny@fieldjerger.com

Joseph A Field on behalf of Defendant Steve Sefchick    joe@fieldjerger.com, jenny@fieldjerger.com

Paul B George on behalf of Defendant KAMANA O'KALA, LLC
docketing-pdx@lanepowell.com, beldingt@lanepowell.com

Paul B George on behalf of Defendant Patrick Schellerup
docketing-pdx@lanepowell.com, beldingt@lanepowell.com

Irving M Gross on behalf of Creditor Slinde & Nelson, LLC fdba Slinde Nelson Stanford, an Oregon limited liability company
img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Creditor Darian Stanford    img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Defendant Energy Wise Lightning, Inc.    img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Defendant Slinde & Nelson, LLC    img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Defendant Adam Ward    img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Defendant Brian Arbizzani    img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Defendant Darian A. Stanford    img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Defendant Heather Schiffke    img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Defendant Peter Greenberg    img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Defendant Steve Sefchick    img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Interested Party Interested Party    img@lnbyb.com, john@lnbyb.com

Irving M Gross on behalf of Interested Party Oregon State Bar Professional Liability Fund
img@lnbyb.com, john@lnbyb.com

Eric P Israel on behalf of Interested Party Courtesy NEF
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Brad D Krasnoff (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Brad D Krasnoff (TR)
BDKTrustee@DanningGill.com, bkrasnoff@ecf.axosfs.com;DanningGill@gmail.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)    ron.maroko@usdoj.gov

David L. Neale on behalf of Creditor Slinde & Nelson, LLC fdba Slinde Nelson Stanford, an Oregon limited liability company
dln@lnbyb.com

David L. Neale on behalf of Creditor Darian Stanford    dln@lnbyb.com

David L. Neale on behalf of Defendant Slinde & Nelson, LLC    dln@lnbyb.com

David L. Neale on behalf of Interested Party Oregon State Bar Professional Liability Fund    dln@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DCAPDX\3414345.v2

**F 9013-3.1.PROOF.SERVICE**

SreeVamshi C Reddy on behalf of Counter-Claimant KAMANA O'KALA, LLC
reddyv@lanepowell.com, grangerk@lanepowell.com

SreeVamshi C Reddy on behalf of Counter-Claimant Patrick Schellerup
reddyv@lanepowell.com, grangerk@lanepowell.com

SreeVamshi C Reddy on behalf of Creditor KAMANA O'KALA, LLC
reddyv@lanepowell.com, grangerk@lanepowell.com

SreeVamshi C Reddy on behalf of Defendant KAMANA O'KALA, LLC
reddyv@lanepowell.com, grangerk@lanepowell.com

SreeVamshi C Reddy on behalf of Defendant Patrick Schellerup
reddyv@lanepowell.com, grangerk@lanepowell.com

Scott J Scofield on behalf of Creditor Montgomery Electric & Maintenance, Inc.
brnotice@sgpgl.com, nwall@sgpgl.com

Zev Shechtman on behalf of Plaintiff Brad D. Krasnoff, Chapter 7 Trustee
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Sonia Singh on behalf of Trustee Brad D Krasnoff (TR)
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Joshua D Stadtler on behalf of Plaintiff Lite Solar Corp.
jstadtler@dunncarney.com, ahood@dunncarney.com

Joshua D Stadtler on behalf of Trustee Brad D Krasnoff (TR)
jstadtler@dunncarney.com, ahood@dunncarney.com

United States Trustee (LA)          ustpregion16.la.ecf@usdoj.gov

Aaron E de Leest on behalf of Interested Party Courtesy NEF
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E de Leest on behalf of Plaintiff Brad D. Krasnoff, Chapter 7 Trustee
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E de Leest on behalf of Trustee Brad D Krasnoff (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

## 2.  **SERVED BY U.S. MAIL**

Debtor                              The Honorable Sheri Bluebond
Lite Solar Corp.                    U.S. Bankruptcy Court
3553 Atlantic Avenue                Roybal Federal Building
#1183                               255 E. Temple Street, Suite 1534
Long Beach, CA 90807                Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DCAPDX\3414345.v2                                    **F 9013-3.1.PROOF.SERVICE**